IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

___

**ORDER**
___

This matter comes before the Court on Mr. Blake's Motion for Discovery of Jury Selection Procedures [Docket No. 125], wherein defendant Rickie Patterson Blake seeks discovery of the Court's jury selection plan and any related COVID-19 juror excuse policies for both grand juries and petit juries. Mr. Blake states that the COVID-19 pandemic has affected distinctive groups differently. Docket No. 125 at 2.[1]

The grand jury returned an indictment in this case against four defendants, not

---

[1] Mr. Blake defines the phrase "COVID-19 pandemic" to refer to the time period from March 13, 2020 to the present. Docket No. 125 at 2 n.1.

including Mr. Blake, on June 2, 2020. Docket No. 1. The grand jury returned a superseding indictment on October 6, 2020, adding six defendants, including Mr. Blake. Docket No. 101. The grand jury that returned the indictment and the superseding indictment was selected in September 2019.

## A. Legal Standard

The Fifth and Sixth Amendments to the Constitution guarantee a criminal defendant a trial by a jury selected from a fair cross-section of the community. *See Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). This guarantee has been extended to grand juries by the Jury Selection and Service Act ("JSSA"), 28 U.S.C. § 1867. Title 28 U.S.C. § 1867(f) provides, in pertinent part:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except . . . as may be necessary in the preparation or presentation of a motion under subsection (a), (b), or (c) of this section. . . . The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion.

In *Test v. United States*, 420 U.S. 28, 30 (1975), the Supreme Court held that "[t]his provision makes clear that a litigant has essentially an unqualified right to inspect jury lists. It grants access in order to aid parties in the 'preparation' of motions challenging jury-selection procedures. Indeed, without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious challenge." However, § 1867(f), by its own terms, covers only records (1) "used by the jury commission or clerk in connection with the jury selection process" and (2) "necessary in the preparation or presentation of a motion" challenging compliance with the JSSA. 28 U.S.C. § 1867(f). *See United States v. Cerna*, 2009 WL 2998930, at *3 (N.D. Cal. Sept. 16,

2009) ("Disclosure under the Jury Selection and Services Act is only permitted in preparation of a claim under the Act").

**B. Discovery Requests**

Mr. Blake requests the following documents:

(1) The Jury Plan for the District of Colorado currently in effect, if different from that available on the Court's website, and a description of any changes that have been made in the selection of prospective jurors due to the COVID-19 pandemic, to the extent not otherwise stated in the Court's Jury Trial Protocols;

(2) Documents sufficient to show: (a) the race, religion, sex, gender, ethnicity, year of birth, zip code, income, and occupation of all grand juries empaneled in the District during the COVID-19 pandemic; (b) the race, religion, sex, gender, ethnicity, year of birth, zip code, income, and occupation of all grand jury members excused or deferred from participating in a grand jury after it was empaneled in the District; and (c) the race, religion, sex, gender, ethnicity, year of birth, zip code, income, and occupation of any grand jury members added after a grand jury was originally empaneled in the District;

(3) The Juror Qualification Questionnaire distributed to potential grand or petit jurors, as contemplated in Section 14 of the Court's Plan, and any additional forms being distributed during the COVID-19 pandemic;

(4) The District's two most recently submitted AO-12 forms;

(5) Documents sufficient to show: race, religion, sex, gender, ethnicity, year of birth, zip code, income, and occupation for those individuals on the Master Jury Wheel in this District;

(6) Documents sufficient to show: race, religion, sex, gender, ethnicity, year of birth, zip code, income, and occupation for those individuals eligible for jury service in this District;

(7) Documents sufficient to show: race, religion, sex, gender, ethnicity, year of birth, zip code, income, and occupation for those individuals (a) to whom summonses and jury questionnaires were sent, as contemplated by Sections 11, 12, and 15 of the Court's Plan, and (b) those deemed qualified for jury service, as contemplated by Section 16 of the Court's Plan;

(8) Documents identifying all excuses received from potential jurors and, separately, all excuses accepted from potential jurors for the District, as contemplated by Sections 17 and 18 of the Court's Plan, during the COVID-19 pandemic;

(9) Documents reflecting any policies or practices established by the Court or Clerk's Office for excusing grand or petit jurors during the COVID-19 pandemic;

(10) Documents sufficient to show: race, religion, sex, gender, ethnicity, year of birth, zip code, income, and occupation for all prospective jurors for the District who have been excused from or granted a deferral of their jury service based on the COVID-19 pandemic; and

(11) Once criminal trials in this District resume and a trial schedule in this matter is set, any additional documents or data responsive to Request Nos. 2–3 and 5–10 for the period between March 13, 2020 and 30 days before voir dire in this matter.

**C.   Analysis**

The Court has four jury divisions. The division for trials conducted in Denver is Jury Division No. 1. However, grand jurors sitting in Denver are selected from Division Nos. 1 and 4. Because the grand jury that indicted Mr. Blake was selected from Jury Division Nos. 1 and 4 and because the petit jury in any trial of Mr. Blake would be selected from Jury Division No. 1, only information regarding those jury divisions will be provided, depending on whether the request is for grand jury or petit jury information, since information from other jury divisions could not assist Mr. Blake in preparing a challenge regarding his indictment or potential petit jury pool.

Mr. Blake does not seek personal identifying information or information "in individualized format." Docket No. 189 at 2. Thus, the Clerk's Office, in responding to any request that the Court grants, will not provide names, birth dates, addresses, telephone numbers, email addresses, names of employers, social security numbers, or any other information that the Clerk's Office believes, under the circumstances, may enable a reviewing party to identify a specific person.

