IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## ORDER

This matter comes before the Court on Defendants' Joint Motion for Additional Discovery [Docket No. 231] and Defendants' Second Joint Motion for Additional Discovery [Docket No. 272], wherein defendants ask the Court to order the United States to produce un-redacted copies of "White Papers" prepared by outside counsel for certain chicken producers and directed to the Department of Justice, as well as a PowerPoint from Sanderson Farms. Docket No. 231 at 2; Docket No. 272 at 1. The defendants base their motions on Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, Section I(A)(7) of the Discovery Conference Memorandum and Order, *see*, *e.g.*, Docket No. 30 at 3, and *Brady v. Maryland*, 373 U.S. 83 (1963).

Defendants argue that the White Papers are material to the preparation of their defense because the White Papers discuss "facts and arguments derived by these producers and their counsel that counter the government's legal theory."  Docket No. 231 at 5.  Defendants also argue that, "to the extent that these White Papers discuss specific individuals, they provide defendants with potential witnesses to contact in the preparation of their defenses."  *Id*.

The United States responds by noting that it has received White Papers from four chicken suppliers containing attorney arguments and factual assertions.  Docket No. 236 at 2.  Regarding factual assertions in the White Papers, the government indicates that it has disclosed these factual assertions in the form of two letters sent to the defendants, *id*. at 3, which summarize the factual assertions, but omit attorney argument and discussion of the "Filip factors."  *Id*. at 2 n.1.  The Filip factors are prudential considerations that guide the Department of Justice in exercising its prosecutorial discretion with respect to corporations.  *Id*.  In regard to the White Papers themselves, the government indicates that it produced redacted versions of them that omitted "factual assertions that have already been produced to the defendants, attorney arguments, and the Filip-factor analyses."  *Id*. at 4.  The government claims that it "did not redact what could be considered new factual assertions."  *Id*.

The Court finds that the government did not violate Rule 16, the Discovery Conference Memorandum and Order, or *Brady* through its redactions of the White Papers or the PowerPoint presentation.  The essence of defendants' argument is that they are entitled to see how outside counsel who authored the White Papers argued their case not to be prosecuted to the Department of Justice.  However, defendants

2

provide no authority that requires the government to provide such materials beyond what the government has already provided. The government has produced new factual assertions to the defendants. But the United States does not have to produce facts that have already been produced to the defendants. *See, e.g., United States v. Orena,* 145 F.3d 551, 557 n.4 (2d Cir. 1998) ("It is well settled that evidence is not considered to have been suppressed within the meaning of the *Brady* doctrine if the defendant or his attorney either knew, or should have known of the essential facts permitting him to take advantage of that evidence.") (citation omitted)*; United States v. Zackson,* 6 F.3d 911, 918 (2d Cir. 1993) ("[T]he rationale underlying *Brady* is not to supply a defendant with all the evidence in the Government's possession which might conceivably assist the preparation of his defense, but to assure that the defendant will not be denied access to exculpatory evidence only known to the Government.") (quoting *United States v. LeRoy,* 687 F.2d 610, 619 (2d Cir. 1982)); *United States v. Varca,* 896 F.2d 900, 905 (5th Cir. 1990) (no need to disclose information already known to defendant)*; United States v. Medunjanin*, 2012 WL 13186383, at *4 (E.D.N.Y. Feb. 22, 2012) (holding that the requested information was not discoverable because it "is merely duplicative of evidence the defense already possesses"). The fact that certain producers cited those facts in their White Papers does not make the facts "material" in a manner different than their actual content. Moreover, the government has no obligation to produce attorney argument or discussions of the Filip factors. Those portions of the White Papers are not material. *See United States v. Comosona*, 848 F.2d 1110, 1115 (10th Cir. 1988) ("We

3

decline to extend the scope of the *Brady* decision so far.  The Government has no obligation to disclose possible theories of the defense to a defendant.").[1]

Finally, the fact that the government chose to provide the two letters does not somehow estop the government from redacting the White Papers or PowerPoint or act as a concession of the materiality of the redacted portions.  *See* Docket No. 239 at 3.  The government's discovery obligations are measured by Rule 16 and *Brady*, not by the government's occasional production of documents that, to the defendants' benefit, may exceed those requirements.

Wherefore, it is

**ORDERED** that Defendants' Joint Motion for Additional Discovery [Docket No. 231] is denied.  It is further

**ORDERED** that Defendants' Second Joint Motion for Additional Discovery [Docket No. 272] is denied.

DATED July 29, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] Independently of the discovery obligations under Rule 16 or *Brady*, a court order requiring the government to make full disclosure of white papers in related litigation may undercut the willingness of entities or persons potentially facing prosecution to make full, candid presentations to the Department of Justice.