# EXHIBIT G



O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823

T: +1 415 984 8700
F: +1 415 984 8701
omm.com

File Number:

August 12, 2021

**Michael Tubach**
D: +1 415 984 8876
mtubach@omm.com

**VIA EMAIL**

Dan Fetterman
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1934
Fax. (212) 500-3434
DFetterman@kasowitz.com

**Re:** ***U.S. v. Penn, et al., No. 20-cr-00152-PAB - Rule 17(c) Subpoena***

Dear Dan:

I write in response to your email dated August 9, 2021, regarding the Rule 17(c) subpoena served on Pilgrim's Pride ("Pilgrim's"). For ease of reference, our responses follow the proposals set forth in your email.

* * *

**Request 1 (Contracts and Bids):** As we noted during Friday's call, Pilgrim's does business with thousands of customers. Accordingly, your request for every "contract" (defined to include informal agreements as well as formal contracts) and "bid" (defined to include any offer, quote, proposal, etc. relating to a price offered ) would require Pilgrim's to review and produce, at least, hundreds of thousands of documents, the vast majority of which have nothing to do with this case. As you admitted during our meet-and-confer, you don't know which contracts will be relevant to this case, so you are simply asking for all of them. What's more, as we said during the call, Pilgrim's has already produced thousands of contracts to you as well as the transactional data for all of Pilgrim's customers for the entire relevant period. See, e.g., PILGRIMS_SD_00001-PILGRIMS_SD_01531, PILGRIMS-0010496898 - PILGRIMS-0010499323, PILGRIMS-0010611864 - PILGRIMS-0010612069. For all of these reasons, among others, this request is improper for a Rule 17(c) subpoena, and Pilgrim's objects to it in its entirety. Notwithstanding the improper nature of this request, we again note that if Defendants are seeking specific contracts in connection with relevant customers that you do not already have, we would consider such a specific request. Please specify the particular contracts for specific, relevant customers and for which time periods that you are seeking and do not already have. Please send us your proposed list by Wednesday morning at 10 a.m. ET or let us know that you do not agree to Pilgrim's proposal.

**Response**: We disagree with your characterization of this request. As we discussed during our meet-and-confer on Friday, August 6, 2021, because the government has charged an




exceedingly broad conspiracy, we need to be prepared to defend against a wide range of transactions.

The bids and contracts that have already been produced do not cover all of the bids and contracts related to the specific allegations in the indictment, let alone the realm of possible transactions that the government could introduce at trial. The specific bates ranges that you cite are not helpful. Those documents are spreadsheets containing non-responsive sales data, not bids and contracts. And we do not even have all of the documents cited in those bates ranges -- we are missing hundreds of them. Specifically, we are missing the following:

- PILGRIMS_SD_00001 to PILGRIMS_SD_00880
- PILGRIMS_SD_01077 to PILGRIMS_SD_01312
- PILGRIMS_SD_01431 to PILGRIMS_SD_01531
- PILGRIMS-0010496898 to PILGRIMS-0010499323
- PILGRIMS-0010611864 to PILGRIMS-0010612069

Even though these documents appear to contain non-responsive material, the fact that we are missing so many is troubling. We ask that Pilgrim's comply fully with this request.

* * *

**Request 2 (Intercompany Purchase Orders):** As discussed on Friday, the transactional sales data already produced and in Defendants' possession contains detailed information concerning each of Pilgrim's transactions with its competitors – transactions that together amount to billions of dollars in commerce. We are willing to identify for you the field in the sales data that Pilgrim's has itself used to identify such transactions – specifically, competitors can be identified through the "payer_txt" field in the sales data, which is included in the structured data Bates stamped PILGRIMS_SD_00001-PILGRIMS_SD_01531. As a result, we fail to see the need for Pilgrim's to produce any further documents responsive to this request, and Pilgrim's objects to doing so. Please confirm that the transactional sales data already produced resolves Request 2 or that you do not agree to Pilgrim's position.

**Response**: This request simply seeks purchase orders for transactions between Pilgrim's and other suppliers. The transactional sales data Pilgrim's points to is non-responsive, and as discussed above, incomplete. Moreover, we have not been able to locate any field labelled "payer_txt". There is a field labelled "payer" but that is populated with numbers that we cannot decipher. Even if Pilgrim's were to provide the code, however, it would not suffice for reasons already discussed. If Pilgrim's does not have in its possession purchase orders that are responsive to this request, please let us know. Otherwise, we ask that Pilgrim's comply fully with this request.

* * *

**Request 3 (Costco Price Increases):** As noted, document requests seek "all documents" regarding Costco price increases (or any other subject) are improper for a Rule 17(c) subpoena, and Pilgrim's objects to such requests in their entirety. However, Pilgrim's is willing to consider producing specific contracts it has with Costco from specific years (or other specifically identified information related to Costco), if Defendants are willing to specifically identify such documents. Please send us your proposed list by Wednesday morning at 10 a.m. ET or let us know that you do not agree to Pilgrim's proposal.




**Response:** We disagree with your characterization of this request. Nevertheless, we are willing to narrow this request to the following:

1. Contracts with Costco for wing sales between 2012 and 2019
2. All communications related to Costco pricing from August 1, 2012 to March 31, 2013 involving the following Pilgrim's employees:

- Larry Higdem
- Sidney Prince
- Thomas Lane
- Bill Lovette
- Randy Meyers
- Terri Ferguson
- Chris Chavis
- Don Jackson
- Jayson Penn
- Kyle Bolin
- Eric Moeller

* * *

**Request 4 (Organizational Charts):** You asked whether we can identify the Bates numbers of organizational charts. The documents Bates stamped PILGRIMS-0000000001 - PILGRIMS-0000000064 contain organizational charts. Please confirm that this resolves Request 4 or that you do not agree to Pilgrim's position.

**Response:** The documents in the cited bates range are not sufficient to identify all of the organizational charts, as stated in this request. Only 9 of the 17 documents are responsive, and we have identified on our own other responsive documents that are not in this bates range. We are particularly interested in organizational charts for sales staff between 2012 and 2019. Please let us know if Pilgrim's will identify bates ranges of all organizational charts, or produce organizational charts that have not previously been produced.

* * *

**Request 5 (Employment Related Documents):** You said you are willing to withdraw the language "all documents containing or reflecting" from this request, and are seeking the production of documents sufficient to show the requested information. Subject to that limitation, and to an agreement on an extension of the deadline for production as described below, we are willing to undertake a good-faith effort to locate and produce employment contracts, compensation and bonus information, stock grants, key performance indicators and performance evaluations for the individuals listed to the extent they are reasonably available. Please confirm that this resolves Request 5 or that you do not agree to Pilgrim's position.

**Response:** We agree to Pilgrim's proposal, with the exception of the extension of the production deadline, as discussed below.

* * *

**Request 6 (Beto Esteves):** Pilgrim's objects to producing "all documents containing or reflecting expense reports, calendar entries, or performance evaluations" – regardless of topic or subject matter – for Mr. Esteves because that request is improper for a Rule 17(c) subpoena. Pilgrim's is willing to produce Beto Esteves' performance evaluations. Moreover, given that Mr. Esteves is a former employee who left the company many years ago, the company does not possess any "calendar entries" for Mr. Esteves. However, Pilgrim's does possess and already produced any emails to/from Mr. Esteves that were responsive to the government's grand jury subpoena (after the application of search terms), which likely contained emails concerning the topics requested in this request, as well as calendar invites that were sent via email that were responsive to the Subpoena. Please confirm that the production of Mr. Esteves' performance evaluations, and Pilgrim's prior productions of his emails, resolves Request 6, or that you do not agree to Pilgrim's position.

**Response:** We disagree with your characterization of this request. This request seeks three categories of documents: expense reports, calendar entries, and performance evaluations. Pilgrim's agrees to produce only one category: performance evaluations. With respect to the other two categories, please confirm that Pilgrim's 1) will produce expense reports for Beto Esteves, and 2) does not possess any other documents, such as diaries or calendars, that would contain calendar entries for Beto Esteves.

* * *

**Requests 7–11 (DOJ Communications / Internal Investigation):** These requests on their face seek information that is protected from disclosure by the attorney-client privilege and attorney work product doctrine or is otherwise not permitted by Rule 17(c), Nixon and/or the Court's prior ruling in this case, notwithstanding your claim during our call on Friday that you are not seeking privileged information. Accordingly, we will not be producing documents in response to these requests.

**Response:** As we discussed during our August 6th meet-and-confer, we do not seek privileged documents. Even if portions of certain conversations may be privileged, the fact these conversations occurred and the underlying facts are not privileged. We ask that Pilgrim's comply fully with this request.

* * *

**Request 12 (Jimmie Little Separation):** We will produce a document sufficient to establish the date of Mr. Little's separation from the company, in the form of an internal announcement to members of his team. Pilgrim's position is that the production of that document resolves Request 12. Please let us know if you do not agree to Pilgrim's position.

**Response:** We agree that an internal announcement is sufficient to establish the date of Mr. Little's separation from the company, but this is alone not sufficient to satisfy this request. This request also seeks other notices or announcements sent to others, including any automatic e-mail response that was set up for anyone who e-mailed him at his corporate address. Please confirm that Pilgrim's will comply fully with this request.

* * *



**Timeframe for Production:** As you know, the Court's Order calls for production on August 19, 2021. To the extent we are able to reach an agreement on the scope of production for any of the requests discussed above, such agreement will need to be conditioned on a reasonable extension of the production date to September 8, 2021.

**Response:** Given the proximity of our trial date, we cannot afford an extension of the length you propose. However, as a courtesy, we will agree to extend the return date to August 26, 2021.

* * *

Yours very truly,

Michael Tubach
of O'MELVENY & MYERS LLP