IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY R. MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS,
10.   RICKIE PATTERSON BLAKE,

      Defendants.

## DEFENDANTS' MOTION SEEKING ONE ADDITIONAL PEREMPTORY CHALLENGE PER DEFENDANT

      Defendants, by and through their respective counsel, respectfully file Defendants' Motion Seeking Additional Peremptory Challenges. In support thereof, Defendants state as follows:

      This case implicates ten defendants alleged to have conspired to fix the price of chicken over almost a decade. Each of these defendants if tried individually would have the right to exercise ten peremptory challenges and strike those jurors he believes could not be fair and impartial. Here, because ten defendants are being tried together, each defendant effectively gets only *one* such peremptory challenge. Given the extraordinary circumstances presented by this

multi-defendant trial, and the fact that additional peremptory challenges are the only way to ensure a fair and unbiased jury for *each* defendant, defendants respectfully request that the Court exercise its broad discretion to grant Defendants additional peremptory challenges.

## ARGUMENT

Fed. R. Crim. P. 24(b) provides the Court with broad discretion to "allow additional peremptory challenges to multiple defendants and may allow the defendants to exercise those challenges separately or jointly." Courts routinely exercise this discretion where additional peremptory challenges are necessary to ensure a fair and impartial jury. This is because "[t]he presence of even a single biased juror deprives a defendant of his right to an impartial jury." *U.S. v. Dimora*, 2011 WL 5361129 at *6 (N.D. Ohio Oct. 31, 2011); *see also, Skilling v. U.S.*, 561 U.S. 358, 388 n.21 (2010) (peremptory challenges provide protection against prejudice).

The number of defendants, complexity of the case, and likelihood of biased jurors in the pool counsel in favor of additional peremptory challenges. For example, in *U.S. v. Battle*, 1997 WL 447814 (D. Kan. June 27, 1997), *aff'd in part*, 188 F.3d 519 (10th Cir. 1999), which involved four defendants, the court permitted each defendant to exercise three peremptory challenges to ensure a fair trial. *Id*. at *21-22. Similarly, in *U.S. v. Hasan*, 747 F. Supp. 2d 642 (E.D. Va. 2010), *aff'd sub nom. U.S. v. Dire*, 680 F.3d 446 (4th Cir. 2012), which involved five defendants, the court provided the defendants with additional peremptory challenges to ensure an unbiased jury. *Id*. at 699. The court stated: "While providing additional peremptory challenges may protract jury selection to some degree, it is unlikely to be unduly burdensome, especially in light of the novelty and complexity of this case." *Id*; *see also, United States v. Marr*, 2017 U.S. Dist. LEXIS 68910, at *22 (N.D. Cal. Apr. 28, 2017) (granting two additional peremptory

challenges where the defendants were implicated in anti-trust conspiracies); *United States v. Rodriguez-Landa*, 2019 U.S. Dist. LEXIS 27793, at **58-59 (C.D. Cal. Feb. 13, 2019) (permitting each defendant to exercise one additional peremptory challenge in addition to the ten provided by Rule 24(b)(2)); *U.S. v. Toushin*, 714 F. Supp. 1452, 1464 (M.D. Tenn. 1989) (permitting one additional challenge per defendant); *United States v. Cordero*, 1998 U.S. Dist. LEXIS 1266, at *11 (N.D.N.Y. Jan. 30, 1998) (granting conditional request for additional peremptory challenges in complex drug conspiracy); *United States v. Comer*, 1996 U.S. Dist. LEXIS 12544, at *14 (N.D.N.Y. Aug. 23, 1996) (same); *United States v. Quiroz Razo*, Case No. 1:19-cr-00015-DAD-BAM (E.D. Cal. 2019) (attached as Exhibit A).

Defendants are requesting a modest number of additional peremptory challenges (ten), such that each defendant may exercise two. This case presents compelling reasons for granting Defendants additional peremptory challenges. There has been extensive press coverage of this case,[1][2] which will be tried over three months during a pandemic. It involves a familiar food that jurors purchase and consume regularly, as well as quick service and fast-food restaurants that jurors may regularly frequent. The ten defendants charged worked for different companies during the alleged conspiracy period, occupied different roles within those companies, had different responsibilities and different levels of authority. Although the Defendants have defense similarities, each has defenses that are unique to him. Each of the defendants, of course, has his

---

[1] *See* https://www.justice.gov/opa/pr/six-additional-individuals-indicted-antitrust-charges-ongoing-broiler-chicken-investigation; https://www.justice.gov/opa/pr/four-executives-and-company-charged-price-fixing-ongoing-investigation-broiler-chicken.

[2] *See, e.g.,* https://www.nytimes.com/2021/08/17/opinion/antitrust-big-tech.html.

own personal background and factual circumstances that may be viewed differently by each prospective juror.  The jurors' ability to be fair and impartial in evaluating this case will vary depending on those distinctions between defendants.  Moreover, there is little downside to the Court or jurors in permitting these additional challenges.  Defendants already will be exercising peremptory strikes and will exercise these additional strikes in an efficient manner so as not to unduly prolong jury selection.  On balance, a modest number of additional preemptory challenges is warranted to ensure a fair and impartial jury.

Dated:  October 1, 2021                             Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

<table>
<tr><td>

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

</td><td>

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

</td></tr>
<tr><td>

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

</td><td>

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

</td></tr>
</table>

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of October, 2021, I electronically filed the foregoing **DEFENDANTS' MOTION SEEKING ONE ADDITIONAL PEREMPTORY CHALLENGE PER DEFENDANT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.


*s/ Erin Holweger*
Erin Holweger