IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>1.    JAYSON JEFFREY PENN,<br>2.    MIKELL REEVE FRIES,<br>3.    SCOTT JAMES BRADY,<br>4.    ROGER BORN AUSTIN,<br>5.    TIMOTHY R. MULRENIN,<br>6.    WILLIAM VINCENT KANTOLA,<br>7.    JIMMIE LEE LITTLE,<br>8.    WILLIAM WADE LOVETTE,<br>9.    GARY BRIAN ROBERTS, and<br>10.  RICKIE PATTERSON BLAKE,<br><br>    Defendants. | Criminal Case No. 20-cr-00152-PAB |

**DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE REFERENCES TO OR EVIDENCE ABOUT ANY THEORIES OF LIABILITY NOT CHARGED IN THE SUPERSEDING INDICTMENT**

Defendants, by and through undersigned counsel, respectfully submit this Motion in Limine to Exclude References to or Evidence About Any Theories of Liability Not Charged in the Superseding Indictment.

**INTRODUCTION AND BACKGROUND**

The Superseding Indictment charges Defendants with a conspiracy to restrain trade in violation of Sherman Act § 1. The government bases that charge on a single theory of liability: Defendants allegedly shared "prices and other price-related terms for broiler chicken products" in an effort to "rig[] bids and fix[] prices." Super. Ind. (Doc. 101 ¶¶ 1-2). But the government has cited evidence that is entirely unrelated to the alleged price-fixing conspiracy. *See, e.g.*, *James*

1

Hr'g Exs. 1-002, 1-004. And the government's suit is not the only antitrust case about broiler chickens. Private plaintiffs in *In re Broiler Chicken Antitrust Litigation*, 16-cv-8637 (N.D. Ill.), and *In re Broiler Chicken Grower Antitrust Litigation*, 20-md-2977 (E.D. Okla.), also allege violations of Sherman Act § 1. In those cases, plaintiffs allege other theories of liability, including no-poach agreements, output reduction agreements, and competitor signaling.[1] The Court should exclude any references to or evidence about these uncharged theories of liability as well as any evidence about communications, negotiations, or events unrelated to the charged price-fixing conspiracy. Any other approach would severely prejudice Defendants, unduly confuse the jurors, and result in reams of irrelevant evidence.

## LEGAL STANDARD

Evidence is relevant only when it "make[s] a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403. "Unfair prejudice" under Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403 advisory committee's note). "The term 'unfair prejudice,' as to a criminal defendant, speaks to

---

[1] The plaintiffs in these private actions, for example, allege that the defendants "agree[d] not to solicit or poach one another's Growers," Am. Compl. ¶ 167, *In re Broiler Chicken Grower Antitrust Litig.*, No. 20-md-2977 (E.D. Okla. Feb. 19, 2021), ECF No. 59, "coordinat[ed] their output and limit[ed] production with the intent and expected result of increasing prices of Broilers in the United States," Fifth Am. Compl. ¶ 1, *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637 (N.D. Ill. Oct. 23, 2020), ECF No. 3919, and engaged in price fixing through signaling, *id.* ¶ 319. Those theories are not charged in the present case.

the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id*. The Court "has not only the discretion but also the duty to exclude evidence of little or no relevance or probative value which might have a prejudicial effect." *Sec. State Bank v. Baty*, 439 F.2d 910, 913 (10th Cir. 1971).

## ARGUMENT

**I.     Evidence Unrelated to the Government's Charged Theory of Liability Is Irrelevant.**

The government advances one theory of liability: Defendants conspired to fix prices and rig bids by exchanging price information. Super. Ind. ¶ 1. The Superseding Indictment does not contend that Defendants (i) publicly signaled price activity in furtherance of an unlawful agreement, (ii) agreed to reduce output, or (iii) agreed not to poach competitor employees, as plaintiffs allege in parallel civil actions. Accordingly, any evidence related to those uncharged theories of liability—even if relevant to *other* plaintiffs in *other* cases—is not probative of the government's charged theory and is therefore inadmissible. As just one example, the government at the *James* hearing offered PILGRIMS-0009051822, Ex. 2 (log no. 65), even though that document reflects a conversation between colleagues at Pilgrim's Pride about a Pilgrim's Pride public statement and a competitor's purported reaction to it. The only colorable legal antitrust theory to which the document could relate would be signaling, which the government does not advance here. Accordingly, that document and any similar evidence is irrelevant and should be excluded.

The Court should also exclude evidence about communications and transactions that are entirely unrelated to the charged price-fixing conspiracy. For example, the government at the *James* hearing offered evidence regarding quality assurance procedures that Church's asked its

3

suppliers to adopt in 2011. Ex. 2-002. But even the government's sponsoring witness conceded that the communications were not "about pricing information at all." *James* Hr'g Tr. 263:2-5. By the government's own admission, they had no connection to the charged theory of a conspiracy among competitors to fix prices and big rids.

When a legal theory is not charged in an indictment, alleged facts and any documents or arguments about that theory are "not of consequence" and "should be excluded." *Griffeth v. United States*, No. 1:13-cv-00019-TC, 2014 WL 6930056, at *2 (D. Utah Dec. 8, 2014), *aff'd*, 672 F. App'x 806 (10th Cir. 2016) (excluding "facts and arguments" related to a legal theory as "irrelevant" when theory not part of case (quotation omitted)); *see Sec. State Bank*, 439 F.2d at 913 (excluding deposition from evidence where testimony was not "connected" to legal theories at issue). Indeed, when a "certain fact is not material" to the particular legal theory at issue, "evidence of that fact, though highly probative of its existence, is not relevant because the fact itself is immaterial." *Huff v. Shumate*, 360 F. Supp. 2d 1197, 1205 (D. Wyo. 2004) (excluding evidence "as immaterial and therefore irrelevant"); *see Reazin v. Blue Cross & Blue Shield of Kan., Inc.*, 663 F. Supp. 1360, 1434 (D. Kan. 1987), *aff'd and remanded*, 899 F.2d 951 (10th Cir. 1990) (excluding "evidence of alleged price fixing" where it was "collateral" to "type of collusion" at issue); *United States v. Wittig*, No. 03-40142-JAR, 2005 WL 1227938, at *7 (D. Kan. May 23, 2005) (excluding evidence where "irrelevant" to charges "alleged in the [i]ndictment").

Accordingly, the government cannot make references to or introduce evidence about uncharged theories of liability—including alleged signaling, reductions in output, and no-poach agreements—and conduct that is irrelevant to the charged theory of price fixing. Any other

4

approach would violate the fundamental precept that criminal defendants are "entitled" to know "the theory of the government's case" before trial. *United States v. Beasley*, No. 13-10112, 2016 WL 502023, at *17 (D. Kan. Feb. 8, 2016); *see United States v. Rucker*, 188 F. App'x 772, 779 (10th Cir. 2006) (evidence unrelated to a "particular count in the indictment" irrelevant and inadmissible).

## II. Evidence Unrelated to the Government's Charged Theory of Liability Is Highly Prejudicial.

Even if evidence of uncharged theories of liability were relevant (it is not), the danger of "unfair prejudice" would "substantially outweigh[]" any probative value, "confusing the issues" and "misleading the jury." Fed. R. Evid. 403.

First, if the government presents evidence related to uncharged violations, there is a substantial danger that the jury would rely on that evidence—or the patina of wrongdoing potentially created by the alleged bad behavior—to "declar[e] guilt on a ground different from proof specific to the offense charged," the quintessential "unfair prejudice" to criminal defendants. *Old Chief*, 519 U.S. at 180-81. The government must instead prove beyond a reasonable doubt that Defendants engaged in the specific violation charged. *See United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 473 (10th Cir. 1990). It cannot manipulate the jury's "attitude" toward Defendants with evidence irrelevant to their "guilt or innocence" for the charged violations. *United States v. Aranda-Diaz*, 31 F. Supp. 3d 1285, 1290 (D.N.M. 2014); *see Thurman Indus., Inc. v. Pay 'N Pak Stores, Inc.*, 875 F.2d 1369, 1380 (9th Cir. 1989) (excluding evidence irrelevant to monopolization claim because it would "improper[ly] influence" jury).

Second, the evidence is inadmissible because it would confuse the jury and delay the trial. *United States v. Wheeler*, No. 12-cr-0138-WJM, 2013 WL 1942213, at *8-9 (D. Colo. May

5

10, 2013) (excluding "contextual and background evidence" where confusing and misleading). Defendants are not involved in the other cases where different theories are at issue, and the jury may confuse the allegations in those suits with the charges against Defendants here. Moreover, allowing the government to introduce evidence about uncharged theories of liability would inject new and complex issues into the case, confuse the "key issues in dispute," and "unduly delay" trial as Defendants grapple with extraneous issues not previously advanced. *Id*.

## CONCLUSION

For the reasons discussed above, the Court should exclude references to or evidence about any uncharged theories of liability, including no-poach agreements, output reduction agreements, and competitor signaling.

Dated:  October 1, 2021

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach