IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

_____

## MINUTE ORDER
_____

**Entered by Chief Judge Philip A. Brimmer**

    The Court has prepared an updated proposed introductory jury instruction in light of the parties' responses [Docket Nos. 600, 602] to the Court's initial proposed introductory jury instruction [Docket No. 568]. The updated proposed introductory jury instruction is attached to this order. The Court will address any objections to or comments on the updated proposed introductory jury instruction at the trial preparation conference on Friday, October 8, 2021 at 2:00 p.m.

    DATED October 8, 2021.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

_____

**INTRODUCTORY JURY INSTRUCTION [PROPOSED v.1.2]**
_____

**Preliminary Instruction Before Trial**

Members of the Jury:  At the end of the trial I will give you detailed guidance on the law and on how you will go about reaching your decision.  But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by Michael Koenig, Carolyn Sweeney, Heather Call, and Paul Torzilli.  Defendant Jayson Penn is represented by Michael Tubach and Anna Pletcher.  Defendant Mikell Fries is represented by Richard Kornfeld, David Beller, and Kelly Page.  Defendant Scott Brady is represented by Bryan Lavine, Megan Rahman, and Laura Ann Kuykendall.  Defendant Roger Austin is represented by Michael Feldberg, Julie Withers, and Laura Carwile.  Defendant Timothy Mulrenin is represented by Elizabeth Prewitt, Marci LaBranche, and Caroline Rivera.  Defendant William Kantola is represented by Roxann Henry and James Backstrom.  Defendant Jimmie Little is represented by Mark Byrne and Dennis Canty.  Defendant William Lovette is represented by John Fagg, Dru Nielsen, Frank Schall, James McLoughlin, and Kaitlin Price.  Defendant Gary Roberts is represented by Craig Gillen, Anthony Lake, and Richard Tegtmeier.  Defendant Rickie Blake is represented by Barry Pollack, Wendy Johnson, and Christopher Plumlee.

Count One of the indictment charges each defendant with a conspiracy to suppress and eliminate competition by rigging bids and fixing prices and other price-related terms for broiler chicken products sold in the United States.  Count Two of the indictment charges defendant Little with making false statements to federal law enforcement agents.  Count Three of the indictment charges defendant Little with

obstruction of justice. The indictment is simply the description of the charges made by the government against the defendants; it is not evidence of guilt or anything else. Each defendant has pleaded not guilty and is presumed innocent. A defendant may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt. There are multiple defendants in this case and you will have to give separate consideration to the case against each defendant.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, each defendant may make an opening statement.

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, each defendant may present evidence, but no defendant is required to do so. I remind you that each defendant is presumed innocent and it is the government that must prove each defendant's guilt beyond a reasonable doubt. If the defendants submit evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer or to an answer by a witness.  This simply means that the lawyer is requesting that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.  If I overrule the objection, treat the answer as any other.  If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations.  Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply.  Some of these conferences may take more time, so I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence, I will instruct you on the rules of law which you are to use in reaching your verdict.  The government and each defendant will then each be given time for their final arguments.

Let me give you some information about whether or not you choose to take notes. If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

I do not permit jurors to ask questions of witnesses or of the lawyers. If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

Each defendant is charged in the indictment with a violation of 15 U.S.C. § 1. This law makes it a crime to unreasonably restrain trade. The indictment charges the defendants with conspiring to rig bids and fix prices in the broiler-chicken industry between August 2011 and early 2019.

To find a defendant guilty of this crime, you must be convinced that the government has proved each of the following elements against him beyond a reasonable doubt:

*First*: that the charged price-fixing conspiracy existed at or about the time alleged;

*Second*: that the defendant knowingly—that is, voluntarily and intentionally—became a member of the conspiracy charged in the indictment, knowing of its goal and intending to help accomplish it; and,

*Third*: that the conspiracy affected interstate commerce.

During the course of the trial, you should not talk with any witness, or with any of the defendants, or with any of the lawyers at all.  In addition, during the course of the trial you should not talk about the trial with anyone else, whether in person, on a podcast, on the web, or on any social media platform.  Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to make your decision at the end of the trial.  It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information on your own that you think might be helpful.  Do not engage in any outside reading or research on this case, including through use of the internet, cell phones, smart phones, or paper resources. Do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom.

Now that the trial has begun you must not listen to or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

The court reporter is making stenographic notes of everything that is said.  This is basically to assist any appeals.  However, a typewritten copy of the testimony will not

6

be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

      With that introduction, the government may present its opening statement.