IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' MOTION TO REQUIRE DEFENDANT BLAKE TO PROVIDE EXPERT DISCLOSURES BY A DATE CERTAIN AND REQUIRE DEFENDANTS TO COMPLY WITH EXPERT DISCLOSURE OBLIGATIONS

The government respectfully moves the Court for an order requiring that: (1) defendant Blake provide pre-trial disclosure of the opinions, bases, and reasons for any expert evidence that the defendants intend to offer through Dr. Aparna Sengupta; and (2) all defendants identify any experts not previously identified and provide full disclosures for them.[1] The government further requests that the Court require the

---

[1] The government continues to object to the defendants' inadequate disclosures of previously noticed experts and to proposed irrelevant expert evidence. *See* ECF 299 (Motion to Exclude Certain Expert Testimony and to Order the Defendants to file a New

disclosures to occur by a date certain sufficiently ahead of trial. Relief is warranted to avoid needless delays during the middle of trial for the Court to resolve fundamental admissibility issues likely to arise from the defendants' proposed expert evidence. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

*Background*. On May 14, the defendants identified eight expert witnesses and provided some information about their expected testimony, but did not comply with the Fed.R.Crim.P. 16(b)(1) requirement to "describe the witness's opinions" and "the bases and reasons for those opinions." ECF 299.1. Two months later, the defendants sent a letter to the government styled as a supplement, in which they identified one additional expert, withdrew three others, provided some additional information, but still failed to comply with their Rule 16 obligations. ECF 299.2. The government moved to exclude on July 26 (ECF 299) in part for the disclosure failures, Fed.R.Crim.P. 16(d)(2)(C), and in part because certain expert opinions that were disclosed were not relevant (regardless of what the bases and reasons might be) to this *per se* illegal bid-rigging and price-fixing case. To the extent such testimony is not excluded, the government asked the Court to require the defendants to provide compliant disclosures.

On October 1, the government moved *in limine* to exclude all evidence, including expert evidence, regarding anti-competitive harm from, and pro-competitive justifications for, the defendants' conspiracy, to which competitor price sharing is one

---

Expert Disclosure for Non-excluded Testimony) (July 26, 2021) and 543 (Government Omnibus Motions *in limine*) (Oct. 1, 2021).

2

means. ECF 567 at 1-3. The government also moved to exclude all evidence from Paul Sinowitz, *id.* at 4, and Dr. Mark Chambers, *id.* at 14.[2]

On October 6, the government learned that defendant Blake, who did not request reciprocal expert discovery, may call Dr. Aparna Sengupta. From internet research, the government has learned that Dr. Sengupta is an economist at the Bates White economic consulting firm. The government infers that defendant Blake intends to offer Dr. Sengupta as an economic expert.

<u>*Economic experts*</u>. The defendants have provided no information regarding Dr. Sengupta's ability to serve as an expert witness in this case, and the government inferred she may be providing expert testimony only because it noticed a copy of her CV was included as a defense exhibit (H-320). Without any disclosure about Dr. Sengupta's qualifications, her opinions in this case, and the bases and reasons for those opinions, there is a significant risk that the defendants will seek to introduce through Dr. Sengupta evidence that is not relevant to this case. The disclosures for the defendants' other economic expert, Professor Edward Snyder, are instructive on the types of irrelevant evidence that the defendants may seek to introduce.

This trial will determine whether the defendants agreed to join a *per se* illegal bid-rigging and price-fixing conspiracy. ECF 553 (denying motions to dismiss). Courts have held that one purpose of the *per se* approach is to adjudicate "without elaborate inquiry" into the harm or business justification whether there was an illegal agreement under

---

[2] *See also United States v. Libby*, 461 F. Supp. 2d 3, 8-9 (D.D.C. 2006) (excluding expert witness testimony on memory science in obstruction and false statements case).

3

Section 1 of the Sherman Act. *See Arizona v. Maricopa Cnty. Med. Society*, 457 U.S. 332, 350-51 (1981) (noting the "rationale for [the] per se rule[ ] in part is to avoid the necessity for an incredibly complicated and prolonged economic investigation" into the industry at issue); *United States v. Kemp & Assocs., Inc.*, 907 F.3d 1264, 1272-73 (10th Cir. 2018); *see also United States v. Joyce*, 895 F.3d 673, 677-78 (9th Cir. 2018) (noting need to avoid "incredibly complicated and prolonged economic investigation").

The defendants' disclosures for Professor Snyder suggest that they will use economic evidence to insert into this trial the type of "elaborate inquiry" that the Supreme Court, this, and other circuits counsel to avoid. For example, Professor Snyder is expected to opine regarding the market conditions of "supply, demand, production cycles, industry structure, product differentiation and mix, supply and distribution chains, and the need for careful coordination across suppliers, growers, and buyers." He also intends to testify about a "test" for "supracompetitive pricing," and provide an opinion on whether information exchanges benefit competition. ECF 299.2 at 7-8.

These topics risk turning the trial into the elaborate inquiry that courts should avoid in a *per se* case. Whether there is supracompetitive pricing will likely involve significant econometric evidence[3] that will inevitably devolve into a mini-trial on an issue not central to the determination of this case. And the same can be said for Professor

---

[3] The government infers that Dr. Sengupta's expert opinion will entail significant econometrics. Dr. Sengupta's bio on the Bates White website describes her professional focus "in the empirical methods used in antitrust and competition analysis, including merger simulation, damages estimation, retrospective analysis, experiment design, and assessing reliability of analyses put forth by other experts." https://www.bateswhite.com/people-aparna-sengupta.html

Snyder's expected testimony that "the observed price increases could be caused by factors other than price fixing or bid rigging." ECF 299.2 at 7. None of this testimony bears on whether the defendants agreed to rig bids and fix prices.

By the same token, the competitive impact of information exchange is not relevant. The defendants claim, albeit inaccurately, that the information exchange in this case is not illegal. The government does not suggest that the defendants are precluded from making this argument at trial. But it is impermissible for them to argue or introduce evidence that information exchange, which was a means to carry out the conspiracy, had beneficial effects on competition. Similarly, the defendants should be precluded from offering evidence that their information exchange had a pro-competitive purpose or intention.[4]

Not only is this evidence not relevant to this case of *per se* illegal price fixing and bid rigging, it also risks confusing the jury into thinking that they are supposed to judge whether the conduct was reasonable overall, rather than their actual task: determining whether the defendants agreed to fix prices and rig bids.

*Other Experts*. To the extent any defendants intend to offer expert testimony from any other witness not previously disclosed as an expert, they should be required to promptly identify those persons, and provide the opinions, bases and reasons for the opinions by a date certain ahead of trial. Prompt disclosure will enable the government

---

[4] Other expert economic evidence the defendants have noticed, given proper disclosure and a reliable basis, may be relevant. For example, an analysis of the absence or presence of indicia of collusion (ECF 299.2 at 7) could be relevant to this case.

to present any relevance and reliability issues to the Court for resolution ahead of trial, to avoid needless delays after the jury is assembled.

Respectfully submitted this 11th day of October, 2021.

By: s/ Michael T. Koenig
Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov
