IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br>v.<br>1.   JAYSON JEFFREY PENN,<br>2.   MIKELL REEVE FRIES,<br>3.   SCOTT JAMES BRADY,<br>4.   ROGER BORN AUSTIN,<br>5.   TIMOTHY R. MULRENIN,<br>6.   WILLIAM VINCENT KANTOLA,<br>7.   JIMMIE LEE LITTLE,<br>8.   WILLIAM WADE LOVETTE,<br>9.   GARY BRIAN ROBERTS, and<br>10. RICKIE PATTERSON BLAKE,<br><br>      Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' JOINT OBJECTIONS TO THE GOVERNMENT'S NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

Defendants, by and through undersigned counsel, respectfully submit these Objections to the Government's 404(b) Notice.

### INTRODUCTION

On October 4, 2021, the government sent Defendants a Notice of its intent to introduce eleven documents that "may be construed as other crimes, wrongs, or acts" under Federal Rule of Evidence 404(b). Ex. A. Despite the Court's practice standards, the government did not file that Notice. Criminal Practice Standards III.B ("Objections to a Fed. R. Crim. P. 404(b) notice shall be filed no later than seven days after such *Rule 404(b) notice was filed*." (emphasis added)). Out of an abundance of caution, Defendants file these objections seven days after the

1

government served its Notice. The Notice is both procedurally and substantively deficient, and the Court should preclude the government from admitting evidence pursuant to Rule 404(b).

Although the government "does not concede" that the noticed documents are evidence of other crimes, wrongs, or acts, it nevertheless contends that the documents are admissible under Rule 404(b) to prove (1) knowledge of how to conspire; (2) opportunity to conspire; (3) plan to conspire; (4) intent to conspire; and/or (5) motive to conspire. It does not elaborate further on the documents' relevance to these issues.

## LEGAL STANDARD

Rule 404(b) renders inadmissible evidence of a defendant's other crimes, wrongs, or acts for the purpose of proving that the defendant acted in conformity with his character on a particular occasion. Fed. R. Evid. 404(b)(1). Such evidence may be admissible for other purposes, such as to show motive, opportunity, intent, or preparation. Fed. R. Evid. 404(b)(2). But the Rule applies only to extrinsic evidence, *i.e.*, "extraneous" evidence that is not closely related to the factual circumstances of the charged offense. *United States v. Cushing*, 10 F.4th 1055, 1075 (10th Cir. 2021) (quotation omitted). And the government bears the burden of demonstrating that any proffered extrinsic evidence is relevant to a proper Rule 404(b) purpose. *United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987). In doing so, it "must precisely articulate the purpose" for which the proffered evidence may be admitted. *United States v. Commanche*, 577 F.3d 1261, 1266 (10th Cir. 2009) (quotation omitted). Further, under Federal Rule of Evidence 403, the evidence may be excluded if any probative value is outweighed by unfair prejudice, confusing the issues, misleading the jury, causing undue delay or waste of time.

The Supreme Court has set forth a four-part test to determine whether Rule 404(b)

evidence is properly admitted. *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988). The test requires that (i) the evidence is offered for a proper purpose under Rule 404(b); (ii) the evidence is relevant under Rule 401; (iii) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Rule 403; and (iv) if admitted, the district court, upon request, instructs the jury pursuant to Rule 105 to consider the evidence only for the permissible purpose for which it was offered. *Cushing*, 10 F.4th at 1075.

## ARGUMENT

### I. The Government Fails to Specifically Articulate a Proper Purpose for Any Proffered Rule 404(b) Evidence.

The government does not articulate the proper purposes for which any document is admissible. In carrying its burden to demonstrate the relevance of proffered 404(b) evidence, the government must "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts." *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985). This includes a clear articulation of "how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *Commanche*, 577 F.3d at 1267 (quotation omitted). A mere recitation of the examples of proper purposes listed in Rule 404(b)(2) does not suffice. *See United States v. Youts*, 229 F.3d 1312, 1318 (10th Cir. 2000) ("issues and reasons" must be "exposed and clearly stated" (quotation omitted)); *United States v. Tukes*, 2010 WL 11523588, at *2 (D.N.M. July 20, 2010) (refusing to admit evidence pursuant to 404(b) because "the Government's recitation of the examples of permissible purposes from Rule 404(b) does not suffice").

Here, the government's Notice simply lists the examples of proper purposes identified in

3

Rule 404(b)(2). Ex. A at 2-4. It offers no explanation of the documents' relevance or any underlying evidentiary hypotheses. Accordingly, the government has failed to meet its burden under Rule 404(b). *See Youts*, 229 F.3d at 1318; *Tukes*, 2010 WL 11523588, at *2.[1] Each of the documents is also improper Rule 404(b) evidence for the reasons described below.

## II.  Document Nos. 1-4 Are Not Proper Rule 404(b) Evidence.

The Court has already ruled that these four documents include statements made during and in furtherance of the charged conspiracy. *Compare* ECF No. 559 at 20-21 (ruling on *James* log no. 1, PILGRIMS-0005822161, James log nos. 6-8, PILGRIMS-0009031705, PILGRIMS-DOJ-0000509305, PILGRIMS-DOJ-0002452440), *with* Ex. A (Nos. 1-4). Pursuant to that ruling, the statements cannot properly be admitted under Rule 404(b). *See* Fed. R. Evid. 404(b) (applying only to "*other* crime[s], wrong[s], or act[s]" (emphasis added)); *Cushing*, 10 F.4th at 1075 (extrinsic evidence only).

## III.  Document Nos. 5-6 Are Not Proper Rule 404(b) Evidence.

The Court has found that the government has failed to prove, even relying on hearsay and under a preponderance of the evidence standard, that Mr. Blake was a member of the charged conspiracy prior to October 24, 2016. *See* ECF No. 559 at 20; ECF No. 595. The government has given notice that, alternatively, it believes that certain earlier documents, inadmissible against Mr. Blake because they are not in furtherance of the charged conspiracy, are admissible under Rule 404(b) as prior bad acts. Specifically, the government designates GEODOJ_0582734 as "Document 5" in its Rule 404(b) Notice; in reality it is multiple documents comprising 106 pages in total. The first document, page one of 106, contains handwritten notes (allegedly written

---

[1] Nor has the government indicated that it would call any witness who could explain any evidentiary hypothesis.

4

by Mr. Blake) of contact information for certain employees of other suppliers, companies from which George's both purchased chicken and to which George's sold chicken and the notation "Church's cost plus 2010" along the side. Among the remaining 105 pages are various emails and letters—many to and from people who the government has not contended are co-conspirators in the charged conduct or have committed any other wrongdoing—George's contract terms, and George's price models for Church's related to 2010. The documents do not contain any information about the bids of George's competitors. The government designates GEODOJ_0582840 as "Document 6"; this is another collection of multiple documents, a total of 79 pages. The first document, page one of 79, contains handwritten notes (allegedly written by Mr. Blake) of contact information for certain employees of other suppliers, companies from which George's both purchased chicken and to which George's sold chicken and the notation "Church's cost plus 2011" along the side. Among the remaining 78 pages are various emails—many to and from people who the government has not contended are co-conspirators in the charged conduct or have committed any other wrongdoing—George's contract terms, and George's price models for Church's related to 2011. These documents likewise do not contain any information about the bids of George's competitors.

      The government contends these documents are admissible under Rule 404(b) because they show that Mr. Blake had "knowledge of how to conspire" and the "opportunity to conspire." Under Rule 404(b), the "knowledge" that is relevant is not general knowledge of how to commit *a* crime, but rather knowledge of some fact that demonstrates that the defendant committed the crime charged. *See Kendall*, 766 F.2d at 1436 (Rule 404(b) evidence must "be so related to the charged offense that it serves to establish intent, knowledge, motive, identity, or absence of

mistake or accident" and "must have real probative value, not just possible worth"). It is not evident from the documents, nor has the government articulated, how these documents provided Mr. Blake the opportunity to conspire to align bids with George's competitors in 2010 or 2011. But even accepting that premise *arguendo*, these 2010 and 2011 documents, which show only George's pricing and contract information related to those years, do not demonstrate that Mr. Blake had the knowledge or opportunity in 2016 or later to agree with competitors to fix or align George's bids for future contracts with the bids of George's competitors for future contracts. In any event, any probative value they might have is substantially outweighed by the danger of confusion.

### IV.     Document No. 7 is Not Proper Rule 404(b) Evidence.

In this email and attachment (GEODOJ_0573591; GEODOJ_0573592), Darrel Keck of George's sends Mr. Blake and Bill McClellan of George's a spreadsheet containing certain historical pricing data from 2009. The government has not contended, much less proffered any evidence, that either Mr. Keck or Mr. McClellan were members of the charged conspiracy or engaged in any other illegal conduct. The government has not demonstrated that Mr. Blake's receipt of these documents from Mr. Keck, documents also received by Mr. McClellan, was a "bad act." Nor has the government demonstrated that these documents somehow prove Mr. Blake knew how to conspire or had the opportunity to do so and that they therefore assist in proving the charged conspiracy. The receipt of information by Mr. Blake from someone not alleged to have committed any wrongdoing that was also sent to another person not alleged to have engaged in any wrongdoing, seven years prior to the time the government has proffered evidence that Mr. Blake joined the charged conspiracy, is not probative of relevant knowledge or

6

opportunity related to the charged conspiracy. These 2009 documents do not show that Mr. Blake had the knowledge or opportunity to enter into any alleged conspiracy with competitors to fix or align George's bids for future contracts in 2016 or later, and any probative value they might have is substantially outweighed by the danger of confusion.

### V.     Document No. 8 is Not Proper Rule 404(b) Evidence.

The government's cryptic Notice fails to show how a 2010 email exchange between Messrs. Keck and Kantola would be relevant or material to any issue in the case, let alone how it would be admissible for a proper Rule 404(b) purpose. First, the government has misleadingly failed to include the entirety of the email string and misstated in its excerpt who said what. The described statements do not in any manner relate to price fixing or any conspiracy. On its face, the statements are not probative of whether the alleged price-fixing conspiracy existed or whether any defendant joined such conspiracy. They do not show "knowledge of how to conspire" or "opportunity to conspire." Nor has the government indicated that it intends to call any witness who could explain the meaning of the interchange.

It is plain that the government's intended purpose is to create undue prejudice by creating an innuendo allegation of Mr. Kantola's propensity to participate in conspiratorial conversations by suggesting he did so at a time prior to any evidence of it. Further, the government is attempting to use Rule 404(b) to perform an end-run around the requirement for admission of a coconspirator statement. The government did not attempt a *James* proffer to show that Mr. Keck was a coconspirator, but now seeks to lead the jury to believe that without the required showing. *See* Doc. 358-3. And, as the Court found, the government made no showing that Mr. Kantola had joined any conspiracy at the time of the email string. Doc. 559 at 17 (earliest showing of Mr.

Kantola's participation by December 26, 2011, over a year later).

## VI.  Document No. 9 is Not Proper 404(b) Evidence

Document Number 9 reflects a conversation between Mr. Lovette and Mr. Penn, colleagues at Pilgrim's Pride, about what prices to offer during negotiations with a customer. In that context, Mr. Lovette says "[w]e must find a way to increase rev per lb or margin per lb." Ex. A at 4. On its face, the conversation relates to the most basic of business activities—maximizing profits from sales—and does not reflect a prior crime, wrong, or act admissible under Rule 404(b). *U.S. Football League v. NFL*, 842 F.2d 1335, 1361 (2d Cir. 1988) (setting prices at profit-maximizing levels is not an anticompetitive act); *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *3 (D. Conn. Mar. 18, 2015) ("setting one's own profit-maximizing price is entirely lawful under the antitrust laws" (quoting VI Phillip Areeda & Herbert Hovenkamp, Antitrust Law ¶ 1402a, at 10 (3d ed. 2010))).

Indeed, the "acts" portion of Rule 404(b) applies only to "uncharged bad acts." *United States v. Nance*, 767 F.3d 1037, 1041 (10th Cir. 2014); *see United States v. Vaughan*, 450 F. App'x 757, 760 (10th Cir. 2011) (same). And while the bad act "need not be criminal," it must clearly "impugn [the] defendant's character." *Kendall*, 766 F.2d at 1436 n.5. A conversation between Mr. Penn and Mr. Lovette discussing how to increase profits from a sale to a customer does not reflect a crime or a bad act that impugns their characters—it clearly falls outside the scope of Rule 404(b).

At bottom, it appears that the government seeks to admit this email exchange (and others) under Rule 404(b) for the purpose of improperly characterizing ordinary business discussions as "bad acts." Evidence offered for this purpose would unfairly prejudice Defendants under Rule

8

403—particularly when the communications are legitimate on their face and the government did not try to admit them in its *James* proffer—because it could "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

**VII.    Document No. 10 is Not Proper Rule 404(b) Evidence.**

Document No. 10 is an email communication among co-workers, in which Mr. Little after emailing Mr. Austin to offer kind words about Mr. Brady, sends the email to Mr. Brady, stating "Do not forward." Ex. A at 4. The government claims this exchange demonstrates an "opportunity to conspire," and thus constitutes an exception to the general Rule 404(b) prohibition. *Id*. However, any reading of this email demonstrates that Mr. Little is simply offering his personal endorsement of Mr. Brady to Mr. Austin for an internal promotion, and then sharing that information with Mr. Brady the next day. At the time of this communication, Mr. Little, Mr. Austin and Mr. Brady all worked for Pilgrim's Pride, though not together, as Mr. Brady and Mr. Austin were responsible for negotiations of different broiler chicken products— Mr. Brady negotiated further processed pricing for multiple customers of Pilgrim's and Mr. Austin negotiated fresh chicken pricing for KFC.

As a threshold matter, there are no crimes, wrongs, or acts by any of the parties to this email reflected in the email exchange itself. As such, this exchange is not 404(b) evidence and cannot be admitted for that purpose. Further, this exchange does not demonstrate an opportunity to conspire under Rule 404(b)(2). All it shows is that Mr. Little was recommending that Mr. Austin consider promoting Mr. Brady to help him with the KFC account because he "will be awesome" and Mr. Little thought Mike Ledford "will help us" if Mr. Brady was on the account.

9

*Id*.

Finally, the *Huddleston* requirements have not been satisfied. Importantly, this communication has no probative value—it is a communication that took place outside of the time period of the charged conspiracy between three individuals who were, at that time, working for the same company.[2] It is not material to any relevant issue in this case and should be excluded.

**VIII.   Document No. 11 is Not Proper Rule 404(b) Evidence.**

The government's Notice shows Mr. Little's joshing with an individual that the government has made no proffer to show is a coconspirator. As with other purported Rule 404(b) designations, the government fails to provide any basis to suggest that this is relevant to a material issue or how the statements could show "knowledge of how to conspire" or "opportunity to conspire." Ex. A. at 4. The statements are not probative of whether the alleged price fixing conspiracy existed or whether any defendant joined such conspiracy. Particularly as the government does not intend to call any witness who could explain the meaning of the statements, the only purpose it could serve would be to mislead the jurors about an issue of no consequence to their determination and create misleading innuendo, including that Mr. DeLong was somehow involved in the alleged conspiracy, which would be in breach of the requirement for the government to admit coconspirator statements.[3]

---

[2] According to the Court, Mr. Little and Mr. Brady did not join the conspiracy until December 2011 and Mr. Austin was not a member of the conspiracy until November 2012. *See* Doc. 559 at 12. This email was dated in May 2011.

[3] The government did not make any proffer concerning this statement or Mr. DeLong. *See* Doc. 358-3.

10

## CONCLUSION

For the reasons discussed above, the documents noticed by the government are not admissible under Rule 404(b).

Dated: October 11, 2021

Respectfully submitted,

s/ John A. Fagg, Jr.
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

s/ Michael F. Tubach
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

s/ Richard K. Kornfeld
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

s/ Michael S. Feldberg
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

s/ Bryan Lavine
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

s/ Elizabeth Prewitt
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

s/ James A. Backstrom
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

s/ Mark A. Byrne
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: October 11, 2021              *s/ Michael F. Tubach*

                                      Michael F. Tubach