IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

      Defendants.

**UNITED STATES' MOTION FOR PRE-TRIAL RULING REGARDING
AUTHENTICATION OF EVIDENCE PURSUANT TO
FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)**

The government respectfully files this motion seeking a pre-trial order authenticating certain records under Federal Rules of Evidence 902(11) and 902(13). The Court's acceptance of the certifications in lieu of live testimony will obviate the need for the government to call several witnesses at trial.

The government filed a notice on October 1, 2021, ECF No. 546, stating its intent to offer certified records into evidence. The government seeks authentication based on the attached certifications made by records custodians and other qualified individuals, many of which overlap with the certifications attached to the government's notice, ECF

546.[1] Although the defendants may ultimately stipulate to the authenticity of these documents, the government files this motion because trial begins in two weeks.

The government's position continues to be that the transmittal data related to the communication can be certified authentic under Rule 902(11) and are business records under 803(6). The contents of the communication should be deemed authentic under Rule 902(13), and their admissibility will be determined on a case-by-case basis, depending on whether they meet a hearsay exclusion or exception.

I.   **Background**

Throughout the course of its investigation, the government obtained records by grand jury subpoena from numerous companies, as well as accompanying 902(11) and 902(13) certifications. As those productions comprise primarily documents saved on and copied from a company's electronic server, including a large number of email communications, the majority of the certificates attest to both Rules 902(11) and 902(13).[2] The government has provided defendants with the underlying records, including those that the government intends to use in its case in chief.

In the case of the dual 902(11) and 902(13) certifications, the government's position continues to be that the transmittal data related to the communication can be certified authentic under Rule 902(11); these data also meet the requirements of the

---

[1] In the alternative, the government will move to have documents authenticated immediately after each custodian testifies and before that custodian is released.
[2] The government has also received certifications under Rule 902(13) and 902(14) relating to the authenticity of device extractions and toll records, to which the defendants do not object, ECF 566 at 2 n.1. The government will file a separate motion for a pre-trial ruling on those documents.

business records exception to hearsay under Fed. R. Evid. 803(6). The contents of the communication should be deemed authentic under Rule 902(13), and their admissibility will be determined on a case-by-case basis, depending on whether they are relevant and meet a hearsay exclusion or exception. *United States v. Edwards*, No. 16-20070-01/02-CM, 2019 WL 5196614, at *11 (D. Kan. Oct. 15, 2019). Of the certifications received by the government, any certification for email that attests to 902(11) also attests to 902(13).

The government first sent signed Rule 902 certifications and draft authenticity stipulations to the defendants on September 13, 2021.[3] The defendants declined to stipulate because the draft stipulations, which mirrored the Rule 902 certifications, covered millions of documents.[4] The government filed its notice with the Court that it intended to use self-authenticating evidence pursuant to Fed. R. Evid. 902(11), (13) on October 1, 2021, ECF 546, and the defendants filed their objection to the government's notice on October 5, 2021, ECF 566.

II. **Self-Authenticating Documents Pursuant to Rules 902(11) and 902(13)**

Federal Rule of Evidence 902 provides that:

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
. . .

---

[3] The government has continued, and will continue, to send Rule 902 certifications to the defendants as it receives them. The government will also provide supplemental notice to the Court of the same. The parties have been in communication regarding a draft stipulation to authenticity, but no agreement has been reached.

[4] The defendants initially said they opposed stipulations on the attached certifications based on the volume of documents covered by certifications, but their opposition now suggests different and additional bases for their refusal to stipulate.

3

**(11) Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.

. . .

**(13) Certified Records Generated by an Electronic Process or System.** A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11).

*Rule 902(11)*. To satisfy the requirements of Federal Rule of Evidence 902(11), a certification must be made by a custodian or qualified individual, and must also meet the requirements of Rule 803(6)(A)–(C), the "business records exception" to the hearsay rule. When Rule 902(11) is used to authenticate electronic written communications, such as emails, text messages, and chat logs, a records custodian's certification is sufficient to establish that the transmittal data—*i.e.*, facts "that communications generally took place between particular accounts, at particular times, on particular dates"—qualify for authentication and admission under Rule 803(6), *United States v. Edwards*, 16-cr-20070-01/02-CM, 2019 WL 5196614, at *11 (D. Kan. Oct. 15, 2019).[5]

---

[5] Using Rule 803(6) to admit machine-generated information relating to the existence, transmittal, and times of the communications is a belt-and-suspenders approach because there is no human declarant; *United States v. Channon*, 881 F.3d 806, 811 (10th Cir. 2018) (agreeing with district court that "records . . . produced by machines" "fall outside the purview of Rule 801, as the declarant is not a person").

4

*Rules 902(13)*. Under 902(13), evidence is self-authenticating if a certification is provided by a qualified person that "a record generated by an electronic process or system that produces an accurate result." Rule 902(13) requires the procedural process explained in 902(11), that is, the proponent must give reasonable written notice of the intent to offer the record, and must make the record and certification available for inspection. Fed. R. Evid. 902(13); Committee Notes on Rules—2017 Amendment relating to Paragraph (13) (noting that "[t]he reference to the 'certification requirements of Rule 902(11)' is only to the procedural requirements for a valid certification" and confirming that 902(13) does not require a certification of business records under Rule 803(6)).

*Pre-trial Ruling.* A pre-trial ruling on authenticity would serve the underlying purpose of the rules. As the Committee Notes on Rules—2017 Amendment (emphasis added) explains:

> [T]he Committee has found that the expense and inconvenience of producing a witness to authenticate an item of electronic evidence is often unnecessary. It is often the case that a party goes to the expense of producing an authentication witness, and then the adversary either stipulates authenticity before the witness is called or fails to challenge the authentication testimony once it is presented. The amendment provides a procedure under which the parties *can determine in advance of trial whether a real challenge to authenticity will be made, and can then plan accordingly.*

The additional expense and inconvenience is especially significant in this case when, absent a stipulation or court order, the government would be required to call more than a dozen records custodians from multiple companies.

### III. Defendants' Objections to Authenticity are Unavailing

In their objection to the government's notice, the defendants make several

5

arguments which misinterpret the government's intentions, confuse the difference between authenticity and admissibility, or overstate the requirements of Rule 902. The defendants claim the government has not provided them with "fair opportunity" to challenge the certifications, because the government filed its notice to "self-authenticate millions of documents 25 days before trial." ECF 566 at 2.

First, as a factual matter, the defendants received certifications as early as September 13, 2021—42 days before trial. Moreover, the number of documents covered by the certifications is not as relevant as the number certifications and their sufficiency under the rules. In *United States v. Green*, a case relied upon by the defendants, ECF 566 at 4, the Seventh Circuit confirmed "Rule 902(11) certifications . . . give [a] party 'a fair opportunity to challenge' *the certifications*, which could involve calling the certificate's signer to testify." 648 F.3d 569, 580 (7th Cir. 2011) (emphasis added).[6] As the defendants admit, whether there is fair notice is primarily determined by whether the certifications "can be vetted for objection or impeachment in advance." ECF 566 at 3 (quoting *United States v. Olguin*, 643 F.3d 384, 390 (5th Cir. 2011)).

Regardless, notice 25 days before trial gave the defendants ample time opportunity to challenge or object to the approximately 60 certifications[7] here, ECF 566

---

[6] *United States v. Green*, 648 F.3d 569 (7th Cir. 2011) is inapposite because in that case the government tried to use Rule 902(11) to introduce the truth of the matters asserted under 803(6). Here, by contrast, the government does **not suggest that the contents of email communications covered in the certifications are necessarily admissible for the truth of the matters asserted. Even if the Court accepts the certifications as to the existence, transmittal, and times of the communications, the parties must still prove that the contents of the communications are admissible under the other rules of evidence, including the hearsay rules.**
[7] This estimate excludes toll records certifications.

at 4; after all, the defendants did in fact challenge many of the certifications in their Response in Opposition to the government's notice, ECF 566 at 4-14. Therefore, the defendants cannot credibly claim prejudice. *See United States v. Jenkins*, 540 Fed. App'x 893, 900–01 (10th Cir. 2014) (rejecting claim from defendant that he was "caught off guard by use of the certification" where "the contents of the records themselves had already been furnished to [the defendant] in the course of discovery; there was no ambush at trial.").

Second, the defendants wrongly challenge various certifications as not provided by a "qualified person," arguing that (i) a single employee cannot be familiar with how voluminous were created, managed, and stored, and (ii) the custodian could not have reviewed voluminous pages. ECF 566 at 4-14 (attacking certifications from Tyson Foods, Mar Jac, Pilgrim's Pride, RSCS and SMS, Church's Chicken, George's, OK Foods, Golden Corral, Sysco, Chick-Fil-A). The defendants overstate what is required for a witness to be qualified under the rule.

Under Rule 902(11), the witness only needs to understand the record-keeping system sufficient to explain how the record was created. Courts "broadly interpret[] the term qualified witness as requiring only someone who understands the system used. The witness need only be someone with knowledge of the procedure governing the creation and maintenance of the type of records sought to be admitted." *United States v. Lauersen*, 348 F.3d 329, 342 (2d Cir. 2003) (quotations omitted), *as amended* (Nov. 25, 2003), *adhered to on reh'g*, 362 F.3d 160 (2d Cir. 2004), *cert. granted, judgment vacated on other grounds*, 543 U.S. 1097 (2005). Even under Rule 803(6), a qualified

witness is "not required . . . to have 'personally participated in or observed the creation of the document,' or know who actually recorded the information." *United States v. Franco*, 874 F.2d 1136, 1139 (7th Cir. 1989) (citations omitted).[8]

Finally, the defendants' claim that the certifications from Pilgrim's Pride, Claxton Poultry, and Koch Foods are insufficient because they explicitly do not cover the accuracy of the information contained in the referenced documents, *see, e.g.*, ECF 566 at 7, 9-11 (challenging certifications from Pilgrim's Pride, Claxton Poultry, and Koch Foods), is misguided.[9]  The certificates show that the documents are authentic copies of documents stored in the companies' servers. Aside from any header information in the case of emails (*e.g.*, the "To" field, the "Date" field, etc.), the certificates do not show that the contents of the documents are factually accurate. For example, if the body of an email contains a statement, the certificates prove the email stored on the companies' servers contains that statement; the certificates do not prove the underlying factual truth of that statement. The fact that the information in the documents is not certified as "accurate" is no bar to the Court's determination that the documents are authentic. *See United States v. Hicks*, No. 15-CR-33-A, 2018 WL 1789932, at *2–3 (W.D.N.Y. Apr. 16, 2018) (rejecting defendant's argument that certifications "do not certify the accuracy of

---

[8] The government is in the process of getting separate certifications for hand-written documents, and does not intend for 902(13) certifications to cover hand-written documents.

[9] Defendants' comment that the Koch Foods certificate "expressly refuses to certify the accuracy of the documents" elides the distinction between aspects of the emails the government is attempting to authenticate and admit at this stage, *i.e.* the header information, and the contents of the documents, *i.e.* the text inside of an email. ECF No. 566 at 9. The Koch certificate in fact states, "I do not certify to the accuracy of the contents of these documents."

8

the records and do not state who prepared the records," because "neither Rule 902(11) nor Rule 803(6) require this information to be contained in a business-records certification.").

### IV. Records to be Authenticated by Certificate

This motion is intended to cover electronic written communications, contracts, and other business documents from the following entities:

- Chick-fil-A Inc.
- Church's Chicken/Cajun Operating Company Claxton Poultry Farms
- George's Inc.
- Golden Corral Corporation
- Koch Foods, Inc.
- Mar-Jac Poultry Inc.
- Norman W. Fries, Inc. d/b/a Claxton Poultry Farms
- O.K. Foods, Inc.
- Pilgrim's Pride
- Restaurant Supply Chain Solutions, LLC (RSCS)
- Supply Management Services, Inc. (SMS)
- Sysco Corporation
- Tyson Foods, Inc.
- Case Farms, LLC

The corresponding authenticity certifications are listed in Exhibit 1 and are attached as Exhibits 2-1 through 36-1.[10]

---

[10] Exhibits 3-4 (George's), 7-3 (Tyson), 9-1 and 9-2 (Case Farms), and 12-2 (Golden Corral) were received after the government filed its notice, so the Defendants' position on these exhibits is not known. However, the government included these certifications in this motion because they are similar to the certifications the defendants already objected to in that they were provided by chicken suppliers and chicken purchasers, and they relate to similar types of electronic evidence. The government sent the defendants these certifications on October 7.

9

## IV. Conclusion

For the foregoing reasons, the government respectfully requests a pre-trial ruling on the authenticity of the documents underlying the certificates and declarations outlined in Exhibit 1 to this motion.

Respectfully submitted this 11th day of October, 2021.

By:  /s/ Carolyn M. Sweeney

    Carolyn M. Sweeney
    Michael T. Koenig
    Heather D. Call
    Paul J. Torzilli
    Trial Attorneys
    Antitrust Division
    U.S. Department of Justice
    Washington Criminal II Office
    450 Fifth Street, N.W.
    Washington, D.C. 20530
    Tel: (202) 598-8586
    Email: carolyn.sweeney@usdoj.gov