IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

**UNITED STATES' MOTION FOR PRE-TRIAL RULING REGARDING AUTHENTICATION OF EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11), 902(13) AND 902(14)**

The government respectfully files this motion seeking a pre-trial order authenticating certain records under Federal Rules of Evidence 902(11), 902(13), and 902(14), and seeking a pre-trial order on admissibility of toll records under Federal Rule of Evidence 803(6).[1] The Defendants do not oppose certain 902(11), 902(13), and

---

[1] The government is also simultaneously filing a motion for admission of the certifications to which defendants object. The arguments in that brief, filed October 11, 2021, ECF 622 are incorporated into this motion by reference pursuant to Local Rule 12.1(B).

902(14) certifications—namely, those for toll records and device extractions. ECF 566 at 2 n.1.

Attached to this motion are the certifications which defendants do not oppose; the certifications are made by records custodians, forensic examiners, and other qualified individuals under 902(11), 902(13), and 902(14) for toll records and extractions of devices.

**I.      Background**

Throughout the course of its investigation, the government obtained records by grand jury subpoena from telephone providers, as well as accompanying 902(11) and 902(13) certifications. The government has also received 902(13) and 902(14) certifications for various forms of evidence, including text messages and other documents copied directly from devices. The government has provided defendants all of the records underlying these certifications.

The government first sent signed Rule 902 certifications and draft authenticity stipulations to the defendants on September 13, 2021.[2] The defendants declined to stipulate. The government filed its notice with the Court that it intended to use self-authenticating evidence pursuant to Fed. R. Evid. 902(11), (13), and (14) on October 1, 2021, and the defendants filed an objection to the government's notice on October 5, 2021, in which defendants noted they do not object to authenticity of toll records or extracted devices included in that notice. ECF 566 at 2, n.1.

---

[2] The government has continued, and will continue, to send Rule 902 certifications to the defendants as it receives them. The government will also provide supplemental notice to the Court of the same.

2

The government now seeks a pre-trial ruling authenticating the evidence (toll records and extracted devices), and a pre-trial ruling on admissibility of toll records as business records under 803(6).

## II.   Self-Authenticating Documents Pursuant to Rules 902(11), 902(13), and 902(14)

Federal Rule of Evidence 902, titled "Evidence That is Self-Authenticating," provides that certain categories of documents are self-authenticating, including "certified domestic records of a regularly conducted activity," 902(11), "certified records generated by an electronic process or system," 902(13), and "certified data copied from an electronic device, storage medium, or file," 902(14).

Federal Rule of Evidence 902 describes what must be certified for a Court to find that these types of evidence are self-authenticating. Certifications by qualified individuals that documents are true and accurate copies of records that meet the "business records exception" to the hearsay rule, 803(6), are sufficient for a Court to find a document authentic under Rule 902(11).[3] Declarations by qualified individuals

---

[3] As explained further in the United States' Motion for Pre-Trial Ruling Regarding Authentication of Evidence Pursuant to Federal Rules of Evidence 902(11), 902(13), and 902(14), when Rule 902(11) is used to authenticate electronic written communications, such as emails, text messages, and chat logs, a records custodian's certification is sufficient to establish that the transmittal data—*i.e.*, facts "that communications generally took place between particular accounts, at particular times, on particular dates"—qualify for authentication and admission under Rule 803(6), *United States v. Edwards*, 16-cr-20070-01/02-CM, 2019 WL 5196614, at *11 (D. Kan. Oct. 15, 2019).  Using Rule 803(6) to admit machine-generated information relating to the existence, transmittal, and times of the communications is a belt-and-suspenders approach because there is no human declarant. *See* Fed. R. Evid. 801(b) (defining "Declarant" as a "person who made the statement"); *United States v. Channon*, 881 F.3d 806, 811 (10th Cir. 2018) (agreeing with district court that "records . . . produced by machines" "fall outside the purview of Rule 801, as the declarant is not a person").

3

that certify that "a record generated by an electronic process or system that produces an accurate result" satisfy the requirements of 902(13), and declarations by a qualified individual that certify that "data copied from an electronic device, storage medium, or file," is "authenticated by a process of digital identification", satisfies 902(14). Both rules also require the procedural process explained in 902(11), that is, the proponent must give reasonable written notice of the intent to offer the record, and must make the record and certification available for inspection. *See* Fed. R. Evid. 902(13), (14).

### III.   The Certificates of Authenticity are Sufficient to Authenticate Toll Records and Device Extractions, and to Determine 803(6) Admissibility of Toll Records.

With regard to authenticity, the defendants do not object to the certifications of the toll records or device extractions. ECF 566 at 2 n.1.[4] Because the certifications meet the requirements of 902(11), (12), and (14), the government seeks a ruling that the underlying records are authentic.

With regard to admissibility, the government seeks a ruling on admissibility of toll records under 803(6) as records of regularly-conducted business, based on the same certifications. Courts that have considered similar requests have issued pre-trial rulings that toll records meet the requirements of the 803(6) exception to the rule against hearsay. *United States v. Yeley-Davis*, 632 F.3d 673, 678, 680-81 (10th Cir. 2011)

---

[4] Exhibit 35-6 was received after the government filed its notice and Defendants filed their opposition, so the Defendants' position on exhibit 35-6 is not provided.  However, the government includes it in this motion because it relates to data extracted from electronic devices, and it was provided by a vendor that has provided other, non-objected certificates.  The government sent the Defendants this certification on October 7.

("The certification and affidavit signed by the Verizon records custodian establish that the phone records are business records" which "are admissible under the business records exception to the hearsay rule" and which are not subject to the Confrontation Clause); *United States v. Green*, 396 F. App'x 573, 575 (11th Cir. 2010) ("We have also held that the documents at issue in this case, cell phone records and cell tower locations, are business records within the meaning of Fed.R.Evid. 803(6), and thus, satisfy an exception to the hearsay rule."); *United States v. Atchley*, 699 F.2d 1055, 1058 (11th Cir. 1983) ("We find the telephone toll records to have been properly admitted as they were both relevant and within the business records exception."); *United States v. Laguerre*, 146 F. App'x 595, 597–98 (4th Cir. 2005) ("Toll records clearly qualify as business records under Rule 803(6)" and can be admitted if they are "authenticated pursuant to Rule 902(11).").

Of course, the government will still prove relevance of the underlying documents at trial before seeking to admit evidence.

**IV.   Types of Records to be Authenticated by Certificate**

For toll records and device extractions, the government intends to authenticate the documents listed in Exhibit 1 using certificates of authenticity from the following custodians:

1. Toll records
   - AT&T Inc.
   - CenturyLink Inc.
   - Cellular South Inc. (C Spire)
   - Charter Communications Inc.
   - Comcast Corp.
   - T-Mobile US Inc.

- Verizon/Cellco Partnership d/b/a Verizon Wireless
- Verizon Business
- Windstream
2. Extractions of electronic devices
    - FBI Computer Analysis Response Team
    - Consilio
    - Digital Discovery
    - ELIJAH
    - FTI Consulting, Inc.
    - TransPerfect Legal Solutions

The specific certifications of authenticity that the government will introduce, and the bases for their admission, are listed in Exhibit 1, and the underlying certifications are attached in Exhibits 20-1 through 36-1.[5]

## V.    CONCLUSION

For the reasons noted above, this Court should issue a pre-trial order finding the documents authentic, and that the toll records are admissible under 803(6).

Respectfully submitted this 11th day of October 2021.

By:   /s/ Carolyn M. Sweeney

Carolyn M. Sweeney
Michael T. Koenig
Heather D. Call
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-8586
Email: carolyn.sweeney@usdoj.gov

---

[5] The government maintained the same exhibit numbers as it used in its Notice, ECF 546.