IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' RESPONSE IN OPPOSITION TO KOCH'S MOTION TO MODIFY THE GOVERNMENT'S TRIAL SUBPOENA

The government respectfully files this response in opposition to Koch Foods, Inc.'s ("Koch") motion to modify the government's subpoena for testimony regarding authentication of documents. The government respectfully requests that the Court deny as untimely Koch's motion to modify the subpoena.

### BACKGROUND

In the course of the government's investigation, Koch, a third party to the instant proceeding and an employer of a defendant in this proceeding, produced to the government thousands of records. The government intends to introduce a discrete

subset of these records (a list of which has been provided to counsel for Koch) at trial. Through the subpoena that Koch now moves to modify, the government simply seeks a Koch custodian who can authenticate these records.

By way of background, on September 9, 2021, the government served on Koch counsel a subpoena for testimony from the "Custodian(s) of Records" at Koch with "the requisite knowledge to testify to the authenticity of all records produced in response to the grand jury subpoena received by Koch Foods…, and all records produced by Koch Foods in response to the In re Broiler Chicken Antitrust Litigation in the Northern District of Illinois which were subsequently produced to the U.S. Department of Justice Antitrust Division." *See* ECF No. 697.1 Ex. 2. The subpoena commanded an appearance by the qualified employee(s) on October 25, 2021 at 9:00 am before this court.

On September 10, 2021, Koch's counsel accepted service of the subpoena, on Koch's behalf. On September 14, 2021, the government and Koch's counsel discussed the subpoena. The government indicated that it hoped not to have to use the trial subpoena, but if necessary, would provide Koch with a list of specific exhibits for which the government will call someone to testify to the exhibits' authenticity.

On October 16, 2021, the government notified Koch's counsel that it was increasingly likely that it would need Koch employee(s) to testify at trial for document authentication. On October 19, 2021, this Court denied the government's motion for a pre-trial ruling on the authentication of evidence under Fed. R. Evid. 902(11) and 902(13). *See* ECF No. 673. The ruling effectively meant that the certificates of authenticity previously provided by Koch to the government could not be used to

authenticate certain Koch documents at trial, necessitating the need for live witness testimony by a Koch custodian, as the government had anticipated.

In an effort to lessen the burden on Koch, on October 20, 2021, the government served on Koch's counsel a revised subpoena to testify requiring that Koch provide employee(s) to testify to the authenticity of only a small subset of the documents covered by the earlier subpoena served on September 9, 2021. *See* ECF No. 697.1 Ex. 3. The revised subpoena does not require that Koch bring any documents to trial. Rather, per Attachment A to the subpoena, it requires that Koch produce a qualified witness or witnesses to testify to the topics listed in Attachment A to the subpoena, including authentication of emails, authentication of non-email records, and how the documents listed in Attachment A were collected and produced.

On October 22, 2021, Koch counsel filed a motion to modify the government's trial subpoena.

## ARGUMENT

### I.  Koch's Motion to Modify is Untimely.

Despite having been in receipt of a broader trial subpoena than the one Koch now seeks to modify since September 9, Koch failed to object to the subpoena until October 22, the last business day before trial. Under the circumstances, Koch's motion to modify the subpoena is untimely. *See United States v. Moya*, No. 15-1889 JCH, 2019 U.S. Dist. LEXIS 75071, at *8 (D.N.M. May 3, 2019) (denying motion to quash as untimely where movant "sat on its hands until the last business day before trial was set to begin"). Koch should not be permitted to delay objecting to a subpoena for more than

6 weeks, only to then move to modify a *narrower* subpoena that the government sent in an effort to be helpful and reasonable, and which identifies for Koch the specific documents the government seeks to authenticate at trial (a number significantly less than the "all records produced" by Koch in response to the grand jury subpoena and in related civil litigation identified in the September 9 subpoena to Koch).

## II.   A Koch Custodian May Be Compelled to Authenticate Documents.

A corporate custodian may not invoke the Fifth Amendment to refuse to identify and authenticate documents that are within the corporation's control. *Braswell v. United States*, 487 U.S. 99, 114-115 (1988), (citing *Curcio v. United States*, 354 U.S. 118 (1957)).  Indeed, "it is well settled that no privilege can be claimed by the custodian of corporate records, regardless of how small the corporation may be." *Bellis v. United States*, 417 U.S. 85, 100 (1974).

Following that unambiguous principle, courts routinely enforce subpoenas for corporate custodians to testify for the purpose of authenticating documents. *E.g.*, *United States v. Medlin*, 96 F.2d 463, 468 (11th Cir. 1993); *In re Custodian of Records of Variety Distrib.*, Inc., 927 F.2d 244, 252 (6th Cir. 1991); *United States v. Kennedy*, 122 F. Supp. 2d 1195, 1199 (N.D. Okla. 2000); *see also Matter of Feldberg*, 826 F.2d 622, 627 (7th Cir. 1988) ("A grand jury may compel a corporate records custodian to testify about the nature of his search and the adequacy of the disclosure.")

Koch nonetheless urges that it may not be compelled to authenticate documents, citing only two out-of-circuit district court cases for this proposition that relate to foundation for 803(6) and not authentication under 902(11), (ECF No. 697 at 8 (citing *In*

*re Grand Jury Proceedings*, 473 F. Supp. 2d 201, 210 (D. Mass. 2007) and *In re Grand Jury Investigation of Possible Violation of 18 U.S.C. § 1461 et seq.*, 706 F. Supp. 2d 11, 23 (D.D.C. 2009))). Koch fails to cite any caselaw regarding it authentication argument, which is clearly contrary *Braswell* and its progeny. As to 803(6), Koch further declines to note contrary persuasive Circuit-level authority rejecting a defendant's claim that a corporation could not be held in contempt for refusing to submit records under 803(6). *See In re Custodian of Records of Variety Distrib.*, *Inc.*, 927 F.2d 244, 252 (6th Cir. 1991) (compelling records custodian to provide business records testimony).

Attachment A to the government's revised subpoena relates to document authentication and was an effort to narrow the original subpoena. It states that Koch "shall make available for testimony the Custodian(s) of Records competent to testify about the following with respect to the documents listed in this attachment" and lists three categories for authentication: (1) email authentication (*e.g.*, how company emails are stored, saved, and maintained on company servers; how the company's server is maintained; how company email addresses are assigned to people; how related items such as calendar invitations and email attachments are made, saved, and maintained; etc.); (2) business record authentication (*i.e.*, how documents are saved and stored on company servers; how the server is maintained; whether the records were made and maintained during the course of regularly conducted business; and an explanation as to

5

why the entry on the record was reliable); and (3) how the documents were collected and produced in response to the grand jury subpoena.[1]

The Court should enforce the government's narrowed subpoena, compelling Koch to provide witnesses at trial competent to testify to the authentication of the documents listed in Attachment A. To the extent that the Court agrees with Koch's motion with respect to Rule 803(6), the government agrees to modify that portion of the subpoena by striking the following two items for testimony: whether the records were made and maintained during the course of regularly conducted business, and an explanation as to why the entry on the record was reliable. To the extent the Court determines that the number of documents listed in Attachment A is unreasonable, the government intends to authenticate at least the following documents:

| 209  | KOCHFOODS-0000246839 |
| ---- | -------------------- |
| 803  | KOCH_0001174605      |
| 806  | KOCH_0001176263      |
| 1019 | KOCHFOODS-0000138643 |
| 1023 | KOCHFOODS-0000227518 |
| 1026 | KOCHFOODS-0000227532 |
| 1409 | KOCH_0002060716      |
| 1410 | KOCHFOODS-0000561602 |

---

[1] Koch notes in its motion that the company's Custodian of Records cannot testify to how certain documents were "collected and produced in response to the grand jury subpoena," because some of the documents listed in Attachment A were collected and produced pursuant to civil litigation and not "in response to the grand jury subpoena." (Dkt. 697 at 7). The government made clear in its September 9 subpoena to Koch that it intended to seek authentication of documents collected and produced in response to the grand jury subpoena and documents collected and produced in civil litigation.

| 1411   | KOCHFOODS-0000561603 |
|--------|----------------------|
| 1519   | KOCH_0001206873      |
| 1521   | KOCHFOODS-0000542731 |
| 1521-1 | KOCHFOODS-0000542732 |
| 1821   | KOCHFOODS-0000267825 |
| 6134   | KOCH_0002062821      |
| 9152   | KOCH_0000055997      |

## CONCLUSION

For the reasons set forth above, the Court should deny Koch's untimely motion to modify the subpoena.

Dated: October 22, 2021            Respectfully submitted,

/s/ Michael Koenig
MICHAEL KOENIG
HEATHER CALL
CAROLYN SWEENEY
PAUL TORZILLI
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
michael.koenig@usdoj.gov
Attorneys for the United States