IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

  Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

  Defendants.

## DEFENDANTS' JOINT OBJECTION TO THE ABUSE OF OVERVIEW TESTIMONY

Defendants respectfully object to the government's improper use of overview testimony. Overview testimony is "susceptible to abuse" and must be cabined to "limited circumstances." *United States v. Brooks*, 736 F.3d 921, 930-31 (10th Cir. 2013). Courts have "condemn[ed] this practice as a tool employed by the government to paint a picture of guilt before the evidence has been introduced." *United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003); *see also United States v. Moore*, 651 F.3d 30, 56-57 (D.C. Cir. 2011) ("Other circuits to address the use of overview witnesses have reached uniformly negative conclusions in view of the serious dangers of prejudice to a fair trial."), *aff'd sub nom. Smith v. United States*, 568 U.S. 106 (2013); *United*

1

*States v. Casas*, 356 F.3d 104, 119-20 (1st Cir. 2004) (describing overview testimony as "inherently problematic").

The government cannot offer overview testimony that exceeds merely "**describing the start of, and techniques in, the investigation**." *United States v. Duran*, 941 F.3d 435, 446 (10th Cir. 2019) (citing *Brooks*, 736 F.3d at 930 (10th Cir. 2013))(emphasis added). In stark contrast here, the government's exhibit list for Agent Koppenhaver makes clear that the government intends to use his testimony to do far beyond the limits of "explaining how an investigation began, which law-enforcement agencies were involved, and which investigative techniques they used." *United States v. Marquez*, 898 F.3d 1036, 1051 (10th Cir. 2018) (citing *Brooks*, 736 F.3d at 930). Agent Koppenhaver's exhibit list contains 224 documents.  The overwhelming majority of these documents will not have been admitted into evidence before he testifies.  It is apparent the government intends to use Agent Koppenhaver to try to knit together a story from disparate documents not in evidence in what will be a closing argument disguised as agent testimony. *See United States v. Garcia*, 413 F.3d 201, 214 (2d Cir. 2005) ("We share this concern and similarly condemn the practice of having a case agent offer a summary opinion as to culpability before any evidence to support such a conclusion has been presented for jury review.").

Significant problems arise when overview testimony "stray[s] into matters that are reserved for the jury, such as opinions about a defendant's guilt or a witness's credibility." *Id.* at 930. "Other potential problems . . . include the government's ability (1) to spin the evidence in its favor before it is admitted (assuming it is ever admitted), (2) to give its official imprimatur to certain evidence, and (3) to allow its witnesses (usually law enforcement) to testify on matters about which they have no personal knowledge or that are based on hearsay." *Id.* (citing *United States v. Moore*, 651

F.3d 30, 56 (D.C. Cir. 2011)); *see also Casas*, 356 F.3d at 119-20 (recognizing the same dangers with overview testimony). "Allowing that kind of testimony would greatly increase the danger that a jury might rely upon the alleged facts in the [overview] as if [those] facts had already been proved." *Griffin*, 324 F.3d at 349 (citation and internal quotation marks omitted).

Overview testimony regarding the defendant's guilt is "beyond the scope of permissible overview testimony." *United States v. Banks*, 884 F.3d 998, 1024 (citing *Brooks*, 736 F.3d at 931). In *United States v. Cass*, the government's witness, under the guise of "outlining" the case, "simply repeat[ed] on the stand what other witnesses [had said] and justif[ied] the practice by arguing that the statements [were] introduced to explain how they went about their investigation." 127 F.3d 1218, 1224 (10th Cir. 1997). The court held the government stretched permissible use of overview testimony "beyond the breaking point." *Id.* Overview testimony that exceeds its permissible use invites a jury to decide a case on improper grounds. *Id.* at 1224; *United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1260 (10th Cir. 2020). Accordingly, Agent Koppenhaver's proffered overview testimony should be excluded.

The additional grounds for objecting is that the government will certainly weave these 224 exhibits, including demonstrative summaries, together with lay testimony that is, in fact, expert testimony despite not proffering Agent Koppenhaver as an expert. His testimony must be limited to "opinions or inferences [that] do ***not*** require any specialized knowledge and could be reached by any ordinary person." *United States v. Blake*, 284 F. App'x 530, 539 (10th Cir. 2008) (quoting *LifeWise Master Funding v. Telemark*, 374 F.3d 917, 929 (10th Cir. 2004)(emphasis added); *see also* Fed. R. Evid. 701. Any "testimony based on [the witness'] specialized training cannot simply be recharacterized as lay opinion testimony and admitted under Rule 701." *See United States v.*

3

*Banks*, 262 F. App'x 900, 907 (10th Cir. 2008). A lay witness may not "express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *United States v. Cristerna-Gonzalez*, 962 F.3d 1253, 1259 (10th Cir. 2020) (quoting *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1214 (10th Cir. 2011)).

An agent's opinion testimony based on general investigative experience acquired from *separate* cases qualifies as expert testimony. In *Cristerna-Gonzalez*, the Tenth Circuit held that an agent acted as an expert witness when testifying "based on prior training and experience rather than what was learned in the investigation" at issue. *Id.* at 1259; *see also United States v. McDonald*, 933 F.2d 1519, 1523 (10th Cir. 1991) (finding testimony of "particular background knowledge of how a drug dealer works" to be expert testimony). The court deemed each of the following parts of the agent's testimony concerning the charged drug offense to be expert in nature: (1) the meaning of "coded terms in text messages"; (2) "common practices" of drug-traffickers; and (3) the practice of using certain types of accounts in drug trafficking. *Cristerna-Gonzalez*, 962 F.3d at 1259. The same rationale should apply to agent testimony involving other alleged offenses. *See, e.g.*, *United States v. Augustin*, 661 F.3d 1105, 1125-26 (11th Cir. 2011); *United States v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002). The Court has precluded "agents from testifying about their beliefs on whether a conspiracy existed, whether a defendant joined said conspiracy, and the meaning of a defendant's conduct of communication." Doc. No. 604 at 4. The proffered expert testimony should be excluded as well.

4

Respectfully Submitted,

Dated:  November 3, 2021

*s/ James P. McLoughlin, Jr.*
James P. McLoughlin, Jr.
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
jimmcloughlin@mvalaw.com
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

<table>
<tr><td>

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

</td><td>

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

</td></tr>
<tr><td>

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

</td><td>

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ James P. McLoughlin, Jr.*
James P. McLoughlin, Jr.