# ATTACHMENT A



O'Melveny & Myers LLP  
Two Embarcadero Center  
28th Floor  
San Francisco, CA 94111-3823

T: +1 415 984 8700  
F: +1 415 984 8701  
omm.com

October 22, 2021

**Anna T. Pletcher**  
D: +1 415 984 8994  
apletcher@omm.com

**VIA EMAIL**

Michael T. Koenig, Esq.  
Trial Attorney  
U.S. Department of Justice  
Antitrust Division  
450 Fifth Street, NW  
Washington, DC 20530

Dear Counsel:

    I write on behalf of all Defendants. Pursuant to the Court's Order of October 15, 2021 (Doc. 649), this letters constitutes a supplement to the expert disclosure related to Professor Edward A. Snyder, Ph.D. that was served on you on July 19, 2021. In accordance with the October 15 Order, Defendants further disclose:

> Professor Snyder is expected to testify about the application of economic techniques he used to test alternative hypotheses related to certain bids and prices of broiler chicken observed in this case. Specifically, he has tested whether "observed outcomes," which he defines here as bids, prices, and related data, are consistent with the alleged price-fixing and bid-rigging agreement. Professor Snyder analyzed supply and demand conditions, industry characteristics, bid and price data, and suppliers' specific business strategies and assessed their impact on the observed outcomes. Professor Snyder is expected to testify that his analyses showed that the observed outcomes are inconsistent with a price-fixing and bid-rigging agreement.

> In addition, Professor Snyder will testify about the results of his benchmarking analyses. Benchmarking is a standard approach used by economists by which one set of data is compared to another.[1] Professor Snyder used benchmarking to compare the prices at issue to prices that were not alleged to have been affected by the alleged conspiracy. To perform his benchmarking analyses, Professor Snyder relied on a data set comprised of prices paid by a sample of buyers of comparable products and prices charged by a sample of suppliers of comparable products across various time periods. Professor Snyder is expected to testify that the benchmarking analyses showed that the prices at issue were not systematically higher than a database of benchmark prices, including prices not

---

[1] McCrary, Justin and Daniel L. Rubinfeld, "Measuring Benchmark Damages in Antitrust Litigation," Journal of Econometric Methods, 2014; Hausman, Jerry A. and J. Gregory Sidak, "Evaluating Market Power Using Competitive Benchmark Prices Instead of the Herfindahl-Hirschman Index," Antitrust Law Journal 2007.



alleged to have been affected by the alleged conspiracy, and, therefore, are inconsistent with the alleged price-fixing and bid-rigging conspiracy.

Sincerely,

*/s/ Anna Pletcher*

Anna T. Pletcher

of O'MELVENY & MYERS LLP

cc: All Counsel of Record

2