IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

## UNITED STATES' BRIEF RELATING TO THE JURY'S QUESTION REGARDING INSTRUCTION #22

The government respectfully submits that the Court should answer the jury's first question of December 15, 2021, regarding Instruction #22 with a single word: "No." The question is straightforward: "Does this mean the conspiracy had to occur throughout this entire timeframe?" The jury asked for a yes/no response and that is what the Court should provide.

If, on the other hand, the Court is inclined to provide more than a yes/no answer, the government respectfully suggests a response along the lines proposed by the Court,

with an important alteration: "No, but it does mean that the conspiratorial agreement or some act in furtherance of the conspiracy occurred ~~reasonably near~~ <u>within</u> those dates." That is consistent with the first part of the defendants' proposed instruction. However, the Court should not adopt the defendants' proposed response in its entirety because the latter half it is based on speculation and inappropriately presumes that the jury will not follow the Court's other instructions.

<u>*The Court's Proposal*</u>. The government respectfully submits that if the Court is inclined to respond with more than a yes/no answer, the following language, which tracks the Court's proposed response with one important alteration, should be provided to the jury: "No, but it does mean that the conspiratorial agreement or some act in furtherance of the conspiracy occurred ~~reasonably near~~ <u>within</u> those dates."

Venue, the subject matter of Instruction #22, is proven by the conspiratorial agreement or any act in furtherance occurring in the relevant district within the alleged time period. *See, e.g.*, *United States v. Johnson*, 323 U.S. 273, 275 (1944); *United States v. Cordero*, 668 F.2d 32, 44 (1st Cir. 1981) (Breyer, J.); *United States v. Geibel*, 369 F.3d 682, 696 (2d Cir. 2004). If the "reasonably near" language is provided to the jury, the jurors may incorrectly conclude that they must find some action in the District of Colorado at or near the start date and end date of the time period alleged, rather than at any point in between. Substituting the word "within" in place of "reasonably near" solves that problem entirely. And, indeed, that is the law with respect to any determinations that need to be made as to the timeframe of the conspiracy.

<u>*Prejudicial Variance*</u>. The Court should reject any argument that the jury's question should raise concerns about prejudicial variance. It is well established that "the government may prove a narrower scheme than alleged." *United States v. Mobile Materials, Inc.*, 881 F.2d 866, 874 (10th Cir. 1989). As the Tenth Circuit explained in an unpublished but persuasive opinion, an indictment may be amended to change the starting dates of an alleged continuing criminal enterprise (resulting in a shorter time period) without prejudicing the defendant; the change "[i]s merely a matter of form, . . . as the temporal scope of a conspiracy is not an 'essential' or 'material' element of the charge." *United States v. Henderson*, 179 F. App'x 535, 538 (10th Cir. 2006).

The point was also made by a Kansas district court in the civil case *In re Urethane Antitrust Litigation*. There, the court held that the "jury was not required to find that a conspiracy existed for the entire period alleged by plaintiff," while noting that the defendant's position to the contrary was "absurd. *In re Urethane Antitrust Litig*., No. 04-1616-JWL, 2013 WL 2097346, at *9 (D. Kan. May 15, 2013), *amended*, No. 04-1616-JWL, 2013 WL 3879264 (D. Kan. July 26, 2013), *and aff'd*, 768 F.3d 1245 (10th Cir. 2014).[1]

---

[1] The defendants' erroneously attempt to distinguish *In re Urethane* by incorrectly focusing on the damages issue. The opening paragraph of the opinion states that the defendant (Dow Chemical) conspired with its competitors in violation of Section 1 of the Sherman Act, making defendants' reference to the Clayton Act a red herring. Damages were indeed awarded in the case though that fact is inconsequential to the court's determination that the jury's finding of a violation could appropriately vary from the conspiracy alleged.

Other circuits take the same position. In *United States v. Heimann*, for example, the defendants raised a similar argument in a fraud case and the Second Circuit, although it characterized the argument as "too specious to need discussion," held that because the "scheme that the government proved against [the defendant] fell within the period charged in the indictment, we conclude that there was no fatal variance." 705 F.2d 662, 666-67 (2d Cir. 1983) (collecting cases from the Second, Third, Ninth, and Eleventh circuits). The Eleventh Circuit similarly explained that "time [is not] an essential element [to the conspiracy] so long as the time frame proved was within the period alleged in the indictment." *United States v. Davis*, 679 F.2d 845, 851–52 (11th Cir. 1982).

The defendants' attempt to argue that other Tenth Circuit cases, such as *United States v. Evans*, 970 F.2d 663 (10th Cir. 1992), overruled Sherman Act cases such as *Mobile Materials, Inc.*, 881 F.2d 866, 874 (10th Cir. 1989) is unavailing. *Mobile Materials* has never been overruled or abrogated. Indeed, it was most recently cited in 2015 by the Tenth Circuit for the very proposition discussed here—*i.e.*, that a defendant's "substantial rights are not prejudiced merely because the 'defendant is convicted upon evidence which tends to show a narrower scheme than that contained in the indictment, provided that the narrower scheme is fully included within the indictment." *United States v. Hill*, 604 F. App'x 759, 769 (10th Cir. 2015) (internal quotations omitted).[2]

---

[2] *Evans* is inapposite here. There, the Tenth Circuit held there was insufficient evidence that a person agreed to join an overarching conspiracy to distribute cocaine when the evidence established only that she was merely a one-time buyer. *Evans* at most stands for the "buyer-seller rule" in drug conspiracy cases, which separates consumers from distributors. *United States v. Gallegos*, 784 F.3d 1356, 1359–60 (10th Cir. 2015). It is

To be sure, there may be a plausible argument that a variance occurs where there has been a significant *expansion* of a conspiracy's alleged timeframe, but that is not the case here. Even so, Tenth Circuit law is clear that, in such a situation, the variance is prejudicial only if "an accused could not have anticipated from the indictment what evidence would be presented at trial or when a conviction based upon the indictment would not bar subsequent prosecution." *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985); *see also United States v. Queen*, 132 F.3d 991, 999 (4th Cir. 1997) (noting that "the trier of fact may find that the starting date of a conspiracy begins anytime in the time window alleged, so long as the time frame alleged places the defendant sufficiently on notice of the acts with which he is charged").[3]

In this case, however, the government has repeatedly emphasized key periods of the conspiracy as sufficient to prove the conspiracy. *See, e.g.*, ECF 358 (Aug. 13, 2021) (government's *James* brief, explaining defendant Austin's actions in 2014, "standing alone, is more than sufficient to enable the Court to infer the existence of the conspiracy"). *See United States v. Ailsworth*, 138 F.3d 843, 849 (10th Cir. 1998) ("no

---

therefore far afield from the instant case, and defense counsel provides no reason to look to cases on drug conspiracies when the Tenth Circuit has already addressed the very question at issue in a case related to a criminal bid-rigging conspiracy under the Sherman Act. *United States v. Carnegie*, 533 F.3d 1231 (10th Cir. 2008), also cited by defense counsel, is similarly inapposite.

[3] These cases further stand in opposition to defense counsel's views that permitting a narrower conspiracy would be at odds with the statute-of-limitations requirement. Instruction No. 24 already provides clear guidance that the jury must find a co-conspirator acted within the limitations period, and the jury is presumed to follow all instructions. *Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

showing that the variance prejudiced the fairness of Defendant's trial in any way," where the jury found the defendant conspired to commit offenses only on one single day even though the government charged a conspiracy spanning one year).

*The Defendants' Proposal*. In the event that the Court considers the defendants' proposal as opposed to the proposals discussed above, the government is amenable to a portion their proposal. However, the Court should not include the crossed-out portions below:

> Regarding Instruction No. 22, which deals with venue—meaning whether the charges could be filed in the District of Colorado: No. The government must prove by a preponderance of the evidence that an act in furtherance of the conspiracy occurred in the District of Colorado at any point between 2012 to 2019. ~~This is different, however, than what the government must prove in order to convict a defendant, which requires the government to prove each element of the charged offense as to each defendant beyond a reasonable doubt. With respect to the first element, the existence of the charged conspiracy, the government must prove that the charged conspiracy existed reasonably near 2012 through 2019.~~

ECF No. 917 at 1-2.

The defendants have taken the jury's question as an invitation to speculate as to the jurors' thinking and to offer self-serving theories of jury confusion (*e.g.*, the jury is conflating Instruction #22 with Instruction #14 and/or Instruction #15, the jury is considering a conspiracy other than the one charged, etc.) to justify their proposed response.

However, the jury's question relates to venue and there is no reason other than sheer speculation to infer that the jury's question has any relation at all to the elements of the offense. Indeed, the far more plausible, and far less convoluted, interpretation of the jury's question is that they have reached the point in their deliberations when they

6

now see fit to consider Instruction #22 and simply find the instruction unclear. Indeed, that is exactly what the jury indicated: "Clarification needed on Instruction #22."

But the fact is, only the jury knows what exactly led it to ask the question it did, and speculating as to the jury's thinking in order to craft unrequested elaboration is outside the province of the parties and the Court. The defendants' proposed instruction does just that and the final sentences should be rejected.[4]

*****************

For the foregoing reasons, the government respectfully requests that the Court answer "no" to the jury's question, or, in the alternative and in the following order of preference, to provide either the modified version of the Court's instruction proposed by the government, the defendants' proposed version as edited by the government, or the government's "keep in mind" proposal in footnote 4.

Dated: December 15, 2021

                                        Respectfully submitted,

                                        /s/ Michael T. Koenig
                                        MICHAEL KOENIG
                                        HEATHER CALL

---

[4] To the extent the Court is inclined to reference other instructions (such as Instruction #14 and/or Instruction #15, as the defendants previously suggested in open court) in its response, the government respectfully suggests that doing so would create a significant chance of unnecessary confusion and thus interference with the jury's deliberative process. At most, the Court should use more generic language along the lines of: "No, but please keep in mind that time frame of the conspiracy is discussed in other instructions, and I would urge you to read all instructions carefully." Such wording should address the defendants' concerns adequately and, at the same time, avoid the jury conflating the notions of venue with the elements of the crime. Of course, it has the disadvantage of suggesting to the jurors that they are missing or not understanding something in the other instructions when there is no indication of that being the case.

PAUL TORZILLI
CAROLYN SWEENEY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 616-2165
Email: michael.koenig@usdoj.gov
*Attorneys for the United States*

8