*Defendants'
Tendered #5
— Rejected*

## MODIFIED *ALLEN* INSTRUCTION

Members of the jury, I am going to ask that you return to the jury room and deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual. Sometimes, after further discussion, jurors are able to work out their differences and agree.

~~This is an important case. If you should fail to agree upon a verdict, the case is left open and may have to be tried again.~~[ii]

You are reminded that each defendant is presumed innocent, and that the government, not any defendant, has the burden of proof and the government must prove each defendant guilty beyond a reasonable doubt. Those of you who believe that the government has proved a particular defendant guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury are not convinced. And those of you who believe that the government has not proved a particular defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt. In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

What I have just said is not meant to rush or pressure you into agreeing on a verdict. Take as much time as you need to discuss things. There is no hurry.

I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.

---

[i] The Tenth Circuit pattern instruction 1.42 states in part, "If you should fail to agree upon a verdict, the case is left open and *must* be tried again." (emphasis added). The Tenth Circuit has ruled that such language, while not reversible error, is not accurate; therefore, the word "may" should be used instead of "must". *United States v. Hernandez-Garcia*, 901 F. 2d 875, 877 (10th Cir. 1990). Further, there are many reasons why a case might not be retried and language that instructs a jury that the parties or the courts will or will be required to suffer additional time, effort and expense is not accurate. *Id.*; *United States v. Smith*, 901 F.2nd 875, 877 (10th Cir. 1990)("there were many reasons why there might not be another trial if the jury fails to reach a verdict"). The second paragraph of instruction 1.42 is not consistent with the guidance found in

Tenth Circuit and other circuit's precedents. *See*, *United States v. Clinton*, 338 F. 3d 483, 490 (6th Cir. 2003) (referring to the cost of a retrial is "troubling" and recommending that it be deleted from future instructions); *see also*; *United States v. Thomas*, 449 F.2d 1177 (D.C. Cir. 1971) (disapproving comments about the next trial and the next jury); *United States v. McElhiney*, 275 F.3d 928, 938 (10th Cir. 2001).

[ii] The Defendants propose deletion of the language in the second paragraph to conform to the guidance of the Tenth Circuit to avoid coercive language: "'As noted by the First Circuit, a proper *Allen* instruction should "include all those elements of the original charge designed to ameliorate its coercive effect" and "avoid language which might heighten it."' *McElhiney*, 275 F. 3d at 943 (quoting *United States v. Flannery*, 451 F.2d 880, 883 (1st Cir. 1971); citing *Potter v. United States*, 691 F.2d 1275, 1277 (8th Cir. 1982) (same).