# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

      Defendants.

---

## UNITED STATES' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR IMMEDIATE PRODUCTION OF RULE 16, *BRADY*, AND *GIGLIO* MATERIALS CURRENTLY IN THE GOVERNMENT'S POSSESSION

---

The government respectfully submits this opposition to the defendants' Joint Motion for Immediate Production of Rule 16, *Brady*, and *Giglio* Materials Currently in the Government's Possession, ECF No. 998. The government has been timely providing agent notes and reports of witness interviews to the defendants as well as any other potentially discoverable material. The government is aware of its discovery obligations and has complied, and will continue to comply, with its ongoing obligations. Because the government has complied with its obligations, there is no need to order the government

to continue the government's discovery practices. Indeed, as detailed in multiple prior

filings (*see, e.g.,* ECF Nos. 361, 608, 694), the government has gone far beyond the

bounds of its discovery obligations, and therefore, the defendants' motion should be

denied.

  *Interview Reports*. With respect to the defendants' request for witness interview

reports and memoranda, the government's practice during the prior trial, as

acknowledged by the defendants (ECF No. 998 at 4), was to provide the defendants

agent notes of witness interviews and/or interview reports the same day or within a day

or two of the interview occurring.[1] The government produced any such witness notes or

reports prior to the witness testifying. The government intends to continue this practice

for the upcoming retrial and does not require an order to do so.[2] Although the

defendants complain of the timing of receipt of Mr. Pepper's most recent interview

report, that report was entered into the FBI's system on February 1, 2022 and produced

via email to defendants the following day. The defendants make no showing they were

prejudiced by the timing of the production, and nothing about the timing of the

---

[1]  The government's discovery practice prior to the first trial was to produce the agent
interview reports for all interviews, and the government also produced some underlying
agent notes. The government deviated from this practice as the 2021 trial drew near
and began producing agent notes as soon as practicable following the interview. For the
most part, there are no corresponding agent reports for those interview notes generated
during trial. However, the government has recently produced some interview reports
that were generated for interviews where the government produced the notes during
trial. For example, the defendants complain that they only recently received the report
for the interview of Larry Higdem that took place on December 2, 2021, but the
government promptly produced the interview notes to defendants on December 3, 2021.
[2] The government expects to produce to the defendants additional interview notes
and/or reports for interviews conducted since the 2021 trial this week.

production reflects any "gamesmanship" by the government. Furthermore, the government has provided defendants all reports of interviews with Mr. Pepper that are within its possession. There are no government interviews of Mr. Pepper for which the defendants do not have the corresponding interview report.

*Documents Related to Witness Consideration or Benefits*. The defendants request documents related to any consideration or benefits given to witnesses for their cooperation or potential trial testimony. The government has previously produced to defendants the Plea Agreement with Pilgrim's Pride and the letter agreement with Tyson Foods. The government has also produced to the defendants all agreements it currently has with Mr. Pepper and will continue to produce promptly any new agreements it has with any other trial witnesses.

*Prosecutorial Determinations*. The defendants seek any documents relating to Mr. Pepper and his removal from non-prosecutorial protections. As noted above, the government has produced to the defendants all agreements with Mr. Pepper and with his former employer. To the extent the defendants seek materials related the government's deliberative process privilege, the government is under no obligation to provide materials that invade its privilege. *See United States v. Lujan*, 530 F.Supp.2d 1224, 1251-52 (D.N.M. 2008). In any event, the defendants merely speculate such materials exist, and, as noted above, the government is aware of its discovery obligations.

***

The defendants have made no showing or claim that the government has

3

committed a discovery violation or failed to provide any actual Rule 16, *Brady*, or *Giglio*

material. The government will continue its practice of promptly producing discovery

material to the defendants.

For these reasons, the Court should deny the defendants' motion.

Dated: February 7, 2022          Respectfully submitted,

By: /s/ Laura J. Butte_____
        Laura J. Butte
        Michael T. Koenig
        Heather D. Call
        Carolyn M. Sweeney
        Paul J. Torzilli
        Trial Attorneys
        Antitrust Division
        U.S. Department of Justice
        Washington Criminal II Office
        450 Fifth Street, N.W.
        Washington, D.C. 20530
        Tel: (202) 431-6619
        Email: laura.butte@usdoj.gov