IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,              **LEVEL 1 RESTRICTION**
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

      Defendants.

_____

**ORDER**

_____

This matter comes before the Court on the United States' Motion to Permit Ms.

Florence Becker to Testify Remotely Via Live Video-Teleconference [Docket No. 1038].

Defendants responded.[1]  Docket No. 1044.

The government asks the Court to permit Florence Becker to testify at trial via

live, two-way video-teleconference in order to authenticate the handwriting of Peter

_____

[1] The government filed a motion for leave to file a short reply in support of its motion, Docket No. 1045, with the reply attached.  Docket No. 1045-1.  The Court will deny the motion as moot.

Martin.[2]  Docket No. 1038 at 1.  The government believes Ms. Becker will be able to

authenticate Mr. Martin's handwriting due to her position as his longtime secretary,

which will then render GX-1030 admissible.  *Id.* at 3.

The government states that Ms. Becker is ████████████████████████

████████████████████████████████████████  *Id.* at 1.  Under these

circumstances, argues the government, Ms. Becker should be permitted to testify via

live, two-way video-conference.  Defendants argue that this method of testimony

violates their rights under the Confrontation Clause.  Docket No. 1044 at 1.

"[T]he Confrontation Clause reflects a *preference* for face-to-face confrontation,"

but this preference "must occasionally give way to considerations of public policy and

the necessities of the case."  *Maryland v. Craig*, 497 U.S. 836, 849 (1990) (citations

omitted).  "[A] defendant's right to confront accusatory witnesses may be satisfied

absent a physical, face-to-face confrontation at trial only where a denial of such

confrontation is necessary to further an important public policy and only where the

reliability of the testimony is otherwise assured."  *United States v. Kaufman*, 546 F.3d

1242, 1254 (10th Cir. 2008) (quoting *Craig*, 497 U.S. at 850).  The Court will apply the

*Craig* standard here, where the Court must determine whether the confrontation

requirement will be met in the absence of physical, face-to-face confrontation.  *See*

*United States v. Pangelinan*, 2020 WL 5118550, at *3 (D. Kan. Aug. 31, 2020)

(applying *Craig* standard to government motion to permit trial testimony by two-way

---

[2] The government previously asked the Court to permit it to take a Rule 15
deposition of Ms. Becker, Docket Nos. 942, 943, which the Court denied.  Docket No.
1036.

video due to COVID-19 pandemic concerns). "Defendant's right to confrontation in this case is satisfied if the court finds that 1) the 'denial of such confrontation is necessary to further an important public policy,' and 2) 'the reliability of the testimony is otherwise assured.'" *Id.* (quoting *Craig*, 497 U.S. at 850).

The government argues that video testimony is necessary to promote the important public policy of prosecuting violations of antitrust laws and limiting the spread of COVID-19. Docket No. 1038 at 2. Without ruling on the first reason, the Court agrees that the second is an important public policy concern. *See Pangelinan*, 2020 WL 5118550, at *3 (finding that limiting the spread of the virus is an important policy concerns). Defendants argue, however, that the government has not show that Ms. Becker's video testimony is necessary to further that goal.

First, defendants argue that Ms. Becker's testimony is not material. Docket No. 1044 at 3-4. However, each of the cases defendants cite for the proposition that the testimony is not material, with the exception of *United States v. Donziger*, 2020 WL 5152162, at *3 (S.D.N.Y. Aug. 31, 2020), *reconsideration denied*, 2020 WL 8465435 (Oct. 23, 2020), concern Rule 15 depositions. *See id.* (citing *United States v. Tao*, 2021 WL 5205446, at *3 (D. Kan. Nov. 9, 2021) (discussing Rule 15 depositions), *United States v. Edwards*, 69 F.3d 419, 438 (10th Cir. 1995) (discussing materiality standard for Rule 15 depositions), *United States v. Christy*, 2011 WL 5223039, at *6 (D.N.M. Sept. 21, 2011) (discussing Rule 15 deposition), *United States v. Ruiz-Castro*, 92 F.3d 1519, 1533 (10th Cir. 1996) (discussing Rule 15 deposition)). In *Donziger*, the court used the standards of Rule 15 when considering a motion for two-way video testimony pursuant to Second Circuit precedent to that effect. 2020 WL 5152162, at *2

3

("In determining whether to permit testimony by two-way video, courts in this Circuit have applied the rules used in connection with Rule 15 depositions.").  Defendants have pointed to no Tenth Circuit precedent to that effect and, as noted in *Pangelinan*, 2020 WL 5118550, at *3, "[t]he Tenth Circuit has recognized that the *Craig* standard is applicable when determining whether the confrontation requirement has been met absent physical, face-to-face confrontation."  The Court accordingly finds that the materiality standard defendants attempt to interject is inapposite.

Defendants next argue that COVID-19 does not warrant video testimony because it is unclear how much of an added danger travel for the trial imposes on Ms. Becker.  *See* Docket No. 1044 at 5-7.  Specifically, defendants note that the number of cases of COVID-19 have been decreasing rapidly and the Court is unaware of the precautions Ms. Becker takes in her everyday life.  *See id.*  The Court finds that the health risk for ███████████████████████████████████████████████ remains high, even though the Omicron surge is waning.  See Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 14, 2022) (stating that "[o]lder adults are more likely to get severely ill from COVID-19"; █████████████████████████████████████ █████████████████████████████████████████████████ █████████████████ can make you more likely to get severely ill from COVID-19"; and "[t]he risk of severe COVID-19 increases as the number of underlying medical conditions increases in a person.").

The Court finds that live, two-way video testimony of Ms. Becker is necessary in this case to promote an important public policy. Ms. Becker's medical conditions, in light of the COVID-19 pandemic, make her unable to travel. In *Pangelinan*, the court denied the government's motion for expert witnesses to testify by video because it found the government had not shown it was necessary to deny face-to-face confrontation to further the public policy of prosecuting sex traffickers and limiting the spread of the virus. 2020 WL 5118550, at *4. The court noted that there "[wa]s no evidence that the [witnesses] are physically unable to travel" and, though the witnesses provided important testimony regarding translation of a phone call, another qualified interpreter could provide the same testimony. *Id.* The court also noted that it could order a continuance until virus transmission decreased. *Id.* The Court finds *Pangelinan* distinguishable on these points because Ms. Becker is at high risk were she to contract COVID-19, the government represents that it is "unlikely to obtain the same testimony from anyone except Ms. Becker," Docket No. 1038 at 5, and the Court will not continue the trial. For the foregoing reasons, the Court finds the "denial of such confrontation is necessary to further an important public policy." *Craig*, 497 U.S. at 850.

The Court additionally finds that "the reliability of the testimony is otherwise assured." *Id.* Ms. Becker was Mr. Martin's longtime secretary and the government reasonably believes that such a former employee can authenticate his handwriting. Docket No. 1038 at 2. Ms. Becker has apparently not consented to an interview with the government, Docket No. 942 at 4, so there is little danger that her testimony has somehow been influenced. Moreover, her testimony appears to be limited to whether she recognizes the handwriting in one document. The brevity and straightforward

5

nature of the questions provide no reason to believe her testimony via video-teleconference would not be reliable.  Moreover, Ms. Becker will be testifying under oath and defendants and the jury will be able to observe her demeanor.  The Court finds that there are sufficient indicia of reliability.

For the foregoing reasons, it is

**ORDERED** that the United States' Motion to Permit Ms. Florence Becker to Testify Remotely Via Live Video-Teleconference [Docket No. 1038] is **GRANTED**.  The government shall notify the Court by 12:00 p.m. one business day before the date of Ms. Becker's testimony in order to allow sufficient time to prepare the video-teleconference.  It is further

**ORDERED** that the United States' Motion for Leave to File Short Reply to Defendants' Opposition to Motion for Remote Testimony [Docket No. 1045] is **DENIED as moot**.

DATED February 14, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge