# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>1.  JAYSON JEFFREY PENN,<br>2.  MIKELL REEVE FRIES,<br>3.  SCOTT JAMES BRADY,<br>4.  ROGER BORN AUSTIN,<br>5.  TIMOTHY R. MULRENIN,<br>6.  WILLIAM VINCENT KANTOLA,<br>7.  JIMMIE LEE LITTLE,<br>8.  WILLIAM WADE LOVETTE,<br>9.  GARY BRIAN ROBERTS, and<br>10. RICKIE PATTERSON BLAKE,<br><br>  Defendants. | Criminal Case No. 20-cr-00152-PAB |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
TESTIMONY OF GABRIEL D. WATTS**

On February 8, 2022, three weeks after the Court's deadline to disclose witnesses (Doc. 925 at 1) and almost two weeks after the Court's deadline for expert disclosures,[1] the government added Gabriel D. Watts to its witness list. *Compare* Doc. 1027 at 1, *with* Doc. 936. The government, however, did not disclose to the Court or Defendants that Mr. Watts was a purported expert witness until it filed its trial brief—a mere four business days before trial—and indicated Mr. Watts would "render an expert opinion on Defendant Blake's handwriting" on

---

[1] Pursuant to the Court's Order Setting Trial Dates and Deadlines, the deadline for expert disclosures was seven days before the original deadline, or any extended deadline, for filing pretrial motions. Doc. 46. Therefore, the deadline for the government's expert disclosures was January 27, 2022—seven days before the pretrial motions deadline of February 3, 2022. Doc. 944.

1

three documents: GX 6086, 6087, and 9685. Doc. 1056 at 2, 4. Another two days later, on February 17, 2022, the government emailed Defendants a zip file containing a report by Mr. Watts and corresponding materials that run to 267 pages.[2] Because the government's disclosure of Mr. Watts is untimely and prejudicial, the Court should exclude Mr. Watts's purported expert testimony on that basis alone. But Mr. Watts' proposed testimony is also improper under Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 702, not only because the government was obligated to but failed to make expert disclosures to all Defendants other than Mr. Blake by January 27, 2022,[3] but also because the substance of the disclosure itself is inadequate.

Any evidence that Mr. Watts offers, including documents he authenticates, will either be admitted against all Defendants, or, to the extent documents are admitted only as to Mr. Blake, any limiting instruction will not be sufficient to cure the prejudice to the remaining Defendants. For these reasons and those set forth below, the Court should exclude Mr. Watts from testifying at trial.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 16 requires the government to disclose certain information that criminal defendants request, including "a written summary of any [expert] testimony that the government intends to use." Fed. R. Crim. P. 16(a)(1)(G). When a party fails to comply with this requirement, a court can impose any appropriate sanction, including granting

---

[2] Defendants are filing the complete zip file in conventional format as Exhibit B to preserve the file's organizational structure.

[3] All Defendants with the exception of Mr. Blake requested expert discovery from the government under Federal Rule of Criminal Procedure 16(a)(1)(G), and the government was obligated to make those disclosures by January 27, 2022. *See supra* note 1.

2

a continuance or excluding the undisclosed evidence. Fed. R. Crim. P. 16(d)(2); *United States v. Moya*, 748 F. App'x 819, 822 (10th Cir. 2018).

Three factors govern the admissibility of testimony from late-disclosed witnesses: "(1) the reason for the delay in disclosing the witness; (2) whether the delay prejudiced the other party; and (3) the feasibility of curing any prejudice with a continuance." *See United States v. Combs*, 267 F.3d 1167, 1178-79 (10th Cir. 2001) (quotation omitted); *United States v. Heller*, 2019 WL 4464071, at *2 (D. Colo. Sept. 18, 2019) (Brimmer, C.J.) (applying factors and excluding an untimely expert disclosure where the "government otherwise ha[d] no good excuse for missing the expert disclosure deadline").

## ARGUMENT

**I.     The government's unexplained late disclosure of Mr. Watts prejudices Defendants, and cannot be cured with a continuance.**

The government flunks every prong of the *Combs* test for late-disclosed witnesses. *First*, it does not justify its failure to meet the Court's unambiguous deadline for witness disclosures. *See* Docs. 1027, 1056; *cf. Heller*, 2019 WL 4464071, at *2 (excluding late-disclosed expert testimony where "the government otherwise has no good excuse for missing the expert disclosure deadline"). In fact, the government never even acknowledged that deadline (or the deadline for expert disclosures) in the trial brief in which it asserted that Mr. Watts would offer expert testimony on Mr. Blake's handwriting. Doc. 1056 at 4.

*Second*, the delay greatly prejudices Defendants. Disclosing Mr. Watts as an expert one week before trial has the effect of "compromis[ing] the defendant[s'] ability to otherwise prepare for trial." *See Heller*, 2019 WL 4464071, at *2. If Mr. Watts testifies, Defendants need an opportunity to challenge his testimony pursuant to Federal Rule of Evidence 702. But since

3

bringing that motion requires assessing "the identity, qualifications, and the opinions of the expert," *id.*, disclosure of this information in the week before trial puts Defendants in an impossible position. Defendants must now forgo preparation time to assess Mr. Watts' newly disclosed opinions; determine whether to draft and file an unexpected Rule 702 motion; and "potentially identifying [and prepare] a rebuttal expert." *See id*. As this Court explained in *Heller*, this constitutes substantial prejudice and weighs heavily in favor of exclusion. *See id.*

*Third*, a continuance cannot cure that prejudice. *See id*. The trial is scheduled to begin in four days, the Court previously denied Defendants' motion to postpone the retrial date, Doc. 931, and the Court has made clear that the trial needs to conclude by the end of March. There is simply no time to continue this trial to allow Defendants to do the work necessary to address Mr. Watts' opinions and still finish the trial by the end of March. The Tenth Circuit's and this Court's precedents compel the exclusion of Mr. Watts' testimony under these circumstances.

## II. The government violated Federal Rule of Criminal Procedure 16 in failing to timely disclose Mr. Watts and a written summary of his testimony.

Separately, the Court should exclude Mr. Watts's testimony because the government did not timely disclose it pursuant to Federal Rule of Criminal Procedure 16. The government excuses its eleventh-hour disclosure by suggesting that "*Defendant Blake* made a tactical decision not to request reciprocal expert discovery from the government." Doc. 1056 at 4 n.7 (emphasis added). But the government has not stated that it would seek to admit any exhibits Mr. Watts purports to authenticate only against Mr. Blake, and, in any event, a limiting instruction would not cure the prejudice to the remaining Defendants (not least because the exhibits that Mr.

4

Watts proposes to authenticate identify other Defendants).[4] Each of those nine Defendants requested reciprocal expert disclosures pursuant to Rule 16. *See, e.g.*, Doc. 30 at 2-4. And each of those nine Defendants was entitled to receive by January 27, 2022 "a written summary of *any testimony* that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Doc. 649 at 2 (quoting Fed. R. Crim. P. 16(a)(1)(G) (emphasis added)).

Under the plain language of Rule 16, the government's disclosure obligations in a multi-defendant case are not limited to those Defendants against whom the expert opinions are sought to be admitted. Fed. R. Crim. P. 16(a)(1)(G) ("At the defendant's request, the government must give to the defendant a written summary of *any testimony* that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."). All Defendants are entitled to receive the expert disclosures so they can investigate and probe the reliability of the experts' opinions. Timely disclosure to all Defendants under Rule 16 was particularly important here because the expert's opinions directly implicate Defendants other than Mr. Blake. *See, e.g.*, Ex. C (GX 6086) at 1 (handwritten note allegedly written by Mr. Blake with the names and phone numbers of Defendants Austin, Brady, and Kantola). The government's eleventh-hour disclosure of hundreds of pages of material—two business days before trial begins—cannot remedy the prejudice to Defendants. The Court should exclude Mr. Watts. *Cf. Heller*, 2019 WL 4464071, at *2 (finding the prejudice to defendant from the government's disclosure of an expert report one month before trial so prejudicial that it warranted excluding the expert).

---

[4] *See* Ex. C (GX 6086) at 1-2; Ex. D (GX 6087) at 1-2; Ex. E (GX 9685) at 1.

5

### III. The government's disclosure is inadequate under Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 702.

The Court should also exclude Mr. Watts's testimony because the government's disclosure is not only untimely, but also fails to comply with the requirements of Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 702. Rule 16(a)(1)(G) requires that the government's disclosure "describe the witness's opinions" and "the bases and reasons for those opinions." And under Rule 702, a court "must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009). The government's disclosure as to Mr. Watts fails all of these requirements.

The report that the government emailed to defense counsel suggests that Mr. Watts will offer not one opinion, but at least 13 of them—and the report and corresponding materials offer no basis for understanding which notations Mr. Watts will opine were made by Mr. Blake, nor on what he will base those opinions. Ex. F at 1-3. The report indicates that Mr. Watts compared handwriting on 13 "items" to purported "known writing[s]" of Mr. Blake. Ex. F at 1-2. Mr. Watts "determined [that] the majority of the non-overwritten questioned writing on Items 1 through 13 was prepared by [Mr.] Blake." Ex. F at 2.[5] The report nowhere indicates what writings constitute the "majority" of these handwritten notations. Nor is it possible, so far as Defendants can tell, to glean this information from the 259 pages of additional documents that the government provided. Ex. B. And while Mr. Watts's markup of the analyzed documents

---

[5] Because these "items" are multiple pages with numerous handwritten notations, it would appear that Mr. Watts would offer far more than 13 opinions although it is entirely unclear from the disclosure what each opinion would be or on what each opinion is based.

6

occasionally indicates that certain notations are "overwritten" (and thus presumably excluded from his conclusion), it is not clear from these notations whether any other material was "overwritten."

Thus, far from adequately "describ[ing] the witness's opinions" and "the bases and reasons for those opinions," Fed. R. Crim. P. 16(a)(1)(G), the materials provided by the government do not even identify which notations Mr. Watts would opine on. For those same reasons, the government's threadbare disclosures do not make it possible to "assess[ ] [Mr. Watts's] underlying reasoning and methodology." *See Nacchio*, 555 F.3d at 1241. Given these basic deficiencies in the government's eleventh-hour disclosures, the Court should exclude Mr. Watt's testimony under Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 702.

## CONCLUSION

For the foregoing reasons, the Court should exclude the testimony of Mr. Watts.

Dated:  February 18, 2022

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

Respectfully submitted,

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

8

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach