IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     JAYSON JEFFREY PENN,
2.     MIKELL REEVE FRIES,
3.     SCOTT JAMES BRADY,
4.     ROGER BORN AUSTIN,
5.     TIMOTHY R. MULRENIN,
6.     WILLIAM VINCENT KANTOLA,
7.     JIMMIE LEE LITTLE,
8.     WILLIAM WADE LOVETTE,
9.     GARY BRIAN ROBERTS, and
10.   RICKIE PATTERSON BLAKE,

       Defendants.

Criminal Case No. 20-cr-00152-PAB

**DEFENDANTS' UNOPPOSED JOINT MOTION TO PERMIT PROFESSOR EDWARD SNYDER TO TESTIFY REMOTELY VIA LIVE VIDEO-TELECONFERENCE**

Defendants, by and through undersigned counsel, respectfully request that Professor Snyder be permitted to testify remotely via live, two-way video-teleconference. The government does not oppose the motion. The reason for the request is due to unforeseen personal circumstances that prevent Professor Snyder from being in Denver during the coming week without his suffering severe personal and family hardship. Professor Snyder teaches in Connecticut and resides in Massachusetts. The plan is for Professor Snyder to continue his testimony from the Boston office of Analysis Group, the consulting firm that assisted his analysis in the case.

To determine whether remote testimony is permitted, the relevant question is whether a "denial of [physical, face-to-face] confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured.'" *United States v. Pangelinan*, No. 19-10077-JWB, 2020 WL 5118550, at *2 (D. Kan. Aug. 31, 2020). The important public policy concerns at issue in this case are the Defendants' Sixth Amendment trial rights to present evidence in their defense, the government's interest in the mode of presentation of evidence at this trial, and the reasonable accommodation of the witness's personal circumstances. To further these policies, Professor Snyder should be permitted to testify remotely.

Professor Snyder's testimony is material to defenses of the issues to be decided in this trial because he is the only witness available who can testify regarding critical issues, as outlined in his presentation slides provided to the government: namely the economic view of information sharing, the economic evaluation of the outcomes of certain bidding and contracting processes at issue in the case, and benchmarking of price data to evaluate whether that price data supports the government's allegations.

The most recent schedule permitted Professor Snyder to testify in person. Counsel gave notice to the Court and to the government regarding unforeseen issues with Professor Snyder's schedule when they arose, and believed all parties could be accommodated. But some delay due to additional legal issues, the unforeseen extended length of the prior witness's testimony, and the illness of a juror causing early adjournment of the trial for the day and the weekend, frustrated the good faith efforts to have Professor Snyder's testimony in the courtroom.

The use of VTC testimony, specifically as was done with the direct and cross-examination testimony of Ms. Florence Becker at the request of the government, demonstrated that both direct and cross examination testimony can be conducted effectively and with an audio-visual experience

that is helpful to the jury. The government has consented to the request. The government will ship potential cross-examination documents to Professor Snyder in sealed envelopes, and neither Professor Snyder nor his staff at Analysis Group will open the envelopes except at the direction of the government.

Remote testimony for Professor Snyder is not a Confrontation Clause issue because the request comes from Defendants, including non-offering.  But remote testimony has been upheld against Sixth Amendment challenges and permitted by several courts during the pandemic. *See, e.g.*, *United States v. Donziger*, 2020 WL 5152162, at *2-3 (S.D.N.Y. Aug. 31, 2020), *reconsideration denied* No. 11-CV-691 (LAK), 2020 WL 8465435 (S.D.N.Y. Oct. 23, 2020) ("two-way video preserve[s] the face-to-face confrontation' required by the Sixth Amendment.") (internal quotations omitted)); *United States v. Avenatti*, 2022 WL 103494, at *1-2 (S.D.N.Y. Jan. 11, 2022); *United States v. Akhavan*, 523 F. Supp. 3d 443, 451- 56 (S.D.N.Y. 2021) (same). *See also Maryland v. Craig*, 497 U.S. 836, 849-52 (1990) (preference for face-to-face confrontation," "must occasionally give way to considerations of public policy and the necessities of the case.") (emphasis in original); *United States v. Gigante*, 166 F.3d 75, 80 (2d Cir. 1999) (use of remote testimony "adequately protected [the defendant's] confrontation rights."); *United States v. Benson*, 79 F. App'x 813, 821 (6th Cir. 2003) (upholding district court's decision to allow an 85-year-old witness to testify by video due     to illness and recovery from surgery). The issues are not as material here because the Defendants making the request limits any Sixth Amendment concern.

Professor Snyder's testimony, which is that of an economics expert who has studied the case for months, is not testimony for which a substitute is available.

Given Ms. Becker's testimony and the fact that Professor Snyder intends to testify from an office with robust IT resources, there is no indication that there will be communication issues with

remote testimony. As there are three days prior to Professor Snyder taking the stand again, there is time for a sealed set of cross-examination exhibits to be sent via express service to Professor Snyder.

In light of the foregoing, Defendants respectfully request that the Court permit Professor Snyder to testify via live, two-way videoconference.

Dated:  March 18, 2022                    Respectfully submitted,

s/ John A. Fagg, Jr.                      s/ Michael F. Tubach
John A. Fagg, Jr.                         Michael F. Tubach
MOORE & VAN ALLEN PLLC                    O'MELVENY & MYERS LLP
Attorney for William Wade Lovette         Attorney for Jayson Jeffrey Penn
100 North Tryon Street, Suite 4700        Two Embarcadero Center, 28th Floor
Charlotte, NC 28202                       San Francisco, California 94111-3823
(704) 331-3622                            (415) 984-8700
johnfagg@mvalaw.com                       mtubach@omm.com

s/ Richard K. Kornfeld                    s/ Michael S. Feldberg
Richard K. Kornfeld                       Michael S. Feldberg
RECHT KORNFELD, P.C.                      REICHMAN JORGENSEN LEHMAN &
Attorney for Mikell Reeve Fries          FELDBERG LLP
1600 Stout Street, Suite 1400             Attorney for Roger Born Austin
Denver, CO 80202                          750 Third Avenue, Suite 2400
(303) 573-1900                            New York, NY 10017
rick@rklawpc.com                          (212) 381-1965
                                          mfeldberg@reichmanjorgensen.com

s/ Bryan Lavine                           s/ Elizabeth Prewitt
Bryan Lavine                              Elizabeth B. Prewitt
TROUTMAN PEPPER HAMILTON                  LATHAM & WATKINS LLP
SANDERS LLP                               Attorney for Timothy R. Mulrenin
Attorney for Scott James Brady            1271 Avenue of the Americas
600 Peachtree St. NE, Suite 3000          New York, NY 10020
Atlanta, GA 30308                         (212) 906-1200
(404) 885-3170                            elizabeth.prewitt@lw.com
Bryan.lavine@troutman.com

s/ James A. Backstrom
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com


s/ Craig Allen Gillen
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

s/ Mark A. Byrne
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com


s/ Barry J. Pollack
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated:  March 18, 2022

_s/ Michael F. Tubach_
Michael F. Tubach