IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>1.   JAYSON JEFFREY PENN,<br>2.   MIKELL REEVE FRIES,<br>3.   SCOTT JAMES BRADY,<br>4.   ROGER BORN AUSTIN,<br>5.   TIMOTHY R. MULRENIN,<br>6.   WILLIAM VINCENT KANTOLA,<br>7.   JIMMIE LEE LITTLE,<br>8.   WILLIAM WADE LOVETTE,<br>9.   GARY BRIAN ROBERTS, and<br>10.  RICKIE PATTERSON BLAKE,<br><br>     Defendants. | No. 20-cr-00152-PAB |

**DEFENDANTS' JOINT PROPOSED ADDITIONS TO JURY INSTRUCTIONS**

Defendants, by and through undersigned counsel, submit five proposed additions to the Court's prior jury instructions (Doc. 921) to reflect new issues not present at the first trial. These additions include: (i) an instruction about expert witness testimony; (ii) an instruction about testimony from a law enforcement agent; (iii) an instruction regarding evidence of good character; (iv) an instruction regarding evidence of reputation for honesty; and (v) the addition of Carl Pepper to Instruction No. 10, which discusses testimony made pursuant to an immunity and cooperation agreement. Defendants reserve the right to offer new or modified theories of the case based on the evidence at the retrial, including the government's rebuttal case.

1

**Defendants' Proposed Instruction Regarding Expert Testimony**

You heard the testimony of Professor Edward Snyder, who testified as an expert, about his opinions and the reasons for his opinions. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider expert testimony just as you consider other testimony in this trial. Give the expert testimony as much weight as you think it deserves, considering the education, training, and experience of the witness, the soundness of the reasons given for the opinions, and other evidence in the trial.

**Authority**: Tenth Circuit Criminal Pattern Jury Instruction 1.17 (2021, ed.) (modified); Jury Instructions, *White v. Deere & Co.*, 13-cv-2173 (D. Colo. Mar. 2, 2016) (Brimmer, J.), Doc. 251 at 8 (modified).

**Defendants' Proposed Instruction Regarding Law Enforcement Agent Testimony**

You have heard testimony from law enforcement agent LaNard Taylor. The fact that this witness may be employed by the federal government as a law enforcement agent does not mean that his testimony is deserving of more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability or credibility of law enforcement witnesses on the grounds that their testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision whether to accept the testimony of the law enforcement witness and how much weight, if any, it deserves.

**Authority**: Third Circuit Model Criminal Jury Instruction 4.18 (modified); *United States v. Bethancourt*, 65 F.3d 1074 (3d Cir. 1995); *Bush v. United States*, 375 F.2d 602 (D.C. Cir. 1967).

**Defendants' Proposed Instruction Regarding Evidence of Good Character**

Some defendants offered evidence of their reputations for good character. You should consider such evidence along with all the other evidence in the case.

Evidence of good character standing alone may be sufficient to raise a reasonable doubt whether a defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Authority**: Tenth Circuit Criminal Pattern Jury Instruction 1.09 (2021, ed.) (modified).

**Defendants' Proposed Instruction Regarding Evidence of Reputation for Honesty**

Some defendants offered evidence in the form of reputation for honesty and integrity. You should consider such evidence along with all the other evidence in the case.

Evidence in the form of reputation for honesty and integrity standing alone may be sufficient to raise a reasonable doubt whether a defendant is guilty, because you may think it improbable that a person of honesty and integrity would commit such a crime. Evidence in the form of reputation of a defendant's honesty and integrity may be inconsistent with those traits of character ordinarily involved in the commission of the crime charged, and may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Authority**: Tenth Circuit Criminal Pattern Jury Instruction 1.09.1 (2021, ed.) (modified).

**Defendants' Proposed Additions to Instruction No. 10**

You heard testimony from Robert Bryant and Carl Pepper, both of whom is are subject to an immunity and cooperation agreement with the government.  The government has exclusive authority to grant immunity to a witness.  This agreement is not evidence of guilt of any of the defendants, and you may consider it only in determining Mr. Bryant's and Mr. Pepper's credibility.

You should consider the testimony of Mr. Bryant and Mr. Pepper with greater care and caution than the testimony of an ordinary witness.  You should consider whether the testimony of Mr. Bryant and Mr. Pepper has been affected by the witnesses's own interest, the promise not to prosecute him them personally, the government's agreement, the witnesses's interest in the outcome of the case, or by any prejudice he they may have against some or all of the defendants.  On the other hand you should also consider that Mr. Bryant and Mr. Pepper can be prosecuted for perjury for making a false statement.  After considering these things, you may give his their testimony such weight as you feel it deserves.

6

Dated:  March 21, 2022

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

Respectfully submitted,

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

7

| | |
|---|---|
| *s/ Craig Allen Gillen* | *s/ Barry J. Pollack* |
| Craig Allen Gillen | Barry J. Pollack |
| GILLEN, WITHERS & LAKE, LLC | Attorney for Rickie Patterson Blake |
| Attorney for Gary Brian Roberts | ROBBINS, RUSSELL, ENGLERT, |
| 400 Galleria Parkway, Ste. 1920 | ORSECK, & UNTEREINER LLP |
| Atlanta, GA 30339 | 2000 K Street N.W., 4th Floor |
| (404) 842-9700 | Washington, DC 20006 |
| cgillen@gwllawfirm.com | (202) 775-4514 |
| | bpollack@robbinsrussell.com |

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: March 21, 2022                                     *s/ Michael F. Tubach*

                                                                                             Michael F. Tubach