# Attachment 3

Trial Tr. *U.S. v. Builders Fence Co.*

Case No. 1:20-cr-00152-PAB   Document 1224-3   filed 03/24/22   USDC Colorado   pg 2 of 5
Case Tab Text                                                                    Page 1 of 28

```
PAGE:1418
 1                         VOLUME 9 - PAGES 1418 - 1694
 2
 3                    IN THE UNITED STATES DISTRICT COURT
 4                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
 5               BEFORE:  THE HONORABLE CHARLES A. LEGGE, JUDGE
 6
 7     UNITED STATES OF AMERICA,      )
                                      )
 8              PLAINTIFF,            )   CR 91 0134 CAL
                                      )
 9         VS.                        )
                                      )
10     BUILDERS FENCE CO., AND        )
       MARSHALL FRANKEL,              )
11                                    )
                DEFENDANTS.           )   MONDAY, NOVEMBER 4, 1991
12     _____)
                  REPORTER'S DAILY TRANSCRIPT OF PROCEEDINGS
13     APPEARANCES:
14     FOR THE PLAINTIFF:     JEFFREY B. AARONSON, ESQ.
                              SCOTT D. HAMMOND, ESQ.
15                            ANTITRUST DIVISION
                              UNITED STATES DEPARTMENT OF JUSTICE
16                            JUDICIARY CENTER BUILDING
                              555 4TH STREET, N. W., ROOM 10-437
17                            WASHINGTON, D. C. 20001
18     FOR THE DEFENDANTS:    GORDON A. GREENBERG
                              DON T. HIBNER, JR.,
19                            FRANK FALZETTA
                              ATTORNEYS AT LAW
20                            SHEPPARD, MULLIN, RICHTER & HAMPTON
                              48TH FLOOR
21                            333 SOUTH HOPE STREET
                              LOS ANGELES, CALIFORNIA  90071
22
       COURT REPORTER:        ROSITA FLORES
23                            SHELLY COFFEY
                              450 GOLDEN GATE AVENUE
24                            P. O. BOX 36052
                              SAN FRANCISCO, CALIFORNIA  94102
25


PAGE:1419
 1                                INDEX
 2     WITNESSES:
 3           PAT DOWLING
                DIRECT   EXAMINATION                        1432
 4              CROSS-EXAMINATION                           1474
                REDIRECT EXAMINATION                        1526
 5
             WINFRED TACKETT
 6              DIRECT   EXAMINATION                        1537
                CROSS-EXAMINATION                           1544
 7
       CLOSING ARGUMENTS
 8
             BY MR. HAMMOND                                 1550
 9           BY MR. GREENBERG                               1591
```

http://atr-sv-was403/CTTD/CaseTabText.aspx?Type=trantxt&RecordNumber=10      5/4/2009

```
              BY MR. AARONSON                                  1632
10
       JURY INSTRUCTIONS                                       1654
11
       EXHIBITS:  (FOR THE GOVERNMENT)              IDEN       EVID
12
13     3,  11, 13, 17, 19&20                                   1420
       18                                                      1517
14     38                                                      1692
       45                                                      1685
15     80                                                      1533
16     EXHIBITS:  (FOR THE DEFENDANT)               IDEN       EVID
17     332                                                     1692
       336,  337, 338, 339, 340, 341, 342                      1693
18
19
20
21
22
23
24
25


       PAGE:1420
                                                               9-1
 1         (OPEN COURT:  JURY NOT PRESENT)
 2              THE COURT:  BE SEATED, PLEASE.
 3              MR. AARONSON:  GOOD MORNING, YOUR HONOR.
 4              THE COURT:  WE HAVE GOT SOME THINGS TO DO HERE FIRST,
 5     RUFINO. ALL RIGHT. THE JURORS ARE ALL PRESENT. BEFORE WE
 6     BRING THE JURY IN WE'VE GOT SOME THINGS TO TALK ABOUT WITH
 7     RESPECT TO EXHIBITS.
 8              I WENT OVER THE REMAINING EXHIBITS THURSDAY NIGHT,
 9     MADE MY RULINGS AND I HAD MY CLERK CALL YOU FRIDAY MORNING WITH
10     THE RESULTS. SO LET'S PUT IT ON THE RECORD HERE.
11              EXHIBITS 3, 11, 13, 17, 19 AND 20 ARE ADMITTED.  309-1
12     IS NOT ADMITTED.  309-4 AND 309-5 ARE ADMITTED.  357 IS ADMITTED
13     BUT ONLY AS TO -- BUT NOT AS TO THE HANDWRITTEN PORTION.  AND
14     309-6, 9, 10, 13, 14, 15, 16 ARE ADMITTED.  AND 310-1 IS
15     ADMITTED.
16         (ABOVE REFERENCED EXHIBITS ADMITTED)
17              THE COURT:  NOW, WITH RESPECT TO WHAT I BELIEVE ARE
18     THE REMAINING ISSUES ON THE JURY INSTRUCTIONS, READING THE
19     SUPREME COURT'S DECISION IN SUMMIT HEALTH AGAINST PANHAS, PAN
20     HAS, CONVINCES ME THAT THE GOVERNMENT IS CORRECT THAT A
21     SUBSTANTIAL EFFECT ON INTERSTATE COMMERCE IS NO LONGER
22     NECESSARY. I PERSONALLY THINK THAT THE PANHAS DECISION HAS
23     CREATED MORE CONFUSION THAN CLARITY, BUT NEVERTHELESS THAT'S THE
24     RULING AND I'M CONVINCED THAT A SUBSTANTIAL IMPACT ON COMMERCE
25     IS NOT REQUIRED. THE JURY IS GOING TO HAVE TO MAKE THE DECISION

       PAGE:1421
                                                               9-1
 1     AS TO WHETHER THERE IS AN EFFECT ON COMMERCE, INTERSTATE
 2     COMMERCE, BASED ON THE EVIDENCE THAT'S PRESENTED TO IT.
 3              I AM NOT GOING TO USE THE TERM "OVERT ACT."  I DON'T
 4     THINK IT'S NECESSARY IN THE CONTEXT OF THE SHERMAN ANTITRUST
 5     CONSPIRACY ALLEGATION AND ISN'T NEEDED BY THE INSTRUCTIONS.
 6              I AM NOT GOING TO GIVE THE INSTRUCTION ON MULTIPLE
 7     CONSPIRACIES. I JUST DON'T THINK THAT'S APPROPRIATE UNDER THE
```

```
 4      CONSPIRACY MAY BE FORMED OR ENGAGED IN FOR WHAT APPEARED TO BE
 5      THE CONSPIRATORS TO BE LAUDABLE MOTIVES.
 6               A PRICE FIXING CONSPIRACY CANNOT BE JUSTIFIED UNDER THE
 7      LAW EVEN THOUGH THE CONSPIRACY MAY HAVE BEEN FORMED OR ENGAGED
 8      IN TO PREVENT OR HALT VOLUMINOUS COMPETITION OR TO ELIMINATE
 9      YIELDS OF PRICE CUTTING OR TO GIVE EACH COMPETITOR WHAT THE
10      COMPETITORS THINK IS HIS FAIR SHARE OF THE MARKET.  NOR IS IT
11      NECESSARY FOR THE PROOF TO SHOW THAT ANY OF THE ACCUSED ACTUALLY
12      ADOPTED OR FOLLOWED OR ADHERED TO ANY PRICE SCHEDULE OR FORMULA
13      OR LIST WHICH MAY HAVE BEEN AGREED UPON AND UNDERSTOOD.
14               THE REASON FOR THAT BEING THAT THE CRIME IS THE
15      CONSPIRACY, ITSELF.
16               NOW, IN ORDER TO DETERMINE WHETHER A CONSPIRACY HAS
17      BEEN PROVED YOU MUST VIEW THE EVIDENCE AS A WHOLE AND NOT
18      PIECEMEAL.  YOU SHOULD CONSIDER THE ACTS AND STATEMENTS OF ALL
19      OF THE ALLEGED CONSPIRATORS.
20               IF A PERSON IS FOUND BY YOU TO BE A MEMBER OF THE
21      CONSPIRACY, HE IS PRESUMED TO REMAIN A MEMBER AND TO BE
22      RESPONSIBLE FOR ALL ACTIONS TAKEN DURING AND IN FURTHERANCE OF A
23      CONSPIRACY UNTIL IT WAS SHOWN THAT THE CONSPIRACY HAS BEEN
24      COMPLETED OR ABANDONED OR THAT HE HAS WITHDRAWN FROM THE
25      CONSPIRACY.  THAT CONSPIRACY ENDS WHEN HIS PURPOSES AND

   PAGE:1673
 1      OBJECTIVES HAVE BEEN ACCOMPLISHED OR ALL THE PARTIES TO THE
 2      CONSPIRACY HAVE ABANDONED IT.
 3               IN YOUR CONSIDERATION OF THE EVIDENCE, YOU SHOULD FIRST
 4      DETERMINE WHETHER OR NOT THE CONSPIRACY EXISTED, AS ALLEGED IN
 5      THE INDICTMENT.
 6               IF YOU CONCLUDE THAT IT DID EXIST, YOU SHOULD NEXT
 7      DETERMINE WHETHER OR NOT EITHER OR BOTH OF THESE DEFENDANTS
 8      KNOWINGLY BECAME MEMBERS OF THE CONSPIRACY.
 9               NOW, YOU WILL RECALL THAT ONE OF THE ELEMENTS FOR A
10      VIOLATION OF THE ANTITRUST LAWS IS THAT THE CONSPIRACY MUST HAVE
11      AN IMPACT ON INTERSTATE COMMERCE.
12               TO CONVICT THE DEFENDANT OF VIOLATING SECTION 1 OF THE
13      SHERMAN ACT, THE UNITED STATES MUST PROVE BEYOND A REASONABLE
14      DOUBT THAT THE CONSPIRACY CHARGED IN THE INDICTMENT WAS IMPOSED
15      DIRECTLY ON GOODS OR SERVICES IN THE FLOW OF INTERSTATE COMMERCE
16      OR THAT THE RESTRAINT AFFECTED INTERSTATE COMMERCE.
17               THE CONSPIRACY MAY HAVE HAD AN EFFECT ON INTERSTATE
18      COMMERCE EVEN THOUGH SOME OR ALL OF THE PARTIES WERE NOT ENGAGED
19      IN ACTIVITIES IN INTERSTATE COMMERCE AND EVEN THOUGH SOME OR ALL
20      OF THE ACTIVITIES MAY HAVE BEEN WITHIN ONE STATE.
21               THE AMOUNTS OR THE QUANTITY OR THE VALUE OF INTERSTATE
22      COMMERCE AFFECTED IS NOT IMPORTANT, SO LONG AS YOU FIND THAT THE
23      CONSPIRACY CHARGED IN THE INDICTMENT HAD AN AFFECT ON INTERSTATE
24      COMMERCE.
25               NEXT, LADIES AND GENTLEMEN OF THE JURY, THE STATUTE OF

   PAGE:1674
 1      LIMITATIONS.
 2               THE DEFENDANTS CONTEND THAT THE CHARGES ARE BARRED BY
 3      THE STATUTE OF LIMITATIONS, WHICH IS A LAW THAT DEFINES WHEN A
 4      CHARGE MUST BE BROUGHT.
 5               ==THE STATUTE OF LIMITATIONS FOR THIS OFFENSE IS FIVE==
 6      ==YEARS.  AND THE INDICTMENT WAS FILED ON MARCH 27 OF 1991.  THIS==
 7      ==MEANS THAT YOU CANNOT FIND EITHER DEFENDANT GUILTY UNLESS YOU==
 8      ==FIND BEYOND A REASONABLE DOUBT THAT THE ALLEGED CONSPIRACY==
 9      ==EXISTED AFTER MARCH 27 OF 1986, THAT THE DEFENDANT WAS A MEMBER==
```

```
10     OF THE CONSPIRACY AFTER THAT DATE, OR THAT ONE OR MORE OF THE
11     MEMBERS OF THE CONSPIRACY PERFORMED SOME ACT IN FURTHERANCE OF
12     IT AFTER MARCH 27 OF 1986.
13              NOW, THIS DOES NOT MEAN THAT YOU MUST EXCLUDE FROM YOUR
14     CONSIDERATION ALL THE EVIDENCE OF ACTS OR CONDUCT THAT OCCURRED
15     PRIOR TO MARCH 27, 1986.
16              A CONSPIRACY MAY BE A CONTINUING ONE, AND YOU,
17     THEREFORE, HAVE TO CONSIDER EVIDENCE OF A DEFENDANT'S CONDUCT
18     PRIOR TO MARCH 27, 1986, INSOFAR AS IT TENDS TO PROVE OR
19     DISPROVE THE EXISTENCE OF THE CONSPIRACY AND THE DEFENDANT'S
20     ACTS AFTER MARCH 27 OF 1986.
21              NOW, THOSE ARE YOUR INSTRUCTIONS, LADIES AND GENTLEMEN,
22     THE OFFENSE TO THIS CHARGE HERE AND THE ISSUE OF THE STATUTE OF
23     LIMITATIONS.
24              I REALIZE THAT'S A LOT FOR YOU TO DIGEST JUST SITTING
25     HERE AND LISTENING TO IT AND IT'S FOR THAT REASON THAT THE

     PAGE:1675
 1     INSTRUCTIONS ARE GOING TO BE TYPED UP AND GIVEN TO YOU TOMORROW
 2     TO HAVE WITH YOU IN THE JURY ROOM.
 3              THE FINAL SECTION OF MY INSTRUCTIONS, WHICH WILL BE
 4     QUITE BRIEF, WILL BE TO GIVE YOU SOME INSTRUCTIONS ON
 5     PROCEDURAL, HOW TO GO ABOUT DOING YOUR JOB.
 6              WHEN YOU RETIRE TO THE JURY ROOM, I THINK THE FIRST
 7     THING YOU SHOULD DO IS TO SELECT ONE OF YOUR FELLOW JURORS TO BE
 8     YOUR FOREPERSON.
 9              THERE ARE TWO RESPONSIBILITIES OF THE FOREPERSON.  ONE
10     IS TO BE YOUR PRESIDING OFFICER WHILE YOU'RE IN SESSION, AND THE
11     OTHER IS TO SPEAK FOR YOU WHEN YOU COME BACK INTO THE COURTROOM
12     HERE.  AND I HASTEN TO ADD THAT THOSE ARE THE ONLY TWO FUNCTIONS
13     OF THE FOREPERSON.E
14              WHEN IT COMES TO EXPRESSING OPINIONS ON THE EVIDENCE,
15     WHEN IT COMES TO VOTING, THE OPINIONS AND VOTE OF THE FOREPERSON
16     IS NO GREATER THAN THAT OF ANY OF THE REST OF YOU.  BUT YOU DO
17     NEED A PRESIDING OFFICER, AND YOU NEED SOMEONE TO SPEAK FOR YOU
18     WHEN YOU COME INTO THE COURTROOM.
19              IT IS THEN YOUR RESPONSIBILITY TO DISCUSS THIS CASE
20     WITH YOUR FELLOW JURORS AND TO REACH AN AGREEMENT IF YOU CAN DO
21     SO.
22              NOW, YOUR VERDICT, WHETHER YOUR VERDICT IS GUILTY OR
23     NOT GUILTY, MUST BE UNANIMOUS, AND IT MUST BE UNANIMOUS AS TO
24     EACH DEFENDANT.  I WANT TO REPEAT THAT YOUR VERDICT, WHETHER IT
25     IS GUILTY OR NOT GUILTY, MUST BE UNANIMOUS AND IT MUST BE
     PAGE:1676
 1     UNANIMOUS AS TO BOTH CORPORATION AND MR. FRANKEL.
 2              NOW, EACH OF YOU SHOULD DECIDE THE CASE FOR YOURSELF
 3     BUT YOU SHOULD CONSIDER THE EVIDENCE AND DISCUSS IT WITH YOUR
 4     FELLOW JURORS AND LISTEN TO THE VIEWS OF YOUR FELLOW JURORS.
 5     DON'T BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION
 6     PERSUADE YOU THAT YOU SHOULD, BUT DON'T COME TO A DECISION
 7     SIMPLY BECAUSE OTHER JURORS THINK IT'S THE RIGHT THING TO DO.
 8              IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS
 9     VERDICT BUT, OF COURSE, ONLY IF YOU CAN DO SO AFTER HAVING MADE
10     YOUR OWN CONSCIENTIOUS DECISION.  AND DON'T CHANGE AN HONEST
11     BELIEF ABOUT THE WEIGHT AND THE EFFECT OF THE EVIDENCE AND THE
12     FACTS SIMPLY FOR THE SAKE OF REACHING A VERDICT.
13              MOST OF YOU HAVE TAKEN NOTES DURING THE TRIAL.  THOSE
14     NOTES WERE NOTES FOR YOUR OWN PERSONAL USE AND I CAUTION YOU
15     THAT THEY SHOULD NOT BE USED FOR ANY OTHER PURPOSE OTHER THAN
16     YOUR OWN PERSONAL MEMORY AID.  THAT IS, YOUR NOTES SHOULD NOT BE
```