IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

## UNITED STATES' NOTICE OF INTENT TO SEEK PARTIAL VERDICT INSTRUCTION IF THE *ALLEN* INSTRUCTION DOES NOT RESOLVE THE JURY'S IMPASSE

The government respectfully submits this notice that it will ask the Court to give the jury a partial verdict instruction if the *Allen* instruction alone proves insufficient to break the impasse and the jury sends another note, whether or not the note explicitly indicates that the jury may have reached a partial verdict. The need for a partial verdict instruction is particularly acute in this case because the Court correctly instructed the jury to refrain from revealing its numerical divisions to the Court during deliberations. If the jury sends another note about an impasse, and if the Court does not provide further elaboration on that instruction, the jurors may think they are not permitted to reveal that

they have 12 votes to acquit or to convict some defendants but fewer than 12 votes as to other defendants. A partial verdict instruction would alleviate any such concerns by informing the jury that an impasse is not an all-or-nothing situation.

*Background*. The jury sent nine notes to the Court between the commencement of deliberations on March 24 and the jury's March 28 impasse declaration that sought further instruction. In sum, the first eight notes comprise:

- Jury notes #1 and #3: hybrid factual and legal inquiries focused on particular (albeit unnamed) defendants who may not have taken acts in furtherance of the conspiracy after the end of 2014 and how, if at all, that factors into the statute of limitations instructions (Instruction #26).
- Jury note #2: a legal question regarding the interplay between the dates in the conspiracy instructions (Instructions #17 and #18).
- Jury notes #4 and #5: requests for a listing of bid-related exhibits specific to the 2014 and 2017 KFC negotiations.
- Jury note #6: a request an index of the admitted exhibits and any associated limiting instructions.
- Jury note #7: a hypothetical procedural question about the consequences of failing to reach unanimity for any of the defendants.
- Jury note #8: an inquiry about the documents in a certain manila folder mentioned by defense counsel in closing.

Evident from the notes is the fact that the jury is, as it should, meticulously piecing together the exhibits and testimony as to each defendant individually. Also evident from the notes is the fact that the jury is heeding Instruction #43, which includes the admonition that the jury not reveal its numerical split in any notes to the Court. None of the jury notes have even hinted at vote counts.

In the ninth jury note, the jury indicated that it was at an impasse and requested further instruction. The defendants moved for a mistrial, which the Court properly denied. The government, by contrast, requested an *Allen* instruction accompanied by either a partial verdict instruction or an inquiry from the Court into the nature of the

2

impasse. The Court granted the government's request as to the *Allen* instruction, but rejected the latter part of the government's request. In so doing, however, the Court indicated that a partial verdict instruction, while premature, remained a possibility going forward. The Court thereafter read an agreed-upon *Allen* instruction to the jury.

<u>Legal Authority</u>. The purpose of jury instructions is to provide guidance to the jury for applying the law to the facts. When there is even potential juror confusion about the instructions, it should be addressed with follow-on instructions that clarify the law with "concrete accuracy." *See, e.g.*, *Bollenbach v. United States*, 326 U.S. 607, 612 (1946); *United States v. Martinez-Nava*, 838 F.2d 411, 414 (10th Cir. 1988);

Because Fed. R. Crim. P. 31(b)(1) permits partial verdicts in multi-defendant cases, a standard follow-on instruction that provides such "concrete accuracy" is the Tenth Circuit's Pattern Instruction on partial verdicts:

> (1) You do not have to reach a unanimous agreement on all defendants before returning a verdict on some of the defendants. If you have reached a unanimous agreement as to one or more of the defendants, you may return a verdict on those defendants and then continue deliberating on others. You do not have to do this, but you can if you wish.
> (2) If you do choose to return a partial verdict, that verdict will be final. YOU WILL NOT BE ABLE TO CHANGE YOUR MINDS ABOUT IT LATER ON.
> (3) Your other option is to wait until the end of your deliberations, and return all your verdicts then. The choice is entirely yours.

Pattern Criminal Jury Instructions 1.43 (10th Cir.) (modified to fit the circumstances in this case) (emphasis in original).

Partial verdict instructions are "appropriate" to help the jury "understand their options especially when they have reached a state in their deliberations at which they

3

may well wish to report a partial verdict as to some counts or some defendants," *United States v. DiLapi*, 651 F.2d 140, 147 (2d Cir. 1981), even in the absence of a particularized indication from the jurors that they have unanimous agreement—whether to acquit or to convict—on a subset of defendants, *United States v. Sharp*, 749 F.3d 1267, 1285 (10th Cir. 2014).[1]

Contrary to defense counsel's assertion in the first trial, Pattern Instruction 1.43 is *not* limited to situations in which the jury asks to return a partial verdict. The use notes state, in relevant part: "This instruction should only be given when appropriate, *e.g.*, should the jury ask if it may return a partial verdict." Use Notes, Pattern Criminal Jury Instructions 1.43 (10th Cir.). The abbreviation "*e.g.*" is short for the Latin phrase "exempli gratia," which translates into "for example." By contrast, the abbreviation "*i.e.*" is short for the Latin phrase "id est," which translates into "that is." The distinction is crucial here because the notes use of "*e.g.*" instead "*i.e.*" unequivocally demonstrates that the jury asking if it may return a partial verdict is only *one* example of an "appropriate" time to provide the instruction. The Tenth Circuit's approval of a partial verdict instruction in *Sharp*, where the jury did not inquire about returning a partial verdict, bears that distinction out. *Sharp*, 749 F.3d at 1285.

---

[1] As part of the partial verdict instruction, the Court may also properly give a second Allen instruction. *See United States v. Ailsworth*, 138 F.3d 843, 851-52 (10th Cir. 1998) (no abuse of discretion to give second *Allen* charge when first given before deliberations, second after 4 days of deliberations, returning partial verdict and announcing deadlock, and jury deliberated 2 additional days but still not unanimous on 2 counts); *United States v. Robinson*, 872 F.3d 760, 773 (6th Cir. 2017) (no abuse of discretion to give second Allen charge and "other Allen-charge-like statements" because "[m]ultiple Allen charges are not per se coercive" and "several factors mitigated any coercion from the multiple charges").

4

*Discussion*. The Court should give a partial verdict instruction if the jury sends a note that the *Allen* instruction was insufficient to break the impasse in order to (1) provide the jury with "concrete accuracy" on the law, and (2) alleviate any concerns the jury may have with its ability to render a partial verdict, especially in light of the admonition of Instruction #43 to refrain from revealing its numerical division.

A partial verdict instruction is unquestionably appropriate if the jurors send a note indicating that they are unanimous on some, but not all, of the defendants, see *United States v. Patterson*, 472 F.3d 767, 780-81 (10th Cir. 2006), *judgment vacated on different grounds*, 555 U.S. 1131 (2009); *DiLapi*, 651 F.2d at 147, but the instruction should also be given if the jurors indicate simply that they have failed to break the impasse without saying anything about a partial verdict. In *Sharp*, the Tenth Circuit upheld a very similar approach. There, after four days of deliberations, the jury first inquired about the mail fraud statute's intent requirement and then a few hours later declared itself unable to return a verdict. *Sharp*, 749 F.3d at 1282. The court denied a defense motion for a mistrial and, instead, gave the jury an *Allen* instruction, which included a partial verdict instruction. *Id.* The court explained "that it was not inclined to grant the motion for mistrial at this time because the jurors have not been instructed that they can reach a verdict on some but not all counts." *Id.* (internal quotation marks and alterations omitted). The Tenth Circuit affirmed because "a close examination of the district court's *Allen* instruction indicates that the district court's reference to the possibility of a partial verdict was clearly intended to alleviate any concerns on the part

5

of the jury that they could not return a verdict because they could not agree on all counts." *Id.* at 1285.

Here, as in *Sharp*, in spite of the Court's answers to the jury's questions about the law, the jury nevertheless reported its impasse without having been instructed that the law allows for partial verdicts. Indeed, this case is even more compelling on its facts than *Sharp* in terms of the need for a partial verdict instruction. This jury is plainly considering each defendant's unique circumstances and relationship to the conspiracy—asking questions about defendants who may have signed a contract in 2014 as the last act in furtherance, about instructions that limit the use of certain exhibits against certain defendants, etc.—rather than, as in *Sharp*, the mere construction of a statute. That distinction points to the very real possibility that the jury could be unanimous on whether to acquit or to convict some defendants, but, in light of the unequivocal language in the last sentence of Instruction #43, may also think it would be improper to reveal partial unanimity.

<u>Conclusion</u>. If the jury is unable to break through the impasse and sends another note about their inability to reach a unanimous verdict, the government will ask the Court to provide the partial verdict instruction, whether or not the note is specific about the possibility that the jury may have reached a partial verdict.

Respectfully submitted this 29th day of March 2022.

                              By: /s/ Michael Koenig
                                    Michael T. Koenig
                                    Heather D. Call
                                    Carolyn M. Sweeney
                                    Paul J. Torzilli
                                    Trial Attorneys

Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 202-616-2165
Email: Michael.koenig@usdoj.gov

7