IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **TIMOTHY R. MULRENIN,**
6. **WILLIAM VINCENT KANTOLA,**
7. **JIMMIE LEE LITTLE,**
8. **WILLIAM WADE LOVETTE,**
9. **GARY BRIAN ROBERTS,**
10. **RICKIE PATTERSON BLAKE,**

    Defendants.

## UNITED STATES' MOTION FOR LEAVE TO RESTRICT NOTICE REGARDING DEFENSE WITNESSES (ECF NO. 1186)

The United States of America, through its undersigned counsel, respectfully moves pursuant to District of Colorado Local Criminal Rule 47.1 for leave to restrict at "Level 1" the government's Notice Regarding Defense Witnesses (ECF No. 1186). Because the government can explain the basis for this motion without referring to restricted information, the government incorporates in this filing the information required by D.C.COLO.LCrR 47.1(c)(1)-(5).

## BACKGROUND

The government's Notice Regarding Defense Witnesses provided notice to the Court and the parties that certain individuals on the defendants' witness list are current or former employees of companies that the government has charged, or that the government continues to investigate for their participation in the same antitrust conspiracy, and thus they may have criminal exposure. ECF No. 1186. The notice specifically named individuals, none of whom have been charged or publicly-identified as subjects or targets of the government's ongoing investigation. *Id.*

## LEGAL STANDARD

The public has a right to access judicial records, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), but that right is not absolute. *See U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). Rather, the law creates a presumption that the moving party may rebut. A court may restrict public access "when the public's right of access is outweighed by interests which favor non-disclosure." *Viesti Associates, Inc. v. Pearson Educ., Inc.*, 12-CV-01431-PAB-DW, 2014 WL 12741118, at *2 (D. Colo. Feb. 21, 2014).

To restrict public access under D.C.COLO.LCrR 47.1(c), the moving party must state, among other things, in its brief: the interest to be protected and why such interest outweighs the presumption of public access; a clearly defined and serious injury that would result if the court does not restrict access; and why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question.

2

**ECF NO. 1186**

This motion to restrict is respectfully submitted in order to protect the important privacy interest of persons potentially having criminal exposure but have not been charged with a crime. *See Huddleston v. City of Pueblo, Colorado*, 270 F.R.D. 635, 637 (D. Colo. 2010). ("[P]rivacy interests have been found to be sufficiently compelling to overcome the presumption of openness."). Although the existence of this trial, other trials, and the investigation into criminal activity in the broiler chicken industry is generally known to the public, the individuals listed in the government's notice have not been publicly identified as subjects or targets of the investigation, and therefore their privacy interests should be protected. Thus, the individuals' privacy interest in not being publicly identified as having criminal exposure outweighs the public's right out access. *Viesti Associates*, 2014 WL 12741118, at *2. Further, if ECF No. 1186 is not restricted, the defense witnesses listed on the government's notice may suffer reputational or other harm based on having been identified as individuals with criminal exposure.

The government has taken the least restrictive means necessary to accomplish the important purpose of notifying the Court and the parties of the potential criminal exposure of individuals on the defense witness list; there is no other means of protecting their identities other than restricting access to ECF No. 1186.

**CONCLUSION**

For the foregoing reasons, the Court should grant the government's motion for leave to restrict, and order that ECF No. 1186 remain under Level 1 restriction.

Dated: March 29, 2022

        Respectfully submitted,

        _____/s/_____
        MICHAEL KOENIG
        HEATHER CALL
        CAROLYN SWEENEY
        PAUL TORZILLI
        Antitrust Division
        U.S. Department of Justice
        Washington D.C. 20530
        Tel: (202) 476-0435
        Michael.Koenig@usdoj.gov
        Attorneys for the United States