# EXHIBIT A

| Log # | Exhibit No. | Description | Type of document | Date | Declarant(s) | Statement(s) | Bases of 801(d)(2)(E) admissibility |
|---|---|---|---|---|---|---|---|
| 245 | GX-1890 GX-1891 | Email chain between Robbie Bryant and Tim Stiller on or about 2/3/2017 attaching Excel spreadsheet (PILGRIMS-DOJ-0001384965). | E-mail (and attachment) | 2/3/2017 | Timothy Stiller Robert Bryant | TS: Call in about 30 to discuss KFC that work? RB: ready RB (spreadsheet): 2018 Proposed Supplier Margin $0.2000. | A, E, G, P |
| 101-S | D-925 | Email chain between Fabio Sandri, Bill Lovette, Jason McGuire, and Robert Bryant on or about 8/26/2014 (PILGRIMS-0006848148) | E-mail | 8/26/2014 | William Lovette Jason McGuire Robert Bryant | ***The Court has previously admitted this exhibit into evidence because the statements fall within Fed.R.Evid. 801(d)(2)(E).*** ***Cite: Penn 1 Trial Certified Transcript at 977:7-13.*** | A, P |
| 102-S | N/A | Trial testimony of Pete Suerken. R. Tr. 3/2/2022 at 36:16-37:20. | Trial Testimony | 3/2/2022 (date of testimony) | Roger Austin | In summer of 2014, in Kentucky, Defendant Austin led a presentation of 9 Pilgrim's executives to RSCS including Mr. Suerken. The executives said that Suerken didn't have a choice -- the prices were going to move higher. | A |
| 103-S | N/A | Trial testimony of Pete Suerken. R. Tr. 3/2/2022 at 51:18-19. | Trial Testimony | 3/2/2022 (date of testimony) | Mikell Fries | During contract negotiations in 2014, Defendant Fries told Suerken to keep Fries's, meaning Claxton's price not quite at the top, but above the middle of the range. | A, G |
| 104-S | N/A | Trial testimony of Pete Suerken. R. Tr. 3/2/2022 at 63:19-22, 64:3-15. | Trial Testimony | 3/2/2022 (date of testimony) | Roger Austin | In a meeting in 2014 regarding contract negotiations that occurred at a barbeque restaurant, Austin stated that RSCS could not take chicken volume (i.e., loads) away from Pilgrim's Pride. Austin told Suerken that it wasn't possible, that Suerken couldn't do it. Suerken was going to run KFC out of chicken. Austin knew where all the loads were and that there was no way that I had 20 extra truckloads of chicken. | A, B |
| 105-S | N/A | Trial testimony of Pete Suerken. R. Tr. 3/2/2022 at 67:16-20. | Trial Testimony | 3/2/2022 (date of testimony) | William Lovette | In August or September of 2014, there was a phone call between Lovette, Steve McCormick (head of RSCS), and Suerken. On the call, Lovette explained that that's the price that they had to have and the price was what it was. | A |
| 106-S | N/A | Trial testimony of Pete Suerken. R. Tr. 3/2/2022 at 69:7-16. | Trial Testimony | 3/2/2022 (date of testimony) | William Lovette | In late 2014 (after the call with McCormick), Suerken met Lovette in person in Colorado. Suerken told Lovette that RSCS would remove 20 truckloads of chicken + proposed lower prices. Lovette didn't budge. He told Suerken that he wasn't going to move on price, that it was great to have customers like Chick-fil-A because he could get all his earnings calls with customers like Chick-fil-A because their business was always growing and they would pay whatever it took and the customers like KFC was a dying breed and our restaurants were shrinking and the margin wasn't attractive enough for them to continue to be in that business. | A |
| 107-S | N/A | Trial testimony of Mr. Robert Bryant. C. Tr. 975:18-976:1 | Trial testimony | 11/2/2021 (date of testimony) | Jason McGuire | Mr. McGuire told Mr. Bryant that Pilgrim's was going to look at converting the Natchitoches, Louisiana plant from small bird to big bird, but Mr. McGuire stated that it was not a real thing that Pilgrim's intended to do. Rather, it was designed to put pressure on Defendant Austin to get price increases. | A, B, F, H |
| 108-S | N/A | Trial testimony of Mr. Robert Bryant. Bryant R. Tr. 3/8/2022 at 163:1-164:25. | Trial testimony | 3/8/2022 (date of testimony) | Roger Austin Justin Gay Jimmie Little Scott Tucker | A combination of Messrs Austin, Little, Tucker, and Gay communicated with competitors of Pilgrim's--Tyson, Koch, and Claxton -- for the purpose of together either increasing prices or limiting price decreases. | A |
| 109-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/8/2022 at 168:1-169:13. | Trial testimony | 3/8/2022 (date of testimony) | Roger Austin Robert Bryant Timothy Stiller | In 2017, Tim Stiller, Defendant Austin, and Mr. Bryant used competitors' bid information to make Pilgrim's bid the third-highest. This occurred during a phone call between the three of them. | A, F |
| 110-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/8/2022 at 190:18-191:11. | Trial testimony | 3/8/2022 (date of testimony) | Jason McGuire | In probably late June or early July 2014, Jason McGuire asked Mr. Bryant to help prepare of presentation as a basis to obtain price increases from Pilgrim's customers. Mr. McGuire also stated that once the presentations were completed, they would blitz the customers, first the QSR customers but then all customers. And use two reasons to justify the price increases. | A, F, G, H |
| 111-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/8/2022 at 194:14-195:11. | Trial testimony | 3/8/2022 (date of testimony) | Jason McGuire | Jason McGuire stated to Defendant Austin: I need you to put this out to the industry. | A, G |
| 112-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/8/2022 at 216:13-217:2. | Trial testimony | 3/8/2022 (date of testimony) | Roger Austin | In a meeting with RSCS in the summer of 2014, Defendant Austin stated that the price was the price and he just needed to know how many loads of Pilgrim's chicken RSCS wanted at that price. | A |

| Log # | Exhibit No. | Description | Type of document | Date | Declarant(s) | Statement(s) | Bases of 801(d)(2)(E) admissibility |
|---|---|---|---|---|---|---|---|
| 113-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/8/2022 at 217:24-218:21. | Trial testimony | 3/8/2022 (date of testimony) | Roger Austin | During separate telephone conversations with William Kantola and Defendant Brady, Defendant Austin stated that he told RSCS, that the price is the price and he just needed to know how many loads at that price. After each call, Defendant Austin announced whom he had talked to: Mr. Kantola and Defendant Brady. | A, B, E |
| 114-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/8/2022 at 228:16-22. | Trial testimony | 3/8/2022 (date of testimony) | Jason McGuire | As a follow up to emails [contained in GX-1066] Mr. McGuire in a conversation with Mr. Bryant assured him that Pilgrim's competitors were going along with the price increase. | A, H, I |
| 115-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/8/2022 at 243:8-17. | Trial testimony | 3/8/2022 (date of testimony) | Roger Austin Jason McGuire | Mr. McGuire and Defendant Austin stated to Mr. Bryant that Pilgrim's was the highest-priced supplier to KFC resulting from the 2014 negotiations. | A, H |
| 116-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/8/2022 at 248:23-249:3. | Trial testimony | 3/8/2022 (date of testimony) | Roger Austin William Kantola | When Defendant Austin provided information to Mr. Bryant it typically was information obtained from William Kantola. | A, H |
| 117-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 5:1-11. | Trial testimony | 3/9/2022 (date of testimony) | Timothy Stiller Robert Bryant | In 2017, after Pilgrim's meeting with KFC, Mr. Stiller asked Mr. Bryant if he had received pricing information from Defendant Austin yet. Mr. Bryant responded that he had not received it yet. Mr. Stiller, upset by that response, told Mr. Bryant that he did not know shit adding that he would find out the information for himself. | A, E, G, H |
| 118-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 5:21-6:15. | Trial testimony | 3/9/2022 (date of testimony) | Roger Austin Robert Bryant | In 2017, after a phone call between Mr. Stiller and Mr. Bryant, Mr. Bryant called Defendant Austin. Mr. Bryant relayed to Defendant Austin the Bryant/Stiller conversation. Defendant Austin stated he had a similar conversation and he would make some calls and see what he could find out.

Shortly thereafter, likely within 24 hours, Defendant Austin called Mr. Stiller and provided bid information for Pilgrim's competitors. Defendant Austin added that it was not a big deal and that he had price information going back tot he 1990s. | A, B, E, G, H |
| 119-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 20:4-17. | Trial testimony | 3/9/2022 (date of testimony) | Roger Austin Timothy Stiller | During a call between Defendant Austin and Messers Stiller and Bryant regarding bids to KFC in 2017, Defendant Austin or possibly Mr. Stiller stated that Pilgrim's bid needed to be more middle of the pack compared to their competitors' bids. | A, G |
| 120-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 21:25-22:10. | Trial testimony | 3/9/2022 (date of testimony) | Timothy Stiller | After learning that KFC sought a price concession from Pilgrim's, Mr. Stiller told Mr. Bryant that he had instructed Defendant Austin to tell Pilgrim's competitors that Pilgrim's was going to hold and that Pilgrim's needed to find a new 100 million pound customer to have the option of completely replacing KFC as a customer. | A, B, E, F, G, H |
| 121-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 24:10-26:22. | Trial testimony | 3/9/2022 (date of testimony) | Timothy Stiller | Mr. Stiller told Mr. Bryant that because Mr. Bryant had immunity from prosecution Mr. Bryant needed to own the 2017 KFC contract. | A, R |
| 122-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 30:8-31:11, 32:12-20. | Trial testimony | 3/9/2022 (date of testimony) | Robert Bryant Timothy Stiller | Messrs Bryant and Stiller discussed increasing the price of boneless breast to US Foods including their concern that if they raised the price, Pilgrim's would lose sales. Mr. Bryant stated that Scott Tucker had a prior working relationship with a then-current Mar-Jac employee. Mr. Stiller asked Mr. Bryant to instruct Mr. Tucker to contact the individual at Mar-Jac and see if the Mar-Jac individual would increase price in concert with Pilgrim's. | A, B, E, G, P |
| 123-S | N/A | Trial testimony of Mr. Robert Bryant. Bryant R. Tr. 3/9/2022 at 32:24-33:7. | Trial testimony | 3/9/2022 (date of testimony) | Robert Bryant | Mr. Bryant explained to Mr. Tucker that Pilgrim's needed a price increase from US Foods on boneless breats products and his concern that if Pilgrim's asked for a price increase there was a potential to lose sales. Mr. Bryant asked Mr. Tucker to communicate with his contact at Mar-Jac to determine if Mar-Jac would be willing to increase prices in concert with Pilgrim's. | A, B, E, G |
| 124-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 33:8-19. | Trial testimony | 3/9/2022 (date of testimony) | Scott Tucker | Mr. Tucker told Mr. Bryant, after Mr. Tucker spoke to his Mar-Jac contact, that Mar-Jac agreed to increase prices in concert with Pilgrim's. M. Tucker stated that he understaood Mar-Jac would submit a price increase of similar amount to Pilgrim's price increase. But that Mar-Jac intended to wait a few weeks to communicate the price increase to the customer to avoid the appearance that the competitors were increasing prices in concert. | A, H, L |
| 125-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 34:8-16. | Trial testimony | 3/9/2022 (date of testimony) | Scott Tucker | Mr. Tucker reported to Mr. Bryant that Mar-Jac proposed a price increase to US Foods. | A, H |
| 126-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 41:14-22 42:5-8. | Trial testimony | 3/9/2022 (date of testimony) | Timothy Stiller | After Mr. Stiller sent Mr. Bryant the text message marked as GX-3039, Mr. Stiller called Mr. Bryant to scold Mr. Bryant for putting competitor names in a company email. Mr. Stiller instructed Mr. Bryant to be more strategic when he shared that type of information in the future and that he did not need to be things in writing any longer. | A, B, E, J, R |

| Log # | Exhibit No. | Description | Type of document | Date | Declarant(s) | Statement(s) | Bases of 801(d)(2)(E) admissibility |
|---|---|---|---|---|---|---|---|
| 127-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 127:21-25. | Trial testimony | 3/9/2022 (date of testimony) | Roger Austin | Defendant Austin told Mr. Bryant that Austin and Mr. Pepper shared price information. | A, H |
| 128-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 154:7-17. | Trial testimony | 3/9/2022 (date of testimony) | Scott Tucker | Mr. Tucker told Mr. Bryant that Mar-Jac had agreed to raise its price similar to Pilgrim's price increase but wanted to wait a few weeks to communicate the increase to the customer to avoid the appearance that they were collaborating on prices. | A, H, L |
| 129-S | N/A | Trial testimony of Mr. Robert Bryant. R. Tr. 3/9/2022 at 159:20-160:2. | Trial testimony | 3/9/2022 (date of testimony) | Jason McGuire | Mr. McGuire told Mr. Bryant that Pilgrim's wanted to get the KFC deal done first so Pilgrim's could then use that to try to leverage other negotiations. | A, H |
| 130-S | N/A | Trial Testimony of Mr. Carl Pepper. R. Tr. 3/2/2022 at 243:14-246:5 | Trial testimony | 3/2/2022 (date of testimony) | Jimmie Little Ric Blake Scott Brady | Regarding, a substantial pricing increase for KFC, Mr. Pepper talked to Jimmie Little at Pilgrim's and Scott Brady at Claxton and Ric Blake at George's to see if they had basically if they were looking to also have a substantial pricing increase for the 2015 contract. | A, C, E, F |
| 131-S | N/A | Trial Testimony of Mr. Carl Pepper. R. Tr. 3/2/2022 at 250:10-251:8; 253:2-11; 254:17-255:24. | Trial testimony | 3/2/2022 (date of testimony) | Carl Pepper Jimmie Little | During phone calls in 2014 between Carl Pepper and Jimmie Little, they discussed that upcoming KFC contract and Tyson's substantial price increase they knew they were doing, with Mr. Pepper inquiring whether Pilgrim's Pride considering doing the same. | A, C, E |
| 132-S | N/A | Trial Testimony of Mr. Carl Pepper. R. Tr. 3/2/2022 at 256:5-258:3. | Trial testimony | 3/2/2022 (date of testimony) | Carl Pepper Scott Brady | During the summar of 2014 Mr. Pepper had conversations with Scott Brady at Claxton generally around August 2014. Within those conversations, tjere was discussion of the upcoming KFC contract negotiations and the substantial pricing increase including whether Claxton was pursuing such increases. | A, C, E |
| 133-S | N/A | Trial Testimony of Mr. Carl Pepper. R. Tr. 3/3/2022 at 38:8-40:6 | Trial testimony | 3/3/2022 (date of testimony) | Carl Pepper Timothy Mulrenin | Mr. Mulrenin, Pepper's boss, directed Pepper to talk to some of the people that he knew to see if they were considering the price increase for the KFC 2015 contract. The individuals included Jimmie Little, Ric Blake and Scott Brady. | A, B, D |
| 134-S | N/A | Trial Testimony of Mr. Carl Pepper. R. Tr. 3/3/2022 at 41:6-13; 43:24-44:4; 45:1-7 | Trial testimony | 3/3/2022 (date of testimony) | Timothy Mulrenin | Mr. Mulrenin told Pepper to call the people that he had contact information that he trusted and knew. This included Messers Little, Brady, and Blake. | A, B, E |
| 135-S | N/A | Trial Testimony of Mr. Carl Pepper. R. Tr. 3/3/2022 at 112:7-21. | Trial testimony | 3/3/2022 (date of testimony) | Carl Pepper Ric Blake | Pepper asked Blake if he got the e-mail from Kent Kronauge at Popeye's about the big box promotion for the month of September and were they looking to agree to a discount. Blake told Pepper George's was going to do 2 cents per pound. | A, B, C |
| 136-S | N/A | Trial Testimony of Mr. Carl Pepper. R. Tr. 3/3/2022 at 141:6-144:9. | Trial testimony | 3/3/2022 (date of testimony) | Carl Pepper Ric Blake | In response to Mr. Pepper's question, Defendant Blake confirmed information for George's regarding spreading the discount over two years. | A, B, F |
| 137-S | N/A | Trial Testimony of Mr. Carl Pepper. R. Tr. 3/3/2022 at 194:9-195:6. | Trial testimony | 3/3/2022 (date of testimony) | Carl Pepper Jimmie Little | Mr. Pepper discussed Tyson's future pricing plan with Defendant Little, for Tyson to obtain a substantial price increase from KFC. | A, C, E |
| 138-S | N/A | Trial Testimony of Mr. Carl Pepper. R. Tr. 3/7/2022 at 242:23-243:7 | Trial testimony | 3/7/2022 (date of testimony) | Carl Pepper | Mr. Pepper had conversations with Mr. Blake and Mr. Little in the summer of 2014 about the substantial price increase for KFC. | A, C, E |
| 139-S | N/A | Trial Testimony of Mr. Carl Pepper. R. Tr. 3/7/2022 at 262:12-17. | Trial testimony | 3/7/2022 (date of testimony) | Carl Pepper | Mr. Pepper reported his conversations with Mr. Little regarding the substantial price increase discussions in 2014 to Mr. Mulrenin. | A, C |
| 140-S | GX-10048 | Pilgrim's Pride Corporation Invoice No. 922142205 dated 12/30/2015 (PILGRIMS2-DOJ-0000000001) | Invoice | 12/31/2015 | Pilgrim's Pride Corporation | Net invoiced amount of $1,987.51 for chicken products sold including KFC products. | A, S |
| 141-S | GX-10049 | Pilgrim's Pride Corporation Invoice No. 922147108 dated 12/30/2015 (PILGRIMS2-DOJ-0000000002) | Invoice | 12/31/2015 | Pilgrim's Pride Corporation | Net invoiced amount of $32,411.40 for chicken products sold including KFC products. | A, S |
| 142-S | GX-10050 | Pilgrim's Pride Corporation Invoice No. 922147868 dated 12/30/2015 (PILGRIMS2-DOJ-0000000003) | Invoice | 12/31/2015 | Pilgrim's Pride Corporation | Net invoiced amount of $1,386.65 for chicken products sold including KFC products. | A, S |
| 143-S | GX-10051 | Pilgrim's Pride Corporation Invoice No. 922147876 dated 12/30/2015 (PILGRIMS2-DOJ-0000000004) | Invoice | 12/31/2015 | Pilgrim's Pride Corporation | Net invoiced amount of $1,324.57 for chicken products sold including KFC products. | A, S |
| 144-S | GX-10052 | Pilgrim's Pride Corporation Invoice No. 922148054 dated 12/30/2015 (PILGRIMS2-DOJ-0000000005) | Invoice | 12/31/2015 | Pilgrim's Pride Corporation | Net invoiced amount of $36,666.92 for chicken products sold including KFC products. | A, S |
| 145-S | GX-10053 | Pilgrim's Pride Corporation Invoice No. 922148064 dated 12/30/2015 (PILGRIMS2-DOJ-0000000006) | Invoice | 12/31/2015 | Pilgrim's Pride Corporation | Net invoiced amount of $27,162.56 for chicken products sold including KFC products. | A, S |
| 146-S | GX-10054 | Pilgrim's Pride Corporation Invoice No. 922160015 dated 1/4/2016 (PILGRIMS2-DOJ-0000000007) | Invoice | 1/4/2016 | Pilgrim's Pride Corporation | Net invoiced amount of $26,882.81 for chicken products sold including KFC and Popeye's products. | A, S |