IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAYSON JEFFREY PENN,<br>MIKELL REEVE FRIES,<br>SCOTT JAMES BRADY,<br>ROGER BORN AUSTIN,<br>WILLIAM WADE LOVETTE,<br><br>    Defendants. | Criminal Case No. 20-cr-00152-PAB |

**DEFENDANTS' MOTION FOR AN ORDER SETTING OR EXTENDING DEADLINES FOR NEW EXPERT DISCLOSURES**

Messrs. Penn, Fries, Brady, Austin, and Lovette, by and through their respective counsel, hereby move the Court for an order setting or extending the deadline for Defendants to make new expert disclosures. Defendants respectfully request that the Court set the deadline for them to make new expert disclosures for Wednesday, May 11, 2022 and the deadline for the government to challenge new expert disclosures for Wednesday, May 18, 2022.[1] In support of this motion, Defendants state as follows:

---

[1] This motion is being filed two business days before the notional deadline to make expert disclosures. Strict compliance with Section I.F.2 of the Court's Practice Standards for Criminal Cases, which requires parties to file "[a]ny motion for extension of time . . . no later than three business days before the date the motion, response, reply, or other paper is due," was not practicable given the time required for Defendants to review the government's new exhibits, assess their relevance, and discover their connection to the government's new witnesses, as described in further detail in this filing.

There is good cause for the Court to set or extend the deadline for Defendants to make new expert disclosures. On April 15, 2022, the Court issued an Order Re-Setting Trial Dates and Deadlines. Dkt. 1263. Among other deadlines, the Court set a pre-trial motions deadline for May 9, 2022. *Id.* at 2. The Court did not establish deadlines for the parties to make expert witness disclosures, rebuttal expert witness disclosures, or motions challenging experts in its April 15, 2022 order. However, in a June 8, 2020 Order Setting Trial Dates and Deadlines, the Court ordered the parties to make expert disclosures "no later than seven days before the deadline, *or any extended deadline*, for filing pretrial motions[.]" Dkt. 46 at 1. In that same order, the Court required the parties to file "any challenges to such experts . . . by the pretrial motion filing [deadline]," to make rebuttal expert disclosures by "one week after the deadline for filing pretrial motions," and to file challenges to any rebuttal experts "no later than two weeks after the pretrial motions deadline." *Id.* at 1-2. To the extent the Court intended its order of April 15, 2022 to extend the deadline it initially set for pre-trial motions in its June 8, 2020 order, Defendants believe the applicable deadlines for expert disclosures are as follows:

| Deadline | Event |
| --- | --- |
| May 2, 2022 | Deadline to make expert witness disclosures |
| May 9, 2022 | Deadline to file challenges to expert witnesses |
| May 16, 2022 | Deadline to make rebuttal expert disclosures |
| May 23, 2022 | Deadline to file challenges to rebuttal expert witnesses |

On April 25, 2022, the parties filed their exhibit lists and witness lists for the upcoming trial. Dkt. 1268, 1271, 1273, 1274. In contravention of its representation to the Court that it

2

would streamline its case, the government's exhibit list includes all of the exhibits on its list from the previous trial, as well as 106 previously undisclosed new exhibits. Dkt. 1268 at 1. Similarly, the government's witness list includes all but 1 of the same fact witnesses who appeared on the list it filed at the end of its case-in-chief,[2] as well as 4 new witnesses who did not appear on that list: Mark Glover, Eduardo Noronha, Sheri Garland, and Brandon Campbell. *Compare* Dkt. 1121 *with* Dkt. 1271. The government has never before identified Mr. Glover or Mr. Noronha as potential witnesses. Defendants have no record of the government ever having interviewed either individual.

Defense counsel diligently reviewed the government's previously undisclosed exhibits and witnesses and discovered that the government added a significant number of documents pertaining to Pilgrim's Pride Inc.'s long-term incentive plan ("LTIP"), *e.g.*, GX 10028;[3] Defendants William Lovette's and Jayson Penn's participation in that plan, *e.g.*, GX 10029-GX 10045; and other detailed financial information for Pilgrim's Pride, including what appears to be extensive information about the company's balance sheet, *e.g.*, GX 10028-GX 10045. Defense counsel's research into Mr. Glover reveals that he holds an accounting role at Pilgrim's Pride, *e.g.*, GX 10093, and that the government intends to ask him about Pilgrim's balance sheet and compensation program. Dkt. 1268 at 299 (identifying Glover as the sponsoring witness for GX 10077, which appears to be Pilgrim's' balance sheet); *id.* at 302 (identifying Glover as the

---

[2] The government omitted Joseph Brink from its newest witness list. *Compare* Dkt. 1121, *with* Dkt. 1271.

[3] Defense counsel understand that the government provided flash drives containing its new exhibits to the Court. To the extent the Court does not have access to these exhibits or others cited in this motion, defense counsel can provide those on a flash drive or file them on the docket.

sponsoring witness for GX 10104 and GX 10107, communications about the company's bonus program). While the government did not identify Mr. Noronha as the sponsoring witness for any documents, defense counsel's research revealed that he played a role in setting the benchmarks by which senior executives at Pilgrim's were evaluated (*e.g.*, DX E-693, E-694), and will presumably testify about the incentives those benchmarks created for Defendants Penn and Lovette.[4]

The upshot of the government's decision to add these documents and witnesses at the eleventh hour is that Defendants—especially Mr. Penn and Mr. Lovette—must rebut testimony suggesting that the structure of their compensation plans and Pilgrim's' detailed financial circumstances motivated them to fix prices or rig bids. And because of the technical nature of the evidence that the government now seeks to admit (including balance sheets and detailed company incentive plans), Defendants anticipate the need to call experts on executive compensation and/or accounting to respond to the government witnesses' likely testimony.

Defendants have already contacted potential candidates and are moving quickly to complete retentions and begin the process of analyzing the government's new exhibits. But the short interval between the government's disclosure of these new witnesses and exhibits and the notional expert disclosure deadline—7 days—makes it all but impossible for Defendants to complete that process by May 2. Defendants therefore request that the Court extend the deadlines for Defendants' expert disclosures and challenges to those expert disclosures by 9 days to

---

[4] Defendants reserve their objections to these witnesses's testimony and the aforementioned documentary evidence, but anticipate the need to call expert witnesses to rebut that evidence to the extent the Court admits it.

5

Wednesday, May 11, 2022 and Wednesday, May 18, 2022, respectively. Because that extension is necessary to enable Defendants to retain experts, analyze the government's new exhibits, and prepare expert disclosures, good cause supports Defendants' motion. Defendants contacted the government this evening to seek its position on this motion, but had not yet heard from the government as of filing time.


Respectfully submitted this 28th day of April 2022,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

7

CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Michael F. Tubach*
Michael F. Tubach