# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

v.

1.    JAYSON JEFFREY PENN,
2.    MIKELL REEVE FRIES,
3.    SCOTT JAMES BRADY,
4.    ROGER BORN AUSTIN, and
5.    WILLIAM WADE LOVETTE,

      Defendants.

No. 20-cr-00152-PAB

## DEFENDANTS' JOINT MOTION TO REVISE
## JURY INSTRUCTIONS 18 AND 22

Defendants, by and through undersigned counsel, respectfully submit that the Court should reconsider its ruling at the second trial modifying its "on or about" jury instruction (Instruction No. 15 at the first trial and Instruction No. 18 at the second trial). Instead, Defendants request that the Court return to the Tenth Circuit pattern instruction that it gave at the first trial. Defendants request also that the Court modify Instruction No. 22, the multiple conspiracies instruction, to conform with the revised "on or about" instruction and applicable case law by removing the "narrower conspiracy" language. Defendants' proposed revised instructions are attached as Exhibit A to this filing.

Aside from these two proposed modifications, Defendants respectfully submit that the Court should give the same jury instructions it delivered at the last trial. *See* Doc. 1232.[1]

---

[1] Defendants reassert and preserve all prior objections and reserve the right to propose modifications or additions based on developments at trial. Defendants have also separately sought a modified substantive preliminary instruction. *See* Doc. 1301. Finally, Defendants respectfully submit that the Court should use the same verdict form as at the last two trials.

## BACKGROUND

At the first trial, the Court instructed the jury on the timeframe of the charged offense pursuant to the Tenth Circuit's pattern instruction: "The indictment charges that the crime was committed beginning at least as early as 2012 and continuing through at least early 2019. The government must prove beyond a reasonable doubt that a defendant committed the crime reasonably near those dates." Doc. 921 at 17 (Instruction No. 15); *see* Tenth Circuit Pattern Criminal Jury Instruction 1.18 (2021 ed.). The Court declined to adopt an instruction containing language similar to the content of the instruction at the first trial. *Compare* Doc. 585 at 20 (government proposal before first trial) *with* Doc. 921 at 17 (final Instruction No. 15 at first trial). At the jury charge conference for the first trial, the government conceded that it was "comfortable with [the "on or about" instruction] as written." First Trial Tr. 4570:23-24 (Dec. 7, 2021).

Shortly before the second trial, the government reversed its position. It sought reconsideration of the Court's ruling on this instruction based on a question from the jury related to venue. The jury note asked whether the first sentence of the venue instruction meant that "the conspiracy had to occur throughout th[e] entire timeframe" of "2012 and continuing through at least early 2019." Doc. 923 at 5. The government argued that this question evinced the jury's confusion on the "on or about" instruction and requested the following revision (shown in red):

> The indictment charges that the crime was committed beginning at least as early as 2012 and ~~continuing~~ through at least early 2019. The government must prove beyond a reasonable doubt that a defendant committed the crime reasonably near or within those dates. The conspiracy does not need to exist during the entire time period, as long as it is fully contained within the time period charged—that is, at least as early as 2012 and through at least early 2019.

Doc. 1030-1 at 1.

Defendants opposed this revision on the basis that (1) one jury's question about the venue instruction did not signal that another jury would be confused about the government's burden to prove the single, overarching conspiracy charged in the indictment; and (2) the government erroneously relied on case law relating to variances to argue for an instruction that would diminish its burden of proving the conspiracy as charged in the indictment. Second Trial Tr. 100:8-19, 102:3-103:21, 103:25-104:12, 106:5-107:5 (Mar. 22, 2022). The Court adopted the government's proposed revision over Defendants' objection, finding (1) that the jury in the second trial would likely become confused as to whether the charged conspiracy had to occur throughout the entire time frame charged in the indictment and (2) that the instruction "correctly expresse[d] the law." *Id.* at 107:6-19.[2]

At both the first and second trials, the Court also gave a multiple conspiracies instruction informing the jury that it could convict Defendants if it found that they "joined a narrower conspiracy that is fully contained within the charged conspiracy." Doc. 921 at 24 (Instruction No. 19); Doc. 1232 at 27 (Instruction No. 22). The Court gave this instruction over Defendants' objection that it improperly reduced the government's burden of proving the single, overarching charged conspiracy. *See* First Trial Tr. 4659:10-4663:24, 4675:4-4676:12 (Dec. 7, 2021).

Based on these instructions, at the second trial, the government went on to argue to the jury in closing that notwithstanding the eight-year conspiracy charged in the indictment, "2014 is all the evidence you need" in order "to convict all 10 of these defendants." Second Trial Tr. 177:13-15 (Mar. 22, 2022).

---

[2] Defendants stipulated to venue at the second trial and are working with the government to enter into the same stipulation for the third trial. *See* Second Trial Tr. 127:6-128:19 (Mar. 22, 2022); Doc. 1338 at 4. Any confusion that may have arisen with respect to the venue instruction is therefore no longer an issue.

**ARGUMENT**

The government must prove at trial the crime that the indictment charges. *United States v. Evans*, 970 F.2d 663, 674 n.13 (10th Cir. 1992) (the government "has the power to define the scope of the conspiracy as broadly as it thinks the facts will justify," but if it "fails to prove the conspiracy as charged, it will fail to obtain a conviction"). If the indictment alleges that conduct occurred within certain dates, then the government must prove that the conduct occurred reasonably near those dates. *United States v. Poole*, 929 F.2d 1476, 1482 (10th Cir. 1991); *see also United States v. Lucero*, 601 F.2d 1147, 1150 (10th Cir. 1979) (an "on or about" instruction provides "a reasonable estimate of the date [the] offense was committed").

In this case, the government chose to allege a single, overarching conspiracy "[b]eginning at least as early as 2012 and continuing through at least early 2019." Doc. 101. In order to secure a conviction, the government must therefore prove beyond a reasonable doubt that a conspiracy existed reasonably near those dates. The "on or about" instruction that the Court gave in the first trial was modelled after the Tenth Circuit pattern instruction and correctly expressed the government's burden under the law. The modified instruction that the Court gave in the second trial was erroneous because it allowed the jury to find defendants guilty based on a different conspiracy than the one charged. The law is clear that in cases charging a single, overarching conspiracy, the evidence at trial must prove beyond a reasonable doubt the existence of *the* single conspiracy as charged: "Having chosen to allege that [a defendant] joined a single large conspiracy, that is what the government obligated itself to prove." *Evans*, 970 F.2d at 674. If the government "fails to *prove the conspiracy as charged*, it will fail to obtain a conviction." *Id*. at 674 n.13 (emphasis added). Evidence that shows that a defendant participated in some other, smaller conspiracy, or that fails to connect the defendant to the single overarching conspiracy, is insufficient. *United States v. Carnagie*, 533 F.3d 1231, 1239 (10th Cir. 2008) (the government

4

must prove that defendants "knowingly agreed to participate in a conspiracy of the magnitude alleged in the indictment—not just that they knowingly agreed to participate in *a* conspiracy"); *United States v. Ailsworth*, 138 F.3d 843, 849 (10th Cir. 1998) (evidence showing defendant participated in some smaller conspiracy "did not establish that Defendant was guilty of the broader conspiracy alleged in Count 1").

In light of this law, courts in criminal conspiracy cases instruct juries that they cannot convict a defendant without unanimously agreeing that the charged conspiracy existed throughout the period charged in the indictment. *United States v. Lischewski*, 3:18-cr-203-EMC (N.D. Cal. Dec. 2, 2019) (ECF No. 626) (instructing jury that, to convict defendant, it must unanimously agree "that the charged conspiracy began in or about November 2010 and continued until in or about December 2013," the period charged in the indictment). When, as here, there is a risk that jurors could convict for a different, uncharged conspiracy—including a conspiracy for some shorter period of time—the trial court should instruct the jury "that it must find the defendants not guilty of the Sherman Act count if it concluded 'that the government has failed to prove the existence of the single, continuing conspiracy charged in the indictment.'" *United States v. Mobile Materials, Inc.*, 881 F.2d 866, 875 (10th Cir. 1989) (affirming instruction); *Evans*, 970 F.2d at 675 (jury instructions must adequately convey "that the government ha[s] the burden of proving beyond a reasonable doubt the [single] conspiracy as alleged" (second alteration in original; quotation omitted); *see also Dahl v. Bain Cap. Partners, LLC*, 937 F. Supp. 2d 119, 137 (D. Mass. 2013) (single overarching antitrust conspiracy not established by evidence showing "a kaleidoscope of interactions among an ever-rotating, overlapping cast of Defendants" reacting to external events).

The revised "on or about" instruction the Court gave in the second trial and the "narrower conspiracy" language in the multiple conspiracies instruction upend the Tenth Circuit's Pattern Instruction and the government's burden of proof by instructing the jury that the government could prove *any* conspiracy of *any* duration at *any* point, as long as it falls within the broad conspiracy period in the indictment. Notably, the government seized on this language at the second trial to improperly argue to the jury that it could convict only on conduct related to the KFC 8-piece contract for 2015. Second Trial Tr. 177:13-15 (Mar. 22, 2022).

The government's argument in support of its contention that it need not prove that the conspiracy existed throughout the time period charged in the superseding indictment is not supported by the case law. None of the cases the government cites expressly approves of the narrower conspiracy instructions for which the government has argued. *See* Doc. 1030 at 2-5; First Trial Tr. 4664:3-4665:25 (Dec. 7, 2021). Rather, in the majority of the cases the government relied upon, the central question was whether a variance between the allegations presented in the indictment and the evidence presented at trial warranted reversal because the variance substantially prejudiced defendants. *See Ailsworth*, 138 F.3d at 848-50; *United States v. Portela*, 167 F.3d 687, 699-700 (1st Cir. 1999);[3] *United States v. Heimann*, 705 F.2d 662, 666-67 (2d Cir. 1983); *see also Kotteakos v. United States*, 328 U.S. 750 (1946); *United States v. Consol. Packaging Corp.*, 575 F.2d 117, 128 (7th Cir. 1978). In other words, the cases recognize that proof of a conspiracy of a shorter temporal duration than the one charged in the indictment does not constitute proof of the single conspiracy charged in the indictment. *See Ailsworth*, 138 F.3d at 849 (where "the evidence presented at trial proved facts different from the single

---

[3] The court in *Portela* expressly approved of an instruction informing the jury, "Unless the Government proves the existence of the conspiracy as stated in Count One of the indictment beyond a reasonable doubt, you must acquit the defendants of Count One." *Id.* at 699.

widespread conspiracy alleged," the evidence "did not establish that Defendant was guilty of the broader conspiracy alleged in Count 1"). Such a variance may not always result in substantial prejudice to a defendant and therefore may not warrant reversal of a conviction when evaluated after the fact under the more limited scope of appellate review. However, it is nevertheless a variance. And a court's after-the-fact determination that a variance did not result in substantial prejudice warranting reversal of the conviction does not militate in favor of affirmatively instructing the jury that it could convict if it finds sufficient proof of a conspiracy other than the one charged. *See Heimann*, 705 F.2d at 667 (distinguishing a variance in proof of the timeframe of the charged offense from statements reflecting an "intention on the part of the government to narrow the [offense] charged in the indictment"); *Lischewski*, 3:18-cr-203-EMC (N.D. Cal. Dec. 2, 2019) (ECF No. 626 at 35) (instructing jury that it must find the charged conspiracy existed for the duration charged in the indictment).[4]

The remaining cases the government has relied on are just as inapposite. *In re Urethane Antitrust Litigation*, 2013 WL 3879264 (D. Kan. July 26, 2013), is a civil case. It offers no guidance on the government's burden of proving the allegations in a criminal indictment and a defendant's Fifth and Sixth Amendment rights. And in *Mobile Materials,* the Tenth Circuit simply ruled that the jury was not obligated "to find that every project listed in the bill of particulars supplied by the government was part of the Sherman Act conspiracy described in count 1 of the indictment." 881 F.2d at 874. Critically, the court nevertheless affirmed a jury instruction that "told the jury that it must find the defendants not guilty of the Sherman Act count if it concluded 'that the government has failed to prove the existence of the single, continuing

---

[4] Defendants reserve the right to argue that any variance that may result from the government's evidence at trial results in substantial prejudice to Defendants' rights.

conspiracy charged in the indictment.'" *Id.* at 875. Finally, both *United States v. Beachner Construction Co.*, 729 F.2d 1278 (10th Cir. 1984) and *United States v. Coughlin*, 610 F.3d 89 (D.C. Cir. 2010) are double jeopardy cases. Neither case stands for the proposition that a jury should be instructed that it may convict a defendant if it finds the existence of a conspiracy different from the specific conspiracy charged in the indictment. Here, the government brought a single-count indictment alleging one continuing scheme between 2012 and 2019. That is what the government obligated itself to prove. *Mobile Materials*, 881 F.2d at 875.

The narrower conspiracy instructions also create a notice issue. They force Defendants to defend against a wide-ranging conspiracy at trial while permitting the government to argue to the jury in closing – even as late as its rebuttal closing – that it only needs to prove a much smaller one.[5] In other words, the government can obscure the factual basis on which it will ask the jury to convict Defendants until closing arguments. Under both the Fifth and Sixth Amendments, Defendants are entitled to know the theory of the government's case and the factual basis for the charge against them before trial. *United States v. Dunn*, 841 F.2d 1026, 1030 (10th Cir. 1988); *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995). Indeed, "[p]roviding adequate notice to the defendant is of particular concern in prosecutions involving the somewhat amorphous crime of conspiracy." *United States v. Stoner*, 98 F.3d 527, 533 (10th Cir. 1996),

---

[5] DOJ's vague commitments to "streamline" its case compounds the notice problem. *See, e.g.*, Doc. 1238 at 2; April 14, 2022 Hearing Tr. 10:6-11:17, 21:11-22, 23:17-24:3. Not only are these representations belied by DOJ's efforts to inject new evidence and issues into the third trial, but they are so nonspecific as to require Defendants to prepare to defend against a sprawling government case at the third trial when DOJ may intend to present much more limited evidence.

*adhered to in part on reh'g*, 139 F.3d 1343 (10th Cir. 1998). The "narrower conspiracy" instructions undermine these foundational principles.[6]

## CONCLUSION

The government's improper suggestion in closing that the jury can disregard the broad conspiracy charged in the indictment highlights the extent to which the revised instruction reduces the government's burden of proof. The Court was right to reject this proposed language at the first trial. It should do so again.

Dated: May 23, 2022                    Respectfully submitted,

*s/ John A. Fagg, Jr.*                  *s/ Michael F. Tubach*
John A. Fagg, Jr.                       Michael F. Tubach
MOORE & VAN ALLEN PLLC                  O'MELVENY & MYERS LLP
Attorney for William Wade Lovette       Attorney for Jayson Jeffrey Penn
100 North Tryon Street, Suite 4700      Two Embarcadero Center, 28th Floor
Charlotte, NC 28202                     San Francisco, California 94111-3823
(704) 331-3622                          (415) 984-8700
johnfagg@mvalaw.com                     mtubach@omm.com

*s/ Richard K. Kornfeld*                *s/ Michael S. Feldberg*
Richard K. Kornfeld                     Michael S. Feldberg
RECHT KORNFELD, P.C.                     REICHMAN JORGENSEN LEHMAN &
Attorney for Mikell Reeve Fries         FELDBERG LLP
1600 Stout Street, Suite 1400           Attorney for Roger Born Austin
Denver, CO 80202                        750 Third Avenue, Suite 2400
(303) 573-1900                          New York, NY 10017
rick@rklawpc.com                        (212) 381-1965
                                        mfeldberg@reichmanjorgensen.com

---

[6] Defendants also incorporate and reassert their prior objection that the "narrower conspiracy" language creates a statute of limitations issue by incorrectly suggesting that jury may convict Defendants if it finds that a conspiracy existed only from, for example, 2012 to 2014. First Trial Tr. 4674:4-18 (Dec. 7, 2021) (objecting to similar language in the "multiple conspiracies" instruction). As the Court ruled in the second trial, the jury cannot convict Defendants without finding that a coconspirator performed an act in furtherance of the conspiracy after the applicable statute of limitations dates. Second Trial Tr. 60:3-61:23, 63:7-13 (Mar. 24, 2022). Additionally, it creates a risk that the jury may convict Defendants without unanimity as to the specific conspiracy to which each individual Defendant agreed. The parties would not be aware that the jury reached such a conclusion because the verdict form only asks jurors to find Defendants guilty or not guilty.

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: May 23, 2022

*s/ Michael F. Tubach*

Michael F. Tubach