THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN, and
8. WILLIAM WADE LOVETTE,

     Defendants.

---

**ORDER**

---

This matter is before the Court on the defendants' motions *in limine*.  Docket

Nos. 1301, 1303, 1304, 1308, 1309, 1310, 1312, 1313, 1315, and 1317.  The

government responded.  Docket Nos. 1332.  The Court addresses each motion in turn.

**I.  Motion 1 – Defendants' Renewed Joint Motion for a Preliminary Jury Instruction [Docket No. 1301]**

Defendants ask the Court to provide a substantive preliminary jury instruction.

Docket No. 1301.  The government opposes the motion.  Docket No. 1332 at 1-4.

Defendants moved the Court for an extensive preliminary jury instruction before the first

and second trials.  Docket Nos. 520, 988.  The Court declined to give the instruction

defendants proposed, but instead gave a preliminary instruction on the elements of the

offense.  *See* Certified Transcript, Oct. 26, 2021, 57:13-63:15; Docket No. 1023-1.

1

Defendants argue that the confusion a juror expressed shortly after the start of the second trial warrants reconsideration of the Court's earlier rulings.  Docket No. 1301 at 6.  The Court rejects this argument, once again finding that its preliminary instruction from the first and second trial is appropriate.  The Court has attached to this order a copy of the preliminary jury instruction it intends to give at the third trial.  If any attorney names need to be changed, the parties shall notify the Court at the trial preparation conference.  Only those attorneys who will have speaking roles in front of the jury should be included in the preliminary jury instruction.  Defendants' motion is denied.

## II.  Defendants' Motion in Limine 2: Joint Motion to Exclude New Evidence from the Third Trial [Docket No. 1308]

Defendants move to exclude new evidence from the third trial, arguing that it is unfair to defendants to permit the government to constantly add new evidence after each mistrial.  Docket No. 1308 at 3-5.  Defendants additionally argue that, because retrial operates as a continuation of the first trial for the purposes of double jeopardy, the government should not be able to include additional evidence.  *Id.* at 6-7.  The government opposes the motion.  Docket No. 1332 at 4-7.

None of the cases cited by defendants present persuasive reasoning to preclude the government from presenting new evidence in this retrial.  The Court finds no prejudice in permitting the government to do so and will deny defendants' motion.  *See United States v. Brantley*, 215 F.3d 1330 (Table) (7th Cir. Apr. 14, 2000) (rejecting argument that government could not present new witnesses or evidence at retrial).

### III.  Defendants' Motion in Limine 3: To Exclude "Summary" Exhibits [Docket No. 1304].

Defendants move to exclude the government's thirteen summary exhibits. Docket No. 1304.  The government opposes the motion.   Docket No. 1332 at 7-11. The government's summary exhibits were the subject of extensive argument and briefing in the first and second trials, with the Court making numerous written and oral rulings.  *See, e.g.*, Docket Nos. 741, 781; Unofficial Transcript, Feb. 24, 2022 at 225; *id.*, Feb. 28, 2022 at 284-93; *id.*, Mar. 3, 2022 at 6-7.  Defendants argue that "[t]he current versions of the summary exhibits are vastly different from those previously admitted by this Court."  Docket No. 1304 at 2.  The Court has indicated to the parties that it intends to address the summary exhibits at the Trial Preparation Conference, *see* Docket No. 1335 at 2, and accordingly reserves ruling on this motion.

### IV.  Defendants' Motion in Limine 4: To Exclude Evidence of Separate Conspiracy Under Federal Rules of Evidence 402, 802, and 403 [Docket No. 1303]

Defendants move to exclude evidence regarding the pricing of boneless chicken breast to U.S. Foods.  Docket No. 1303 at 1.  The government opposes the motion. Docket No. 1332 at 12-13.  Defendants moved to exclude this evidence at both the first and second trial.  *See* Docket No. 1303 at 2-3 (providing background on defendants' objections).  As defendants acknowledge, at the second trial "the Court overruled objections as to relevance, unfair prejudice, improper 404(b) evidence, and constructive amendment to the indictment."  *Id.* at 3.  Defendants argue, however, that Mr. Bryant's testimony showed that this evidence was related to a separate conspiracy, and not the one charged in the indictment, and thus reconsideration is warranted.  *Id.*

A district court may reconsider its previous rulings in criminal cases. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Grounds warranting a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion for reconsideration is not an appropriate means to revisit issues already addressed or to advance arguments or evidence that could have been raised in prior briefing. *Id*.

Mr. Bryant described conversations with co-conspirators Tim Stiller and Scott Tucker about the need to increase pricing on the Pilgrim's boneless breast to U.S. Foods. Unofficial Transcript, March 9, 2022 at 31. Mr. Stiller asked Mr. Bryant to get Mr. Tucker to contact a person he knew at Mar-Jac Poultry ("Mar-Jac"), another chicken supplier, to see if Mar-Jac would be willing to increase prices with Pilgrim's. *Id.* Mr. Tucker reached out to Mar-Jac and informed Mr. Bryant that Mar-Jac would be willing to increase prices with Pilgrim's but would wait a few weeks after Pilgrim's submitted its price increase. *Id.* at 33.

Defendants argue that Mr. Bryant's testimony that this episode "didn't have to do with anyone in this courtroom at all except [him]" means that it was part of a separate conspiracy. Docket No. 1303 at 4. The Court disagrees. As the Court has already found, this evidence is within the scope of the charged conspiracy. Mr. Bryant's acknowledgement that he was working with Mr. Stiller, Mr. Tucker, and Mar-Jac for this particular price increase, and not with any of the defendants, does not mean that the evidence involves a separate conspiracy. The Court has already rejected arguments

4

that the government's evidence showed only multiple conspiracies and not the overarching conspiracy charged in the indictment. *See* Docket No. 932 at 19-20 (rejecting Mr. Kantola's argument that there was a variance from the indictment because the government proved, at most, multiple conspiracies). The motion does not meet the standard for reconsideration, and the Court will deny it.

## V.  Motion 5 – Defendants' Joint Motion in Limine to Exclude Specific Exhibits and Testimony Related to Pilgrim's Executive's Compensation and Bonus Plan [Docket No. 1315]

Defendants move to exclude twenty-three new exhibits consisting of "(1) actual compensation for Messrs. Penn and Lovette; (2) Pilgrim's short- and long-term compensation programs; and (3) e-mails soliciting feedback for Pilgrim's employee bonuses" as irrelevant and unfairly prejudicial. Docket No. 1315 at 1-2. The government responds that it is aware of the Court's prior rulings on compensation and that "[a]ny evidence, testimony or exhibits, that the government introduces at trial will be focused on how the Defendants, or the corporations for which they worked, would benefit from the higher chicken prices that were the object and aim of the charged conspiracy." Docket No. 1332 at 14-15.

The Court will not go through each of the new exhibits without exhibit-specific briefing from the government. Instead, the Court will address these exhibits at the May 25, 2022 Trial Preparation Conference.

## VI.  Defendants' Motion in Limine 6: Joint Motion to Exclude Government Exhibits [Docket No. 1309]

Defendants move to exclude government exhibits 433-451, 1056, 3037, and 6198, each of which was introduced during the second trial. Docket No. 1309 at 1.

Defendants argue that they are irrelevant and, in the event the Court finds relevance, any probative value is substantially outweighed by the risk of unfair prejudice. *Id.*

With respect to GX-433 to GX-451, defendants further argue that, "[w]hile it may have been reasonable to admit these exhibits into evidence in the first trial, before the government's evidence was fully known, the experience of two jury trials makes clear that these exhibits, offered without a witness, serve no purpose aside from making Mr. Penn and Mr. Lovette look bad, misleading the jury, and forcing Defendants to present evidence in their case of Golden Corral's prior breach of contract." *Id.* at 5.

GX-433 to GX-447 are contained in *James* log Entry 177, which the Court found was made during and in furtherance of the conspiracy. Docket No. 559 at 35. GX-448 and GX-451 are contained in *James* log Entry 186, and GX-449 in Entry 188, both of which the Court found were made during and in furtherance of the conspiracy. *Id.* at 36. GX-450 was not on the *James* log, but the Court found it admissible for the non-hearsay purpose of effect on the listener. *See* Docket No. 1031-1 at 19. The Court additionally ordered that the government introduce GX-9707 and GX-9708 at the same time as GX-449, GX-450, and GX-451 under the rule of completeness. *Id.* at 139.

Defendants' motion is not written as a motion to reconsider, but, given that the Court admitted these exhibits at the first and second trials, the Court considers it to be one.[1] The relevance of exhibits that are statements made during and in furtherance of the conspiracy is clear, and the probative value is not substantially outweighed by the risk of unfair prejudice. The Court will deny the motion with respect to GX-433 to GX-

---

[1] As noted above, grounds warranting a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Christy*, 739 F.3d at 539 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

449, and GX-451.  The Court additionally finds that GX-450 is relevant and admissible under Rule 403 and will deny the motion with respect to it.

Defendants also move to exclude GX-1056, an email exchange on August 7, 2014 between Mr. McGuire and Mr. Penn.  Docket No. 1309 at 7.  Defendants argue that the exhibit is irrelevant and misleading.  *Id.*  GX-1056 is contained in *James* log Entry 106, which the Court found was made during and in furtherance of the conspiracy. Docket No. 559 at 29.  The Court found GX-1056 admissible at the first and second trials, though it required that E-873 and E-874 be introduced at the same time under the rule of completeness.  Docket No. 1031-1 at 61.  The Court considers this a motion for reconsideration and rejects it.  The exhibit is relevant and the probative value is not substantially outweighed by the risk of unfair prejudice.

Defendants lastly move to exclude GX-3037 and GX-6198, emails about a call Brenda Ray received from a "friendly competitor" about Pilgrim's taking contract pricing up.  Docket No. 1309 at 9-12.  GX-3037 is contained in *James* log Entry 14 and GX-6198 in Entry 13, both of which the Court found were made during and in furtherance of the conspiracy.  Docket No. 559 at 21.  The Court additionally imposed a limiting instruction on Ms. Ray's email (the bottom email in GX-3037) and the entirety of GX-6198, namely, that they could be considered to prove the existence of the conspiracy, but not to prove whether any defendant was a member of that conspiracy.  Docket No. 1031-1 at 113, 116.  Defendants argue that Ms. Ray's testimony that the emails concern the halal market in the northeast demonstrate that the exhibits are not relevant and do not meet Rule 801(d)(2)(E).  Docket No. 1309 at 9-12.  Ms. Ray testified at the first trial that this discussion concerned the northeast halal market.  Certified Transcript, Dec. 6,

2021, 4348:15-20.  Nevertheless, the Court found GX-3037 and GX-6198 admissible at the second trial.  *See* Docket No. 1031-1 at 113, 116.  Defendants fail to show an intervening change in law, new evidence previously unavailable, or clear error.  The Court will deny the motion.

## VII.  Motions 7 and 8 – Defendants' Joint Motion to Exclude New Exhibits That Contain Hearsay and are Irrelevant and Unfairly Prejudicial [Docket No. 1317]

Defendants move the Court to exclude GX-10075, 10103, 10106, 10108-10100, 10067, 10072, and GX 10058-10064.[2]  Docket No. 1317.  The government opposes the motion to the extent it is directed at GX-10075, 10103, 10106, 10108-10100, 10067, 10072, *see* Docket No. 1332 at 17-20, but states that it does not intend to introduce GX-10058-10064, thus rendering Motion 8 moot.  *Id.* at 20.  The government's exhibit list indicates that the government will seek to introduce these exhibits with a testifying witness.  *See, e.g.*, Docket No. 1322 at 303.  The Court will evaluate these exhibits in context at trial to determine their admissibility, and accordingly will reserve ruling on Motion 7 at this time.  The Court will deny Motion 8 as moot.

## VIII.  Motion 9 – Defendants' Joint Motion *in Limine* to Exclude GX-3025 and GX-3038 [Docket No. 1310]

Defendants move to exclude GX-3025 and GX-3038 as irrelevant and inadmissible under Rule 403.  Docket No. 1310 at 1.  The government opposes the motion.  Docket No. 1332 at 15-17.  The government states that it does not seek to admit GX-3038, *see id.* at 16, and accordingly the Court will deny that portion of the motion as moot.  GX-3025 was contained within *James* log Entry 65, which the Court

---

[2] Defendants' motion is titled as two motions *in limine*, motions seven and eight.  *See* Docket No. 1317 at 1.  The motion is not broken out as such but the Court construes Section A to be "Motion 7" and Section B to be "Motion 8."

found was made during and in furtherance of the conspiracy.  Docket No. 559 at 26.

The Court found GX-3025 admissible at both previous trials.  Docket No. 1031-1 at 112.

Defendants argue that reconsideration is warranted based on "[u]ncontroverted

evidence presented by" the defendants.  Docket No. 1310 at 2.  The Court disagrees.

The Court finds GX-3025 relevant and admissible and will deny the motion.

**IX.   Motion 10 – William Lovette's Motion *in Limine* to Exclude his Employment Agreement [Docket No. 1312]**

Mr. Lovette moves the Court to exclude GX-10045, his employment agreement

for the years 2011-2013.  Docket No. 1312.  GX-10045 is a version of GX-9168 that the

government states has "larger font and [is] easier to read."  Docket No. 1332 at 21 n.20.

Before the first trial, the Court ruled that references to Mr. Lovette's "yearly

compensation, wealth, or lifestyle" were inadmissible, but "evidence of how [he] would

benefit from higher chicken prices is relevant to motive for the alleged price fixing

conspiracy and will be admitted."  Docket No. 603 at 5.  At the second trial, the

government moved for the admission of GX-9168, arguing that the information on it

showing the receipt of stock shares provided an incentive to fix prices.  Unofficial

Transcript, Feb. 24, 2022 at 205.  The Court found that the evidence of a one-time stock

grant without any information on Mr. Lovette's further ownership of the shares was not

relevant and excluded GX-9168.  *Id.* at 206.

The government's response to Mr. Lovette's motion includes a redacted version

of GX-10045.  *See* Docket No. 1332-2.  As redacted, the government has eliminated

references to absolute amounts of compensation and has retained only information

about how Mr. Lovette's bonus would increase as Pilgrim's EBITDA increased.  *See id*.

This evidence is relevant and not unfairly prejudicial.  The Court will deny Mr. Lovette's

motion to the extent the government only seeks to admit the redacted version of GX-10045 provided to the Court.

**X.  Motion 11 – William Lovette's Motion *in Limine* to Exclude GX 803 [Docket No. 1313].**

Mr. Lovette argues that the Court should exclude GX-803.  Docket No. 1313. GX-803 is an exchange between Mr. Lovette and Joe Grendys of Koch Foods ("Koch"), a Pilgrim's competitor, regarding Sysco payment terms.  The government opposes the motion.  Docket No. 1332 at 23-25.  Mr. Lovette previously moved to exclude GX-803, arguing that it was irrelevant and any potential relevance was substantially outweighed by the risk of unfair prejudice.  Docket No. 990 at 1-2.  The Court denied the motion. Docket No. 1069 at 6-7.  Mr. Lovette now argues that Mr. Bryant's testimony at the second trial shows that the conspiracy was limited to the quick-service restaurant ("QSR") business segment, which was different from the segment Sysco was in. Docket No. 1313 at 5-6.  Because Mr. Lovette has previously moved to exclude this exhibit on relevancy grounds, the Court considers this to be a motion for reconsideration.  The indictment charges an overarching price-fixing conspiracy, and the Court disagrees that Mr. Bryant's testimony regarding the QSR segment limited the scope of the indictment.  Mr. Lovette has not met the standard for reconsideration and the Court will deny the motion.

**XI.  Conclusion**

For the foregoing reasons, it is

**ORDERED** that Motion 1 – Defendants' Renewed Joint Motion for a Preliminary Jury Instruction [Docket No. 1301] is **DENIED**.  It is further

**ORDERED** that Defendants' Motion in Limine 2: Joint Motion to Exclude New Evidence from the Third Trial [Docket No. 1308] is **DENIED**.  It is further

**ORDERED** that Defendants' Motion in Limine 3: To Exclude "Summary" Exhibits [Docket No. 1304] is **RESERVED**, to be ruled on at the May 25, 2022 Trial Preparation Conference.  It is further

**ORDERED** that Defendants' Motion in Limine 4: To Exclude Evidence of Separate Conspiracy under Federal Rules of Evidence 402, 802, and 403 [Docket No. 1303] is **DENIED**.  It is further

**ORDERED** that Motion 5 – Defendants' Joint Motion in Limine to Exclude Specific Exhibits and Testimony Related to Pilgrim's Executive's Compensation and Bonus Plan [Docket No. 1315] is **RESERVED**, to be ruled on at the May 25, 2022 Trial Preparation Conference.  It is further

**ORDERED** that Defendants' Motion in Limine 6: Joint Motion to Exclude Government Exhibits [Docket No. 1309] is **DENIED**.  It is further

**ORDERED** that Motions 7 and 8 – Defendants' Joint Motion to Exclude New Exhibits That Contain Hearsay and Are Irrelevant and Unfairly Prejudicial [Docket No. 1317] is **RESERVED in part** with respect to GX-10075, 10103, 10106, 10108-10100, 10067, and 10072 and **DENIED as moot in part** with respect to GX-10058 to GX-10064.  It is further

**ORDERED** that Motion 9 – Defendants' Joint Motion *in Limine* to Exclude GX-3025 and GX-3038 [Docket No. 1310] is **DENIED in part** and **DENIED as moot in part**. It is further

**ORDERED** that Motion 10 – William Lovette's Motion *in Limine* to Exclude his

Employment Agreement [Docket No. 1312] is **DENIED**.  It is further

**ORDERED** that Motion 11 – William Lovette's Motion *in Limine* to Exclude GX

803 [Docket No. 1313] is **DENIED**.


DATED May 24, 2022.

                                             BY THE COURT:


                                             _s/ Philip A. Brimmer_____
                                             PHILIP A. BRIMMER
                                             Chief United States District Judge