IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **WILLIAM WADE LOVETTE,**

      Defendants.

## UNITED STATES' TRIAL BRIEF[1]

The government respectfully submits this trial brief.

**I. Any Mention of Prior Trials or the Dismissal of Prior Defendants Is Prohibited.**

The Court should apply the same rationale it has used regarding the existence of prior trials and the dismissal of charges to prohibit references to the dismissals of former Defendants.

The Court has already ruled unequivocally that the parties are to avoid any mention of the prior trial:

> [I]t is irrelevant and potentially prejudicial to have the jury know that there was a hung jury. It's just irrelevant. There could have been lots of reasons for that. And, in fact, I am sure there were lots of reasons for that. We know

---

[1] The government reasserts the points and arguments made in trial briefs submitted ahead of the first two trials in this case. (Docket Nos. 670, 1056.)

> the splits, but we don't really know anything else about why particular jurors voted the way that they did, so anyway, it won't be – that's what we should try to do.

(2/10/22 R. Tr. at 135:10-17.)  The Court gave guidance implementing this ruling:

> I am going to rule that you need to inform your witnesses, and you need to be careful, you need to refer to that not as the previous trial, not that there was a mistrial.  That's in particular something that's absolutely -- we should not get that information in front of the jury.  So my suggestion is that we should try to refer to previous testimony as previous testimony, not -- I would say not in a proceeding. . . .  And a jury may think that other proceedings refer to other cases, so that may not be so good.  But I think that maybe other hearings or just previous testimony, previous testimony in this case, I don't think the jury is going to equate that with there is a previous trial.  So that's what I would suggest.  And you'll have to really be careful with your witnesses.

(*Id.* at 134:8-24).  The Court also ruled that although witnesses could be impeached as having given previous testimony under oath, mentions of that previous testimony being given before a jury would have a "distinct [] prejudicial effect" and would not be permitted. (*Id.* at 136:12-20.)

The Court dealt with a similar issue in connection with the dismissal of an obstruction of justice charge against then-Defendant Little in the first trial.  (*See* Docket No. 828 (dismissing Count 3 of the Superseding Indictment as to then-Defendant Little).)  As the Court and Little's counsel acknowledged, speculation as to the reasons for that dismissal by the jury would be inappropriate.  (Cert Tr. at 2894:2-2895:23, 3917:21-3918:12 (adopting the Ninth Circuit's Model Criminal Jury Instruction No. 2.14).)  Because the jury was already aware of the count, guidance from the Court to the jury on the issue was necessary and given: "[A]t the beginning of the trial, I described to you that Mr. Little . . . was charged with obstruction of justice.  For reasons

that do not concern you, the obstruction of justice charge against Mr. Little is no longer before you. Do not speculate about why that charge is no longer part of this trial." (*Id.* at 4137:25-4138:6.) Despite the Court's efforts, defense counsel nonetheless invited speculation by the jury about the dismissed count.[2] The Court also instructed the jury that the dismissal of the charge was irrelevant and prejudicial to the consideration of the guilt of the remaining five defendants. (*See* Cert. Tr. at 4137:25-4138:6.)

These rulings apply with equal, if not greater, force to the dismissals of prior defendants. *See Jamison v. Grier*, 2002 WL 100642, at *18 (S.D.N.Y. Jan. 25, 2002) (citing pattern instruction that jurors "should not speculate as to" why a defendant was dismissed); *United States v. Falu-Gonzalez*, 205 F.3d 436, 444 (1st Cir. 2000) (approving similar instruction for co-defendants who pled guilty). These dismissals are irrelevant, prejudicial, and any mention of them should be prohibited. The government respectfully requests that the Court prohibit mentions of prior trials and dismissed charges at this third trial.

---

[2] Little's counsel: "[T]he Court has instructed you that the obstruction count against Mr. Little is no longer before you and you are not to speculate why. And I am not asking to speculate, but in the government's opening statement Mr. Koenig said there will be evidence presented at trial that Mr. Little lied to federal agents by denying that he talked to other suppliers and he lied about having phone calls with competitors and he obstructed justice. At trial you heard no evidence of any of that, no evidence of any lies, no evidence of any obstruction of justice. This is just another example of the government breaking their promise to you, promising things that they didn't prove at trial that they didn't even try. So what's going on here? What's this all about? Why is Mr. Little even sitting here? Why is he charged with this crime? The government just got it wrong." (Cert. Tr. at 5036:9-21.) Little asked the jury to do exactly what he said he was not asking it do: speculate that Count 3 was dismissed because the government "got it wrong" and that other counts were similarly suspect.

3

### II.  Details of the Government's Investigation Are Only Relevant to the Extent They Call into Question the Strength of the Evidence Before the Jury.

In the prior trials, defense counsel on numerous occasions made irrelevant and prejudicial inquiries into the quality and scope of the government's investigation.  For instance, Defendant Penn's counsel argued to the jury that "if [the] government can't be bothered" to determine which conference Defendant Lovette spoke at, "you shouldn't be bothered either."  (Cert. Tr. at 4872:16-18.)  Similarly, Defendant Fries's counsel argued that the government's case "is not based on a thorough investigation" because "no one at the Department of Justice ever asked knowledgeable industry witnesses . . . to teach them about how the industry actually works."  (3/23/22 R. Tr. at 5:24-6:5.)  Diversions like these should be prohibited.

The facts surrounding the government's investigation are only relevant if the alleged "'bias or quality of the investigation' bears on 'the reliability of particular evidence.'"  *United States v. Tao*, No. 19-20052-JAR, 2022 WL 252019, at *15 (D. Kan. Jan. 27, 2022) (citing *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998)).  Put another way, there must be "a connection between the quality of the investigation and the reliability of specific evidence produced by the investigation."  *Id.*  Else, "to [] allow[] [defendant] to put the government on trial because there might have been something more the government perhaps could have done with respect to [its investigation] would inevitably divert the jury attention from the issues of the trial."  *McVeigh*, 153 F.3d at 1192.  Defense counsel's inquiries in the past two trials had no connection to the reliability of evidence at trial and were thus inappropriate.  The inquiry properly before the jury "is whether the accused is guilty or not guilty.  The jury is not

4

asked to render judgment about non-parties, nor is it normally asked to render a verdict on the government's investigation." *McVeigh*, 153 F.3d at 1192. The five remaining defendants are on trial, not the government's investigation.

### III.   Evidence of Instances of Good Character by Defendants Is Irrelevant.

Character evidence is admissible only in the form of reputation and not in the form of a recitation of good or bad acts. *See Michelson v. United States*, 335 U.S. 469, 477 (1948); Fed. R. Evid. 405(a). The Court should exclude evidence of specific good acts during trial. Such testimony is: (1) irrelevant to the charges in the indictment; (2) improper bolstering; and (3) risks confusing the jury.

As an example of inappropriate character evidence, during the testimony of Bruce Bagshaw, the defense attempted to introduce evidence of and elicit testimony about Defendant Austin's specific awards from franchisees as a basis for his community reputation. (3/16/22 R. Tr. at 136:19-137:18). The Court excluded such testimony, noting "[Bagshaw] can testify as to the reputation in the community, his personal opinion, but him describing the nature of the award seems like a specific incident." (*Id.* at 137:19-138:9). Indeed, whether Austin received achievement awards during his career is irrelevant to the question of whether Austin "entered into and engaged in a continuing combination and conspiracy to suppress and eliminate competition by rigging bids and fixing prices and other price-related terms for broiler chicken products sold in the United States." (Docket No. 101 at 2.) Because such testimony about Austin's awards is irrelevant to the charges contained in the indictment, it, and other specific acts evidence, should continue to be excluded.

5

### IV. It Would Be Unfairly Prejudicial for Defendants to Describe Mr. Bryant's Unrelated Conduct as "Misconduct."

Consistent with the Court's prior rulings, Defendants should be barred from again using the word "misconduct" during Robert Bryant's cross-examination. During the second trial, Defendants repeatedly asked Mr. Bryant about "misconduct"—undisputedly unrelated to this case—parts of which he did not disclose to government agents. (*See, e.g.*, 3/9/22 R. Tr. at 103:9, 103:12, 103:17.) But using the word "misconduct" was, as the Court later held, "wrong." (*Id.* at 55:16-17.) Use of the word also disregarded the Court's prior rulings in both trials. Specifically, the Court had barred questioning on Mr. Bryant's unrelated conduct—which were not "convictions or anything of that nature"—as irrelevant, "prejudicial," and "unnecessary." (*E.g.*, 2/10/22 R. Tr. at 131:11-132:10.)

Given these rulings, "the balance that was struck" was the following: Defendants could only ask Mr. Bryant "whether he had, in fact, lied to the agents" by initially mischaracterizing the unrelated conduct. (*Id.* at 131:21-132:4.) No "additional detail" would be appropriate. (*Id.* at 132:8.) Thus, after a colloquy on how Defendants had "specifically describe[d] the conduct as misconduct," the Court resolved that "we are not going to do it again." (3/10/22 R. Tr. at 55:10-17.)

Accordingly, the government will object if Defendants again call Bryant's unrelated conduct "misconduct" in front of the jury.

### V. No Objections to Unchanged Summary Exhibits Should be Permitted During Trial.

The Court should bar objections to unchanged summary exhibits during this trial. In the first two trials, Defendants often relitigated the government's summary exhibits

6

despite myriad pretrial rulings admitting the summaries.  (*See, e.g.*, Docket Nos. 741 (largely admitting the summary exhibits), 781 (admitting new summaries), 1128 (denying Defendants' supplemental motion that the summaries be treated as demonstratives for argument).)  This wasted time and disrupted the presentation of evidence, including by influencing the government's ability to effectively present its case to the jury.  *See* Fed. R. Evid. 403; *Wallace v. Kmart Corp.*, 821 F. Supp. 2d 763, 769 (D.V.I. 2011) ("admonish[ing] defense counsel for making needless objections that were unnecessarily interrupting the flow of the trial").  As the Court has reiterated, "again, the summaries are justified on the grounds that they are summarizing voluminous information."  (3/7/22 R. Tr. at 9:6-7; *accord* 5/25/22 R. Tr. at 84:19-24.)

      As the government stated in its Notice of Summary Charts and Request for Deadline (Docket No. 1270), the only changes it will make during trial will be to include limiting instructions where ordered or to otherwise comply with the Court's instructions.  Defendants should not be permitted to re-litigate the admissibility of the summary exhibits throughout trial.

Dated: May 27, 2022                Respectfully submitted,

/s/ Aidan D. McCarthy
KEVIN B. HART
LESLIE A. WULFF
PAUL J. TORZILLI
DANIEL A. LOVELAND, JR.
MATTHEW CHOU
AIDAN D. MCCARTHY
KAITLYN E. BARRY
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 549-6183
Email: aidan.mccarthy@usdoj.gov
*Attorneys for the United States*