| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 50 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the May 25, 2022 Trial Preparation Conference ("TPC"), the Court reserved ruling on objections related to zime zone and origination information and overruled all other objections. |
| GX 51 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the TPC, the Court reserved ruling related to time zone and origination information and overruled all other objections. |
| GX 52 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the TPC, the Court reserved ruling related to time zone and origination information and overruled all other objections. |
| GX 53 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the TPC, the Court ordered the government to remove GX-1700 and GX-1713, reserved ruling related to time zone and origination information, and overruled all other objections. |
| GX 54 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 55 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | The government withdrew this exhibit at the TPC. |
| GX 56 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the TPC, the Court reserved ruling related to time zone and origination information and overruled all other objections. |
| GX 57 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the TPC, the Court reserved ruling related to time zone and origination information and overruled all other objections. |
| GX 58 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the TPC, the Court ordered the government to remove references to Greeley and Rogers, reserved ruling related to time zone and origination information, and overruled all other objections. |
| GX 59 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the TPC, the Court reserved ruling related to time zone and origination information and overruled all other objections. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 60 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the TPC, the Court ordered the government to remove GX-9672 and GX-1030, reserved ruling related to time zone and origination information, and overruled all other objections. |
| GX 61 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the TPC, the Court reserved ruling related to time zone and origination information and overruled all other objections. |
| GX 62 | Summary Exhibit | N/A | N/A | N/A | N/A | **Foundation:** These exhibits cannot be introduced without a sponsoring witness because Defendants must have an opportunity to cross-examine the preparer. *United States v. Renteria*, 720 F.3d 1245, 1253 (10th Cir. 2013)<br><br>Defendants' objections to the content of summary exhibits are raised in a separate filing. | At the TPC, the Court reserved ruling related to time zone and origination information and overruled all other objections. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 108 | Email chain between Jimmie Little, Dean Bradley, Sarah Knust, and Grace Pope on or about 05/31/2013 (PILGRIMS-DOJ-0000174707). | Hearsay. First Trial Tr. 3023:5 - 3024:25 (Nov. 5, 2021). Statements do not satisfy 801(d)(2)(E). (Doc. 395-1, p.106-108). [1] Standing authenticity objection to emails from Pilgrim's server. First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). | Admitted without a witness only against Little. Statements of Bradley admitted not for the truth of the matter asserted, but effect on listener. First Trial Tr. 3023:5 - 3024:25 (Nov. 15, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - This exhibit should be subject to the same limiting instruction issued at the first trial: the exhibit can only be considered against Mr. Little and Mr. Bradley's statements can only be considered for its effect on the listener. | Admissible as co-conspirator statement under FRE 801(d)(2)(E) pending authentication. Doc 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Hearsay** - The statements of Dean Bradley are inadmissible hearsay and should not be admitted. Additionally, the statements of Mr. Little were not included on the *James* Log and therefore not ruled upon after the initial *James* Hearing as a co-conspirator statement. Therefore, the Government should be barred from seeking to admit the statements pursuant to 801(d)(2)(e) during this trial. Furthermore, because Mr. Little is no longer a defendant these statements are not admissible under 801(d)(1)(a).<br><br>**Limiting Instruction** -To the extent the Court determines this exhibit is admissible, it should be subject to the same limiting instruction issued at the first trial: the exhibit can only be considered against Mr. Little and Mr. Bradley's statements can only be considered for its effect on the listener. First Trial Tr. 3024:21-25 (Nov. 15, 2021). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Bradley's statements can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 109 | Email chain between Jimmie Little, Thomas Lane, Dean Bradley, Sarah Knust, and Grace Pope on or about 05/31/2013 (PILGRIMS-DOJ-0000174709). | Hearsay, not admissible under FRE 801(d)(2)(E); denial of constitutional right of confrontation; limiting instruction requested. First Trial Tr. 2844:25-2845:10, 2845:25-2846:4, 2846:18-2847:15, 2848:13-21 (Nov. 12, 2021). Standing authenticity objection to emails from Pilgrim's server. First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). | Admitted without a witness only against Little. Bradley's statements not admitted for the truth of the matter asserted, but for effect on listener. First Trial Tr. 2847:25-2848:21 (Nov. 12, 2021). | **Authentication -** This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction -** This exhibit should be subject to the same limiting instruction issued at the first trial: Bradley's statements can only be considered for their effect on the listener. | Admissible as co-conspirator statement under FRE 801(d)(2)(E) pending authentication. Doc 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Hearsay** - The statements of Dean Bradley are inadmissible hearsay and should not be admitted. Additionally, the statements of Mr. Little were not included on the *James* Log and therefore not ruled upon after the initial *James* Hearing as a co-conspirator statement. Therefore, the Government should be barred from seeking to admit the statements pursuant to 801(d)(2)(e) during this trial. Furthermore, because Mr. Little is no longer a defendant these statements are not admissible under 801(d)(1)(a).<br><br>**Limiting Instruction** - To the extent the Court determines this exhibit is admissible, it should be subject to the same limiting instruction issued at the first trial: the exhibit can only be considered against Mr. Little and Mr. Bradley's statements can only be considered for its effect on the listener. | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Bradley's statements can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 113 | Email chain between Carl Pepper and Dean Bradley on or about 05/31/2013 (TY-000062843). | Hearsay; James hearing objections-- including failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (on James log and refused after hearing)(Doc. 395-1 at 104-06). | **Refused**: Hearsay objection sustained. First Trial Tr. 2853-2855 (Nov. 12, 2021). | **Authentication -** This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay -**As at the first trial, this exhibit should be excluded as hearsay. | Admissible as co-conspirator statement under FRE 801(d)(2)(E) pending authentication. Doc. 1050. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay (FRE 802)/Limiting Instruction** - statements of Dean Bradley.  These statements should be subject to a limiting instruction:  statements of Mr. Bradley cannot be considered for their truth, but only for their effect on the listener | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Bradley's statements can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 114 | Email chain between Brian Roberts, Carl Pepper, Tim Scheiderer, Tim Mulrenin, and Dean Bradley, among others, on or about 06/03/2013 (TY-000063844). | Hearsay; James hearing objections—including failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 110-13); Objections regarding the inadequacy of the use of limiting instructions. | Admitted with Limiting Instruction: Bradley's statements are only considered for effect on the listener. First Trial Tr. 2856:2-2857:5 (Nov. 12, 2021). | **Authentication -** This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction -** This document should be subject to the same limiting instruction given at the first trial: Mr. Bradley's statements cannot be considered for their truth, but only for their effect on the listener. | Admissible under FRE 801(d)(2)(E) pending authentication.<br><br>Limiting Instruction: Mr. Bradley's statements cannot be considered for their truth, but only for their effect on the listener. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -This document should be subject to the same limiting instruction given at the first trial and Doc. No. 1031-1: Mr. Bradley's statements cannot be considered for their truth, but only for their effect on the listener | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Bradley's statements cannot be considered for their truth, but only for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 118 | Email chain between Tim Mulrenin, Brian Roberts, Carl Pepper, Dean Bradley, and Sarah Knust, among others, on or about 06/03/2013 (TY-000064024). | N/A - not offered at first trial. | N/A | Hearsay; James hearing objections—including failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; (Doc. 395-1 at 118-121). | Admissible as co-conspirator statement under FRE 801(d)(2)(E), on reconsideration with notice that government intended to call Mr. Pepper as a witness. Doc. 1050. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation** (to the extent Mr. Pepper does not testify at trial).<br><br>**Hearsay (FRE 802)/Limiting Instruction** - statements of Dean Bradley.  These statements should be subject to a limiting instruction:  statements of Mr. Bradley cannot be considered for their truth, but only for their effect on the listener. | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Bradley's statements can only be considered for their effect on the listener. |
| GX 119 | Email between Carl Pepper. Dean Bradley and Tim Mulrenin on or about 06/04/2013 (TY-000064146). | N/A - not offered at first trial. | N/A | Hearsay; James hearing objections—including failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; (Doc. 395-1 at 121-123) | Admissible as co-conspirator statement under FRE 801(d)(2)(E), on reconsideration with notice that government intended to call Mr. Pepper as a witness. Doc. 1050. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial | Admissible as co-conspirator statements under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 120 | Email chain between Carl Pepper, Tim Scheiderer, Tim Mulrenin, Brian Roberts, and Dean Bradley, among others, on or about 05/31/2013 (TY-000243934). | Hearsay; James hearing objections—including, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 102-04); Objections regarding the inadequacy of the use of limiting instructions. | Admitted with Limiting Instruction: Bradley's statements are only considered for effect on the listener. First Trial Tr. 2850:16-20 (Nov. 12, 2021). | **Authentication -** This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction -** This document should be subject to the same limiting instruction given at the first trial: Mr. Bradley's statements cannot be considered for their truth, but only for their effect on the listener. | Admissible under FRE 801(d)(2)(E) pending authentication.<br><br>Limiting Instruction: Mr. Bradley's statements cannot be considered for their truth, but only for their effect on the listener. Doc. 1031-1 . | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -This document should be subject to the same limiting instruction given at the first and second trial: Mr. Bradley's statements cannot be considered for their truth, but only for their effect on the listener. | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Bradley's statements can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 143 | Excerpt of Carl Pepper ((479) 879-2092) toll records (ATT-ATR001-00000001). | No objections | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents included in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 219 | Email between Jimmie Little, Robbie Bryant, Jason McGuire, and Dean Bradley on or about 12/24/2013 (PILGRIMS-DOJ-0000177839). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 564-65). | Admitted. First Trial Tr. 3589:12-25 (Nov. 18, 2021); also ruled admissible under FRE 801(d)(2) (E) after James hearing). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statement under FRE 801(d)(2)(E) pending authentication. Doc 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901) | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 221 | Email chain between Carl Pepper, Brian Roberts, Jared Mitchell, Tim Mulrenin, and Tim Scheiderer, among others, on or about 12/26/2013 (TY-000000101). | Hearsay; James hearing objections—including, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 158-60); Objections regarding the inadequacy of the use of limiting instructions; 403. | Admitted with limiting instruction: statements of Hannigan, Knust, Scheiderer, Bolin, Ramsey, and Lubert admitted only for effect on the listener, not for truth, First Trial Tr. 3046:20-3048:12 (Nov. 15, 2021); also ruled admissible under FRE 801(d)(2)(E) after James hearing. | **Authentication -** This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction -** This document should be subject to the same limiting instruction given at the first trial: statements of Ms. Knust, Mr. Lubert, Mr. Ramsey, Mr. Bolin, Mr. Hannigan, and Mr. Scheiderer cannot be considered for their truth, but only for their effect on the listener. First Trial Tr. 3046:20-3048:12 (Nov. 15, 2021). | Admissible under FRE 801(d)(2)(E) pending authentication.<br><br>Limiting Instruction: the statements of Ms. Knust, Mr. Lubert, Mr. Ramsey, Mr. Bolin, Mr. Hannigan, and Mr. Scheiderer cannot be considered for their truth, but only for their effect on the listener. Doc. No. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial<br><br>**Limiting Instruction** -This document should be subject to the same limiting instruction given at the first and second trial: statements of Ms. Knust, Mr. Lubert, Mr. Ramsey, Mr. Bolin, Mr. Hannigan, and Mr. Scheiderer cannot be considered for their truth, but only for their effect on the listener. | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: the statements of Ms. Knust, Mr. Lubert, Mr. Ramsey, Mr. Bolin, Mr. Hannigan, and Mr. Scheiderer cannot be considered for their truth, but only for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 224 | Email chain between Carl Pepper, Mike Hannigan, Tim Mulrenin, Sarah Knust, and Grace Pope, among others, on or about 12/21/2013 (TY-000088547). | Hearsay; James hearing objections—including, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 156-58); Objections regarding the inadequacy of the use of limiting instructions; Relevancy; 403 Confusing jury outweighs any probative value. | Admitted with limiting instruction that Knust and Hannigan statements admitted only for effect on the listener, not for truth; also ruled admissible under 801(d)(2) (E) after James hearing. First Trial Tr. 3025:8-3029:12 (Nov. 15, 2021). | **Authentication -** This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction -** This document should be subject to the same limiting instruction given at the first trial: statements of Ms. Knust and Mr. Hannigan cannot be considered for their truth, but only for their effect on the listener. First Trial Tr. 3025:8-3029:12 (Nov. 15, 2021). | The document is relevant and would not be confusing to the jury; the 403 objection is overruled. It is admissible as co-conspirator hearsay pending a ruling on authentication, except that a limiting instruction is appropriate as to the statements of Ms. Knust and Mr. Hannigan.<br><br>Limiting Instruction: the statements of Ms. Knust and Mr. Hannigan cannot be considered for their truth, but only for their effect on the listener. Doc. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial<br><br>**Limiting Instruction** -This document should be subject to the same limiting instruction given at the first and second trial: statements of Ms. Knust and Mr. Hannigan cannot be considered for their truth, but only for their effect on the listener. | The document is relevant and would not be confusing to the jury; the Rule 403 objection is overruled. It is admissible as co-conspirator hearsay, except that a limiting instruction is appropriate as to the statements of Ms. Knust and Mr. Hannigan. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: the statements of Ms. Knust and Mr. Hannigan cannot be considered for their truth, but only for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 230 | Email between Carl Pepper and Dean Bradley attaching spreadsheets on or about 1/26/2014 (TY-000616147). | Hearsay | Hearsay objection sustained; refused. First Trial Tr. 3040:14-3044:4 (Nov. 15, 2021). | **Authentication -** This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay -**As at the first trial, this exhibit should be excluded as hearsay. | Admitted without objection during Pepper direct testimony. Second Trial Tr. 179-180 (Mar. 3, 2022); Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Foundation objection overruled pursuant to Docket No. 1338-4 agreement. |
| GX 231 | Excel spreadsheet titled Church's February 2014 undated (TY-000616149). | N/A - not offered at first trial. | N/A | Not identified to be admitted without a sponsoring witness for second trial. Doc. 937-1. | Admitted without objection during Pepper direct testimony. Second Trial Tr. 179-180 (Mar. 3, 2022); Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Foundation objection overruled pursuant to Docket No. 1338-4 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 231-1 | Adobe PDF of GX 231-1, Excel spreadsheet titled Church's February 2014, undated (TY-000616149). | N/A - not offered at first trial. | N/A | Not identified to be admitted without a sponsoring witness for second trial. Doc. 937-1. | Admitted without objection during Pepper direct testimony. Second Trial Tr. 179-180 (Mar. 3, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Foundation objection overruled. |
| GX 232 | Excel spreadsheet titled Church's Chicken-Tyson Formula Based Cost Model undated (TY-000616151). | Hearsay (attachment to 230) | Hearsay objection sustained; refused. First Trial Tr. 3040:14-3044:4 (Nov. 15, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** -As at the first trial, this exhibit should be excluded as hearsay. | Admitted without objection during Pepper direct testimony. Second Trial Tr. 179-180 (Mar. 3, 2022); Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Foundation objection overruled pursuant to Docket No. 1338-4 agreement. |
| GX 234 | Email chain between Dean Bradley, Carl Pepper, and Janie Tucker on or about 1/27/2014 (TY-000616249). | Hearsay; denial of constitutional rights of confrontation. | Objection sustained; refused. First Trial Tr. 3048:14-3051:20 (Nov. 15, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** -As at the first trial, this exhibit should be excluded as hearsay. | Admitted without objection during Pepper direct testimony. Second Trial Tr. 181 (Mar. 3, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay (FRE 802)**<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial | The upper email is excluded as hearsay. The Court reserves ruling on the lower email. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 245 | Excerpt of Jimmie Little ((214) 755-6081) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 246 | Excerpt of Jimmie Little ((214) 755-6081) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 247 | Email chain between Jimmie Little and Dean Bradley on or about 12/23/2013 attaching PDF (PILGRIMS-DOJ-0002258077). | Hearsay; Request under Rule 106 for inclusion of attachment; Relevancy; Inadequacy of limiting instructions. | Offered and Admitted only against Defendant Little and with limiting instruction to consider only against Little and also with limiting instruction that statements of Knust and Adams admitted only for effect on listener, not for truth; refused request for inclusion of attachment. First Trial Tr. 3036:25-3040:12 (Nov. 15, 2021). | **Authentication -** This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction:** This exhibit should be subject to the same limiting instruction given at the first trial: the jury can consider it only against Little and the statements of Knust and Adams admitted only for effect on listener, not for truth. First Trial Tr. 3036:25-3040:12 (Nov. 15, 2021). | Not admissible as co-conspirator statement under FRE 801(d)(2)(E). Doc. 1031-1. | **Authentication -** This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Hearsay -** The statements of Dean Bradley are inadmissible hearsay and should not be admitted. Additionally, the statements of Mr. Little were not included on the *James* Log and therefore not ruled upon after the initial *James* Hearing as a co-conspirator statement. Therefore, the Government should be barred from seeking to admit the statements pursuant to 801(d)(2)(e) during this trial. Furthermore, because Mr. Little is no longer a defendant his statements are not admissible pursuant to 801(d)(2)(a). | The government withdrew this exhibit in Docket No. 1341. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 330 | Email chain between Kevin Ilardi and Searcy Wildes on or about 4/1/2014 (PER-000152926). | Not offered but James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 172-74). | N/A | Authentication - This document has not been authenticated for admission at retrial (FRE 901).

Hearsay (FRE 802)

James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 172-174). | Admitted over defendants' objections. Second Trial Tr. 7, 287-288 (Mar. 3, 2022). Withdrawn by government at pretrial hearing. Pretrial Hearing Tr. 82:12-25 (Feb. 10, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).

**Hearsay** - The Government withdrew this document from consideration during the James Hearing and therefore it is not admissible pursuant to 801(d)(2)(e). Additionally, this statement does not satisfy the 801(d)(2)(e) exception. The statements do not promote the object of the alleged conspiracy as described in the government's James proffer. Any suggestion otherwise is a self-serving interpretation of otherwise innocuous comments and could be applied to any conversation involving any speaker in any context. The government's unduly broad application of the "in furtherance" test contradicts established Tenth Circuit law, which applies the test "narrowly." United States v. Perez, 989 F.2d 1574, 1578 (10th Cir. 1993) (en banc).There are no statements in this conversation that reveal the existence of a conspiracy. These statements do not identify any alleged co-conspirators, nor to do they describe any alleged co-conspirator's role. The conversation does not advise any alleged co-conspirators of the progress of any conspiracy or of conspiratorial activities. And to the extent these statements outline the history of the conspiracy, the statements amount to "mere narratives" unconnected to the operation of the conspiracy and therefore are not in its furtherance. Id.  (Doc. No. 395-1 at 172-174).

**Relevance 401/402**- This document pertains to current pricing, which is not relevant to the alleged conspiracy regarding coordination of future bids and pricing and is therefore inadmissible. | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 352 | Excerpt of Justin Gay (770-363-7129) toll records (VZW-ATR001-00004200). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 353 | Excerpt of Scott Brady ((256) 536-6120) toll records (ATT-ATR005-00000235). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents included in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 354 | Excerpt of Scott Brady ((256) 536-6120) toll records (ATT-ATR005-00000235). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents included in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 355 | Excerpt of Mikell Fries iPhone Report Instant Message #423-425 (CLAXTON_018 1706). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 177-79). | Admitted. First Trial Tr. 2817:3 (Nov. 12, 2021) (also ruled admissible under 801(d)(2) (E) after James hearing). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statement under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 356 | Adobe PDF titled Chick-fil-A to Serve ABF Chicken dated on or about 2/11/2014 (CFA_0017986). | No objection. | Admissible as a business record. First Trial Tr. 2600:16-17 (Nov. 10, 2021). | No objection. | Admissible as a business record. Second Trial Tr. 7:5-8 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 404 | Document titled 2013 Pilgrim's Contract dated on or about 11/19/2012 (GC-0000001394). | No objection. | Admitted through Telly Smith. First Trial Tr. 1970:1 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 410-1 | Redacted email chain between Kevin Grindle, Lee Moriggia, Tommy Francis, and Greg Tench on or about 9/30/2014 (MJPoultry-0000081260). | Cumulative; hearsay. | Admitted only page MJPoultry-0000081261 (page before was refused as hearsay). First Trial Tr. 3962:19-25 (Nov. 23, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Hearsay** - As at the first trial, MJPoultry-0000081260 page) should be excluded as hearsay. | The hearsay objection is sustained but page two is admissible for the non-hearsay purpose of contact information. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Hearsay** - As at the first two trials, the first page (MJPoultry-0000081260) should be excluded as hearsay. | Admissible with the first page redacted. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 410-2 | Further redacted email chain between Kevin Grindle, Lee Moriggia, Tommy Francis, and Greg Tench on or about 9/30/2014 (MJPoultry-0000081260). | N/A - not offered at first trial. | N/A | No objection. | Admitted without a sponsoring witness. Second Trial Tr. 89:3-4 (Mar. 22, 2022). | **Untimeliness** - The government did not disclose this exhibit on its notice of exhibits without a sponsoring witness until May 4, 2022, nine days after the April 25, 2022 deadline.<br><br>**Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | On May 4, 2022, the government gave belated notice of two exhibits it sought to add to its April 25, 2022 notice of exhibits without a testifying witness, one of which is GX-410-2.  Docket No. 1294 at 1.  The Court finds that the belated disclosure of these two exhibits did not prejudice defendants and will overrule the timeliness objection.  The exhbiit is admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 413 | Adobe PDF titled Fresh Chicken Bid dated on or about 9/12/2014 (MJPoultry-0000196845). | No objection. | Admitted through Telly Smith. First Trial Tr. 1889:4 (Nov. 8, 2021). | No objection. | Subject to parties' agreements on FRE 803(6) foundation (Docs. 1071-1, 1107-1, 1107-2, 1107-3, 1188-1). Doc. 1217. Admitted without sponsoring witness (offered by defense). Second Trial Tr. 84:23-85:17 (Mar. 22, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 433 | Text message from Tim Stiller to Jayson Penn on or about 10/17/2014 (PILGRIMS-DOJ-0000484696). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under FRE 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352. Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 434 | Text message from Jayson Penn to Tim Stiller on or about 10/17/2014 (PILGRIMS-DOJ-0000484697). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 435 | Text message from Tim Stiller to Jayson Penn on or about 10/17/2014 (PILGRIMS-DOJ-0000484698). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 436 | Text message from Jayson Penn to Tim Stiller on or about 10/17/2014 (PILGRIMS-DOJ-0000484699). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 437 | Text message from Tim Stiller to Jayson Penn on or about 10/17/2014 (PILGRIMS-DOJ-0000484700). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 438 | Text message from Jayson Penn to Tim Stiller on or about 10/17/2014 (PILGRIMS-DOJ-0000484701). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 439 | Text message from Tim Stiller to Jayson Penn on or about 10/17/2014 (PILGRIMS-DOJ-0000484702). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 440 | Text message from Jayson Penn to Tim Stiller on or about 10/17/2014 (PILGRIMS-DOJ-0000484703). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352. Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 441 | Text message from Jayson Penn to Tim Stiller on or about 10/17/2014 (PILGRIMS-DOJ-0000484704). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352. Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 442 | Text message from Tim Stiller to Jayson Penn on or about 10/17/2014 (PILGRIMS-DOJ-0000484705). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 443 | Text message from Jayson Penn to Tim Stiller on or about 10/17/2014 (PILGRIMS-DOJ-0000484706). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 444 | Text message from Tim Stiller to Jayson Penn on or about 10/17/2014 (PILGRIMS-DOJ-0000484707). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 445 | Text message from Jayson Penn to Tim Stiller on or about 10/17/2014 (PILGRIMS-DOJ-0000484708). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 446 | Text message from Tim Stiller to Jayson Penn on or about 10/17/2014 (PILGRIMS-DOJ-0000484709). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 447 | Text message from Jayson Penn to Tim Stiller on or about 10/17/2014 (PILGRIMS-DOJ-0000484710). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 339-41). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 1841:18-21 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|----------------------------------|-------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 448 | Text message from Tim Stiller to Jayson Penn on or about 11/7/2014 (PILGRIMS-DOJ-0000484944). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 352-53). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 2114:7-11 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 449 | Text message from Jayson Penn to Bill Lovette and Fabio Sandri on or about 11/9/2014 (PILGRIMS-DOJ-0000484962). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 355-56); testimony at trial demonstrated that the statements were not in furtherance of the conspiracy (11.9.21 Trial Tr. 2119:2-24); Rule of Completeness - Should be admitted with subsequent text messages in the chain for context | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 2124:11-14 (Nov. 9, 2021). | Authentication - This document has not been authenticated for admission at retrial (FRE 901).<br><br>Rule of Completeness - As at the first trial, this exhibit must be considered with GXs 9707 and 9708. | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Exhibits 9707 and 9708 are required to be admitted at the same time under the rule of completeness. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). Published with GX 9712 and 9713 under the rule of completeness. Second Trial Tr. 27:23-28:23 (Mar. 15, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352. Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. Exhibits GX-9707 and 9708 must be admitted at the same time as GX-449, 450, and 451. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 450 | Text message from Bill Lovette to Jayson Penn and Fabio Sandri on or about 11/9/2014 (PILGRIMS-DOJ-0000484963). | Hearsay; (not on James log); Relevance; Request for Limiting Instruction; Rule of Completeness - Should be admitted with subsequent text messages in the chain for context. First Trial Tr. 2116:24-2122:20 (Nov. 9, 2021). | Admitted only for effect on listener but no limiting instruction given (not on *James* log). First Trial Tr. 2124:11-14 (Nov. 9, 2021). | Authentication - This document has not been authenticated for admission at retrial (FRE 901). Rule of Completeness - As at the first trial, this exhibit must be considered with GXs 9707 and 9708. Limiting Instruction - This document was not on the James log and should be subject to the same limitation imposed at the first trial: it is not admissible for its truth, only for the effect on the listener. | Inadmissible as hearsay because was not on the James log, but is admissible for the non-hearsay purpose of effect on the listener pending authentication. Exhibits 9707 and 9708 are required to be admitted at the same time under the rule of completeness. Limiting Instruction: this exhibit can be considered only for the effect on the listener, and not for the truth of the matter. Doc. 1031-1. Admitted with ... | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Relevance/Rule 403** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. **Rule of Completeness** - As at the first two trials, this exhibit should be published with GX 9707 and 9708 under the rule of completeness. **Limiting Instruction** - This document was not on the James log and should be subject to the same limitation imposed at the first two trials: it is not admissible for its truth, only for the effect on the listener First Trial Tr. 2124:11-14 (Nov. 9, 2021); Doc. 1031-1. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. Exhibits GX-9707 and 9708 must be admitted at the same time as GX-449, 450, and 451. Limiting Instruction: this exhibit is admissible only for the effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 451 | Text message from Jayson Penn to Bill Lovette on or about 11/9/2014 (PILGRIMS-DOJ-0000484964). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 355-56); Rule of Completeness - Should be admitted with subsequent text messages in the chain for context. First Trial Tr. 2116:24-2122:20 (Nov. 9, 2021). | Ruled admissible under 801(d)(2)(E) after James hearing and admitted. First Trial Tr. 2125:1-2 (Nov. 9, 2021). | Authentication - This document has not been authenticated for admission at retrial (FRE 901). Rule of Completeness - As at the first trial, this exhibit must be considered with GXs 9707 and 9708. First Trial Tr. 2127:16-2129:22 (Nov. 9, 2021). | Admissible as co-conspirator statement under FRE 801(d)(2)(E) pending authentication. Exhibits 9707 and 9708 must be admitted at the same time under the rule of completeness. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Relevance/Rule 403** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. **Rule of Completeness** - As at the first trial, this exhibit must be considered with GXs 9707 and 9708. First Trial Tr. 2127:16-2129:22 (Nov. 9, 2021). | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352. Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. Exhibits GX-9707 and 9708 must be admitted at the same time as GX-449, 450, and 451. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 453 | Email between Roger Austin and Tim Stiller on or about 10/17/2014 (PILGRIMS-DOJ-0000509302). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 338-39). | Admitted. First Trial Tr. 2114:4-5 (Nov. 9, 2021); also ruled admissible under 801(d)(2) (E) after James hearing. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statement under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - Relevance and more confusing than probative.<br><br>**James hearing objections** - including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation | Admissible under FRE 801(d)(2)(E). Relevancy objection overruled.  Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 494 | Excerpt of Roger Austin ((502) 245-1681) toll records (ATT-ATR009-00006664). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted through Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 495 | Excerpt of Kevin Grindle (678-943-0763) toll records (VZW-ATR001-00005553). | No objections. First Trial Tr. 419:10-11 (Oct. 28, 2021). | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | **Relevance**  (FRE 401, 402) | Admissible.  Relevancy objection overruled. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 496 | Excerpt of Greg Tench (770-654-7200) toll records (VZW-ATR001-00008252). | No objection. First Trial Tr. 419:10-11 (Oct. 28, 2021). | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | **Relevance** (FRE 401, 402) | Admissible. Relevancy objection overruled. |
| GX 497 | Excerpt of Wesley Scott Tucker (256-201-2928) toll records (VZW-ATR009-00000001). | No objection. First Trial Tr. 419:10-11 (Oct. 28, 2021). | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | **Relevance** (FRE 401, 402) | Admissible. Relevancy objection overruled. |
| GX 498 | Email chain between Tim Stiller, Tommy Lane, and Scott Tucker on or about 10/8/2014 (PILGRIMS-DOJ-0002740305). | James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 338-39). | Admitted. First Trial Tr. 2113:24 (Nov. 9, 2021). | No objection. | Admitted through Gresch by previous ruling. Second Trial Tr. 65:13-14 (Feb. 28, 2022). | **Relevance** - this email relates to Golden Corral and Walmart. For the reasons stated in separate briefing, it is irrelevant and more confusing than probative. | The Court presumes defendants' reference to a "separate briefing" is to Defendants' Motion in Limine 6: Joint Motion to Exclude Government Exhbiits [Docket No. 1309], wherein defendants sought to exclude certain exhibits pertaining to Golden Corral. *Id.* at 2-7. However, the motion did not ask the Court to exclude GX-498. Additionally, the Court denied the motion in Docket No. 1352. The Court will overrule the relevancy objection and finds the exhibit admissible under FRE 801(d)(2)(E). |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 499 | Excerpt of Roger Austin (770-842-9379) toll records (VZW-ATR001-00009436) | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 518 | Email chain between Larry Pate, Jason McGuire, and Leslie Antoinette on or about 11/7/2012 (PILGRIMS-0000021364). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 52-53); unnoticed 404(b) evidence re Pollo Tropical; irrelevant insofar as it refers to Georgia Dock; misleading, unduly prejudicial, with risk of jury confusion. First Trial Tr. 3927:20-3932:7 (Nov. 23, 2021). | Ruled admissible without witness. First Trial Tr. 3932:18-19 (Nov. 23, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statement under FRE 801(d)(2)(E) pending authentication. This was on the *James* log which gave defendants notice. The Georgia Dock reference is not unduly prejudicial and is likely to come up at the second trial. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance:** The government is no longer calling a Pollo Tropical witness or providing a Pollo Tropical summary chart to the jury. Further, this 2012 Pollo Tropical episode does not relate to any of the remaining five defendants. The communication is no longer relevant to a material fact in the case. (FRE 402). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Relevancy objection overruled. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 519-1 | Redacted email chain between Randy Long and Tim Stiller on or about 10/9/2014 (PILGRIMS-0003618962). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 333-335); in addition, statements by Mr. Long, who is not a co-conspirator, are hearsay and prejudicial and cannot be offered for the effect on the listener because Mr. Stiller, to whom the statements were made, is not a defendant and his state of mind is not at issue in the case, and because there is no evidence of anything that was or was not done in response to the statements. The statements are also irrelevant | Ruled admissible without witness, with redaction, and with limiting instruction "that statements of Mr. Long should be considered not for the truth for the matters asserted, but rather only for the effect that those statements may have on the listener." First Trial Tr. 2736:20-2737:3 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction and Limiting Instruction** - If admitted, this exhibit should be subject to the same redaction and limiting instruction as at the first trial: the statements of Mr. Long may be considered only for their effect on the listener. | Mr. Stiller's statements are admissible as co-conspirator statements under FRE 801(d)(2)(E) and Mr. Long's statements are admissible for the non-hearsay purpose of effect on the listener, pending authentication. Limiting Instruction: the statements of Mr. Long can be considered for the effect on the listener, but not for the truth. Redaction: the top of the page above "On Oct 8, 2014, at 7:53 . . ." has no effect on the listener and | **Relevance:** The government is no longer calling a Pollo Tropical witness or providing a Pollo Tropical summary chart to the jury. Further, the 2015 Pollo Tropical episode does not relate to any of the remaining five defendants. The communication is no longer relevant to a material fact in the case. (FRE 402).<br><br>**Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction and Limiting Instruction** - If admitted, this exhibit should be subject to the same redaction and limiting instruction as at the first trial: the statements of Mr. Long may be considered only for their effect on the listener. (11.12.21 Unofficial Tr. 96:2-10). | Admissible under FRE 801(d)(2)(E).  Mr. Long's statements are admissible for the nonhearsay purpose of effect on the listener.  Relevancy objection overruled. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: the statements of Mr. Long can be considered for the effect on the listener, but not for the truth.<br><br>Redaction: the top of the page above "On Oct 8, 2014, at 7:53 . . . " has no effect on the listener and shall be redacted. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 542 | Email chain between Tim Stiller, Jason McGuire, Jayson Penn, Matthew Herman, and Tim Stiller, among others, on or about 9/23/2014 (PILGRIMS-DOJ-0001362265). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 294-295); in addition, statements by Ms. Lawson, who is not a co-conspirator, are hearsay and irrelevant. First Trial Tr. 2742:17-2744:11 (Nov. 12, 2021). | Ruled admissible without witness and with limiting instruction that Ms. Lawson's statement is hearsay and cannot be considered for the truth of the matter asserted but only "for the effect on the recipients, namely explaining the Stiller, McGuire ba[ck] and forth that goes on after that which is admissible as co-conspirator statements." First Trial Tr. 2744:14-21 (Nov. 12, 2021). | **Authentication -** This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction -** If admitted, this exhibit should be subject to the same limiting instruction as at the first trial: Ms. Lawson's statement cannot be considered for the truth of the matter asserted but only "for the effect on the recipients, namely explaining the Stiller, McGuire ba[ck] and forth that goes on after that which is admissible as co-conspirator statements." | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Ms. Lawson's statements are hearsay and Court will give a limiting instruction.<br><br>Limiting Instruction: the statements of Ms. Lawson can be considered for the effect on the listener, but not for the truth. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - If admitted, this exhibit should be subject to the same limiting instruction as at the first and second trial: the statements of Ms. Lawson can be considered for the effect on the listener, but not for the truth. | Admissible under FRE 801(d)(2)(E) with a limiting instruction for Mr. Lawson's statements. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Lawson's statements can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 546 | Email between Jimmie Little and Matthew Boarman on or about 8/29/2014 (PILGRIMS-DOJ-0002269652). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 269-270); irrelevant and unnoticed 404(b) evidence regarding Pollo Tropical. First Trial Tr. 2746:3-2748:25 (Nov. 12, 2021). | Ruled admissible without witness. First Trial Tr. 2748:4-7 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Pollo Tropical was a small bird customer who experienced increased prices, making Mr. Little's reference to "Joe," presumably Joe Brink of Pollo Tropical, and increased prices relevant. Defendants had notice of this exhibit through the *James* log. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance**: Mr. Little is no longer a co-conspirator as his case was dismissed and the government is no longer calling a Pollo Tropical witness. Further the 2015 Pollo Tropical episode does not relate to any of the remaining five defendants. The e-mail and statement are no longer relevant to a material fact in the case. (FRE 402). | Admissible under FRE 801(d)(2)(E). The government's dismissal of Mr. Little does not change the Court's finding in the *James* order that the government had shown him to be a co-conspirator by a preponderance of the evidence. Relevancy objection overruled. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 559 | Email chain between Jimmie Little, Roger Austin, and Matthew Boarman on or about 8/14/2014 (PILGRIMS-DOJ-0002950645). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 215-217); in addition, statements by Mr. Boarman are hearsay and entire email chain is irrelevant. First Trial Tr. 2748:23-2751:8 (Nov. 12, 2021). | Ruled admissible without witness, with limiting instruction that statements of Mr. Boarman, who is not a co-conspirator, are not admitted for the truth of the matters asserted but only to "explain the effect on Mr. Little." First Trial Tr. 2751:9-2752:15 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -If admitted, this exhibit should be subject to the same limiting instruction as at the first trial: the statements of Mr. Boarman, who is not a co-conspirator, are not admitted for the truth of the matters asserted but only to "explain the effect on Mr. Little." | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Mr. Boarman's statements are admissible for the non-hearsay purpose of effect on the listener. The exhibit is relevant to the Pollo Tropical issues.<br><br>Limiting Instruction: the statements of Mr. Boarman can be considered for the effect on the listener, but not for the truth. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -If admitted, this exhibit should be subject to the same limiting instruction as at the first trial: the statements of Mr. Boarman, who is not a co-conspirator, are not admitted for the truth of the matters asserted but only to "explain the effect on Mr. Little."<br><br>**Relevance**: Mr. Little is no longer a co-conspirator as his case was dismissed and the government is no longer calling a Pollo Tropical witness. Further the 2015 Pollo Tropical episode does not relate to any of the remaining five defendants. The e-mail and statement are no longer relevant to a material fact in the case. (FRE 402). | Admissible under FRE 801(d)(2)(E). The government's dismissal of Mr. Little does not change the Court's finding in the James order that the government had shown him to be a co-conspirator by a preponderance of the evidence. Relevancy objection overruled. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Boarman's statements can be considered only for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 563 | Email between Jimmie Little, Thomas Lane, Eric Oare, and Tim Stiller on or about 9/22/2014 (PILGRIMS-DOJ-0003385154). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 291-292), as this Court ruled after James hearing. First Trial Tr. 2756:20-2759:19 (Nov. 12, 2021). | Ruled admissible only against Mr. Little, as a statement of a party opponent; inadmissible against all other defendants. First Trial Tr. 2759:20-2760:5 (Nov. 12, 2021). Mr. Little offered into evidence, without limiting instruction, with GX 563 and GX 566. First Trial Tr. 3238:4 (Nov. 17, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -If admitted over prior objections, it should be offered with a limiting instruction that the statements are admissible only against Mr. Little. | Preliminarily admissible under 801(d)(2)(E). Doc. 1050.<br><br>Admitted without sponsoring witness. Second Trial Tr. 65:13-14 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - The court ruled these statements do not meet the criteria of FRE 801(d)(2)(E) and that they were only admissible against Mr. Little in trial one and two. Mr. Little is no longer a party opponent under FRE 801(d)(2)(A) and there is no basis for the court to reconsider its FRE 801(d)(2)(E) ruling, therefore this document is inadmissible hearsay.<br><br>**Relevance:** Mr. Little is no longer a co-conspirator as his case was dismissed and the government is no longer calling a Pollo Tropical witness. Further the 2015 Pollo Tropical episode does not relate to any of the remaining five defendants. The e-mail and statement are no longer relevant to a material fact in the case. (FRE 402). | The Court granted the government's motion for reconsideration before the second trial and found that this exhibit was provisionally admissible under FRE 801(d)(2)(E).  Docket No. 1050 at 9.  The Court finds that this exhibit is admissible under FRE 801(d)(2)(E). The government's dismissal of Mr. Little does not change the Court's finding in the *James* order that the government had shown him to be a co-conspirator by a preponderance of the evidence. Relevancy objection overruled. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 564 | Email chain between Jimmie Little and Matthew Boarman on or about 9/23/2014 (PILGRIMS-DOJ-0003385175). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 293-294). | Ruled admissible without witness. First Trial Tr. 2760:14-15 (Nov. 12, 2021). Offered into evidence by defense during cross of Mr. Brink. First Trial Tr. 3238:4 (Nov. 17, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Preliminarily admissible under 801(d)(2)(E). Doc. 1050.<br><br>Admitted without sponsoring witness. Second Trial Tr. 65:13-14 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - Mr. Little is no longer a co-conspirator as his case was dismissed and the government is no longer calling a Pollo Tropical witness. Further the 2015 Pollo Tropical episode does not relate to any of the remaining five defendants. The e-mail and statement are no longer relevant to a material fact in the case. (FRE 402). | Admissible under FRE 801(d)(2)(E). The government's dismissal of Mr. Little does not change the Court's finding in the *James* order that the government had shown him to be a co-conspirator by a preponderance of the evidence.  Relevancy objection overruled. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 584 | Excerpt of Jimmie Little ((214) 755-6081) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 585 | Excerpt of Jimmie Little ((214) 755-6081) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 586 | Excerpt of Jimmie Little ((214) 755-6081) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 587 | Excerpt of Jimmie Little ((214) 755-6081) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 588 | Excerpt of Jimmie Little ((214) 755-6081) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 589 | Excerpt of Jimmie Little ((214) 755-6081) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 590 | Excerpt of Greg Tench (770-854-7200) toll records (VZW-ATR004-00008252). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 617 | Email chain between Tim Mulrenin, Steven Cullen, Carl Pepper, Tim Scheiderer, and Kent Kronauge on or about 3/27/2015 (TY-001066336). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 391-393); in addition, admission of statements by and about Mr. Kronauge and Popeye's violates Confrontation Clause. First Trial Tr. 3521:4-15 (Nov. 18, 2021). | Ruled admissible without witness. First Trial Tr. 3521:13-15 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Mr. Mulrenin and Mr. Pepper's statements are admissible as co-conspirator statements under FRE 801(d)(2)(E). Defendants' only objection to Mr. Kronauge's statements are on confrontation clause grounds, which the Court overrules. Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 618 | Email chain between Tim Mulrenin, Steven Cullen, Carl Pepper, and Kent Kronauge on or about 3/27/2015 (TY-001066359). | Not offered but James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. 395-1 at 172-74). | Admissible as co-conspirator statement under FRE 801(d)(2)(E) (Doc. No. 559 at 37, regarding James Log entry number 206). | Not identified to be admitted without a sponsoring witness for second trial. See Doc. No. 937-1. | Admitted through Carl Pepper. Second Trial Tr. 109:8-11 (Mar. 3, 2022); Doc. No. 559 at 37, regarding James Log entry number 206. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay (FRE 802)/Limiting Instruction** - statements of Kent Kronauge and Mr. Cullen.  These statements should be subject to a limiting instruction:  statements of Mr. Cullen and Mr. Kronauge cannot be considered for their truth, but only for their effect on the listener<br><br>**Hearsay (FRE 802)** - James hearing objections—including, hearsay, failure to show conspiracy, that the declarants were a member of a conspiracy, or that statements were in furtherance thereof; and denial of constitutional rights of confrontation (Doc. No. 395-1 at 393-95).<br><br>**Rule 104 -Lack of Foundation** (to the extent Mr. Pepper does not testify at trial). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: the statements of Mr. Kronauge and Mr. Cullen can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 622 | Excerpt of Carl Pepper ((479) 879-2092) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents included in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 623 | Excerpt of Ric Blake ((479) 927-7270) toll records (ATT-ATR004-00000010). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents included in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 624 | Excerpt of Carl Pepper ((479) 879-2092) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents included in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 625 | Excerpt of Scott Brady (678-640-1622) toll records (VZW-ATR004-00001257). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents included in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 702 | Email between Scott Brady and Kent Kronauge on or about 9/5/2017 (CLA 0076096). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 528-530); in addition, admission of statements by and about Mr. Kronauge and Popeye's violates confrontation clause (11.12.21 Tr. 2820:10-20). | Admitted without a witness. First Trial Tr. 2820:10-20 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Confrontation Clause** | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. The Court finds no confrontation clause issue with the admission of Mr. Brady's statements. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 703 | Excel spreadsheet titled CLAXTON POULTRY POPEYES COST PLUS MONTHLY PRICING January 2018 undated (CLA_0076099). | Attachment to email in GX 702; same objections were made as to both, in James log and at trial (Doc. 395-1 at 528-530; First Trial Tr. 2820:6-9 (Nov. 12, 2021). | Ruled admissible without witness. First Trial Tr. 2820:10-11 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Confrontation Clause** | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. The Court finds no confrontation clause issue. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 710 | Email between Dean Bradley, Kent Kronauge, Brian Coan, and Ric Blake on or about 9/5/2017 attaching excel spreadsheet titled Popeye's 2018 COB RFP (GEODOJ_0005 007). | Authenticity not established under 901 or 902; hearsay statements do not satisfy business record or independent legal significance exceptions and violate confrontation clause. First Trial Tr. 2799:11-2815:5 (Nov. 12, 2021). | Ruled admissible without witness. Overruled authenticity objection; overruled hearsay objections based on independent legal significance. First Trial Tr. 2815:10-24 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible as document with independent legal significance pending authentication. Confrontation clause objection will be overruled. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 733 | Email chain between Robbie Bryant, Justin Gay, and Kent Kronauge on or about 9/26/2017 (PILGRIMS-DOJ-0000412521). | Exhibit was not on James Log but is more complete version of document that was (GX 731), and to which defendants objected did not satisfy 801(d)(2)(E) (Doc. 395-1 at 530-532). No additional objections. First Trial Tr. 2818:15-16 (Nov. 12, 2021). | Ruled admissible without witness. First Trial Tr. 2818:15-16 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Hearsay** -same objections under FRE 801(d)(2)(E) that were made with regard to email chain in GX 731, which is a less complete version of the chain in GX 733 but was not previously included in James log, apply to both GX 731 and GX 733. | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 744 | Email chain between Tim Mulrenin and Carl Pepper on or about 8/16/2017 (TY-000204047). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 518-519); in addition, the statements concerning Mr. Kronauge and Popeye's are irrelevant and violate the confrontation clause. First Trial Tr. 2762:11-2769:3 (Nov. 12, 2021). | Ruled admissible without witness as co-conspirator statements as to all parts of the email except for Mr. Kronauge's statement, which was ruled admissible not for the truth but only for the effect on the listener. First Trial Tr. 2762:11-2769:3 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -If admitted over prior objections, the exhibit should be subject to the same limiting instruction as at the first trial; Mr. Kronauge's statement is admissible not for the truth but only for the effect on the listener. | Admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Mr. Kronauge's statements are admissible for non-hearsay purpose of effect on the listener. The Court finds no confrontation clause issue.<br><br>Limiting Instruction: the statements of Mr. Kronauge can be considered for their effect on the listener, not for the truth. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial<br><br>**Limiting Instruction** -This document should be subject to the same limiting instruction given at the first and second trial: the statements of Mr. Kronauge can be considered for their effect on the listener, not for the truth. | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Kronauge's statements can be considered only for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 746-1 | Email chain between Kent Kronauge and others on or about 9/6/2017 with metadata (TY-000206379). | Government did not provide defendants access to the exhibit, with metadata, in a timely fashion; in addition, there is no evidence of what Mr. Pepper did in response to the email to show "effect on the listener." First Trial Tr. 3976:21-3979:2 (Nov. 23, 2021). | Court sustained initial objections to GX 746 but allowed GX 746-1 to be admitted, with metadata, without witness, with limiting instruction that jury cannot consider Mr. Kronauge's statements for the truth of the matter asserted but only for the effect on the listener. First Trial Tr. 3981:21-3982:13 (Nov. 23, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - If admitted over prior objections, the exhibit should be subject to the same limiting instruction as at the first trial; Mr. Kronauge's statement is admissible not for the truth but only for the effect on the listener. | Admissible for non-hearsay purpose of effect on the listener. Limiting Instruction: the statements of Mr. Kronauge can be considered for the effect on the listener, not for the truth. Doc. 1031-1.<br><br>Page one of GX 746-1 admitted, subject to limiting instruction. Second Trial Tr. 136-139 (Mar. 3, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).  Further, as the Court previously held, the metadata contained on pages 2 and 3 are irrelevant given Mr. Pepper's testimony (Trial 2 3/3 Unofficial Tr. 137)<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial<br><br>**Limiting Instruction** -This document should be subject to the same limiting instruction given at the first and second trial: Mr. Kronauge's statement is admissible not for the truth but only for the effect on the listener. | Page one of the exhibit admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Kronauge's statements are can be considered only for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 748 | Email between Carl Pepper, Kent Kronauge, and Tim Mulrenin on or about 9/7/2017 (TY-000722084). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 539-540); no additional objections were made. First Trial Tr. 2822:11-15 (Nov. 12, 2021). | Ruled admissible without witness. First Trial Tr. 2822:11-15 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Confrontation clause** - Violation to admit hearsay statements by and about Mr. Kronauge and Popeye's. | Admissible under FRE 801(d)(2)(E) pending authentication. There is no confrontation clause issue. Doc. No. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 749 | Excel spreadsheet titled Tyson Foods, INC. Popeyes Cost Plus Monthly Pricing 2018 Proposed Model using Kent's Grain Assumptions, undated (TY-000722085). | Attachment to email in GX 748; same objections were made to GX 749 as to GX 748 (Doc. 395-1 at 539-540). | Ruled admissible without witness. First Trial Tr. 2822:11-15 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Confrontation clause** - Violation to admit hearsay statements by and about Mr. Kronauge and Popeye's. | Admissible under FRE 801(d)(2)(E) pending authentication. There is no confrontation clause issue. Doc. No. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 750 | Excel spreadsheet titled Tyson Foods, INC. Popeyes Cost Plus Monthly Pricing 2017 Proposed Model using Kent's Grain Assumptions, undated (TY-000722086). | N/A - not offered at first trial. | N/A | Not identified to be admitted without a sponsoring witness for second trial. Doc. 937-1. | Admitted without objection. Second Trial Tr. 152 (Mar. 3, 2022); Part of 803(6) Business Records Stipulation entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104 -Lack of Foundation**, to the extent Mr. Pepper does not testify at trial | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 764 | Excerpt of Justin Gay (770-363-7129) toll records (VZW-ATR001-00004200). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 765 | Excerpt of Carl Pepper ((479) 879-2092) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents included in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 766 | Excerpt of Carl Pepper ((479) 879-2092) toll records (ATT-ATR001-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents included in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 803 | Email chain between Joe Grendys and Bill Lovette on or about 5/1/2016 (KOCH 0001174605). | Statement does not satisfy 801(d)(2)(E) (Doc. 395-1 at 425-427); no additional objection. | Admitted without witness as co-conspirator statement. First Trial Tr. 2761:8-17 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Relevance** -  This email exchange between Mr. Lovette and Mr. Grendys regarding a purported request by a broadline customer to extend credit terms does not tend to make any fact of consequence in determining whether Mr. Lovette entered into an agreement to rig bids and fix prices of broiler chickens more or less probable.  This is a discussion about a purported request from a customer in the broadline segment, which, per the government's supposed insider, Robert Bryant, is different from the quick service restaurant segment and is not part of the alleged underlying conspiracy.  It also is not relevant because it is a communication regarding credit terms, not a bid or contract price, much less a bid or contract price for broiler chickens in the QSR segment.  The communication has nothing to do with prices or bids and therefore is not a fact of consequence in determining whether Mr. Lovette entered the alleged conspiracy given the object of the alleged conspiracy was "price fixing and bid rigging for broiler chicken products." (Doc. 921 at Instruction No. 20.)  Additionally, there is no evidence tying this single 2016 communication about payment terms to the nine-year charged conspiracy to rig bids and fix prices.  At most, this is an agreement to let each other know if their respective company's negotiating position were to change, essentially an agreement to share information, which is not illegal and not related to the charged conspiracy.  For the reasons stated in the related motion in limine filed simultaneously with these objections, there are changed circumstances that warrant the Court reconsidering its earlier James Hearing ruling (FRE 401).<br><br>**Rule 403** - GX 803 offers no probative value to show that Mr. Lovette acted in furtherance of an alleged conspiracy to fix prices and rig bids of broiler chicken.  Allowing the jury to consider a communication in which Mr. Lovette speaks directly with a competitor about an unrelated topic with no nexus to the charged | The Court denied Mr. Lovette's motion to exclude GX-803 in Docket No. 1352. Admissible. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 901 | Email between Bill Kantola and Joe Grendys on or about 12/22/2014 (KOCHFOODS-0000006822). | Statement does not satisfy 801(d)(2)(E) (Doc. 395-1 at 382-383), as this Court ruled after James hearing, First Trial Tr. 1843:22-25 (Nov. 5, 2021); in addition, the statement is irrelevant, misleading, lacking in foundation, and prejudicial. First Trial Tr. 1844:4-1845:12 (Nov. 5, 2021). Defense also objected to authenticity. First Trial Tr. 1848:10-18 (Nov. 5, 2021). | Overruled authenticity objection. First Trial Tr. 1848:19-1849:11 (Nov. 5, 2021). Initially reserved ruling on hearsay objections, but after further briefing ruled that statements by Mr. Kantola are admissible as to Mr. Kantola only under 801(d)(2)(A) and would give limiting instruction to that effect. First Trial Tr. at 1970:20-1971:6 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - If admitted over prior objections, the exhibit should be subject to the same limiting instruction offered at trial: the exhibit can only be considered against Mr. Kantola. | Admissible against Mr. Kantola under FRE 801(d)(2)(A) pending authentication. Limiting Instruction: the exhibit can only be considered against Mr. Kantola. Doc. 1031-1. | **Hearsay** - This Court has previously ruled that these statements do not satisfy 801(d)(2)(e) and there is no change in circumstances that warrants a reconsideration of that ruling. This statement is not admissible under FRE 801(d)(2)(A) because Mr. Kantola is no longer a party opponent in this action.<br><br>**Authentication** - This document has not been authenticated for admission at retrial. (FRE 901) | The government withdrew this exhibit in Docket No. 1341. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|------------------------------------|-------------------------------|--------------------|
| GX 920 | Email chain between Justin Gay, Bill Lovette, Jayson Penn, Meyer Skalak, and Searcy Wildes on or about 5/9/2014 (PILGRIMS-0006742191). | Statements do not satisfy 801(d)(2)(E). (Doc. 395-1, 190-192) Standing authenticity objection to emails from Pilgrim's server. First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). No additional objection. | Admitted without a witness. First Trial Tr. 2717:11 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Defendants make no request for a limiting instruction with respect to Mr. Skalak's statements, and none will be given. Doc. 1031-1. | **Hearsay:** The statements of Mr. Gay are not admissible co-conspirator statements under FRE 801(d)(2)(E) because they are not statements in furtherance of the alleged conspiracy, but instead are statements of opinion regarding the impact of Mr. Ledford's transition from RSCS to Chick-fil-A.<br><br>**Relevance:** Mr. Lovette and Mr. Gay's conversation about Mike Ledford leaving RSCS and moving to Chick-fil-A does not make any fact of consequence in this action more or less probable than it would be without this evidence. Even if the Court believes it should not reconsider its *James* Hearing ruling in light of the evidence presented at the first two trials, this document does not have any tendency to make a fact of consequence in determining whether Mr. Lovette, Mr. Penn, Mr. Austin, Mr. Fries or Mr. Brady violated Section 1 of the Sherman Act. (FRE 401)<br><br>**Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Relevancy objection overruled. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 933 | Email chain between Jimmie Little, Jason McGuire, Sheri Garland, Jayson Penn, and Bill Lovette, among others, on or about 7/17/2014 (PILGRIMS-0009347177). | Hearsay. First Trial Tr. 3521:25-3522:2 (Nov. 18, 2021). Statements do not satisfy 801(d)(2)(E). (Doc. 395-1, p. 200-202) Standing authenticity objection to emails from Pilgrim's server. First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). | Admitted without a witness Garland's statements are not admitted for the truth of the matter asserted, but for the effect on listener. First Trial Tr. 3522:10-13 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - This exhibit should be subject to the same limiting instruction issued at the first trial: Garland's statements are admissible only for their effect on the listener. First Trial Tr. 3522:10-13 (Nov. 18, 2021). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Ms. Garland's statements are admissible for the non-hearsay purpose of effect on the listener pending authentication.<br><br>Limiting Instruction: the statements of Ms. Garland can be considered for the effect on the listener, but not for the truth. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - This exhibit should be subject to the same limiting instruction issued at the first trial: Garland's statements are admissible only for their effect on the listener. First Trial Tr. 3522:10-13 (Nov. 18, 2021). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Ms. Garland's statements can be considered only for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 940 | Text message from Jayson Penn to Jason McGuire on or about 10/29/2014 (PILGRIMS-DOJ-0000484811). | Statements do not satisfy FRE 801(d)(2)(E) Doc. 395-1 at 349-350); objected to hearsay within hearsay by Penn; objection as to relevance by Fries and Brady (11.5.21 Trial Tr. 1842:14-1843:1). | All objections overruled and admitted without a sponsoring witness. First Trial Tr. 1842:18-1843:5 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. The exhibit is relevant to the conspiracy as a whole; the relevancy objection is overruled. Doc 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 953 | Email chain between Scott Tucker and Jason Slider on or about 8/28/2014 (PILGRIMS-DOJ-0002023481). | Statements do not satisfy FRE 801(d)(2)(E) Dkt 395-1 at265-267; objection to second portion of e-mail with Jason Slider as hearsay; Court admits over objection but provides limiting instruction that Mr. Sliders statements aren't for the truth of the matter asserted but to provide context/backgro und. First Trial Tr. 1836:25-1837:7 (Nov. 5, 2021). | Objections overruled and admitted without a sponsoring witness. First Trial Tr. 1836:25-1837:7 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction -** This exhibit should be subject to the same limiting instruction issued at the first trial: Mr. Slider's statements can't be considered for their truth. | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Mr. Slider's statements are admissible for the non-hearsay purpose of effect on the listener pending authentication.<br><br>Limiting Instruction: the statements of Mr. Slider can be considered for the effect on the listener, but not for the truth. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -This exhibit should be subject to the same limiting instruction issued at the first and second trial: Mr. Slider's statements can't be considered for their truth. | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Slider's statements can be considered only for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 955 | Email chain between Lonnie Justice, Tim Stiller, Jimmie Little, and Thomas Lane on or about 9/19/2014 (PILGRIMS-DOJ-0002525317). | Statements do not satisfy FRE 801(d)(2)(E) Dkt 395-1 at290-291; hearsay objection as to Lonnie Justice; Fries objections as to relevance and 404(b) admits over objection with limiting instruction that statements are not for truth but for effect on the listener. First Trial Tr. 1829:1-1834:17 (Nov. 5, 2021). | All objections overruled and admitted without a sponsoring witness. First Trial Tr. 1829:1-1834:17 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br> **Limiting Instruction** - this exhibit should be subject to the same limiting instruction issued at the first trial: Mr. Justice's statements can't be considered for their truth. | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. The exhibit is relevant to the conspiracy as a whole and the indictment gave defendants notice that it charged a price fixing and bid rigging conspiracy. Mr. Justice's statements are admissible for the non-hearsay purpose of effect on the listener. <br><br> Limiting Instruction: the statements of Mr. Justice can be considered for the effect | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br> **Limiting Instruction** -this exhibit should be subject to the same limiting instruction issued at the first trial: Mr. Justice's statements can't be considered for their truth. | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. <br><br> Limiting Instruction: Mr. Justice's statements can be considered only for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 959 | Email between Brian Roberts, Charlie Solomon, Steven Cullen, Brandon Campbell, and Tim Mulrenin, among others, on or about 9/5/2014 attaching pricing spreadsheet (TF-0003607786). | Statements do not satisfy FRE 801(d)(2)(E) Dkt 395-1 at279-280. | Admitted without a sponsoring witness. First Trial Tr.at 3523:1 - 3524:4 (Nov. 18, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 980 | Excerpt of Justin Gay (770-363-7129) toll records (VZW-ATR001-00004200). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents included in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 982 | Excerpt of Mikell Fries iPhone Report Instant Message # 508-511 (CLAXTON_018 1706). | Statements do not satisfy FRE 801(d)(2)(E) Dkt 395-1 at 551-553; objection under 403 and 404(b) and Kantola asks for a limiting instruction; Court overrules objections and refuses a limiting instruction. First Trial Tr. 2717:20-2719:18 (Nov. 12, 2021). | All objections overruled and admitted without a sponsoring witness. First Trial Tr. 2719:19-2720:1 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. The indictment charges an overarching price fixing and bid rigging conspiracy and the 2015 Chick-fil-a contract is within the scope of that and defendants had notice of the exhibit from the *James* log. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1008 | PowerPoint presentation titled 2015 KFC COB Strategy Discussion dated on or about 8/12/2014 (GEO 0000716605). | No objection - Penn offered at first trial. | Admitted through Robert Lewis (offered by defense and government). First Trial Tr. 1454:15-16 (Nov. 4, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1025 | Email between ecopy@kochfoods.com and Bill Kantola on or about 8/19/2014 attaching Adobe PDF (KOCHFOODS-0000227521). | No objection - Kantola offered at first trial. | Admitted through Robert Lewis. First Trial Tr. 1519:21-22 (Nov. 4, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1030 | Handwritten notes written by Pete Martin dated on or about 8/29/2014 (MAR-JAC_000086550 3). | Authenticity; best evidence rule. Docs. 749, 788. | Excluded for lack of authentication. Doc. 770; First Trial Tr. 1828:5-22 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admitted through Florence Becker. Second Trial Tr. 36:1-8 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Hearsay** - Florence Becker's testimony that this exhibit relates to an order for corn and soybean meal demonstrates that any statements contained in the notes are not in furtherance of the charged conspiracy as necessary to satisfy Fed. R. Evid. 801(d)(2)(E). | Admissible under FRE 801(d)(2)(E) pending authentication. The Court ruled in Docket No. 1342 that it would not use the testimony of Ms. Becker from the first trial to authenticate this exhibit for the second trial. |
| GX 1035 | Email between Jason McGuire and Jayson Penn on or about 8/18/2014 attaching spreadsheet (PILGRIMS-0002616918). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 221-24); Standing authenticity objection to emails from Pilgrim's server. First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). | Admitted without witness. First Trial Tr. 1787:2-4 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1036 | Excel spreadsheet titled KFC Pricing Model Pilgrim's Pride Corporation Current vs Actual Cost with hidden columns hidden (PILGRIMS-0002616919). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 221-24). | Admitted without witness. First Trial Tr. 1787:2-4 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1036-1 | Excel spreadsheet titled KFC Pricing Model Pilgrim's Pride Corporation Current vs Actual Cost (PILGRIMS-0002616919). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 221-24); Insufficient notice for exhibit. First Trial Tr. 1782:24-1783:11 (Nov. 5, 2021). | Admitted without witness. First Trial Tr. 1787:2-4 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1051 | Email chain between Jayson Penn, Bill Lovette, and Roger Austin on or about 8/26/2014 (PILGRIMS-0005856142). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 253-59);Standing authenticity objection to emails from Pilgrim's server. First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021); Duplicative to admit both GX 1251 and 1247. First Trial Tr. 1803:7-15 (Nov. 5, 2021). | Admitted without witness. First Trial Tr. 1805:18-22 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1056 | Email chain between Jason McGuire and Jayson Penn on or about 8/7/2014 (PILGRIMS-0006847974). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 205-06); Standing authenticity objection to emails from Pilgrim's server (11.5.21 Trial Tr. 1742:11-1743:8); Rule of completeness - email should be admitted with photo attachment (11.18.21 Unofficial Tr. 5:1-11) | Admitted without witness, to include photo attachment. First Trial Tr. 3449:13-16 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule of Completeness** - As at the first trial, this exhibit must be considered with its photo attachment, E-874. | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Exhibits E-873 and E-874 must be introduced at the same time under the rule of completeness. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - see separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections.<br><br>**Rule of Completeness** - As at the first two trials, this exhibit must be considered with its photo attachment, E-874. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. Exhibit E-874 must be introduced at the same time. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1058 | Email chain between Jayson Penn and Jason McGuire on or about 8/19/2014 (PILGRIMS-0006951503). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 227-30); Standing authenticity objection to emails from Pilgrim's server. First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). | Admitted without witness. First Trial Tr. 1797:7-8 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Exhibits E-873 and E-874 must be introduced at the same time under the rule of completeness. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1066 | Email chain between Jason McGuire, Robbie Bryant, and Roger Austin on or about 8/21/2014 (PILGRIMS-DOJ-0000509292). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 241-43); Standing authenticity objection to emails from Pilgrim's server First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). | Admitted through Robert Bryant. First Trial Tr. 895:13 (Nov. 1, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. While admitted through Mr. Bryant at the first trial, the Court found that the statements of Mr. Austin and Mr. McGuire were made during and in furtherance of the conspiracy in its James order. Doc. 559 at 126. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1069 | Email chain between Jason McGuire, Roger Austin, and Thomas Lane on or about 8/18/2014 (PILGRIMS-DOJ-0000513463). | N/A – not offered at first trial. | N/A | N/A – not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Cumulative** - This exhibit is a different version of GX 1074 and is therefore cumulative.<br><br>**Hearsay** - This version of the email exchange was not on the government's James logs and contains hearsay not subject to any exception. | At the TPC, the Court overruled defendants objections. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1074 | Email chain between Jayson Penn and Jason McGuire on or about 8/19/2014 (PILGRIMS-DOJ-0000513484). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 230-33); Lovette objected that top email from Penn was irrelevant or, if relevant, unfairly prejudicial because it required speculation that Penn discussed McGuire's email with Lovette (First Trial Tr. 1792:7-17 (Nov. 5, 2021); Standing authenticity objection to emails from Pilgrim's server (First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). | Admitted without witness (11.5.21 Trial Tr. 1794:6-11) | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. The document is relevant and admissible under FRE 403. Doc. 1031-1. Admitted with documents included in ECF 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1119 | SBRA dated on or about 9/3/2014 (RSCS000352). | No objection as long as first page redacted. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | Admitted through Robert Lewis. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** -This exhibit should be subject to the same redaction it received at the first trial. (11.3.21 Trial Tr. 1293:12-14). | Admissible pending authentication.<br><br>Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** -This exhibit should be subject to the same redaction it received at the first trial and second trial. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Redation: the first page must be redacted. |
| GX 1120 | SBRA dated on or about 12/2/2013 (RSCS000649). | No objection as long as first page redacted.  First Trial Tr. 1303:1-4 (Nov. 3, 2021). | Admitted through Robert Lewis. First Trial Tr. 1303:1-4 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** -This exhibit should be subject to the same redaction it received at the first trial. | Admissible pending authentication.<br><br>Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** -This exhibit should be subject to the same redaction it received at the first and second trial. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Redation: the first page must be redacted. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1121 | SBRA dated on or about 10/20/2014 (RSCS000659). | No objection as long as first page redacted. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | Admitted through Robert Lewis. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Redaction** -This exhibit should be subject to the same redaction it received at the first trial. (11.3.21 Trial Tr. 1293:12-14). | Admissible pending authentication. Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Redaction** -This exhibit should be subject to the same redaction it received at the first and second trial. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Redation: the first page must be redacted. |
| GX 1122 | SBRA dated on or about 12/12/2013 (RSCS000950). | No objection as long as first page redacted. First Trial Tr. 1303:1-4 (Nov. 3, 2021). | Admitted through Robert Lewis. First Trial Tr. 1303:1-4 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Redaction** - This exhibit should be subject to the same redaction it received at the first trial. | Admissible pending authentication. Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Redaction** - This exhibit should be subject to the same redaction it received at the first and second trial. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Redation: the first page must be redacted. |
| GX 1123 | SBRA dated on or about 12/1/2014 (RSCS000958). | No objection as long as first page redacted. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | Admitted through Robert Lewis. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Redaction** - This exhibit should be subject to the same redaction it received at the first trial. | Admissible pending authentication. Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Redaction** - This exhibit should be subject to the same redaction it received at the first and second trial. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Redation: the first page must be redacted. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1124 | SBRA dated on or about 12/2/2013 (RSCS001129). | No objection as long as first page redacted. First Trial Tr. 1303:1-4 (Nov. 3, 2021). | Admitted through Robert Lewis. First Trial Tr. 1303:1-4 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** - This exhibit should be subject to the same redaction it received at the first trial. | Admissible pending authentication.<br><br>Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** - This exhibit should be subject to the same redaction it received at the first and second trial. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Redation: the first page must be redacted. |
| GX 1125 | SBRA dated on or about 12/1/2014 (RSCS001137). | No objection as long as first page redacted. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | Admitted through Robert Lewis. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** -This exhibit should be subject to the same redaction it received at the first trial. | Admissible pending authentication.<br>Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** - This exhibit should be subject to the same redaction it received at the first and second trial. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Redation: the first page must be redacted. |
| GX 1126 | SBRA dated on or about 9/30/2014 (RSCS001577). | No objection as long as first page redacted. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | Admitted through Robert Lewis. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** -This exhibit should be subject to the same redaction it received at the first trial. | Admissible pending authentication.<br>Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** - This exhibit should be subject to the same redaction it received at the first and second trial. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Redation: the first page must be redacted. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1127 | SBRA dated on or about 9/30/2014 (RSCS002166). | No objection as long as first page redacted. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | Admitted through Robert Lewis. First Trial Tr. 1293:12-14 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** -This exhibit should be subject to the same redaction it received at the first trial. | Admissible pending authentication. Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** - This exhibit should be subject to the same redaction it received at the first and second trial. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Redation: the first page must be redacted. |
| GX 1132 | Email chain between Scott Brady, Robert Lewis, Rich Eddington, Mary Hester, and Mikell Fries on or about 8/19/2014 attaching spreadsheet (RSCS022047). | No objection. | Admitted through Robert Lewis. First Trial Tr. 1275:24 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1133 | Excel spreadsheet titled KFC Cost 2015 proposal (RSCS022049). | No objection. | Admitted through Robert Lewis. First Trial Tr. 1275:23 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1145 | Email between Brian Roberts and Rich Eddington on or about 8/22/2014 attaching spreadsheet (TY-000637803). | N/A - not offered at first trial. | N/A | No objection. | Admitted through the testimony of Carl Pepper. Second Trial Tr. 98:20-22 (Mar. 3, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1146 | Excel spreadsheet titled KFC Formula Based Cost Model Tyson Foods - Period 7 2014 (TY-000637804). | N/A - not offered at first trial. | N/A | No objection. | Admitted through the testimony of Carl Pepper. Second Trial Tr. 98:20-22 (Mar. 3, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 1175 | Email chain between Tim Mulrenin and Rich Eddington on or about 8/15/2014 (TY-001037234). | Hearsay. First Trial Tr. 1779:25-1780:8 (Nov. 5, 2021). | Admitted without a sponsoring witness. First Trial Tr. 1779:25-1780:8 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Mr. Eddington is making a request that Mr. Mulrenin responds to. The request is necessary for the jury to be able to understand Mr. Mulrenin's response, so it is appropriate for the jury to see the entirety of GX 1175. Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1177 | Email from Tim Mulrenin to himself on or about 8/5/2014 (TY-001038031). | Hearsay that does not satisfy any exception. First Trial Tr. 3524:5-17 (Nov. 18, 2021). | Admitted without a sponsoring under FRE 801(d)(2)(A), subject to limiting instruction. First Trial Tr. 3553:9-11 (Nov. 18, 2021); 3933:13-14 (Nov. 23, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible against Mr. Mulrenin under FRE 801(d)(2)(A). Though defendants do not request it in their new objections, a limiting instruction is appropriate. Limiting Instruction: this exhibit can be considered against Mr. Mulrenin only. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - These statements do not meet the criteria of FRE 801(d)(2)(E) and were not included on the original *James* log. They were only admissible against Mr. Mulrenin in trial one and two. Mr. Mulrenin is no longer a party opponent under FRE 801(d)(2)(A) and there is no basis for the court to reconsider its FRE 801(d)(2)(E) ruling, therefore the document is inadmissible hearsay. | The government withdrew this exhibit in Docket No. 1341. |
| GX 1190 | Email between Brian Roberts, Tim Mulrenin, and Rich Eddington on or about 8/11/2014 attaching spreadsheet (TY-001230900). | No objection (had already been admitted as defense exhibit under different number). | Already admitted without a sponsoring witness. First Trial Tr. 1771:12-16 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1191 | Excel spreadsheet titled KFC 2'8-2'12 Marinated Model (TY-001230901). | No objection. | Admitted without a sponsoring witness. First Trial Tr. 1771:12-16 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1238 | Excerpt of Mikell Fries iPhone Report Instant Message # 551-559 (CLAXTON 0181706). | Statements do not satisfy FRE 801(d)(2)(E) Doc. 135-1 at 54-57; Objection to authenticity. First Trial Tr. 1806-1811 (Nov. 5, 2021). | All objections overruled and admitted without a sponsoring witness. First Trial Tr. 1811:14-22 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1247 | Email between Roger Austin and Jayson Penn on or about 8/26/2014 (PILGRIMS-DOJ-0002731122). | Objected to as duplicative; objection originally sustained until DOJ argued that it has a different time stamp than GX 1051. First Trial Tr. 1803-1805 (Nov. 5, 2021). | All objections overruled and admitted without a sponsoring witness. First Trial Tr. 1805:18-22 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | There is additional time stamp information included in this version of the email; the objection based on cumulative nature is overruled. Exhibit is admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1256 | Email chain between Jayson Penn, Roger Austin, and Bill Lovette on or about 9/3/2014 (PILGRIMS-DOJ-0002731134). | N/A | New exhibit | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 403** -This exhibit has limited probative value and is outweighed by the danger of undue prejudice of appealing to jurors' judgments about the use of corporate jets.<br><br>**Hearsay** -This exhibit was not on the government's first James Log and therefore should not be admitted under Rule 801(d)(2)(E). The Court has previously sustained hearsay objections to exhibits not on the James Log (see First Trial Tr. 1798:11-18 (Nov. 5, 2021)). To the extent the government seeks to admit this exhibit through the exceptions | Not admissible as co-conspirator statement under FRE 801(d)(2)(E). Ruled admissible under FRE 801(d)(2)(A) subject to a limiting instruction that it can be considered only against Mr. Lovette and Mr. Penn, but not admitted into evidence. Second Trial Tr. 259:3-8 (Mar. 8, 2022). | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Rule 403** -This exhibit has limited probative value and is outweighed by the danger of undue prejudice of appealing to jurors' judgments about the use of corporate jets.<br><br>**Hearsay** -This exhibit was not on the government's first *James* Log and therefore should not be admitted under Rule 801(d)(2)(E). The Court previously ruled that this exhibit is not admissible as co-conspirator statement under FRE 801(d)(2)(e) and there is no change in circumstances that warrants reconsideration of that ruling. (ECF No. 1050). The Court has previously sustained hearsay objections to exhibits not on the *James* Log (see First Trial Tr. 1798:11-18 (Nov. 5, 2021)). To the extent the government seeks to admit this exhibit through the exceptions listed in its *James* log it filed 1.27.22, specifically exceptions A and H, the government has made no showing that these exceptions apply.<br><br>**Limiting Instruction** -If admitted, it should be subject to a limiting instruction that those statements cannot be considered against defendants other than the declarant. The statements of declarants that are not defendants are not admissible for their truth. | Admissible under FRE 801(d)(2)(A) against Mr. Penn, Mr. Austin, and Mr. Lovette only. Rule 403 objection overruled. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: this exhibit can be considered against Mr. Penn, Mr. Austin, and Mr. Lovette only. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1258 | Email chain between Bill Lovette, Jayson Penn, and Chad Baker on or about 8/26/2014 (PENN-0000000212). | N/A | New exhibit | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** -This exhibit was not on the government's James Log and therefore should not be admitted under Rule 801(d)(2)(E). The Court has previously sustained hearsay objections to exhibits not on James Log (see First Trial Tr. 1798:11-18 (Nov. 5, 2021)). To the extent the government seeks to admit this exhibit through the exceptions listed in its James log it filed 1.27.22, specifically exceptions A, B, F, G, H, and I, the government has made no showing that these exceptions apply.<br><br>**Limiting Instruction** – If admitted, it should be | Not admissible as co-conspirator statement under FRE 801(d)(2)(E). Ruled admissible under FRE 801(d)(2)(A) subject to a limiting instruction that it can be considered only against Mr. Lovette and that the statements of Mr. Baker and Mr. Blackmon can be considered only for their effect on the listener, but not admitted into evidence. Second Trial Tr. 261:17-23 (Mar. 8, 2022). | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Hearsay** -This exhibit was not on the government's James Log and therefore should not be admitted under Rule 801(d)(2)(E). The Court previously ruled that this exhibit is not admissible as co-conspirator statement under FRE 801(d)(2)(e) and there is no change in circumstances that warrants reconsideration of that ruling. (ECF No. 1050.) The Court has previously sustained hearsay objections to exhibits not on James Log (see First Trial Tr. 1798:11-18 (Nov. 5, 2021)). To the extent the government seeks to admit this exhibit through the exceptions listed in its James log it filed 1.27.22, specifically exceptions A, B, F, G, H, and I, the government has made no showing that these exceptions apply.<br><br>**Limiting Instruction** – If admitted, it should be subject to a limiting instruction that those statements cannot be considered against defendants other than the declarant. The statements of declarants that are not defendants are not admissible for their truth. | Admissible under FRE 801(d)(2)(A) pending authentication against Mr. Lovette only.  Rule 403 objection overruled.<br><br>Limiting Instruction: this exhibit can be considered against  Mr. Lovette only. The statements of Mr. Blackmon and Mr. Baker can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1403 | Email chain between Scott Brady, Mark Oeschli, and Mike Ledford on or about 12/3/2012 attaching spreadsheet (CLA_0191961). | N/A - not offered at first trial. | N/A | No objection. | Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1404 | Excel spreadsheet titled Copy of KFC Cost 2013 BID dated on or about 10/8/2012 (CLA_0191962). | N/A - not offered at first trial. | N/A | No objection. | Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1406 | Email from Mark Oechsli to Ric Blake and Darrel Keck on or about 10/10/2012 attaching Excel spreadsheet (GEODOJ_0579 330). | No objection. | Admitted through Michael Ledford. First Trial Tr. 2078:14 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1407 | Excel spreadsheet titled UFPC Feed Flow Through Pricing (GEODOJ_05793 31). | N/A - not offered at first trial. | N/A | Offered by defense through Michael Ledford without objection by government. | Admitted through Michael Ledford. Second Trial Tr. 177:17-178:1 (Mar. 1, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1409 | Email chain between Bruce MacKenzie, Bill Kantola, Bo Wright, and Lance Buckert on or about 10/10/2012 (KOCH_0002060 716). | Statements do not satisfy FRE 801(d)(2)(E)(Doc. 395-1 at 36-37); objected to due to lack of completeness. First Trial Tr. 2130:20-2131:19 (Nov. 9, 2021). | Overruled and admitted without a sponsoring witness. First Trial Tr. 2131:24-2132:3 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. The rule of completeness is inapplicable and does not require the admission of GX 1520, a longer version of this email chain. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1410 | Email from Bruce MacKenzie to Mark Oechsli on or about 10/10/2012 attaching Excel spreadsheet (KOCHFOODS-0000561602). | No objection. | Admitted through Michael Ledford. First Trial Tr. 2077:2 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1427 | Excerpt of Mikell Fries iPhone Report Instant Message # 58-65 (CLAXTON_018 1706). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. 395-1 at 177-179); Rule 611 objection regarding timing of introducing certain exhibits. First Trial Tr. 2584:7-14 (Nov. 10, 2021). | Admitted without witness. First Trial Tr. 2584:24-25 (Nov. 10, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible co-conspirator statements under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1435 | Email chain between Scott Brady, Steve Campisano, Mike Ledford, and Mark Oechsli on or about 12/5/2012 (CLA_0191967). | No objection. | Admitted through Michael Ledford. First Trial Tr. 2176:24-25 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. (Doc. 1031-1); Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1438 | Excel spreadsheet titled 2012 UFPC RFI Questions (PILGRIMS-DOJ-0002470763). | No objection. | Admitted through Michael Ledford. First Trial Tr. 2065:2-3 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1438-1 | Email between Mike Ledford and others on or about 9/28/2012 attaching Excel spreadsheet (PILGRIMS-DOJ-0002470762). | No objection. | Admitted through Michael Ledford. First Trial Tr. 2065:2-3 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1439 | Email from notify@combinen et.com to Roger Austin on or about 11/7/2012 (PILGRIMS-DOJ-0000513728). | No objection. | Admitted through Michael Ledford. First Trial Tr. 2164:12-14 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1444 | Excerpt of Roger Austin (770- 842-9379) toll records (VZW-ATR001-00009436). | No objection | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection | Admitted with documents in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1500 | Email chain between Scott Brady, Mikell Fries, and Mark Oechsli on or about 11/28/2012 (CLA 0078000). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. 395-1 at 58-60). | Admitted through Michael Ledford. First Trial Tr. 2182:14-15 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Mr. Brady's statements are admissible as co-conspirator statements under FRE 801(d)(2)(E) pending authentication. (Doc. 1031-1); Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1500-1 | Email chain between Scott Brady, Mikell Fries, and Mark Oechsli on or about 11/28/2012 (CLA 0078000) (Redacted). | N/A - not offered at first trial. | N/A | No objection as redacted. Second Trial Tr. 185:25 (Feb. 28, 2022). | Admitted as redacted without objection. Second Trial Tr. 186:1-3 (Feb. 28, 2022). | **Untimeliness** – This exhibit did not appear on the government's exhibit list filed April 25, 2022 (Doc. 1268) and thus should not be admitted due to government's failure to provide timely notice of its intended use of this exhibit. **Redaction** – this exhibit should be subject to the same redactions from second trial. | This exhibit is listed on the government's April 25, 2022 notice of exhibits without a testifying witness. *See* Docket No. 1269 at 4. The timeliness objection is overruled and the exhibit is admissible. Redaction: the top email must be redacted. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1501 | Excel spreadsheet titled Attachment_1-FOB Summary undated (CLA 0078001). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. No. 395-1 at 58-60). | Admitted through Michael Ledford. First Trial Tr. 2181:14-15 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication (Doc. 1031-1); Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1503 | Adobe PDF titled EXHIBIT 1 dated 12/13/2012 (CLA_078020). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. No. 395-1 at 141-142). | Admitted through Michael Ledford. First Trial Tr. 2195:2 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication (Doc. 1031-1); Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1505 | Email chain between Scott Brady and Mark Oechsli on or about 10/09/2012 attaching cost model (CLA_0191549). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. No. 395-1 at 31-33). | Admitted through Michael Ledford. First Trial Tr. 2073:21 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication (Doc. 1031-1); Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1510 | Email chain between Charles George, Ric Blake, and Darrel Keck on or about 11/8/2012 attaching handwritten notes (GEO_0000528203). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay (802)**<br><br>**Rule 104** -Lack of Foundation, | The government withdrew this exhibit at the TPC. |
| GX 1511 | Handwritten notes written by Darrel Keck dated on or about 11/8/2012 (GEO_0000528204). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay (802)**<br><br>**Rule 104** -Lack of Foundation, | The government withdrew this exhibit at the TPC. |
| GX 1514 | Email between Ric Blake, Mike Ledford, and Darrel Keck on or about 12/17/2012 attaching Adobe PDF (GEO_0000832907). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. No. 395-1 at 77-78). | Admitted through Michael Ledford. First Trial Tr. 2530:17 (Nov. 10, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1515 | Adobe PDF titled EXHIBIT1 dated 12/7/2011 (GEO_0000832908). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. No. 395-1 at 77-78). | Admitted through Michael Ledford. First Trial Tr. 2190:14 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication (Doc. 1031-1); Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1522 | Email chain between Jayson Penn, Bill Lovette, Scott Tucker, and Roger Austin on or about 11/30/2012 attaching Excel spreadsheet (PILGRIMS-0002671675). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. No. 395-1 at 73-77); Duplicative of 1567 and 1568. | Admitted without a witness. First Trial Tr. 2158:13-14 (Nov. 9, 2021); Excluded GXs 1567 and 1568 as duplicative of GX 1522. First Trial Tr. 2158:2-22 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1523 | Excel spreadsheet titled Price Reduction Impact dated on or about 11/30/22012 (PILGRIMS-0002671676). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. No. 395-1 at 73-77). | Admitted without a witness. First Trial Tr. 2158:13-14 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1526 | Email between Roger Austin, Justin Gay, and Scott Tucker on or about 10/26/2012 attaching cost model and Word document (PILGRIMS-0002932765). | Blake sought a limiting instruction. First Trial Tr. 2134:3-5 (Nov. 9, 2021). | Admitted without a witness. First Trial Tr. 2134:8 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible against all defendants pending authentication; no limiting instruction will be given. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1528 | Word document titled KFC Bid Summary dated on or about 10/26/2012 (PILGRIMS-0002932767). | Statements do not satisfy 801(d)(2)(E) (Doc. No. 395-1 at 39-42); Blake sought a limiting instruction. First Trial Tr. 2134:3-5 (Nov. 9, 2021). | Admitted without a witness. First Trial Tr. 2134:8 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible against all defendants pending authentication; no limiting instruction will be given. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1538 | Email between Scott Tucker and Roger Austin on or about 11/29/2012 (PILGRIMS-0005252995). | Statements do not satisfy 801(d)(2)(E) (Doc. No. 395-1 at 68-70); Rule of completeness. First Trial Tr. 2142-2148 (Nov. 9, 2021). | Admitted without a witness. First Trial Tr. 2148:5-9 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. The rule of completeness is inapplicable. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1539 | Excel spreadsheet titled Price Reduction Impact dated on or about 11/29/2012 (PILGRIMS-0005252996). | Statements do not satisfy 801(d)(2)(E) (Doc. No. 395-1 at 68-70); Rule of completeness. First Trial Tr. 2142-2148 (Nov. 9, 2021). | Admitted without a witness. First Trial Tr. 2148:5-9 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. The rule of completeness is inapplicable. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1542 | Calendar invitation regarding Pilgrims Negotiation Call dated on or about 11/26/2012 (PILGRIMS-0009252915). | No objection | Admitted through Ledford direct. First Trial Tr. 2186:23 (Nov. 9, 2021). | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1544 | Email chain between Roger Austin, Jayson Penn, Jason McGuire Justin Gay, and Scott Tucker on or about 11/29/2012 (PILGRIMS-DOJ-0000383926). | Statements do not satisfy 801(d)(2)(E) (Doc. No. 395-1 at 60-63, 66-68). | Admitted without a witness. First Trial Tr. 2141:22-23 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1546 | Email chain between Roger Austin and Scott Tucker on or about 11/29/2012 (PILGRIMS-DOJ-0000509322). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 70-73) Rule of Completeness - Austin moved to admit DXs I-141, I-142, I-143, I144, I-145, D-538, and D-839 for consideration with GX 1546 (Doc. 804). | Admitted without witness. First Trial Tr. 2148:5-9 (Nov. 9, 2021), but the Court required that DXs D-839 and I-141 be admitted and-shown at the same time under the Rule of Completeness. First Trial Tr. 3909:6-3910:22 (Nov. 22, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Rule of Completeness** - As at the first trial, this exhibit must be considered with DXs D-839 and I-141. | Admissible under FRE 801(d)(2)(E). D-839 and I-141 must be admitted at the same time under the rule of completeness. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901) **Rule of Completeness** -As at the first trial, this exhibit must be considered with DXs D-839 and I-141. (11.22.21 Trial Tr. 3909:6-3910:22). | Admissible under FRE 801(d)(2)(E). D-839 and I-141 must be admitted at the same time under the rule of completeness. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1547 | Email chain between Jayson Penn, Scott Tucker, Roger Austin, and Jason McGuire on or about 11/30/2012 (PILGRIMS-DOJ-0000513615). | Was not included on the James Log and does not satisfy 801(d)(2)(E); objection to the Government's argument that "questions are simply not assertive of anything and are therefore not hearsay"; statements are hearsay that do not satisfy any exception, First Trial Tr. 2358:13-21 (Nov. 9, 2021); Rule of Completeness - Penn requested that DX E-570 also be admitted; briefing was submitted by Penn, Blake, and the government (Docs. 814, 815, 816, 817) First Trial Tr. 2377:14-24 (Nov. 10, | Admitted without witness with limiting instruction, and the Court required that DX E-570 also be admitted under the Rule of Completeness. First Trial Tr. 2377:2-24 (Nov. 10, 2021). | **Rule of Completeness** - As at the first trial, this exhibit must be considered with DX E-570. **Limiting Instruction** - This exhibit should be subject to the same limiting instruction as at the first trial: the upper email may be considered against Mr. Penn only. | Statements by defendants that were not included in the James log so are admissible only against the declarant under FRE 801(d)(2)(A). Under the rule of completeness DX E-570 must be admitted at the same time. Limiting Instruction: Exhibit 1547 has been admitted, but only as to Mr. Penn. Exhibit E-570 has been admitted, but only as to Mr. Penn and Mr. Austin. Doc. 1031-1. | **Hearsay** - This exhibit was not on the government's *Jame* Log and therefore should not be admitted under Rule 801(d)(2)(E). The Court previously ruled that this exhibit is not admissible as co-conspirator statement under FRE 801(d)(2)(e) and there is no change in circumstances that warrants reconsideration of that ruling. (ECF No. 1031-1). The Court has previously sustained hearsay objections to exhibits not on the *James* Log (see First Trial Tr. 1798:11-18 (Nov. 5, 2021).<br><br>**Rule of Completeness** - As at the first trial, this exhibit must be considered with DX E-570. First Trial Tr. 2377:2-24 (Nov. 10, 2021).<br><br>**Limiting Instruction** -This exhibit should be subject to the same limiting instruction as at the first trial: the upper email may be considered against Mr. Penn only. | Admissible under FRE 801(d)(2)(A) against Mr. Penn only.  Exhibit E-570 must be admitted at the same time.<br><br>Limiting Instruction: the exhibit can only be considered against Mr. Penn. |
| GX 1552 | Adobe PDF titled Exhibit 1, 8-Piece COB Pricing Model dated on or about 12/13/2012 (RSCS001545). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. 395-1 at 555); No additional objections. | Admitted through Michael Ledford. First Trial Tr. 2192:25 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1569 | Email between Tim Scheiderer and Mark Oechsli on or about 10/10/2012 attaching spreadsheet titled Tyson-Yum Poultry Bid Sheet Event 20122013.xls (TY-002544937). | Objection under FRE 401 and 403 by Roberts and Mulrenin. First Trial Tr. 2082:1-24 (Nov. 8, 2021). | Admitted through Michael Ledford. First Trial Tr. 2085:5-15 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Relevant to showing that Tyson submitted a bid for the RSCS 2012-2013 contract and not unfairly prejudicial. Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1614 | Excerpt of Roger Austin (770-842-9379) toll records (VZW-ATR001-00009436). | No objection | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection | Admitted with documents in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1615 | Excerpt of Mikell Fries iPhone Report Instant Message # 3 (CLAXTON_018 1706). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 177-179), Relevancy from Fries and Austin. First Trial Tr. 2693:22-2699:14 (Nov. 12, 2021). | Admitted without witness. First Trial Tr. 2699:15-25 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. It is relevant because Mr. Fries communicated with Mr. Brady that he had talked to Mr. Austin about Mr. Ledford's "research project" of price and sizing for smaller birds. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1700 | Email chain between Scott Brady, Mikell Fries, Mark Oeschli, Mary Hester, and Stephen Campisano on or about 11/01/2013 attaching word document (CLA 0078049). | Statements do not satisfy 801(d)(2)(E) (Doc. No. 395-1 at 149-151); Hearsay, First Trial Tr. 2703:1-12, 2704:7-13 (Nov. 12, 2021) ; Limiting instruction that admited against Brady only, First Trial Tr. 2704:19-2706:12-15 (Nov. 12, 2021). | Admitted without a witness. First Trial Tr. 2704:19-2706:12-15 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - this exhibit should be subject to the same limiting instruction issued at the first trial: the top portion is admissible only against Defendant Brady. | Not admissible as co-conspirator statement under FRE 801(d)(2)(E). Doc. No. 1050 (denying reconsideration) | **Hearsay** - The Court ruled that the top email in this chain did not meet the criteria of FRE 801(d)(2)(E) and that the top email in the chain was only admissible against Mr. Brady in Trial 1 and Trial 2. There is no reason to reconsider the Court's ruling regarding FRE 801(d)(2)(E). To the extent this exhibit is admitted, the top email should be considered against Mr. Brady only.<br><br>**Limiting Instruction** -this exhibit should be subject to the same limiting instruction issued at the first trial: the top portion is admissible only against Defendant Brady | The Court denied the government's motion for reconsideration of this exhibit in Docket No. 1354. Accordingly, it is inadmissible under FRE 801(d)(2)(E) and admissible only against Mr. Brady.<br><br>Limiting Instruction: the top portion is admissible only against Defendant Brady. |
| GX 1700-1 | Email chain between Scott Brady, Mikell Fries, Mark Oeschli, Mary Hester, and Stephen Campisano on or about 11/01/2013 attaching word document (CLA 0078049) (Redacted). | With top email redacted, no objections. First Trial Tr. 2575:18-19 (Nov. 10, 2021). | Admitted as redacted without objection. First Trial Tr. 2575:18-19 (Nov. 10, 2021). | No objection. | Admitted as redacted without objection. Second Trial Tr. 200:3-6 (Feb. 28, 2022). | **Untimeliness** – This exhibit did not appear on the government's exhibit list filed April 25, 2022 (Doc. 1268) and thus should not be admitted due to government's failure to provide timely notice of its intended use of this exhibit.<br><br>**Redaction** - The top email should be redacted, as at the first trial. | This exhibit is listed on the government's April 25, 2022 notice of exhibits without a testifying witness. See Docket No. 1269 at 4. The timeliness objection is overruled and the exhibit is admissible.<br><br>Redaction: the top email must be redacted. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1707 | Email chain between Jayson Penn, Roger Austin, Mike Ledford, and Mark Oechsli on or about 2/3/2013 (PILGRIMS-0002675743). | Relevance. First Trial Tr. 2219:2-2224:9 (Nov. 9, 2021). | Relevancy objection sustained. First Trial Tr. 2223:2-5 (Nov. 9, 2021). | N/A - offered by defense. Second Trial Tr. 147:15-18 (Mar. 1, 2022). | Government's relevancy objection sustained. Second Trial Tr. 148:21 (Mar. 1, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. |
| GX 1713 | Email chain between Scott Tucker, Roger Austin, Justin Gay, and Mike Ledford on or about 11/19/2013 (PILGRIMS-0005254544). | Hearsay. First Trial Tr. 2707:17-2711:24 (Nov. 12, 2021). | Excluded as hearsay against all defendants but Austin; admitted against Austin without witness with limiting instruction. First Trial Tr. 2712:12-18 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - this exhibit should be subject to the same limiting instruction issued at the first trial: the top portion is inadmissible hearsay and Mr. Austin's statement can only be admitted against Austin. | Not admissible as co-conspirator statement under FRE 801(d)(2)(E). Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - This exhibit should be subject to the same limiting instruction issued at the first trial: the top portion is inadmissible hearsay and Mr. Austin's statement can only be admitted against Austin. | The Court denied the government's motion for reconsideration of this exhibit in Docket No. 1354. Accordingly, it is inadmissible under FRE 801(d)(2)(E) and admissible only against Mr. Austin.<br><br>Limiting Instruction: Mr. Austin's statements can only be considered against him.<br><br>Redaction: the top email must be redacted |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1713-1 | Redacted version of email chain between Scott Tucker, Roger Austin, Justin Gay, and Mike Ledford on or about 11/19/2013 (PILGRIMS-0005254544). | N/A - not offered at first trial. | N/A | No objection. | Admitted through Michael Ledford. Second Trial Tr. 206:1 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1722 | Email chain between Roger Austin and Jayson Penn on or about 1/29/2013 (PILGRIMS-0009043857). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. 395-1 at 86-87). | Admitted without witness. First Trial Tr. 3502:18 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1728 | SBRA dated on or about 12/2/2013 (RSCS000343). | No objection. | Admitted through Robert Lewis. First Trial Tr. 1303:1-4 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** -Cover page should be redacted per prior ruling, otherwise no objections. | Admissible pending authentication. Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** -Cover page should be redacted per prior ruling. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Redation: the first page must be redacted. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1729 | SBRA dated on or about 12/2/2013 (RSCS001557). | No objection. | Admitted through Robert Lewis. First Trial Tr. 1303:1-4 (Nov. 3, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Redaction** -Cover page should be redacted per prior ruling, otherwise no objections. | Admissible pending authentication. Redaction: the first page must be redacted. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Redaction** -Cover page should be redacted per prior ruling. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Redation: the first page must be redacted. |
| GX 1733 | Excerpt of Roger Austin (770-842-9379) toll records (VZW-ATR001-00009436). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection | Admitted with documents in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1734 | Excerpt of Mikell Fries iPhone Report Instant Message #304-307 (CLAXTON 0181706). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. No. 395-1 at 551-553); Hearsay; Relevance; FRE 403. First Trial Tr. 2715:7-18 (Nov. 12, 2021). | Admitted without a witness. First Trial Tr. 2716:18-22 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1747 | Email between Scott Brady and Poultry Purchasing on or about 11/5/2013 attaching Excel spreadsheet (CLA 0192999). | N/A | New exhibit; Offered into evidence, without objection, by the defense as Exhibit A-612 during cross-examination of Michael Ledford. First Trial Tr. 2386:13-17 (Nov. 10, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | This document was admitted under Defense Exhibit A-612. For consistency of the record, the defense-marked exhibit should be used. No objection to DX A-612. | Admissible. The exhibit shall be marked at A-612 for the consistency of the record. |
| GX 1825 | Email between Roger Austin, Sara Fisher, and Rich Eddington on or about 2/3/2017 (PILGRIMS-DOJ-0000509332). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 466-67). | Admitted through Sangalis. First Trial Tr. 574:5-6 (Oct. 28, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1826 | Excel spreadsheet titled UFPC Cost Plus Pricing Period 2 Proposal for 2018 (PILGRIMS-DOJ-0000509333). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 466-67). | Admitted through Sangalis. First Trial Tr. 574:5-6 (Oct. 28, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1846 | Text message from Roger Austin to Tim Stiller on or about 2/1/2017 (PILGRIMS-DOJ-0000914266). | Statements do not satisfy FRE 801(d)(2)(E) (Doc. 395-1 at 459), Continuing objections from James hearing from Kantola and Lovette. First Trial Tr. 2677:24-25, 2678:01 (Nov. 12, 2021). | Admitted without witness. First Trial Tr. 2677:24-25, 2678:1 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Relevance** (FRE 401/403) <br><br> **Rule of Completeness** - the prosecution should include the first text in the conversation GX 6235, which provides the question being answered in the later texts, "Is KFC expecting [sic] the NHA at no cost?"  To omit the initial question and topic is misleading and confusing to the jury. | The Court reserves ruling on this exhibit. |
| GX 1847 | Text message from Tim Stiller to Roger Austin on or about 2/1/2017 (PILGRIMS-DOJ-0000914267). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 459), Continuing objections from James hearing from Kantola and Lovette. First Trial Tr. 2677:24-25, 2678:01 (Nov. 12, 2021). | Admitted without witness. First Trial Tr. 2677:24-25, 2678:1 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Relevance** (FRE 401/403) <br><br> **Rule of Completeness** - the prosecution should include the first text in the conversation GX 6235, which provides the question being answered in the later texts, "Is KFC expecting [sic] the NHA at no cost?"  To omit the initial question and topic is misleading and confusing to the jury. | The Court reserves ruling on this exhibit. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 1848 | Text message from Roger Austin to Tim Stiller on or about 2/1/2017 (PILGRIMS-DOJ-0000914268). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 459), Continuing objections from James hearing from Kantola and Lovette. First Trial Tr. 2677:24-25, 2678:01 (Nov. 12, 2021). | Admitted without witness. First Trial Tr. 2677:24-25, 2678:1 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Relevance** (FRE 401/403) **Rule of Completeness** - the prosecution should include the first text in the conversation GX 6235, which provides the question being answered in the later texts, "Is KFC expecting [sic] the NHA at no cost?"  To omit the initial question and topic is misleading and confusing to the jury. | The Court reserves ruling on this exhibit. |
| GX 1849 | Text message from Roger Austin to Tim Stiller on or about 2/1/2017 (PILGRIMS-DOJ-0000914269). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 459), Continuing objections from James hearing from Kantola and Lovette. First Trial Tr. 2677:24-25, 2678:01 (Nov. 12, 2021). | Admitted without witness. First Trial Tr. 2677:24-25, 2678:1 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Relevance** (FRE 401/403) **Rule of Completeness** - the prosecution should include the first text in the conversation GX 6235, which provides the question being answered in the later texts, "Is KFC expecting [sic] the NHA at no cost?"  To omit the initial question and topic is misleading and confusing to the jury. | The Court reserves ruling on this exhibit. |
| GX 1850 | Text message from Tim Stiller to Roger Austin to on or about 2/17/2017 (PILGRIMS-DOJ-0000915280). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 566-68). | Admitted without witness. First Trial Tr. 2679:14-24 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|----------------------------------|--------------------------------|-----------------------------------|--------------------------------|--------------------|
| GX 1851 | Text message from Roger Austin to Tim Stiller on or about 2/17/2017 (PILGRIMS-DOJ-0000915300). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 566-68). | Admitted without witness. First Trial Tr. 2679:14-24 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Hearsay** (Rule 802) | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1852 | Text message from Tim Stiller to Roger Austin on or about 2/17/2017 (PILGRIMS-DOJ-0000915301). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 566-68). | Admitted without witness. First Trial Tr. 2679:14-24 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1853 | Text message from Tim Stiller to Roger Austin on or about 2/17/2017 (PILGRIMS-DOJ-0000915303). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 566-68). | Admitted without witness. First Trial Tr. 2679:14-24 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1854 | Text message from Roger Austin to Tim Stiller on or about 2/17/2017 (PILGRIMS-DOJ-0000915320). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 566-68). | Admitted without witness. First Trial Tr. 2679:14-24 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1856 | Text message from Tim Stiller to Roger Austin on or about 2/18/2017 (PILGRIMS-DOJ-0000915346). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 566-68). | Admitted without witness. First Trial Tr. 2679:14-24 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1858 | Text message from Roger Austin to Tim Stiller on or about 2/18/2017 (PILGRIMS-DOJ-0000915360). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 566-68). | Admitted without witness. First Trial Tr. 2679:14-24 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1862 | Text message from Tim Stiller to Roger Austin on or about 2/20/2017 (PILGRIMS-DOJ-0000915473). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 566-68). | Admitted without witness. First Trial Tr. 2679:14-24 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1864 | Text message from Jayson Penn to Tim Stiller on or about 2/21/2017 (PILGRIMS-DOJ-0000915538). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 482-83). | Admitted without witness. First Trial Tr. 2686:20 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in ECF 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1882 | Email chain between Robbie Bryant, Roger Austin, and Scott Tucker on or about 1/17/2017 (PILGRIMS-DOJ-0001262887). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 446-48), Double hearsay by Fries, First Trial Tr. 812:5-813:7 (Nov. 12, 2021), duplicative and misleading to the jury by Penn and Austin, First Trial Tr. 813:9-17 (Nov. 12, 2021). | Admitted without witness with limiting instruction. First Trial Tr. 813:9-17 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - this exhibit should be subject to the same limiting instruction offered at the first trial: the "Sarah wants" portion cannot be considered for its truth. First Trial Tr. 813:10-17 (Nov. 12, 2021). | Admissible under FRE 801(d)(2)(E) pending authentication. The references to what "Sarah wants" are admissible for the non-hearsay purpose of effect on the listener. There is additional time stamp information included in this version of the email; the objection based on cumulative nature and confusion is overruled. Limiting Instruction: the statements regarding what "Sarah wants" can be considered for... | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 403** - misleading to the jury.<br><br>**Limiting Instruction** - this exhibit should be subject to the same limiting instruction offered at the first trial: the "Sarah wants" portion cannot be considered for its truth. | Admissible under FRE 801(d)(2)(E). Rule 403 objection overruled. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: the statements regarding what "Sarah wants" can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1890 | Email chain between Robbie Bryant and Tim Stiller on or about 2/3/2017 attaching Excel spreadsheet (PILGRIMS-DOJ-0001384965). | Exhibit was not on James Log, Mr. Bryant was a government witness at this trial, no hearsay exception. First Trial Tr at 2686-2692 (Nov. 12, 2021). | Refused without witness. First Trial Tr at 2691:21-22 (Nov. 12, 2021). | N/A - not offered at second trial. | N/A | **Hearsay** - This exhibit was not on the government's James Log and therefore should not be admitted under Rule 801(d)(2)(E). The Court previously ruled that this exhibit is not admissible as co-conspirator statement under FRE 801(d)(2)(e) and there is no change in circumstances that warrants reconsideration of that ruling. (ECF No. 1031-1). The Court has previously sustained hearsay objections to exhibits not on the James Log (see First Trial Tr. 1798:11-18 (Nov. 5, 2021). | Inadmissible under FRE 801(d)(2)(E). The Court refused the government's request to add this exhibit to the *James* log [Docket No. 1353]. |
| GX 1891 | Excel spreadsheet titled KFC 2018 Cost Model dated or about 1/25/2017 (PILGRIMS-DOJ-0001384966). | N/A - not offered at first trial. | NA | N/A - not offered at second trial. | N/A | **Hearsay** - This exhibit was not on the government's James Log and therefore should not be admitted under Rule 801(d)(2)(E). The Court previously ruled that this exhibit is not admissible as co-conspirator statement under FRE 801(d)(2)(e) and there is no change in circumstances that warrants reconsideration of that ruling. (ECF No. 1031-1). The Court has previously sustained hearsay objections to exhibits not on the James Log (see First Trial Tr. 1798:11-18 (Nov. 5, 2021). | Inadmissible under FRE 801(d)(2)(E). The Court refused the government's request to add this exhibit to the *James* log [Docket No. 1353]. |
| GX 1894 | Email between Tim Stiller and Robbie Bryant on or about 2/21/2017 (PILGRIMS-DOJ-0001386338). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 481-82), Duplicative and misleading to the jury by Austin. First Trial Tr. 2693:10-12 (Nov. 12, 2021). | Admitted without witness. First Trial Tr. 2693:10-12 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Objections based on duplicative and misleading nature are overruled. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1923 | Email between Sara Fisher, Roger Austin, Scott Tucker, and Rich Eddington on or about 12/9/2016 (RSCS019072). | No objection | Admitted through Sara Fisher. First Trial Tr. 1575:20-22 (Nov. 4, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1959 | Excerpt of Roger Austin (770-842-9379) toll records (VZW-ATR001-00009436). | No objection | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1960 | Excerpt of Roger Austin (770-842-9379) toll records (VZW-ATR001-00009436). | No objection | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1961 | Excerpt of Roger Austin (770-842-9379) toll records (VZW-ATR001-00009436). | No objection | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 1962 | Excerpt of Ric Blake ((479)236-2020) toll records (ATT-ATR001-00000001). | No objections | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objections | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1963 | Except of Greg Tench (770-854-7200) toll records (VZW-ATR-004-00008252). | No objections | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objections | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 1964 | Excerpt of William Kantola ((770) 329-7505) toll records (ATT-ATR001-00000001). | No objections | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objections | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 2000 | Email chain between Jayson Penn, Fabio Sandri, and Bill Lovette on or about 12/22/2014 (PILGRIMS-0005858337). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 557-61); Standing authenticity objection to emails from Pilgrim's server. First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). | Admitted without witness. First Trial Tr. 2844:14 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 2001 | Email chain between Jayson Penn, Chad Baker, and Bill Lovette on or about 11/26/2014 (PILGRIMS-0006956340). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 371-73); Standing authenticity objection to emails from Pilgrim's server (First Trial Tr. 1742:11-1743:8(Nov. 5, 2021)); Limiting instructions requested (First Trial Tr. 2840:11-19 (Nov. 12, 2021)). | Admitted without witness with limiting instruction that Mr. Baker's statements can be considered only for their effect on the listener. First Trial Tr. 2841:21-2842:3 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - The statements of Chad Baker are hearsay and should be subject to the same limiting instruction given at the first trial. | Admissible under FRE 801(d)(2)(E) pending authentication. Limiting Instruction: the statements of Mr. Baker can be considered, not for the truth of the matter asserted, but rather for the effect on the listener. Doc. 1031-1. Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -The statements of Chad Baker are hearsay and should be subject to the same limiting instruction given at the first two trials. | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Baker's statement can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 2002 | Email chain between Jayson Penn, Bill Lovette, and Chad Baker on or about 11/26/2014 (PILGRIMS-0006956343). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 374-77); Standing authenticity objection to emails from Pilgrim's server (First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021)); Limiting instructions requested (First Trial Tr. 2843:5-14 (Nov. 12, 2021)) | Admitted without witness with limiting instruction that Mr. Baker's statements can be considered only for their effect on the listener. First Trial Tr. 2844:1-2 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - The statements of Chad Baker are hearsay and should be subject to the same limiting instruction given at the first trial. | Admissible under FRE 801(d)(2)(E) pending authentication. Limiting Instruction: the statements of Mr. Baker can be considered, not for the truth of the matter asserted, but rather for the effect on the listener. Doc. 1031-1. Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -The statements of Chad Baker are hearsay and should be subject to the same limiting instruction given at the first two trials. | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Baker's statement can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 2005 | Email chain between Jayson Penn, John Curran, and Bill Lovette on or about 11/25/2014 (PILGRIMS-0009084158). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 365-71); Standing authenticity objection to emails from Pilgrim's server (First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021)); Objected on the basis that GX 2005 is a different version of a document the government had on the James log (GX 2004, entry 193) (First Trial Tr. 2838:11-2839:13 (Nov. 12, 2021)). | Admitted without witness. First Trial Tr. 2839:12-13 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 3025 | Email between Jayson Penn and Bill Lovette on or about 07/24/2013 (PILGRIMS-0009051822). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 134-36); Standing authenticity objection to emails from Pilgrim's server (First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021)). | Admitted without witness. First Trial Tr. 3588:9 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance/Rule 403** - see separate filing. Defendants incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 3037 | Email chain between Jayson Penn, Jason McGuire, Brenda Ray, Rob Alsberg, and Jimmie Little, among others, on or about 9/1/2012 (PILGRIMS-DOJ-0000509304). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 27-29); Standing authenticity objection to emails from Pilgrim's server. First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). | Admitted without witness, but with limiting instruction on the lower email. First Trial Tr. 1768:23-1769:10 (Nov. 5, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - The lower email in this exhibit should be subject to the same limiting instruction given at the first trial: The jury can consider the email to prove the existence of a conspiracy but not as to whether any defendant was a member of that conspiracy. First Trial Tr. 1768:23-1769:10 (Nov. 5, 2021). | Admissible under FRE 801(d)(2)(E) pending authentication. Limiting Instruction: the lower part of the document (everything except the top email) can be considered to prove the existence of a conspiracy but not to prove whether any defendant was a member of that conspiracy. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - Testimony from the first two trials has demonstrated that this email is irrelevant to the alleged conspiracy charged in the indictment. See separate filing.<br><br>**Limiting Instruction** -The lower email in this exhibit should be subject to the same limiting instruction given at the first two trials: The jury can consider the email to prove the existence of a conspiracy but not as to whether any defendant was a member of that conspiracy. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352.  Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |
| GX 3074 | Adobe PDF titled Supply Agreement For Church's Chicken dated on or about 7/18/2016 (TY-004345675). | Lack of foundation as to documents collected by the Oliver Group. First Trial Tr. 453:2-12 (Oct. 28, 2021). | Admitted without witness. First Trial Tr. 3456:1-2 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901) | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 5016 | Email chain between Jimmie Little and Carl Pepper on or about 06/09/2015 (TY-000000107). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 404-05) | Admitted without witness. First Trial Tr. 3527:2-3 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)+G228 | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 6047 | Email chain between Mikell Fries and Scott Brady on or about 06/20/2013 (CLA_0192604). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 125-26); Objection as to authenticity. First Trial Tr. 3583:15-3586:17 (Nov. 18, 2021). | Admitted without witness. First Trial Tr.. 3586:18-3587:17 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. No. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance 401/402**- This document pertains to current pricing, which is not relevant to the alleged conspiracy regarding coordination of future bids and pricing and is therefore inadmissible. | Admissible under FRE 801(d)(2)(E). Relevancy objection overruled. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 6088 | Email from Ric Blake to Darrel Keck on or about 8/15/2016 attaching Excel spreadsheet (GEODOJ_0333 971). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 432-33) | Admitted without witness. First Trial Tr. 2836:12-19 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901) | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 6089 | Excel spreadsheet titled Copy of Copy of DIST NATIONAL ACCOUNTS 2014.xls (GEODOJ_0333 972). | Attachment to GX 6088. Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 432-33); Information in spreadsheet outside of the alleged conspiracy and before the period in which Blake was found to have joined alleged conspiracy. First Trial Tr. 2834:10-2836:4 (Nov. 12, 2021). | Admitted without witness. First Trial Tr. 2836:12-19 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. While certain tabs start before the alleged conspiracy, most of the data relates to issues within the conspiracy period and the jury will receive instructions on the dates of the charged conspiracy; objection overruled. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance 401/402**- This document pertains to current pricing, which is not relevant to the alleged conspiracy regarding coordination of future bids and pricing and is therefore inadmissible.  Further, Ric Blake has been dismissed with prejudice as a defendant. | Admissible under FRE 801(d)(2)(E). Relevancy objection overruled. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 6134 | Email between Bill Kantola and Lance Buckert on or about 12/24/2013 (KOCH_0002062 821). | As to identical document, GX 6136 (James log #314), statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 561-64; No additional objections. First Trial Tr. 3045:13-14 (Nov. 15, 2021). | Admitted without witness. First Trial Tr. 3045:19-21 (Nov. 15, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>+E231 | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 6198 | Email chain between Larry Pate, Brenda Ray, Jayson Penn, Rob Alsberg, and Craig Kasmier, among others on or about 8/31/2012 (PILGRIMS-DOJ-0000447738). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 25-27); Hearsay, First Trial Tr. 1701:1-3, 1760:14-1761:3 (Nov. 5, 2021); Authenticity as to Pilgrim's documents, First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021); Prejudicial and misleading as to Mr. Blake because reference to George's incorrectly implies Mr. Blake was involved, First Trial Tr. 1766:16-23 (Nov. 5, 2021). | Admitted without witness with limiting instruction. First Trial Tr. 1761:4-10; 11.8.21 Trial Tr. 1868:25-1869:4 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - This exhibit should be subject to the same limiting instruction as at the first trial: the jury can consider this particular exhibit for the proof of the existence of a conspiracy, but not as to whether any defendant was a member of that conspiracy and it is admitted. | Admissible as co-conspirator statement pending a ruling on authentication. Exhibit is relevant because it identifies George's as a "friendly competitor" and is not unfairly prejudicial because the limiting instruction instructs the jury not to consider the exhibit for purposes of whether Mr. Blake joined the conspiracy given Mr. Blake was not the source of Ms. Ray's information about | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -This exhibit should be subject to the same limiting instruction as at the first trial: the jury can consider this particular exhibit for the proof of the existence of a conspiracy, but not as to whether any defendant was a member of that conspiracy and it is admitted. | The Court denied defendants' motion to exclude this exhibit in Docket No. 1352. Additionally, the authentication objection is overruled pursuant to the Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 6235 | Text message from Tim Stiller to Roger Austin on or about 2/1/2017 (PILGRIMS-DOJ-0000914265). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 458-59); No additional objections. First Trial Tr. 2676:22-23 (Nov. 12, 2021). | Admitted without witness. First Trial Tr. 2676:22-23 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 6282 | Email between Scott Brady and Brian Roberts on or about 07/15/2013 (TY-000000113). | Statements do not satisfy 801(d)(2)(E) (Doc. 395-1 at 133-34); 403 objection. First Trial Tr. 3530:4-3534:21 (Nov. 18, 2021). | Admitted without witness. First Trial Tr. 3534:21 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible under FRE 801(d)(2)(E) pending authentication. Exhibit is relevant and admissible under Rule 403. The jury could infer which initials stand for which companies and use that information for a proper purpose and that risk is not substantially outweighed by the risk of unfair prejudice. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901) | Admissible under FRE 801(d)(2)(E). Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 7040 | Email chain between Bill Kantola, Brian Roberts, Andrea Hedgepeth, Andrew Hays, and Ashley Embrey, among others, on or about 6/18/2012 (TY-000910276). | Misleading; argumentative; relevancy; limiting instruction requested. First Trial Tr. 3799:9-15, 3800:13-3801:12 (Nov. 22, 2021). | Admitted without a witness Admitted with redactions. First Trial Tr. 3802:8-22 (Nov. 22, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redactions** -This exhibit should be subject to the same redactions as at the first trial: government to redact both Kantola's statements above the signature and the bottom email. | Admissible pending authentication with redactions. Redaction: the same redactions as were made in the first trial should be applied. The Court notes that the copy of GX 7040 on the flash drives provided to the Court, Docket No. 952, are redacted as required. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Hearsay:** Mr. Roberts is no longer a defendant in this case and therefore this statement is inadmissible hearsay. It is not a statement of a party opponent. The government did not include it on its *James* Log and therefore it should not be admitted pursuant to 801(d)(2)(e).<br><br>**Rule 401**: This statement does not have a tendency to make a fact more or less probable nor is it of consequence in determining whether any of the remaining defendants entered into an agreement to rig bids and fix prices. | Admissible with redactions. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. The only information left on the exhibit after redactions is a date, title, and contact information for Mr. Kantola.  The hearsay and relevancy objections are overruled.<br><br>Redaction: the exhibit must be redacted in the same manner as at the first and second trial, leaving only a date and Mr. Kantola's title and contact information. |
| GX 8000 | AT&T toll records for various phone numbers, undated (ATT-ATR001-00000001). | No objection | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection | Admitted with documents in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8001 | Toll records for various phone numbers (ATT-ATR004-00000010). | No objection | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection | Admitted with documents in ECF 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8002 | Toll records for various phone numbers dated on or about 4/1/2012 (ATT-ATR004-00021826). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8003 | Toll Records for Scott Brady (256-536-6120) (ATT-ATR005-00000235). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8004 | Toll records for (214) 755-6081 (Jimmie Little), (302) 299-0275 (Tim Mulrenin), (479) 236-2020 (Ric Blake), (479) 799-5063 (Bill Lovette), (678) 640-1622 (Scott Brady), (770) 329-7505 (Bill Kantola), (770) 363-7129 (Justin Gay), (770) 540-4972 (Pete Martin), and (770) 654-7200 (Greg Tench), among others (ATT-ATR006-00009096). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8005 | Toll records for various phone numbers (ATT-ATR006-00009097). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8006 | Toll records for various phone numbers (ATT-ATR006-00009272). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8007 | Toll records for various phone numbers (ATT-ATR009-00006664). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8008 | Toll records for (256) 536-7966 (Scott Tucker), (502) 245-1681 (Roger Austin), among others (ATT-ATR009-00009848). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted under Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8024 | Toll records for Jayson Penn (970-568-2808) (VZW-ATR001-00000630). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8025 | Toll records for Scott Brady (678-640-1622) (VZW-ATR001-00001257). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8026 | Toll records for Mikell Fries (912-614-6833) (VZW-ATR001-00002007). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8027 | Toll records for Justin Gay (770-363-7129) (VZW-ATR001-00004200). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8028 | Toll records for Kevin Grindle (678-943-0783) (VZW-ATR001-00004977). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8029 | Toll records for Kevin Grindle (678-943-0783) (VZW-ATR001-00005553). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8030 | Verizon toll records Tommy Francis (770-654-2827) (VZW-ATR001-00006260). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8031 | Verizon toll records for Pete Martin (770-540-4972) (VZW-ATR001-00006978). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8032 | Toll records for Greg Tench (770-654-7200) (VZW-ATR001-00008252). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8033 | Toll records for Roger Austin (770-842-9379) (VZW-ATR001-00009436). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8034 | Toll records for Jayson Penn (970-568-2808) (VZW-ATR004-00000630). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8035 | Toll records for Scott Brady (678-640-1622) (VZW-ATR004-00001257). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8036 | Toll records for Mikell Fries (912-614-6833) (VZW-ATR004-00002007). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8037 | Toll records for Justin Gay (770-363-7129) (VZW-ATR004-00004200). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8038 | Toll records for Greg Tench (770-654-7200) (VZW-ATR004-00008252). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|-------------------------------|---------------------|
| GX 8039 | Toll records for Roger Austin (770-842-9379) (VZW-ATR004-00009436). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8040 | Toll records for Scott Brady (678-640-1622) (VZW-ATR009-00000744). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8041 | Adobe PDF titled Wireless Subscriber Information dated on or about 08/08/2019 (ATT-ATR002-00000001). | No objections. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8042 | Adobe PDF titled Wireline Subscriber Information dated on or about 4/1/2020 (ATT-ATR004-00021809). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8043 | Toll records for (214) 755-6081 (Jimmie Little); (302) 299-0275 (Tim Mulrenin); (479) 236-2020 (Ric Blake); (479) 263-9573 (Tim Price); (479) 283-8817 (Charles George); (479) 799-5063 (Bill Lovette); (479) 879-2092 (Carl Pepper); (479) 926-0498 (Jason McGuire); (678) 230-5196 (Jason McGuire); (678) 640-1622 (Scott Brady); (770) 329-7505 (Bill Kantola); (770) 363-7129 (Justin Gay); (770) 540-4972 (Pete Martin); (770) 654-7200 (Greg Tench); (770) 713-6590 (Jason McGuire (ATT-ATR006- | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8045 | IMEI Report for (214) 755-6081; (302) 299-0275; (479) 236-2020; (479) 263-9573; (479) 283-8817; (479) 799-5063; (479) 879-2092; (678) 230-5196; (770) 329-7505; (770) 713-6590 (ATT-ATR007-00000186). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8046 | Verizon Historical SMS (Text Message) Detail Report Explanation Form (VZW-ATR014-00000165). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8047 | Toll records for Timothy Stiller (805-276-6918) (VZW-ATR014-00000168). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8048 | Verizon Historical Call Detail Explanation Form (VZW-ATR014-00001131). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8049 | Subscriber information for (805) 276-6918 (Timothy Stiller) (VZW-ATR014-00001132). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8050 | Verizon VOLTE Call Detail Explanation Form (VZW-ATR014-00001133). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8051 | Verizon Historical MMS (Picture/Video Message) Detail Report Explanation Form (VZW-ATR014-00001164). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8052 | AT&T Records Key (ATT-ATR004-00000001). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8053 | Toll Records for Scott Brady (256-536-6120) (ATT-ATR005-00000016). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8054 | Toll records (ATT-ATR006-00000091). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8055 | Subscriber information for George's Inc., Michael Ledford, Brian Roberts, and Jared Mitchell, among others dated on or about 8/9/2019 (ATT-ATR006-00009195). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8057 | Toll records for (256) 536-7966 (Scott Brady). (502) 245-1681 (Roger Austin), among others, dated on or about 4/22/2020 (ATT-ATR009-00000035). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8058 | Subscriber Information for (770) 205-0281 (Brian Roberts) and (770) 536-8818 (Koch Foods) (ATT-ATR009-00005151). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8059 | Subscriber information for (912) 739-9223 (Mikell Fries), among others (ATT-ATR009-00005155). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8060 | AT&T toll records for assorted individuals dated on or about 4/22/2020 (ATT-ATR009-00009849). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8061 | Subscriber information for (912) 739-9223 (Mikell Fries) dated on or about 4/22/2020 (ATT-ATR009-00010440). | No objection. | Admitted with exhibits on GX 9656. First Trial Tr. 1217:17-19 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8062 | AT&T Records Key (ATT-ATR011-00000005). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted under Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8063 | Telephone records of (205) 380-3277 (Scott Tucker), (214) 755-6081 (Jimmie Little), among others, dated 8/28/2020 (ATT-ATR011-00000020). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted under Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8064 | Subscriber Information and Features for (214) 755-6081 (Jimmie Little) and others dated on or about 8/28/2020 (ATT-ATR011-00013510). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted under Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8065 | IMEI Report for (214) 755-6081 (Jimmie Little) (ATT-ATR011-00013573). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted under Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8066 | Toll records for assorted phone numbers (ATT-ATR011-00013588). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted under Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8067 | Toll records of (770) 597-5779 (Brian Roberts) (ATT-ATR013-00000020). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted under Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8068 | Subscriber Information and Features for (770) 597-5779 (Brian Roberts) (ATT-ATR013-00007562). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted under Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8069 | Toll records for (770) 597-5779 (Brian Roberts) (ATT-ATR013-00007573). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted under Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8071 | Toll records for William Lovette (479-799-5063) (VZW-ATR001-00002913). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8072 | Toll records for 828-443-1993 (Mitch Mitchell) (VZW-ATR001-00002913). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8073 | Toll records for Bill Kantola (VZW-ATR001-00011457). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8074 | Toll records for William Lovette (479-799-5063) (VZW-ATR004-00002913). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8075 | Toll records for 678-943-0783 (Kevin Grindle) (VZW-ATR004-00004977). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8076 | Toll records for Kevin Grindle (678-943-0783) (VZW-ATR004-00005553). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8077 | Toll records of Tommy Francis (770-654-2827) (VZW-ATR004-00006260). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8078 | Toll records of Pete Martin (770-540-4972) (VZW-ATR004-00006978). | N/A | N/A | N/A | N/A | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8079 | Toll records for assorted phone numbers (VZW-ATR005-00000001). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8080 | Telephone records for assorted phone numbers (VZW-ATR005-00000002). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8081 | Toll records for Wesley Scott Tucker (256-201-2928) (VZW-ATR009-00000001). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 8082 | Toll records for Scott Brady (678-640-1622) (VZW-ATR009-00000695). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8083 | Toll records for Searcy Wildes (VZW-ATR010-00000004). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8084 | Toll records for Timothy Stiller (805-276-6918) (VZW-ATR011-00002183). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 8085 | Toll records for Timothy Stiller (VZW-ATR015-00001264). | No objection. | Admitted with exhibits on GX 9556. First Trial Tr. 419:10-420:12 (Oct. 28, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of the toll records contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 8098 | Excel spreadsheet containing Chats, SMS Messages and MMS Messages (LOVETTE_0000 000001). | N/A | New exhibit | **Authentication** - This document has not been authenticated and cannot be authenticated without a sponsoring witness (FRE 901).<br><br>**Relevance** -This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. To the extent the government seeks to admit this exhibit solely for row 68, Defendants object to the admission of the entire document with or without redactions. Should the Court find this document admissible, Defendants request government admits this text message as a standalone entry.<br><br>**Hearsay** -This exhibit was not on the | Not admissible as co-conspirator statement under FRE 801(d)(2)(E). Doc. 1031-1. | **Authentication** - This document has not been authenticated and cannot be authenticated without a sponsoring witness (FRE 901).<br><br>**Relevance** -This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. To the extent the government seeks to admit this exhibit solely for a specific row, Defendants object to the admission of the entire document with or without redactions. Should the Court find this document admissible, Defendants request the government admits this text message as a standalone entry.<br><br>**Duplicative** - To the extent the government seeks to admit this exhibit solely for row 64, Defendants object on the grounds that this document is duplicative of GX 9991, which is an excerpt of GX 8098.<br><br>**Hearsay** - This Court has previously ruled that these statements do not satisfy 801(d)(2)(e) and there is no change in circumstances that warrants a reconsideration of that ruling. Additionally, this exhibit was not included on the *James* log and therefore should not be ruled upon after the initial *James* Hearing as a co-conspirator statement. The Court has previously sustained hearsay objections to exhibits not on the *James* Log (see 11.5.21 Trial Tr. 1798:11-18). Therefore the government should be barred from seeking to admit the statements pursuant to 801(d)(2)(e) during this trial.<br><br>**Limiting Instruction** -To the extent the Court determines this exhibit is admissible, there should be a limiting instruction that this exhibit can only be considered against the declarant. | Admissible against Mr. Lovette only pending authentication. Relevancy objection overruled.<br><br>Limiting Instruction: this exhibit can be considered only against Mr. Lovette. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9004 | Email chain between Mike Ledford, Scott Brady, and Ken Hutcheson on or about 10/01/2013 (CLA_0192875). | No objection. | Admitted without objection during direct examination of Mr. Ledford. First Trial Tr. 2206:8-12 (Nov. 9, 2021). | Not identified to be admitted without a sponsoring witness for second trial. See Doc. 937-1. | Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated and cannot be authenticated without a sponsoring witness (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9010 | Excerpt of Excel spreadsheet titled Contacts (2946) undated (CLAXTON 0181697). | **Authenticity** - Continuing objection with no specific grounds stated<br><br>**Lack of Foundation and Relevancy**<br><br>**Hearsay**<br><br>**Rule 403**<br><br>**Cumulative**<br><br>First Trial Tr. 3458:2-3469:9 (Nov. 18, 2021). | Admitted without witness. First Trial Tr.. 3469:10-3473:12 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - This exhibit is only admissible for the limited purpose for which it was admitted at the first trial: to show that co-conspirators had knowledge of how to contact each other. First Trial Tr.. 3469:10-3473:12 (Nov. 18, 2021). | This exhibit is in the nature of a contact list; there is a non-hearsay basis to admit contact lists to demonstrate that a given conspirator had the contact information of another conspirator. There is nothing misleading about the information and the risk of unfair prejudice does not substantially outweigh the probative value. The Court will deny the request for a limiting instruction. Admissible pending | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -To the extent the Court determines this exhibit is admissible, there should be a limiting instruction that this exhibit is only admissible for the limited purpose to show that co-conspirators had knowledge of how to contact each other. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. No limiting instruction necessary. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9010-1 | Excerpt of Excel spreadsheet titled Contacts (2946) undated (CLAXTON_018 1697). | Lack of authenticity; lack of foundation; relevance; hearsay; denial of right of confrontation; misleading; FRE 403; limiting instruction requested. First Trial Tr. 3458:2-3469:7 (Nov. 18, 2021). | Admitted without a witness. First Trial Tr.. 3469:10-3473:12 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | This exhibit is in the nature of a contact list; there is a non-hearsay basis to admit contact lists to demonstrate that a given conspirator had the contact information of another conspirator. There is nothing misleading about the information and the risk of unfair prejudice does not substantially outweigh the probative value. Admissible pending authentication. Doc. No. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -To the extent the Court determines this exhibit is admissible, there should be a limiting instruction that this exhibit is only admissible for the limited purpose to show that co-conspirators had knowledge of how to contact each other. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. No limiting instruction necessary. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9018 | Email chain between Bill Lovette, Jayson Penn, Fabio Sandri, Beto Esteves, Kyle Bolin, Jason McGuire, and others on or about 2/26/2013 (PILGRIMS-0000023134). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - The statements of Sandra Taylor are inadmissible hearsay and should not be admitted. Additionally, the statements of Mr. Lovette were not included on the James log and therefore should not be ruled upon after the initial James Hearing as a co-conspirator statement. The Court has previously sustained hearsay objections to exhibits not on the James Log (see First Trial Tr. 1798:11-18 (Nov. 5, 2021).  Therefore the government should be barred from seeking to admit the statements pursuant to 801(d)(2)(e) during this trial.<br><br>**Rule 403** - GX 9018 offers no probative value to show that Mr. Lovette acted in furtherance of an alleged conspiracy to fix prices and rig bids of broiler chicken.  Mr. Lovette is making a comment in response to receiving information regarding reported pricing from the Urner Barry - a market pricing index. This comment is not related to Pilgrim's pricing or any of the contract negotiations relevant to the allegations in this case. Allowing the jury to consider a communication in which Mr. Lovette comments on the Urner Barry market report, which is an unrelated topic with no nexus to the charged conspiracy, would be confusing and misleading to the jury, which would outweigh any minor probative value.<br><br>**Relevance** - This document is not relevant  and the government does not intend to call a witness to lay a foundation establishing its relevance. The document forwards the Urner Barry pricing, which is not at issue in this case, in February of 2013. The comment in the email is not related to Pilgrim's pricing or any of the contract negotiations related to the allegations in the case. (FRE 401) | At the TPC, the Court reserved ruling on this exhibit. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9020 | Email chain between Demetria Mabry, Bill Lovette, Jayson Penn, Fabio Sandri, Jason McGuire, among others, on or about 3/19/2014 (PILGRIMS-0000030304). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - The statements of Demetria Mabry are inadmissible hearsay and should not be admitted. Additionally, the statements of Mr. Lovette were not included on the James log and therefore should not be ruled upon after the initial James Hearing as a co-conspirator statement. The Court has previously sustained hearsay objections to exhibits not on the James Log (see First Trial Tr. 1798:11-18 (Nov. 5, 2021)).  Therefore the government should be barred from seeking to admit the statements pursuant to 801(d)(2)(e) during this trial.<br><br>**Rule 403** - GX9020 offers no probative value to show that Mr. Lovette acted in furtherance of an alleged conspiracy to fix prices and rig bids of broiler chicken. Mr. Lovette is commenting on changes to the Georgia Dock pricing index, a public market report, which is not relevant to the charged conspiracy.   Allowing the jury to consider a communication regarding Mr. Lovette discussing this public market report, which is an unrelated topic with no nexus to the charged conspiracy, would be unfairly prejudicial and the prejudice would outweigh any minor probative value.<br><br>**Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. The email is a comment on the Georgia Dock pricing index, a public market report that is not at issue in this case and has no nexus to the charged conspiracy. To the extent the government intends to use this document solely for the purposes of showing employment at a specified period as represented in the first trial (First Trial Tr. 2651:14-2652:2 (Nov. 12, 2021)), Defendants request the government redact the contents of the | At the TPC, the Court reserved ruling on this exhibit. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9255-1 | Email chain between Greg Tench, Randy Bruce, Mike Ledford, and others on or about 2/19/2013 (MJPoultry-0000175947) (Redacted). | N/A | N/A | Hearsay. Second Trial Tr. 222:24-223:2, 223:18-21 (Feb. 28, 2022). | Admitted with limiting instruction. Second Trial Tr. 223: 21-224:12 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Untimeliness** - This exhibit did not appear on the government's exhibit list filed April 25, 2022 (Doc. 1268) and thus should not be admitted due to government's failure to provide timely notice of its intended use of this exhibit.<br><br>**Limiting Instruction** - If the Court admits this document the same limiting instruction should be given:  if you look at this document, you will see at the bottom of it there is an e-mail from a person named Randy Bruce to Mr. Ledford.  That e-mail, the one -- the words of Mr. Bruce should not be considered by you for the truth of the matters associated, but rare it only should be considered by you as to how it may have prompted Mr. Ledford then to respond to that. Second Trial Tr. 224: 6-12 (Feb. 28, 2022). | This exhibit is listed on the government's April 25, 2022 notice of exhibits without a testifying witness.  See Docket No. 1269 at 4.  The timeliness objection is overruled and the exhibit is admissible pending authentication.<br><br>Limiting Instruction: Mr. Bruce's statements can be considered only for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9264 | Document titled contacts.backup. CSV dated on or about 7/22/2015 (PILGRIMS-DOJ-0004505846). | Relevance -Mr. Austin like Mr. Brady where the issue came up similarly is a salesman. His job is to sell chicken to customers. The fact that he has a contact list and in this instance the excerpts from the contact list include many of his colleagues is simply not relevant to any issue in dispute in this case. If there are e-mails that the government seeks to offer, and they have, we'll deal with those e-mails if they come up and they represent communications. The fact that he knows or has in | Admitted without witness. First Trial Tr. 3500:24-25 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication for the same reasons given with respect to GX 9010.  Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 9265 | Photograph of Roger Austin | N/A - not offered at first trial. | N/A | No objection. | Admitted based on Stip. Second Trial Tr. 34:8 (Mar. 3, 2022). | **Relevance** | Admissible. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9266 | Photograph of Ric Blake | N/A - not offered at first trial. | N/A | No objection. | Admitted based on Stip. Second Trial Tr. 27:15 (Mar. 3, 2022). | **Relevance** - Ric Blake is no longer a defendant in this case. | The government withdrew this exhibit at the TPC. |
| GX 9267 | Photograph of Scott Brady | N/A - not offered at first trial. | N/A | No objection. | Admitted without objection . Second Trial Tr. 25:19-23 (Mar. 3, 2022). | No objection | Admissible. |
| GX 9268 | Photograph of Mikell Fries | N/A - not offered at first trial. | N/A | No objection. | Admitted without objection. Second Trial Tr. 32:24-33:2 (Mar. 3, 2022). | No objection | Admissible, |
| GX 9269 | Photograph of Bill Kantola | N/A - not offered at first trial. | N/A | No objection. | Admitted without objection. Second Trial Tr. 31:7-19 (Mar. | **Relevance (401/402)** - the photograph of a dismissed defendant is irrelevant | The government withdrew this exhibit at the TPC. |
| GX 9270 | Photograph of Jimmie Little | N/A - not offered at first trial. | N/A | No objection. | Admitted without objection. Second Trial Tr. 24:5-7 (Mar. 3, 2022). | **Relevance:** Mr. Little is no longer a party to the case and therefore his picture is not relevant. (FRE 402). | The government withdrew this exhibit at the TPC. |
| GX 9272 | Photograph of Tim Mulrenin | N/A | N/A | N/A | Admitted with Carl Pepper. Second Trial Tr. 30:10-11 (Mar. 3, 2022). | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Relevance:** This photograph of Mr. Mulrenin is not relevant to this action given that Mr. Mulrenin is no longer a defendant. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9274 | Photograph of Brian Roberts | N/A - not offered at first trial. | N/A | No objection. | Admitted without objection. Second Trial Tr. 28:24-29:3 (Mar. 3, 2022). | **Relevance:** Mr. Roberts is no longer a party to the case and therefore his picture is not relevant (FRE 402). | The government withdrew this exhibit at the TPC. |
| GX 9275 | Screenshot of Claxton website taken on 10/22/2021 | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br> **Relevance (401/402)** - random screen shot of company website irrelevant and inadmissible | The government withdrew this exhibit at the TPC. |
| GX 9276 | Screenshot of Mar-Jac website taken on 10/22/2021 | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Relevance:** This exhibit is not relevant to a material issue at trial. (FRE 402) <br><br> **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br> **Hearsay:** The writing on website is an out of court statement offered for the truth of the matter asserted and is inadmissible hearsay. (FRE 801(c)) | The government withdrew this exhibit at the TPC. |
| GX 9278 | Screenshot of Pilgrim's website taken on 10/22/2021 | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Relevance:** This exhibit is not relevant to a material issue at trial. (FRE 402). <br><br> **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br> **Hearsay:** The writing on website is an out of court statement offered for the truth of the matter asserted and is inadmissible hearsay. (FRE 801(c)) | The government withdrew this exhibit at the TPC. |
| GX 9279 | Screenshot of George's website taken on 10/22/2021 | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br> **Hearsay** - This exhibit is hearsay not subject to any exception. <br><br> **Relevance** - There are no defendants from George's left in this case. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9281 | Screenshot of Koch website taken on 10/23/2021 | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This exhibit is hearsay not subject to any exception.<br><br>**Relevance** - There are no defendants from Koch left in this case. | The government withdrew this exhibit at the TPC. |
| GX 9645 | Jimmie Little Toll Record Excepts (ATT-ATR001-00000001). | Objection to Excerpts. First Trial Tr. 1209:5-6 (Nov. 3, 2021). | Admitted through Fanara. First Trial Tr. 1209:21 (Nov. 3, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 9672 | Excerpt from Jayson Penn's toll records (VZW-ATR004-00000630). | Authentication. First Trial Tr. 1821:21-25 (Nov. 5, 2021). | Admitted without a sponsoring witness. First Trial Tr. 1822:10-11 (Nov. 5, 2021). | No objection. | Admitted with documents in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | No additional objections. | Admissible. |
| GX 9690 | Excel spreadsheet titled UFPC Feed Flow Through Pricing (GEODOJ 0579331). | No objections. | Admitted through Michael Ledford. First Trial Tr. 2079:16-17 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. No. 1031-1; Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|------------------------------------|-------------------------------|--------------------|
| GX 9691 | Excel spreadsheet titled Fresh 2013 ufpc monthly cost model rfp dated on or about 10/10/2012 (KOCHFOODS-0000561603). | No objection. | Admitted through Michael Ledford. First Trial Tr. 2077:5 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Hearsay** (Rule 802) | Admissible pending authentication. Doc. No. 1031-1; Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 9692 | Excel spreadsheet titled UFPC Feed Flow Through Pricing For Period 1 2013 KFC Bid dated on or about 10/9/2012 (CLA 0191550). | Statements do not satisfy 801(d)(2)(E) (Doc. No. 395-1 at 31-33) | Admitted through Michael Ledford. First Trial Tr. 2074:1-2 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. No. 1031-1; Part of 803(6) Business Records Stipulation, entered 2/28/2022, Doc. 1111. | **Authentication** - This document has not been authenticated and cannot be authenticated without a sponsoring witness (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 9694 | Excel spreadsheet titled UFPC Cost Plus Pricing dated on or about 11/06/2012 (PILGRIMS-0002932789). | No objection. | Admitted through Michael Ledford. First Trial Tr. 2169:23-24 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. No. 1031-1. Admitted through Michael Ledford. Second Trial Tr. 186:1-3 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9696 | Excel spreadsheet titled Tyson-Yum Poultry Bid Sheet Event 2012-2013 dated on or about 10/10/2012 (TY-002544938). | FRE 401 & 403 (no factual basis anyone from Tyson was involved in the alleged collusion). First Trial Tr. 2082:1-2085:4 (Nov. 8, 2021). | Admitted through Michael Ledford. First Trial Tr. 2085:5-15 (Nov. 8, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Relevant to showing that Tyson submitted a bid for the RSCS 2012-2013 contract and not unfairly prejudicial. Admissible pending authentication. Doc. 1031-1. Admitted through Michael Ledford. Second Trial Tr. 173:23 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9703 | Email chain between Tim Mulrenin, Carl Pepper, Brian Roberts, Mark Milbrodt, and Tim Scheiderer, among others, on or about 8/13/2014 (TY-000128401). | Hearsay; FRE 403. First Trial Tr. 3504:4-3510:15 (Nov. 18, 2021). | Admitted without a witness Admitted only against Roberts and Mulrenin. Admitted not for the truth of the matter asserted as to Eddington and Milbrodt, but for the effect on the listener. First Trial Tr. 3504:4-3510:15 (Nov. 18, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** - this exhibit should be subject to the same limiting instruction issued at the first trial: the exhibit can only be considered against Mr. Roberts and Mr. Mulrenin, and Mr. Eddington and Mr. Milbrodt's statements can only be considered for their effect on the listener. | Not admissible as co-conspirator statement under FRE 801(d)(2)(E). Doc. 1050. | **Hearsay** - The Court ruled that this statement did not meet the criteria of FRE 801(d)(2)(E) and that it was admissible only against Mr. Roberts and Mr. Mulrenin. There is no reason to reconsider the Court's ruling regarding FRE 801(d)(2)(E). Mr. Roberts and Mr. Mulrenin are no longer a party opponent under Rule 801(d)(2)(A). Therefore, this document is inadmissible hearsay.<br><br>**Rule 104** -Lack of Foundation, to the extent Mr. Pepper does not testify at trial | Inadmissible under FRE 801(d)(2)(A) (Mr. Roberts and Mulrenin are no longer defendants) and (E). |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9707 | Text Message from Jayson Penn to Bill Lovette and Fabio Sandri on or about 11/9/2014 (PILGRIMS-DOJ-0000484965). | Rule of Completeness. First Trial Tr. 2127:16-2129:22 (Nov. 9, 2021). | Admitted without witness. First Trial Tr. 2129:21-22 (Nov. 9, 2021). | Authentication - This document has not been authenticated for admission at retrial (FRE 901).<br><br>Relevance -These text messages are internal communications between three Pilgrim's employees talking sarcastically about a customer. The communications are not relevant and are not related to bids or pricing for that customer.<br><br>Rule of Completeness - As at the first trial, this exhibit must be considered with GXs 449, 450, and 451. First Trial Tr. 2127:16-2129:22 (Nov. 9, 2021). | These text messages are relevant to Mr. Penn's and Mr. Lovette's attitudes towards Pilgrim's customers and are admissible pending authentication. Exhibits 449, 450, and 451 are required to be admitted at the same time under the rule of completeness. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - See separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections.<br><br>**Rule of Completeness** -As at the first two trials, this exhibit must be considered with GXs 449, 450, and 451. | The Court presumes defendants' reference to a "separate filing" is to Defendants' Motion in Limine 6: Joint Motion to Exclude Government Exhibits [Docket No. 1309], wherein defendants seek to exclude certain exhibits pertaining to Golden Corral.  Id. at 2-7.  However, the motion does not ask the Court to exclude GX-9707. Additionally, the Court denied defendants' motion in Docket No. 1352. The Court will overrule the relevancy objection and finds the exhibit admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Exhibits 449, 450, and 451 are required to be admitted at the same time under the rule of completeness. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9708 | Text message picture attachment dated on or about 11/9/2014 (PILGRIMS-DOJ-0000484966). | Rule of Completeness. First Trial Tr. 2127:16-2129:22 (Nov. 9, 2021). | Admitted without witness. First Trial Tr. 2129:21-22 (Nov. 9, 2021). | Authentication - This document has not been authenticated for admission at retrial (FRE 901).<br><br>Relevance -These text messages are internal communications between three Pilgrim's employees talking sarcastically about a customer. The communications are not relevant and are not related to bids or pricing for that customer.<br><br>Rule of Completeness - As at the first trial, this exhibit must be considered with GXs 449, 450, and 451. First Trial Tr. 2127:16-2129:22 (Nov. 9, 2021). | These text messages are relevant to Mr. Penn and Mr. Lovette's attitudes towards Pilgrim's customers and Golden Corral prices and are admissible pending authentication. Exhibits 449, 450, and 451 are required to be admitted at the same time under the rule of completeness. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - See separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections.<br><br>**Rule of Completeness** -As at the first two trials, this exhibit must be considered with GXs 449, 450, and 451. | The Court presumes defendants' reference to a "separate filing" is to Defendants' Motion in Limine 6: Joint Motion to Exclude Government Exhibits [Docket No. 1309], wherein defendants seek to exclude certain exhibits pertaining to Golden Corral. Id. at 2-7. However, the motion does not ask the Court to exclude GX-9708. Additionally, the Court denied defendants' motion in Docket No. 1352. The Court will overrule the relevancy objection and finds the exhibit admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. Exhibits 449, 450, and 451 are required to be admitted at the same time under the rule of completeness. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9709 | Text message from Jayson to fsandri@gmail.com and Bill Lovette on or about 11/9/2014 (PILGRIMS-DOJ-0004653654). | Hearsay (not on James log); Rule of completeness. First Trial Tr. 2115:7-2123:11 (Nov. 9, 2021). | Hearsay objection sustained, admitted without witness for the effect on the listener or recipient. First Trial Tr. 2123:12-19 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** -These text messages are internal communications between three Pilgrim's employees talking sarcastically about a customer. The communications are not relevant and are not related to bids or pricing for that customer.<br><br>**Limiting Instruction** -If admitted, the exhibit should be subject to the same limiting instruction offered at the first trial: the exhibit can be considered only for its effect on the listener or recipient. | Inadmissible as hearsay because was not on the James log, but is admissible for the non-hearsay purpose of effect on the listener. These text messages are relevant to Mr. Penn and Mr. Lovette's attitudes towards Pilgrim's customers and Golden Corral prices and are admissible pending authentication. Limiting Instruction: this exhibit can be considered only for the effect on the listener, and not for the truth of the | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - See separate filing. Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be admitted only for its effect on the listener, as at the first two trials. | The Court presumes defendants' reference to a "separate filing" is to Defendants' Motion in Limine 6: Joint Motion to Exclude Government Exhibits [Docket No. 1309], wherein defendants seek to exclude certain exhibits pertaining to Golden Corral.  Id. at 2-7.  However, the motion does not ask the Court to exclude GX-9709. Additionally, the Court denied defendants' motion in Docket No. 1352. The Court will overrule the relevancy objection and finds the exhibit admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: this exhibit can be considered only for the effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9710 | Email between registration@combinenet.com and Roger Austin on or about 9/26/2012 (PILGRIMS-DOJ-0001228617). | Standing authenticity objection to emails from Pilgrim's server. First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021). | Admitted through Michael Ledford. First Trial Tr. 2162:7 (Nov. 9, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible pending authentication. |
| GX 9714 | Email from Timothy Mulrenin to various Tyson Employees on or about 2/11/2014 about Chick-fil-A NAE Press Release (TY-000618801). | Relevance; cumulative; FRE 403; denial of right of confrontation; limiting instruction requested. First Trial Tr. 2720:18-2721-20, 2723:15-2724:1, 2724:10-23 (Nov. 12, 2021). | Admitted without a witness Admitted only against Mulrenin. First Trial Tr. 2725:4-16 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible only against Mr. Mulrenin under FRE 801(d)(2)(A) pending authentication. Court rejects arguments based on cumulative nature, Rule 403, relevance, and violation of the right of confrontation. Limiting Instruction: the jury may consider this exhibit against Mr. Mulrenin only. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This exhibit was admitted only against Mr. Mulrenin, who is no longer a defendant in this case. It is inadmissible against the remaining defendants.<br><br>**Relevance** - This exhibit is irrelevant now that Mr. Mulrenin is no longer a defendant. | Inadmissible under FRE 801(d)(2)(A) as Mr. Mulrenin is no longer a defendant. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9715 | Attachment to email titled Chick-Fil-A Press release dated on or about 2/11/2014 (TY-000618802). | Hearsay; cumulative; denial of right of confrontation; limiting instruction requested. First Trial Tr. 2720:18-2721-20, 2723:15-2724:1, 2724:10-23 (Nov. 12, 2021). | Admitted without a witness Admitted only against Mulrenin. First Trial Tr. 2725:4-16 (Nov. 12, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible only against Mr. Mulrenin under FRE 801(d)(2)(A) pending authentication. Court rejects arguments based on cumulative nature, Rule 403, relevance, and violation of the right of confrontation. Limiting Instruction: the jury may consider this exhibit against Mr. Mulrenin only. Doc. 1031-1. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This exhibit was admitted only against Mr. Mulrenin, who is no longer a defendant in this case. It is inadmissible against the remaining defendants.<br><br>**Relevance** - This exhibit is irrelevant now that Mr. Mulrenin is no longer a defendant. | Inadmissible under FRE 801(d)(2)(A) as Mr. Mulrenin is no longer a defendant. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9716 | Excerpt of Scott Brady ((256)536-6120) toll records (ATT-ATR005-00000235). | Cumulative of GX 8003. First Trial Tr. 3983:13-18 (Nov. 23, 2021). | Admitted without sponsoring witness. First Trial Tr. 3984:2-6 (Nov. 23, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents included in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 9720 | Excerpt of Tim Mulrenin ((302)299-0275) toll records (ATT-ATR001-00000001). | Cumulative of GX 8000. First Trial Tr. 3984:23-25 (Nov. 23, 2021). | Admitted without sponsoring witness. First Trial Tr. 3985:3-4 (Nov. 23, 2021). | No objection. | Part of 803(6) Business Records Stipulation for Phone Records, entered 2/17/2022, Doc. 1073; Admitted with documents included in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9721 | Excerpt of Mikell Fries (912-614-6833) toll records (VZW-ATR001-00002007). | Cumulative of GX 8026; Rule 403-amount of bill is irrelevant and unduly prejudicial. First Trial Tr. 3985:21-3986:5 (Nov. 23, 2021). | Admitted without sponsoring witness. First Trial Tr. 3987:19-21 (Nov. 23, 2021). | No objection. | Admitted with documents included in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 9722 | Excerpt of Jimmie Little ((214) 755-6081) toll records (ATT-ATR001-00000001). | Cumulative of GX 8026; Rule 403-amount of bill is irrelevant and unduly prejudicial. | Admitted without sponsoring witness. First Trial Tr. 3987:19-21 (Nov. 23, 2021). | No objection. | Admitted with documents included in Doc. 1086-01. Second Trial Tr. 64:15-18 (Feb. 28, 2022). | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 9743 | Email chain between Carl Pepper and Neal Simco dated on or about 9/7/2011 (TY-000000100). | N/A - not offered at first trial. | N/A | Outside scope of the Indictment. Second Trial Tr. 129:4-9 (Mar. 3, 2022). | Admissible as co-conspirator statement under FRE 801(d)(2)(E). Doc. 1050; Second Trial Tr. 129:4-20 (Mar. 3, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay (FRE 802)/Limiting Instruction** - statements of Neal Simco.  These statements should be subject to a limiting instruction:  statements of Mr. Simco  cannot be considered for their truth, but only for their effect on the listener<br><br>**Rule 104** -Lack of Foundation, to the extent Mr. Pepper does not testify at trial. | Admissible under FRE 801(d)(2)E. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Limiting Instruction: Mr. Simco's statements can only be considered for their effect on the listener. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9744 | Email chain between Jason McGuire and Jayson Penn dated on or about 8/18/2014 (PILGRIMS-DOJ-0001527546). | Objected to as cumulative because different versions of this same document were already admitted (e.g., GX 1074) (First Trial Tr. 3939:3-11 (Nov. 23, 2021)); Limiting instruction sought because this version of document was not on James log (First Trial Tr. 3940:12-14 (Nov. 23, 2021)); Standing authenticity objection to emails from Pilgrim's server (First Trial Tr. 1742:11-1743:8 (Nov. 5, 2021)). | Admitted without witness, no limiting instruction. First Trial Tr. 3940:6-18 (Nov. 23, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Cumulative** -There is no reason to admit multiple versions of the same document at retrial. | There is additional time zone information included in this version of the email; the objection based on cumulative nature is overruled. The request for a limiting instruction is denied because it would confuse the jury and the time conversion is not a statement. Exhibit is admissible pending authentication. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9745 | Email chain between Eric Oare, Chris Sharp, Kent Kronauge, Walter Cooper, Mikell Fries, and others on or about 12/28/2012 (TY-000914428). | No objections, redaction of "confidential" sought. First Trial Tr. 3970:5-12 (Nov. 23, 2021). | Admitted without witness. First Trial Tr. 3970:25 (Nov. 23, 2021). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** -GX 9745 should be redacted in the same manner as at the first trial. | Admissible pending authentication. Redaction: the Court will discuss with the parties the nature of redacting "confidential" and similar markers from exhibits at the February 10, 2022 hearing. Doc. 1031-1. Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Redaction** - GX 9745 should be redacted in the same manner as at the first two trials. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement.<br><br>Redaction: GX 9745 must be redacted in the same manner as at the first two trials. |
| GX 9748 | Stipulation on Phone Numbers and Places of Employment. | N/A | Admitted through Rachel Evans. First Trial Tr. 4038:9 (Nov. 23, 2021). | No objection. | Stipulated. | No objection | Admissible. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|------------------------------------|-------------------------------|--------------------|
| GX 9816 | Adobe PDF titled Tyson Invoice dated on or about 8/1/2017 (TY-000695237). | N/A | New exhibit | **Rule 104** -Lack of Foundation<br><br>**Relevance** -Irrelevant and inadmissible (FRE 401/402)<br><br>**Rule 403** -Alleged probative value outweighed by danger of unfair prejudice, confusing or misleading the jury and waste of time.<br><br>**Rule 404** -Evidence of other acts for which no notice was given.<br><br>**Hearsay** (FRE 801/802)<br><br>**Authentication** - This document has not been authenticated (FRE 901). | CATEGORY A: Invoices without handwriting are admissible as business records but the fundamental foundation needs to be laid. Foundation needs to be laid for emails, if redact everything on email except header information then potential admissible as a transmission, no statement, subject to foundation being laid likely admitted; hearsay statements in email and invoices without handwriting | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Lack of foundation** (FRE 104)<br><br>**Relevance** -Irrelevant and inadmissible (FRE 401/402) | Admissible pending foundation. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9833 | Email between Carl Pepper and Carol Knight on or about 7/7/2017 (TY-000716993). | N/A - not offered at first trial. | N/A | **Rule 104** -Lack of Foundation<br><br>**Relevance** -Irrelevant and inadmissible (FRE 401/402)<br><br>**Rule 403** -Alleged probative value outweighed by danger of unfair prejudice, confusing or misleading the jury and waste of time.<br><br>**Rule 404** -Evidence of other acts for which no notice was given.<br><br>**Hearsay** (FRE 801/802)<br><br>**Authentication** - This document has not been authenticated (FRE 901). | CATEGORY B: The Court cannot deem any of the documents in category B admissible today because the foundation needs to be laid. Pretrial Hr'g Tr. 40:22-41:8 (Feb. 10, 2022); Not offered for admission at second trial. | **Rule 104** -Lack of Foundation<br><br>**Relevance** -Irrelevant and inadmissible (FRE 401/402)<br><br>**Rule 403** -Alleged probative value outweighed by danger of unfair prejudice, confusing or misleading the jury and waste of time.<br><br>**Rule 404** -Evidence of other acts for which no notice was given.<br><br>**Hearsay** (FRE 801/802)<br><br>**Authentication** - This document has not been authenticated (FRE 901). | Admissible pending foundation for table and basis for hearsay exception. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9834 | Excel spreadsheet titled RSCS Cost Plus FOB Pricing - Mainland dated on or about 8/12/2017 (TY-000716995). | N/A - not offered at first trial. | N/A | **Rule 104** -Lack of Foundation<br><br>**Relevance** -Irrelevant and inadmissible (FRE 401/402)<br><br>**Rule 403** -Alleged probative value outweighed by danger of unfair prejudice, confusing or misleading the jury and waste of time.<br><br>**Rule 404** -Evidence of other acts for which no notice was given.<br><br>**Hearsay** (FRE 801/802)<br><br>**Authentication** - This document has not been authenticated (FRE 901). | CATEGORY B: The Court cannot deem any of the documents in category B admissible today because the foundation needs to be laid. Pretrial Hr'g Tr. 40:22-41:8 (Feb. 10, 2022); No objection at trial. Second Trial Tr. 222:12-16 (Mar. 2, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104** -Lack of Foundation, to the extent Mr. Pepper does not testify at trial | Admissible pending foundation for table and basis for hearsay exception |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9834-1 | Adobe PDF of GX 9834, Excel spreadsheet titled RSCS Cost Plus FOB Pricing - Mainland dated on or about 8/12/2017 (TY-000716995). | N/A - not offered at first trial. | N/A | Not identified to be admitted without a sponsoring witness for second trial. See Doc. No. 937-1. | No objection at trial. Second Trial Tr. 222:12-16 (Mar. 2, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Rule 104** -Lack of Foundation, , to the extent Mr. Pepper does not testify at trial. | Admissible pending foundation. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9870 | Email between Roger Austin and Jayson Penn on or about 1/27/2012 (PILGRIMS-0005827827) | N/A | New exhibit | **Late Notice** – The government did not provide Defendants notice of its intent to offer this exhibit without a sponsoring witness until 10pm Eastern on 1.27.22, in violation of the Court's order to provide such notice by 1.14.22 (see Doc. 925). The Court should exclude this document on that basis alone.<br><br>**Authentication** - This exhibit has not been authenticated (FRE 901).<br><br>**Lack of foundation** (FRE 104)<br><br>**Relevance** (FRE 401, 402)<br><br>**Hearsay** - This exhibit was not on the government's James log and therefore should not be admitted under Rule | Not admissible as co-conspirator statement under FRE 801(d)(2)(E). Doc. 1031-1. Not admitted. | **Authentication** - This exhibit has not been authenticated (FRE 901).<br><br>**Lack of foundation** (FRE 104)<br><br>**Relevance** (FRE 401, 402)<br><br>**Hearsay** - This exhibit was not on the government's James log and the Court has already ruled that it is not admissible as a coconspirator statement under FRE 801(d)(2)(E). This exhibit also contains hearsay within hearsay and should be excluded on that basis.<br><br>**Rule 403** - Alleged probative value substantially outweighed by danger of unfair prejudice; Alleged probative value substantially outweighed by danger of confusing the issues or misleading the jury; Alleged probative value substantially outweighed by danger of undue delay or waste of time. | Inadmissible under FRE 801(d)(2)(E).  The Court reserves ruling on the remainder of defendants' objections. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 9871 | Adobe PDF titled 8-Piece COB Pricing Model dated on or about December 2, 2013, between Tyson and United Foodservice Purchasing Co-op (RSCS030061). | N/A - not offered at first trial. | N/A | No objection. | Admitted through Ledford. Second Trial Tr. 220:17-18 (Feb. 28, 2022). | **Relevance** - Tyson defendants are no longer a part of this case. | Admissible. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|------------------------------------|-------------------------------|--------------------|
| GX 9874 | Excel Spreadsheet titled 2014 Master Bonus Eligible Employee List dated on or about 8/20/2021 (PILGRIMS-DOJ-0005168328). | N/A - not offered at first trial. | N/A | Defendants objected to this exhibit under Rule 403 and noted that it was covered by the Court's prior ruling excluding evidence of specific compensation figures. Second Trial Tr. 206:19-207:8 (Feb. 24, 2022). | The government withdrew this exhibit after Defendants objected to its admission. Second Trial Tr. 207:14-17 (Feb. 24, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br>**Relevance** – Compensation and performance data is irrelevant to the charges. <br><br>**Rule 403** - GX 9874 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. This document not only shows the annual salary and potential bonus amounts, but it also shows the percentages and other values for how to calculate Mr. Lovette's and Mr. Penn's compensation.  The Court has already ruled that compensation information of this sort would be excluded under Rule 403. See Doc. 603 at 4-5 (excluding evidence of Mr. Penn and Mr. Lovette's "yearly compensation"). Further, GX 9874 relates to compensation based on the performance of all Pilgrim's business units. In 2014 Pilgrim's has over $8 billion in net sales each year. Sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to enter into an anticompetitive agreement and do not provide any evidence of what, if any, impact QSR sales had, or more importantly, would reasonably have been expected by the bonus-eligible individuals listed on this spreadsheet to have on their compensation given the complexity of the many factors affecting the overall performance by the company. Any minimal probative value this exhibit might have is outweighed by the danger of unfair prejudice. The government offers no basis for reconsideration of that ruling. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9876 | Calendar Invitation regarding Various Customer Conversations including Tim Scheiderer, Steve Cullen, Tim Mulrenin, Carl Pepper, and Mark Milbrodt on or about 8/19/2014 (TY-000128151). | N/A - not offered at first trial. | N/A | Not identified to be admitted without a sponsoring witness for second trial. See Doc. 937-1. | Admitted as redacted on cross-examination of Mr. Pepper. Second Trial Tr. 215:10-19 (Mar. 7, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br>**Redaction** - This exhibit should be redacted as at the second trial. | Admissible. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. <br><br>Redaction: only the top meeting invitation admitted. The remainder of the exhibit, starting half way down and pertaining to Mr. Cullen, must be redacted. |
| GX 9885 | Email chain between Brian Roberts, Carl Pepper, Tim Mulrenin, Tim Scheiderer, and Mark Milbrodt, among others, on or about 6/20/2014, attaching Excel spreadsheet (TY-000634075). | N/A - not offered at first trial. | N/A | Not identified to be admitted without a sponsoring witness for second trial (See Doc. No. 937-1) | Govt's hearsay objection sustained. Second Trial 271:18-19 (Mar. 3, 2022). | No objection. | Admissible. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9905 | Letter to Pete Martin and Greg Tench dated on or about 1/22/2018 (MJPoultry-0000529202). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A - identified by government at first trial, but not offered into evidence. Second Trial Tr. 160:6-10 (Feb. 24, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** - This document is a letter from Velocity Foods, LLC expressing interest in purchasing Mar-Jac's distribution center. It is not relevant to this case and any purported relevance or foundation cannot be established without a sponsoring witness. | The government withdrew this exhibit at the TPC. |
| GX 9977 | C. Pepper Letter Agreement. | N/A - not offered at first trial. | N/A | Not identified to be admitted without a sponsoring witness for second trial (See Doc. No. 937-1) | No objection at trial. Second Trial Tr. 251:15-18 (Mar. 7, 2022). | **Relevance (Rule 401/402)**, to the extent Mr. Pepper does not testify<br><br>**Rule 104** -Lack of Foundation, to the extent Mr. Pepper does not testify at trial | Relevance ruling is reserved for trial. Authenticity objection overruled pursuant to Docket No. 1338-2 agreement. |
| GX 9980 | Excerpt of Carl Pepper ((479) 879- 2092) toll records (ATT-ATR001-00000001). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible pending authentication. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 9984 | Demonstrative Exhibit. | N/A - not offered at first trial. | N/A | Speculation; Witness lacks independent recollection of information reflected. | Objections sustained and exhibit refused after voir dire- purpose of the summary is not being achieved; subject matter of conversations is unclear. Second Trial Tr. 78:19-79:6 (Mar. 3, 2022). | **Rule 104** - Lack of Foundation; **Rule 602/701** - Speculation; **Rule 602** - Witness lacks independent recollection and personal knowledge of information reflected **Relevance (Rule 401/402)**, to the extent Mr. Pepper does not testify | The government withdrew this exhibit at the TPC. |
| GX 10018 | Interview of Carl Pepper Investigative Record Form with date of activity of 11/25/2019 (Pepper-IRF-ATR-00000001). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). **Rule 104** - Lack of Foundation; **Rule 602/701** - Speculation; **Relevance (Rule 401/402)**, to the extent Mr. Pepper does not testify. | The government withdrew this exhibit at the TPC. |
| GX 10024 | Excerpt of Mikell Fries (912-614-6833) toll records (VZW-ATR001-00002007). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible pending authentication. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|----------------------------------|-------------------------------------|-------------------------------|--------------------|
| GX 10026 | Excerpt of Mikell Fries (912-614-6833) toll records (VZW-ATR001-00002007). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | Defendants do not object to the admissibility of this excerpt contingent upon the authenticity being established by agreement of the parties. | Admissible pending authentication. |
| GX 10027 | PowerPoint Presentation titled Compensation Committee 2015.pptx undated (PILGRIMS-DOJ-0005168330). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. This document is not related to a bid or contract negotiation. It is a presentation generally describing incentive compensation for some non-specified employees at Pilgrim's. There is no foundation to show how this document makes it more or less probable that a conspiracy to rig bids or fix prices existed and that any of the defendants joined the alleged conspiracy. (FRE 401)<br><br>**Rule 403** - GX 10027 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603), the Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle." Allowing a PowerPoint presentation reflecting how these individuals' compensation was calculated would be more prejudicial than probative. Further, GX 10027 relates to compensation based upon the performance of all Pilgrim's business units. In 2013, Pilgrim's had over $8 billion in net sales. Sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to enter into an anticompetitive agreement and do not provide evidence of what, if any, impact QSR sales had, or more importantly, would reasonably have been expected by LTIP participants to have on their compensation given the complexity of the many factors affecting the overall performance of the company.   The references to JBS also create unfair prejudice. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10028 | Word document titled JBS and Pilgrim's Short Term Incentive Plan (Annual Bonus) 01.04.2016.doc dated on or about 1/4/2016 (PILGRIMS-DOJ-0005168347). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. This document is not related to a bid or contract negotiation. It is a document generally describing incentive compensation for employees at JBS. It is unclear how or if this applies to any of the defendants in this action and, if so, how such program would motivate the defendants to create and join the alleged conspiracy. There is no foundation to show how this document makes it more or less probable that a conspiracy to rig bids or fix prices existed and that any of the defendants joined the alleged conspiracy. (FRE 401)<br><br>**Rule 403** - GX 10028 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603) this Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle." Allowing a memo outlining compensation and bonus payouts would be more prejudicial than probative. Further, GX 10028 relates to compensation based upon the performance of all Pilgrim's business units.  Sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to enter into an anticompetitive agreement and do not provide evidence of what, if any, impact QSR sales had, or more importantly, would reasonably have been expected by LTIP participants to have on their compensation given the complexity of the many factors affecting the overall performance of the company.  The document is undated, so basic relevancy is not established. The document is particularly prejudicial to Mr. Lovette and to Mr. Penn, for the | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|------------------------------------|-------------------------------|--------------------|
| GX 10029 | Word document titled Jayson Penn - 2012 Pilgrim's Pride Performance Award.doc dated on or about 8/27/2012 (PILGRIMS-DOJ-0006164717). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This exhibit is hearsay that is not subject to any exception.<br><br>**Relevance** - This exhibit has no apparent relevance to this case and any purported relevance or foundation cannot be established without a sponsoring witness. This exhibit does not constitute evidence of a motive to agree with competitors to fix prices because the bonus amount is premised on being more profitable than competitors. See Doc. 603 at 5.<br><br>**Rule 403** - Any minimal probative value of this exhibit, which is irrelevant to the charged conduct, is outweighed by the danger of undue prejudice resulting from implying to the jury that Mr. Penn is a highly-paid corporate executive.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be considered against any Defendant other than the declarant.<br><br>Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10030 | Word document titled Jayson Penn - 2013 Pilgrim's Pride Performance Award.docx dated on or about 4/19/2013 (PILGRIMS-DOJ-0006164721). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This exhibit is hearsay that is not subject to any exception.<br><br>**Relevance** - This exhibit has no apparent relevance to this case and any purported relevance or foundation cannot be established without a sponsoring witness. This exhibit does not constitute evidence of a motive to agree with competitors to fix prices because the bonus amount is premised on being more profitable than competitors. See Doc. 603 at 5.<br><br>**Rule 403** - Any minimal probative value of this exhibit, which is irrelevant to the charged conduct, is outweighed by the danger of undue prejudice resulting from implying to the jury that Mr. Penn is a highly-paid corporate executive.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be considered against any Defendant other than the declarant.<br><br>Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|-------------------------------|---------------------|
| GX 10031 | Word document titled Jayson Penn - 2014 Pilgrim's Pride Performance Award.docx dated on or about 3/20/2014 (PILGRIMS-DOJ-0006164725). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This exhibit is hearsay that is not subject to any exception.<br><br>**Relevance** - This exhibit is irrelevant to the charges and any purported relevance or foundation cannot be established without a sponsoring witness. This exhibit does not constitute evidence of a motive to agree with competitors to fix prices because the bonus amount is premised on being more profitable than competitors. See Doc. 603 at 5.<br><br>**Rule 403** - Any minimal probative value of this exhibit, which is irrelevant to the charged conduct,  is outweighed by the danger of undue prejudice resulting from implying to the jury that Mr. Penn is a highly-paid corporate executive.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be considered against any Defendant other than the declarant.<br><br>Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10032 | Adobe PDF titled Jayson Penn - 2019 Pilgrim's Pride Performance Award.pdf dated on or about 1/7/2019 (PILGRIMS-DOJ-0006164765). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This exhibit is hearsay that is not subject to any exception.<br><br>**Relevance** - This exhibit has no apparent relevance to this case and any purported relevance or foundation cannot be established without a sponsoring witness. This exhibit does not constitute evidence of a motive to agree with competitors to fix prices because the bonus amount is premised on being more profitable than competitors. See Doc. 603 at 5.<br><br>**Rule 403/Redaction** - Any minimal probative value of this exhibit, which is irrelevant to the charged conduct, is outweighed by the danger of undue prejudice resulting from implying to the jury that Mr. Penn is a highly-paid corporate executive. Further, if admitted over objection, the confidentiality acknowledgment (page 3) should be removed or redacted, as it has no probative value and creates a risk of undue prejudice by suggesting there is something secretive about a standard executive bonus structure.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be considered against any Defendant other than the declarant.<br><br>Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 10033 | Adobe PDF titled Jayson Penn 2015 Pilgrim's Pride Performance Award.pdf dated on or about 2/26/2015 (PILGRIMS-DOJ-0006164771). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This exhibit is hearsay that is not subject to any exception.<br><br>**Relevance** - This exhibit has no apparent relevance to this case and any purported relevance or foundation cannot be established without a sponsoring witness. This exhibit does not constitute evidence of a motive to agree with competitors to fix prices because the bonus amount is premised on being more profitable than competitors. See Doc. 603 at 5.<br><br>**Rule 403** - Any minimal probative value of this exhibit, which is irrelevant to the charged conduct, is outweighed by the danger of undue prejudice resulting from implying to the jury that Mr. Penn is a highly-paid corporate executive.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be considered against any Defendant other than the declarant.<br><br>Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|--------------------------------|--------------------|
| GX 10034 | Word document titled Jayson Penn 2016 Pilgrim's Pride Performance Award.docx dated on or about 4/1/2016 (PILGRIMS-DOJ-0006164772). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This exhibit is hearsay that is not subject to any exception.<br><br>**Relevance** - This exhibit has no apparent relevance to this case and any purported relevance or foundation cannot be established without a sponsoring witness. This exhibit does not constitute evidence of a motive to agree with competitors to fix prices because the bonus amount is premised on being more profitable than competitors. See Doc. 603 at 5.<br><br>**Rule 403/Redaction** - If admitted over objection, the confidentiality acknowledgment (page 3) should be removed or redacted, as it has no probative value and creates a risk of undue prejudice by suggesting there is something secretive about a standard executive bonus structure.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be considered against any Defendant other than the declarant.<br><br>Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 10035 | Adobe PDF titled Jayson Penn 2018 Pilgrim's Pride Performance Award.pdf dated on or about 7/20/2018 (PILGRIMS-DOJ-0006164776). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This exhibit is hearsay that is not subject to any exception.<br><br>**Relevance** - This exhibit has no apparent relevance to this case and any purported relevance or foundation cannot be established without a sponsoring witness. This exhibit does not constitute evidence of a motive to agree with competitors to fix prices because the bonus amount is premised on being more profitable than competitors. See Doc. 603 at 5.<br><br>**Rule 403** - Any minimal probative value of this exhibit, which is irrelevant to the charged conduct, is outweighed by the danger of undue prejudice resulting from implying to the jury that Mr. Penn is a highly-paid corporate executive.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be considered against any Defendant other than the declarant.<br><br>Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10036 | Adobe PDF titled Jayson Penn 2019 Pilgrim's Pride Performance Award (1).pdf dated on or about 5/6/2019 (PILGRIMS-DOJ-0006164778). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br>**Hearsay** - This exhibit is hearsay that is not subject to any exception. <br><br>**Relevance** - This exhibit has no apparent relevance to this case and any purported relevance or foundation cannot be established without a sponsoring witness. This exhibit does not constitute evidence of a motive to agree with competitors to fix prices because the bonus amount is premised on being more profitable than competitors. See Doc. 603 at 5. <br><br>**Rule 403/Redaction** - Any minimal probative value of this exhibit, which is irrelevant to the charged conduct,  is outweighed by the danger of undue prejudice resulting from implying to the jury that Mr. Penn is a highly-paid corporate executive. Further, if admitted over objection, the confidentiality acknowledgment (page 3) should be removed or redacted, as it  has no probative value and creates a risk of undue prejudice by suggesting there is something secretive about a standard executive bonus structure. The box on page 1 also includes a reference to Pilgrim's parent company JBS, in violation of the Court's prior order. See Doc. 603 at 4 ("the government should attempt to avoid references to JBS" when presenting evidence relating to compensation packages). <br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be considered against any Defendant other than the declarant. <br><br>Defendants also incorporate all arguments made regarding this exhibit in the related motion in limine filed simultaneously with these objections. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10037 | Excel spreadsheet titled Pilgrim's LTIP Participants undated (PILGRIMS-DOJ-0006164997). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Relevance** - Compensation and performance data is irrelevant to the charges and the government does not intend to call a witness to lay a foundation establishing the relevance of this exhibit. This document is not related to a bid or contract negotiation. It is a letter related to Mr. Lovette's and Mr. Penn's compensation, which the Court already ruled is not relevant and inadmissible. (ECF No. 603.)<br><br>**Rule 403** - GX 10037 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603) this Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle." This spreadsheet showing both Defendants Penn and Lovette's salary, award targeted, numbers of shares, etc. from 2012-2016 directly defies this Court's order and is more prejudicial than probative. Further, GX 10037 relates to compensation based upon the performance of all Pilgrim's business units. In this time frame Pilgrim's had over $8-11 billion in net sales each year. Sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to enter into an anticompetitive agreement and do not provide evidence of what, if any, impact QSR sales had, or more importantly, would reasonably have been expected by LTIP participants to have on their compensation given the complexity of the many factors affecting the overall performance of the company.<br><br>**Hearsay** - GX 10037 is hearsay.   It cannot qualify as a record of a regularly conducted activity, or business record, or otherwise be | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10038 | Letter from Wesley Batista and Bill Lovette dated on or about 4/19/2013 (PILGRIMS-DOJ-0006165272). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | Authentication - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>Relevance - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. This document is not related to a bid or contract negotiation. It is a letter related to Mr. Lovette's compensation. There is no foundation to show how this document makes it more or less probable that a conspiracy to rig bids or fix prices existed and that Mr. Lovette joined the alleged conspiracy. Specifically, there is nothing on the face of this document to show if or how Mr. Lovette's long-term incentive award was impacted by the sale of small birds by the Fresh Foods Services business unit, which is one of six business units Pilgrim's operates. (FRE 401)<br><br>Rule 403 - GX 10038 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603), the Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle."  Permitting the government to admit Bill Lovette's 2013 Pilgrim's Pride Performance Award directly defies this Court's order and is more prejudicial than probative. Further, GX 10038 relates to compensation based upon the performance of all Pilgrim's business units. In 2013, Pilgrim's had over $8 billion in net sales. Sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to enter into an anticompetitive agreement and do not provide evidence of what, if any, impact QSR sales had, or more importantly, would reasonably have been expected by LTIP participants to have on their compensation given the complexity of the many factors affecting the overall performance of the company. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 10039 | Letter from Andre Nogueira to Bill Lovette on or about 3/17/2014 (PILGRIMS-DOJ-0006165276). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. This document is not related to a bid or contract negotiation. It is a letter related to Mr. Lovette's compensation. There is no foundation to show how this document makes it more or less probable that a conspiracy to rig bids or fix prices existed and that Mr. Lovette joined the alleged conspiracy. Specifically, there is nothing on the face of this document to show if or how Mr. Lovette's long-term incentive award was impacted by the sale of small birds by the Fresh Foods Services business unit, which is one of six business units Pilgrim's operates. (FRE 401)<br><br>**Rule 403** - GX 10039 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603) this Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle."  Permitting the government to admit Bill Lovette's 2014 Pilgrim's Pride Performance Award directly defies this Court's order and is more prejudicial than probative. Further, GX 10039 relates to compensation based upon the performance of all Pilgrim's business units. In 2014 Pilgrim's had over $8 billion in net sales, the year with respect to which this apparently relates. Factors that caused the Board of Directors to make the RSU award are not included in the document, so there is no demonstrated connection between the award and anything relevant to the case, including sales or sales to QSRs. If sales were a factor, sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to enter | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 10040 | Letter from Andre Nogueira to Bill Lovette on or about 3/26/2015 (PILGRIMS-DOJ-0006165281). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. This document is not related to a bid or contract negotiation. It is a letter related to Mr. Lovette's compensation. There is no foundation to show how this document makes it more or less probable that a conspiracy to rig bids or fix prices existed and that Mr. Lovette joined the alleged conspiracy. Specifically, there is nothing on the face of this document to show if or how Mr. Lovette's long-term incentive award was impacted by the sale of small birds by the Fresh Foods Services business unit, which is one of six business units Pilgrim's operates. (FRE 401)<br><br>**Rule 403** - GX 10040 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603) this Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle." Permitting the government to admit Bill Lovette's 2015 Pilgrim's Pride Performance Award directly defies this Court's order and is more prejudicial than probative. Further, GX 10040 relates to compensation based upon the performance of all Pilgrim's business units. In 2015 Pilgrim's had over $8 billion in net sales, the year with respect to which this apparently relates. Factors that caused the Board of Directors to make the RSU award are not included in the document, so there is no demonstrated connection between the award and anything relevant to the case, including sales or sales to QSRs. If sales were a factor, sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to enter | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 10041 | Letter from Andre Nogueira to Bill Lovette on or about 4/1/2016 (PILGRIMS-DOJ-0006165282). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. This document is not related to a bid or contract negotiation. It is a letter related to Mr. Lovette's compensation. There is no foundation to show how this document makes it more or less probable that a conspiracy to rig bids or fix prices existed and that Mr. Lovette joined the alleged conspiracy. Specifically, there is nothing on the face of this document to show if or how Mr. Lovette's long-term incentive award was impacted by the sale of small birds by the Fresh Foods Services business unit, which is one of six business units Pilgrim's operates. (FRE 401)<br><br>**Rule 403** - GX 10041 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603) this Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle."  Permitting the government to admit Bill Lovette's 2016 Pilgrim's Pride Performance Award directly defies this Court's order and is more prejudicial than probative. Further, GX 10041 relates to compensation based upon the performance of all Pilgrim's business units. In 2016 Pilgrim's had  over $9 billion in net sales, the year with respect to which this apparently relates. Factors that caused the Board of Directors to make the RSU award are not included in the document, so there is no demonstrated connection between the award and anything relevant to the case, including sales or sales to QSRs. If sales were a factor, sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to enter | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10042 | Letter from Andre Nogueira to Bill Lovette on or about 1/19/2017 (PILGRIMS-DOJ-0006165300). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. This document is not related to a bid or contract negotiation. It is a letter related to Mr. Lovette's compensation. There is no foundation to show how this document makes it more or less probable that a conspiracy to rig bids or fix prices existed and that Mr. Lovette joined the alleged conspiracy. Specifically, there is nothing on the face of this document to show if or how Mr. Lovette's long-term incentive award was impacted by the sale of small birds by the Fresh Foods Services business unit, which is one of six business units Pilgrim's operates. (FRE 401)<br><br>**Rule 403** - GX 10042 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603) this Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle."  Permitting the government to admit Bill Lovette's 2017 Pilgrim's Pride Performance Award directly defies this Court's order and is more prejudicial than probative. Further, GX 10042 relates to compensation based upon the performance of all Pilgrim's business units. In 2017 Pilgrim's had  over $10 billion in net sales, the year with respect to which this apparently relates. Factors that caused the Board of Directors to make the RSU award are not included in the document, so there is no demonstrated connection between the award and anything relevant to the case, including sales or sales to QSRs. If sales were a factor, sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to enter | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10043 | Letter from Andre Nogueira to Bill Lovette on or about 7/20/2018 (PILGRIMS-DOJ-0006165312). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at the third trial (FRE 901).<br><br>**Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. This document is not related to a bid or contract negotiation. It is a letter related to Mr. Lovette's compensation. There is no foundation to show how this document makes it more or less probable that a conspiracy to rig bids or fix prices existed and that Mr. Lovette joined the alleged conspiracy. Specifically, there is nothing on the face of this document to show if or how Mr. Lovette's long-term incentive award was impacted by the sale of small birds by the Fresh Foods Services business unit, which is one of six business units Pilgrim's operates. (FRE 401)<br><br>**Rule 403** - GX 10043 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603) this Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle." Permitting the government to admit Bill Lovette's 2018 Pilgrim's Pride Performance Award directly defies this Court's order and is more prejudicial than probative. Further, GX 10043 relates to compensation based upon the performance of all Pilgrim's business units. In 2018 Pilgrim's had over $10 billion in net sales, the year with respect to which this apparently relates. Factors that caused the Board of Directors to make the RSU award are not included in the document, so there is no demonstrated connection between the award and anything relevant to the case, including sales or sales to QSRs. If sales were a factor, sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to enter | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 10044 | Letter from Bill Lovette to himself on or about 1/7/2019 (PILGRIMS-DOJ-0006165314). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. This document is not related to a bid or contract negotiation. It is a letter related to Mr. Lovette's compensation. There is no foundation to show how this document makes it more or less probable that a conspiracy to rig bids or fix prices existed and that Mr. Lovette joined the alleged conspiracy. Specifically, there is nothing on the face of this document to show if or how Mr. Lovette's long-term incentive award was impacted by the sale of small birds by the Fresh Foods Services business unit, which is one of six business units Pilgrim's operates. (FRE 401)<br><br>**Rule 403** - GX 10044 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603) this Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle."  Permitting the government to admit Bill Lovette's 2019 Pilgrim's Pride Performance Award directly defies this Court's order and is more prejudicial than probative. Further, GX 10044 relates to compensation based upon the performance of all Pilgrim's business units. In 2019 Pilgrim's had  over $11  billion in net sales. Mr. Lovette retired during 2019. so would not have earned the RSU award listed in the ordinary course of business. Factors that caused the Board of Directors to make the RSU award are not included in the document, so there is no demonstrated connection between the award and anything relevant to the case, including sales or sales to QSRs. If sales were a factor, sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10045 | Bill Lovette employment agreement dated as of 1/14/2011 (PILGRIMS-DOJ-0006165328). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Objection to description** – The government's exhibit list incorrectly describes this document as a "[l]etter from Bill Lovette to himself."<br><br>**Relevance** - Mr. Lovette's employment agreement does not have any tendency to make a fact more or less probable nor does it relate to any fact of consequence in determining whether a conspiracy to rig bids and fix prices existed and whether Mr. Lovette knowingly joined the alleged conspiracy. The Court has previously ruled that Mr. Lovette's compensation, wealth and lifestyle are not relevant. Mr. Lovette's employment agreement outlines the set bonus Mr. Lovette is guaranteed to receive in 2011 regardless of Pilgrim's performance and the inducements for accepting the position as CEO of Pilgrim's Pride--none of which are facts of consequence in determining whether a conspiracy to rig bids and fix prices existed and whether Mr. Lovette knowingly joined the alleged conspiracy. (Rule 401)<br><br>**Rule 403** - GX 10045 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. In its prior order (ECF No. 603) this Court ordered the government to "exclude references to Mr. Penn's and Mr. Lovette's yearly compensation, wealth, or lifestyle."  Permitting the government to admit Bill Lovette's employment agreement directly defies this Court's order as this document outline's Mr. Lovette's compensation and bonus amount, which would be far more prejudicial than probative. Further, the Court has previously addressed this employment agreement in both the first and second trials through GX 9166 wherein Mr. Lovette's employment agreement was attached to a | The Court ruled on this exhibit in Docket No. 1352, finding admissible a redacted version of GX-10045. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10046 | Excel spreadsheet titled 2015 KPI review (PILGRIMS-DOJ-0006165543). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** -This document has not been authenticated for admission at retrial. (FRE 901)<br><br>**Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establishing its relevance. This document is not related to a bid or contract negotiation. It is an excel of KPIs for numerous Pilgrim's employees that are not defendants in this action. The only defendant this document mentions is Mr. Austin. However, there is nothing in this document that has any tendency to make a fact of consequence relevant to determining whether Mr. Austin or any of the other four defendants knowingly entered into an agreement to rig bids and fix prices. (FRE 401)<br><br>**Rule 403** - GX 10046 offers no probative value to show whether the Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. GX 10046 purportedly relates to 2015 compensation based upon the performance of all Pilgrim's business units. In 2015 Pilgrim's had over $8 billion in net sales. Sales to QSRs were a fraction of the total. The exhibit, and the government's argument that follows from it, are misleading because they overstate the alleged motive to cheat and do not provide evidence of what, if any impact, QSR sales had, or more importantly, would reasonably have been expected by participants to have on their compensation given the complexity of the many factors affecting the overall performance of the company.<br><br>**Hearsay** - All the statements contained in this document are hearsay. There has been no foundation laid to establish that this document is a record of a regularly conducted business activity. GX 10046 cannot qualify as a record of a regularly conducted activity, or business record, or otherwise be determined to be | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|----------------------------------|--------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 10047 | Email chain between Bill Lovette, Jayson Penn, Fabio Sandri, and Kevin Miller on or about 3/27/2013 (PILGRIMS-0009045406). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br> **Hearsay** - The top email in this exhibit is hearsay that is not subject to any exception. <br><br> **Foundation** - In two trials, there has not been any evidence to support a foundation that GX 10047 is related to the underlying conspiracy. From the face of the document, the email correspondence is dealing with the sale of "small boneless" and an inquiry about eggs to another chicken supplier, which is outside the scope of the alleged conspiracy. See Second Trial Tr. 150:5-7; 154:3-9 (Mar. 8, 2022). As a result, GX 10047 lacks foundation and should not be admitted. (FRE 104). <br><br> **Relevance** - This document is not relevant and the government does not intend to call a witness to lay a foundation establish establishing its relevance. This document is not related to a bid or contract negotiation. This is an internal Pilgrim's email discussing a competitor, Koch Foods, contacting Mr. Lovette to potentially purchase small wings for the rest of 2013 and also Koch Foods' inquiry regarding eggs. On its face this email has nothing to do with the sale of broiler chickens in the QSR industry nor does it have anything to do with rigging bids and fixing prices of broiler chicken in the QSR industry. Rather, it is clear in the response email from Mr. Miller to Mr. Lovette that it is "strange" for a competitor to asl Mr. Lovette about Pilgrim's products and that Koch Foods is likely fishing for information; this email directly contradicts the purported illegal behavior the government alleges. (FRE 401) <br><br> **Rule 403** - GX 10047 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10048 | Adobe PDF titled Invoice dated on or about 12/30/2015 (PILGRIMS2-DOJ-0000000001). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** – This invoice documents a purchase of multiple products sold to JRN, Inc. Without a sponsoring witness, it is not possible to determine from the face of the document how it is relevant to the charged conspiracy.<br><br>**Hearsay** - This document is hearsay and without a sponsoring witness there is no foundation to satisfy a hearsay exception. | Inadmissible under FRE 801(d)(2)(E).  The Court refused the government's request to add this exhibit to the *James* log [Docket No. 1353]. |
| GX 10049 | Adobe PDF titled Invoice dated on or about 12/30/2015 (PILGRIMS2-DOJ-0000000002). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** – This invoice documents a purchase of multiple products sold to Newman's Refrigerated Services. Without a sponsoring witness, it is not possible to determine from the face of the document how it is relevant to the charged conspiracy.<br><br>**Hearsay** - This document is hearsay and without a sponsoring witness there is no foundation to satisfy a hearsay exception. | Inadmissible under FRE 801(d)(2)(E).  The Court refused the government's request to add this exhibit to the *James* log [Docket No. 1353]. |
| GX 10050 | Adobe PDF titled Invoice dated on or about 12/30/2015 (PILGRIMS2-DOJ-0000000003). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** – This invoice documents a purchase of multiple products sold to Kentucky Fried Chicken. Without a sponsoring witness, it is not possible to determine from the face of the document how it is relevant to the charged conspiracy.<br><br>**Hearsay** - This document is hearsay and without a sponsoring witness there is no foundation to satisfy a hearsay exception. | Inadmissible under FRE 801(d)(2)(E).  The Court refused the government's request to add this exhibit to the *James* log [Docket No. 1353]. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10051 | Adobe PDF titled Invoice dated on or about 12/30/2015 (PILGRIMS2-DOJ-0000000004). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** – This invoice documents a purchase of multiple products sold to Pendergrass Foods Inc. Without a sponsoring witness, it is not possible to determine from the face of the document how it is relevant to the charged conspiracy.<br><br>**Hearsay** - This document is hearsay and without a sponsoring witness there is no foundation to satisfy a hearsay exception. | Inadmissible under FRE 801(d)(2)(E).  The Court refused the government's request to add this exhibit to the *James* log [Docket No. 1353]. |
| GX 10052 | Adobe PDF titled Invoice dated on or about 12/30/2015 (PILGRIMS2-DOJ-0000000005). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** – This invoice documents a purchase of multiple products sold to McLane Company. Without a sponsoring witness, it is not possible to determine from the face of the document how it is relevant to the charged conspiracy.<br><br>**Hearsay** - This document is hearsay and without a sponsoring witness there is no foundation to satisfy a hearsay exception. | Inadmissible under FRE 801(d)(2)(E).  The Court refused the government's request to add this exhibit to the *James* log [Docket No. 1353]. |
| GX 10053 | Adobe PDF titled Invoice dated on or about 12/30/2015 (PILGRIMS2-DOJ-0000000006). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** – This invoice documents a purchase of multiple products sold to Haag Food Service. Without a sponsoring witness, it is not possible to determine from the face of the document how it is relevant to the charged conspiracy.<br><br>**Hearsay** - This document is hearsay and without a sponsoring witness there is no foundation to satisfy a hearsay exception. | Inadmissible under FRE 801(d)(2)(E).  The Court refused the government's request to add this exhibit to the *James* log [Docket No. 1353]. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10054 | Adobe PDF titled Invoice dated on or about 01/04/2016 (PILGRIMS2-DOJ-0000000007). | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Relevance** – This invoice documents a purchase of multiple products sold to Butts Foods Inc. Without a sponsoring witness, it is not possible to determine from the face of the document how it is relevant to the charged conspiracy.<br><br>**Hearsay** - This document is hearsay and without a sponsoring witness there is no foundation to satisfy a hearsay exception. | Inadmissible under FRE 801(d)(2)(E).  The Court refused the government's request to add this exhibit to the *James* log [Docket No. 1353]. |
| GX 10055 | Excerpt of Roger Austin (770- 842-9379) toll records (VZW-ATR001-00009436) | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible pending authentication. |
| GX 10056 | Excerpt of AT&T toll records for various phone numbers (ATT-ATR001-00000001) | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | Defendants do not object to the admissibility of this exhibit contingent upon the authenticity being established by agreement of the parties. | Admissible pending authentication. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10057 | Email chain forwarded from Jayson Penn to Don Lovette on or about 10/31/2014 (PILGRIMS-DOJ-0002955942) | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This document contains hearsay not subject to an exception.<br><br>**Relevance** - This is an internal email regarding corporate culture and management style that is unrelated to bids or pricing to customers. Additionally, it is clear from the face of this document that the "Management Method" notes are from a meeting regarding the "prepared foods" business unit, not the fresh food unit in which the QSR business segment is housed.<br><br>**Rule 403** - GX 10057 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. This document is an email from Mr. Lovette providing notes he had for a meeting. As is clear from the email thread, these notes and this meeting were related to the prepared foods business unit. The charged conspiracy relates to the QSR segment, which is housed inside the fresh food business unit, not prepared foods. Therefore it is unclear what, if any, probative value GX 10057 has. This exhibit, however, is prejudicial to Mr. Lovette in that, should this document be deemed admissible, it would allow the jurors to see Mr. Lovette discussing management styles that are being implemented for a business unit outside of the scope of the purported conspiracy. Due to the unrelated nature of this document and Mr. Lovette's involvement in management styles and implementation for another business unit, the minimal probative value of this document is substantially outweighed by its unfairly prejudicial nature.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|------------------------------------|-------------------------------|--------------------|
| GX 10581 | 2/14/2014 E-mail chain from Cameron Bruett to Jayson Penn and Bill Lovette "RE: Fwd: follow up Q's" (PILGRIMS-0006937663) | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This document is hearsay and is not subject to an exception.<br><br>**Relevance** - This is an internal email regarding a Wall Street Journal article on Pilgrim's corporate culture that is unrelated to bids or pricing to customers. Further, Pilgrim's use of a cost savings plan, such as knowing "how many squirts come from a soap dispense" has nothing to do with the charged conspiracy.<br><br>**Rule 403** - GX 10581 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. Rather, this email is in response to a Wall Street Journal article about Pilgrim's corporate culture and how Pilgrim's is incorporating "zero-based budgeting." For example, this email discusses that Pilgrim's aware of "how many squirts come from every soap dispenser" so that Pilgrim's can implement this knowledge into cost-savings. It is unclear what, if any, probative value GX 10581 has. This document does, however, reflect questions asked of Messrs. Penn and Lovette regarding Pilgrim's budgeting and finances. While it has nothing to do with the charged conspiracy, allowing this document to be considered by a jury would be unduly prejudicial in that it would be showing Messrs. Penn and Lovette discussing what many would view as minor details regarding financing and budgeting, which the government would undoubtedly argue shows how involved the two must have been in the alleged conspiracy. Due to the unrelated nature of this document and Messrs. Lovette and Penn being on email threads involving financial decisions, the minimal probative value of this document is substantially outweighed by its unfairly prejudicial nature. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|-------------------------------------|-------------------------------|--------------------|
| GX 10602 | 12/5/2012 E-mail from Bill Lovette to Jayson Penn and Kevin Miller "Eggs Set" (PILGRIMS-0009972343) | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This document contains hearsay not subject to an exception.<br><br>**Foundation** - There is no fact in evidence to support a foundation that GX 10602 is related to the underlying conspiracy. From the face of the document, the email correspondence is dealing with "egg sets" for multiple business units and the related budget. Because there is no evidence as to the relevancy of this document and the government does not intend to put on a witness to offer foundation for its relevance GX 10602 should not be admitted. (FRE 104)<br><br>**Relevance** - This exhibit has no relevance to any of the episodes charged in the superseding indictment and does not relate to bids or prices to customers. The Court has already ruled that the government may not introduce alternative theories of liability at trial, including an "output reduction" theory. Doc. 603 at 6.<br><br>**Rule 403** - GX 10602 offers no probative value to show that Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. As is clear from the face of the document, this email from Mr. Lovette is discussing "egg sets" for all "BU," or business units; this email exchange has nothing to do with the sale of broiler chickens in the QSR industry and thus offers minimal probative value, if any. Further, Mr. Lovette is using financial terms such as "capital" and "cash" to discuss general strategy unrelated to the sale of broiler chickens in the QSR industry. Allowing the jury to consider a communication in which Mr. Lovette comments on broad financial terms related to egg sets, which is an unrelated topic with no nexus to the charged | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10603 | 9/4/2012 E-mail from Bill Lovette to Jayson Penn and others "FW: Weekending Inventory 8/25/12(Week3 4) (PILGRIMS-0005833532) | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - This document contains hearsay not subject to an exception.<br><br>**Relevance** - This exhibit has no relevance to any of the episodes charged in the superseding indictment and does not relate to bids or prices to customers. The Court has already ruled that the government may not introduce alternative theories of liability at trial, including an "output reduction" theory. Doc. 603 at 6.<br><br>**Rule 403** - GX 10603 offers no probative value to show that Mr. Lovette acted in furtherance of an alleged conspiracy to fix prices and rig bids of broiler chicken. In this email from 2012, Mr. Lovette is discussing "inventory," which has nothing to do with the charged conspiracy during this timeframe. Further, it is clear from the face of the email that Mr. Lovette's comments regarding the "[l]owest industry inventory [he has] seen, EVER" are in reference to an AgriStats report for the week of 8/25/2012, not a Pilgrim's-specific report regarding its inventory. This comment is not related to Pilgrim's pricing or any of the contract negotiations relevant to the allegations of this case. Allowing the jury to consider a communication in which Mr. Lovette comments on an AgriStats weekly report, which is an unrelated topic with no nexus to the charged conspiracy, would be unfairly prejudicial and the prejudice would outweigh any minor probative value. Additionally, the defense would be forced to introduce exhibits and witnesses to explain this discussion, which would waste the Court's and the jury's time.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|----------------------------------|-------------------------------|-----------------------------------|-------------------------------|--------------------|
| GX 10604 | 12/4/2013 E-mail from Bill Lovette to Marco Sampaio ccing others "Re: 2014 Meat Production" (PILGRIMS-DOJ-0002504089) | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - The statements of Marco Sampaio are inadmissible hearsay and should not be admitted. Additionally, the statements of Mr. Lovette were not included on the James log and therefore should not be ruled upon after the initial James Hearing as a co-conspirator statement. The Court has previously sustained hearsay objections to exhibits not on the James Log. See First Trial Tr. 1798:11-18 (Nov. 5, 2021). Therefore the government should be barred from seeking to admit the statements pursuant to 801(d)(2)(e) during this trial.<br><br>**Relevance** - This document is about the production of beef, pork and chicken,  not pricing. This document is not relevant  because this statement does not have a tendency to make a fact more or less probable nor is it of consequence in determining whether any of the remaining defendants entered into an agreement to rig bids and fix prices.  Additionally, the government does not intend to call a witness to lay a foundation establishing its relevance. The Court has already ruled that the government may not introduce alternative theories of liability at trial, including an "output reduction" theory. Doc. 603 at 6.<br><br>**Lack of Foundation** - It is unclear from this document the source of the information regarding beef and pork, the identify of "we," the subject matter, time frame or purpose of this market analysis. Without a witnesses to testify, there is a lack of foundation for the information discussed in this email.<br><br>**Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be considered against any Defendant other than the declarant. | The government withdrew this exhibit at the TPC. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10605 | 11/21/2011 E-mail Chain Between Bill Lovette, Don Jackson and others "FW: wal mart deli bid pricing explanation template contract 2012.xlsx" (PILGRIMS-0002544896) | N/A - not offered at first trial. | N/A | N/A - not offered at second trial. | N/A | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Hearsay** - The statements of John Byrd are inadmissible hearsay and should not be admitted. Additionally, the statements of Mr. Lovette were not included on the James log and therefore should not be ruled upon after the initial James Hearing as a co-conspirator statement. The Court has previously sustained hearsay objections to exhibits not on the James Log. See First Trial Tr. 1798:11-18 (Nov. 5, 2021).  Therefore the government should be barred from seeking to admit the statements pursuant to 801(d)(2)(e) during this trial. Further, the statements in this document do not fall within any of the other hearsay exceptions.<br><br>**Relevance** - The text of the document is clear that it is in regard to Walmart deli, which per the government's own purported insider witness, Mr. Bryant, is not a quick service restaurant and is not part of the alleged underlying conspiracy. Furthermore, this statement does not have a tendency to make a fact more or less probable nor is it of consequence in determining whether any of the remaining defendants entered into an agreement to rig bids and fix prices. (FRE 401).<br><br>**Foundation** - There is no fact in evidence to support a foundation that GX 10605 is related to the underlying conspiracy. From the face of the document, the email correspondence is dealing with Walmart deli business, which is outside the scope of the alleged conspiracy. See Second Trial Tr. 150:5-7; 154:3-9 (Mar. 8, 2022). Because there is no evidence as to the relevancy of this document and the government does not intend to put on a witness to offer foundation for its relevance GX 10605 should not be admitted (FRE 104). | At the TPC, the Court excluded this exhibit because it is irrelevant. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|--------------------------------|-----------------------------------|--------------------------------|-------------------------------------|-------------------------------|--------------------|
| GX 10616 | 9/3/2014 E-mail Chain between Jayson Penn and Bill Lovette "RE: Sumter EBIT" (PILGRIMS-0006952112) | | | | | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901). <br><br> **Hearsay** - This document contains hearsay (including double hearsay) not subject to any exception. <br><br> **Relevance** - This exhibit has no relevance to the charges in the superseding indictment and does not relate to bids or prices to customers. <br><br> **Rule 403** - GX 10616 offers no probative value to show that Mr. Lovette or any of the Defendants acted in furtherance of an alleged conspiracy to rig bids and fix prices of broiler chicken. This email chain is related to "school business," which is a business unit outside of the QSR business unit. Because this exhibit is unrelated to the QSR unit it is unrelated to the charged conspiracy and thus has minimal, if any, probative value. Within this email correspondence, Mr. Lovette makes comments about Pilgrim's accounting for a different business unit. Allowing the jury to see a communication in which Mr. Lovette is asking for more information about accounting for a business unit outside of the QSR unit would be unfairly prejudicial and would invite the jury to speculate as to Mr. Lovette's involvement in other business units. Allowing the government to admit this document into evidence would be unfairly prejudicial and the prejudice would outweigh any minor probative value. <br><br> **Limiting Instruction** - If admitted over objection, this exhibit should be subject to a limiting instruction that it may not be considered against any Defendant other than the declarant. | The government withdrew this exhibit at the TPC. |
| | | | | | | | |
| | | | | | | | |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| GX 10651 | Excerpt of Mikell Fries iPhone Report Instant Message #302-307 (CLAXTON_0181 706). | N/A - not offered at first trial. | N/A | Objection to hearsay. Second Trial Tr. 157:13-22 (Mar. 17, 2022). | Admissible through Greg Finch with a limiting instruction that the statements of Michael Ledford can only be used for effect on the listener not for the truth of the matter asserted. Second Trial Tr. 159:3-12 (Mar. 17, 2022). | **Authentication** - This document has not been authenticated for admission at retrial (FRE 901).<br><br>**Limiting Instruction** -This document should be subject to the same limiting instruction given at the second trial: Mr. Ledford's statements cannot be considered for their truth, but only for their effect on the listener. | At the TPC the Court ruled this exhibit admissible with a limiting instruction.<br><br>Limiting Instruction: Mr. Ledford's statements cannot be considered for their truth, but only for their effect on the listener. |
| GX 10666 | Excerpt of Scott Brady (256-536-6120) toll records (ATT-ATR005-00000235). | N/A - not offered at first trial. | N/A | No objection | Admitted without sponsoring witness. Second Trial Tr. 88:20 (Mar. 22, 2022). | **Untimeliness** - The government did not disclose this exhibit on its notice of exhibits without a sponsoring witness until May 4, 2022, nine days after the April 25, 2022 deadline. | On May 4, 2022, the government gave belated notice of two exhibits it sought to add to its April 25, 2022 notice of exhibits without a testifying witness, one of which is GX-10666.  Docket No. 1294 at 1.  The Court finds that the belated disclosure of these two exhibits did not prejudice defendants and will overrule the timeliness objection.  The exhibit is admissible. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| D-839 | Email, Re: Price Reduction Spreadsheet, 11/29/2012, (PILGRIMS-0005997726) | No objection. Defendants argued that, under the rule of completeness, GX 1546 must be considered this exhibit and D-141. First Trial Tr. 2149:11-2151:12 (Nov. 9, 2021). | Admitted without sponsoring witness. First Trial Tr. 2151:13-22 (Nov. 9, 2021). | No objection | Admitted with documents included in ECF 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | No objection. | Admissible. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---------|-------------|-------------------------------|-----------------------------------|--------------------------------|------------------------------------|-------------------------------|--------------------|
| E-570 | Email, "Re: Price Reduction Impact - KFC", 11/30/2012, (PILGRIMS-DOJ-0000513769) | No objections. Defendants argued that, under the rule of completeness, this exhibit should be offered instead of GX 1547 because it contains the entire exchange. The exhibits should be subject to a limiting instruction that they may be considered only as to Roger Austin and Jayson Penn. Doc. 814. | Admitted without sponsoring witness, subject to the limiting instruction that the jury may consider GX 1547 only in relation to Jayson Penn and may consider E-570 only in relation to Jayson Penn and Roger Austin. First Trial Tr. 2376:18-2377:24 (Nov. 10, 2021). | No objection | Admitted with documents included in ECF 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). Subject to limiting instruction that it may only be considered against Mr. Penn and Mr. Austin. Second Trial Tr. 208:20-24 (Mar. 10, 2022). | **Limiting Instruction** - As at the first two trials, this exhibit should be subject to the limiting instruction that it may only be considered against Mr. Penn and Mr. Austin. | Admissible against Mr. Penn and Mr. Austin only.<br><br>Limiting Instruction: This exhibit can only be considered against Mr. Penn and Mr. Austin. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| E-873 | Email, "This will be in my deck tomorrow. Can you provide the talking points so we are on same page? Thanks", 08/07/2014, PILGRIMS-DOJ-0001532514 | No objections. Defendants argued that, under the rule of completeness, GX 1056 should be considered at the same time as this exhibit and E-874. First Trial Tr. 3444:12-3449:16 (Nov. 18, 2021). | Admitted without a sponsoring witness. First Trial Tr. 3449:14-15 (Nov. 18, 2021). | No objections. | Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | No objection. | Admissible. |
| E-874 | Attachment, HEB Weight Distribution, PILGRIMS-DOJ-0001532515 | No objections. Defendants argued that, under the rule of completeness, GX 1056 should be considered at the same time as this exhibit and E-873. First Trial Tr. 3444:12-3449:16 (Nov. 18, 2021). | Admitted without a sponsoring witness. First Trial Tr. 3449:14-15 (Nov. 18, 2021). | No objections. | Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | No objection. | Admissible. |

| Exhibit | Description | First Trial Defense Objections | First Trial Ruling (Tr. Citation) | Second Trial Defense Objections | Second Trial Ruling (Tr. Citation) | Third Trial Defense Objections | Court's New Ruling |
|---|---|---|---|---|---|---|---|
| I-141 | re-stamped D-539 as PDF (Attachment, Price Reduction Impact.xlsx, PILGRIMS-0005252998) | No objections. Under the rule of completeness, GX 1546 must be considered with this exhibit and D-839. First Trial Tr. 2149:11-2151:12 (Nov. 9, 2021). | Under the rule of completeness, GX 1546 must be considered with this exhibit and D-839. First Trial Tr. 2151:13-22 (Nov. 9, 2021). | No objections. | Admitted with documents included in Doc. 1086-02. Second Trial Tr. 64:20-22 (Feb. 28, 2022). | No objection. | Admissible. |