**Request No. 1** - Granted in part and denied in part. The Court's website contains a copy of the Court's Jury Plan for the District of Colorado and the Jury Trial Protocols in effect during the pandemic. The Court will not create a description of

4

changes that have been made to the selection of prospective jurors due to the pandemic since such document, if not described in the Jury Trial Protocols, would have to be created to respond to the request.  *See United States v. Corbett*, 2020 WL 5803243, at *4 (E.D.N.Y. August 21, 2020) ("Section 1867(f) entitles defendants 'only to records and papers already in existence' but 'nothing . . . entitles defendants to require the jury administrator to analyze data on their behalf" (quoting *United States v. Miller*, 116 F.3d 641, 658 (2d Cir. 1997))).

**Request No. 2** – Denied.   The Court finds that subparagraph (a) is irrelevant. That subparagraph seeks demographic information about all grand juries empaneled during the pandemic.   However, such information could not properly be the basis of a challenge by Mr. Blake since the grand jury that indicted him was selected before the pandemic.   *See United States v. Braxton*, 2020 WL 6083649, at *4 (E.D.N.Y. Oct. 15, 2020) ("because the grand jury here was empaneled months before the start of the COVID-19 pandemic, any changes made to address the effect of the pandemic on the current grand jury selection process is irrelevant to any potential motion by defendant.")*; United States v. Eldarir*, 2020 WL 6545894, at *4 (E.D.N.Y. Nov. 6, 2020) (same).   Mr. Blake's reply brief confirms that subparagraphs (b) and (c) are also directed at grand jurors serving during the pandemic.   Docket No. 189 at 3.   To the extent that these requests seek information about jurors serving on grand juries selected during the pandemic, they will be denied for the same reason as the request in subparagraph (a). To the extent that these requests seek information about grand jurors from grand juries selected pre-pandemic, but serving during the pandemic, including his grand jury, the

Court finds that this juror replacement information is irrelevant to any challenge that Mr. Blake could properly make.  As noted in *Braxton*, "[i]t is not the actual selection of the grand jury which would constitute the violation but whether the jury was selected at random from a fair cross section of the community."  2020 WL 6083649, at *4 (citation omitted).  The grand jury that indicted Mr. Blake was already selected by the time of the pandemic and by the time of the Court's adoption of pandemic protocols.

**Request No. 3** - This request is not date limited, but the Court will provide Mr. Blake with the forms used for grand juries chosen from the current Master Wheel up to and including the selection of his grand jury, but not thereafter.  *See, e.g., United States v. Ciancia*, 2015 WL 13798661, at *3-4 (C.D. Cal. Nov. 9, 2015) (limiting request to juries that affected the defendant); *United States v. O'Reilly*, 2008 WL 302310, at *2 (E.D. Mich. Feb. 4, 2008) (limiting request to current master or qualified juror wheel). For the reasons noted in the ruling on Request No. 2, pandemic-related forms cannot help Mr. Blake prepare a motion challenging his grand jury, which had already been selected.  The request for petit jury forms is granted for this Master Jury Wheel.

**Request No. 4** - This request is granted.

**Request No. 5** - This request is granted, but personal identifiers will be redacted.

**Request No. 6** - It is unclear what this request means by "eligible."  This District does not screen the names in the Master Wheel the way some districts do.  *See, e.g.*, *Braxton*, 2020 WL 6083649, at *4.  Assuming that type of process is what Mr. Blake refers to, this request duplicates Request No. 5.

**Request No. 7** - The Questionnaires do not ask about jurors' religion and do not

6

distinguish between sex and gender.   This request is granted for the potential jurors in the Master Wheel used to select the grand jury that indicted Mr. Blake.

**Request No. 8** - The Court denies this request regarding grand jury information for the reasons noted in the Court's ruling on Request No. 2.   The Court will also deny this request for petit juror information because, by the time any trial of Mr. Blake (currently scheduled in August) takes place, a new Master Wheel will be used.   Therefore, pandemic-related excuse information from the previous Master Wheel will not be relevant.

**Request No. 9** - The Court denies this request for petit juror information, for the reason noted in the Court's ruling on Request No. 8, and denies it for grand juror information, for the reasons noted in the Court's ruling on Request No. 2.

**Request No. 10** - The Court denies this request for petit juror information because, for any trial of Mr. Blake, a different Master Wheel will be used.   The Court also denies it for grand juror information for the reasons noted in the Court's ruling on Request No. 2.

**Request No. 11** – As noted above, a new Master Wheel will be used for the trial in this case.   Therefore, this request is denied without prejudice as premature.

The information provided pursuant to this order shall only be used in connection with the preparation and possible filing of a motion in this case challenging the grand jury and petit jury selection procedures and for no other purpose.   This information must be returned to the Court after the selection of the petit jury in this case or after the Court rules on any motion challenging the jury selection procedures.   The materials

supplied pursuant to Mr. Blake's requests may not be disclosed, shown, or transmitted in any way to third parties, but may be reviewed by Mr. Blake, his attorneys, experts, and staff assisting his attorneys in the preparation of a motion challenging jury selection procedures.   Counsel, their staff, experts, consultants, defendants, and the government are reminded that "[a]ny person who discloses the contents of any record or paper in violation of this subsection may be fined not more than $1,000 or imprisoned not more than one year, or both."   *Corbett*, 2020 WL 5803243, at *8.

DATED February 18, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge