IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

v.

JAYSON JEFFREY PENN,
MIKELL REEVE FRIES,
SCOTT JAMES BRADY,
ROGER BORN AUSTIN, and
WILLIAM WADE LOVETTE,

      Defendants.

No. 20-cr-00152-PAB

**DEFENDANTS' JOINT MOTION TO LIMIT RELEVANT TIME PERIOD FOR EDWARD SNYDER'S COMPENSATION TESTIMONY**

Professor Snyder is scheduled to testify on June 28, 2022. *See* Doc. 1392. Defendants expect that the government will cross examine him about his compensation, as it did at the second trial. *See* Second Trial Tr. 3623:9-3625:2 (Mar. 21, 2022). But in the unique context of this case, such questions inescapably create a high likelihood of misleading the jury and unduly prejudicing the Defendants. In the absence of curative redirect examination describing the reasons for his total compensation, Defendants will be unable to explain that Professor Snyder's compensation arises from preparation for three separate trials (and testimony at two), which makes his compensation substantially higher than it would have been had there been only one trial. The fact is that preparation for a trial is markedly different and more extensive than for testimony at a pretrial hearing. Merely eliciting testimony that he had to prepare for three hearings, which Defendants have the right to do under the Court's current order, does not cure the prejudice. Accordingly, Defendants request that the court limit cross-examination related to Professor Snyder's

1

compensation to the same time period that was at issue in the second trial.  Alternatively, Defendants should be permitted to elicit more explanation for Professor Snyder's compensation on redirect examination, including that he had to prepare for three trials.

## ARGUMENT

Courts may "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice [or] misleading the jury . . . ."  Fed. R. Evid. 403.  This Rule precludes evidence that is "unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case."  *McEwen v. City of Norman*, 926 F.2d 1539, 1549-50 (10th Cir. 1991).  Courts may likewise exclude expert compensation testimony when it is likely to mislead the jury.  *See, e.g.*, *McCracken v. Depuy Orthopaedics, Inc.*, 2013 WL 12141334, at *3 (N.D. Ohio July 26, 2013) (excluding evidence of "totality of fees" generated by expert witness across entire multidistrict litigation).

In the second trial, the government elicited testimony about Professor Snyder's compensation.  For instance, Professor Snyder testified on cross-examination that he worked on the case for approximately 200 hours at $1,400 per hour and that "all in," he estimated that he billed approximately a "half million dollar[s]."  Second Trial Tr. 3623:13-3625:2 (Mar. 21, 2022). During closing arguments, the government attacked Professor Snyder on the grounds that he "was paid half a million dollars to tell you an economic story about supply and demand really that is not in issue in this case . . . so consider that when you consider his testimony."  *Id.* at 4028:19-24 (Mar. 22, 2022).  These arguments were misleading because the government never specified that the half million at issue was the cost to prepare for two separate trials.

Defendants raise the issue now because the prejudice and potential to mislead the jury is even greater in this third trial. For one, Professor Snyder's total compensation over the course of three trials will necessarily be greater than if there had only been two or one. Indeed, the government represented that this third trial would undergo "substantial changes" such that "information to the jury will change dramatically," Hr'g Tr. 10:12-20 (Apr. 14, 2022) (statements of Jonathan Kanter), and Professor Snyder had to prepare accordingly. The differences between the amount of compensation that Professor Snyder testified to in the second trial and his compensation for a third trial may also expose him to potential impeachment.

Ordinarily, "redirect [examination] may be used to rebut false impressions arising from cross-examination." *United States v. Vasquez*, 267 F.3d 79, 85 (2d Cir. 2001) (quotation omitted). If the government were to raise Professor Snyder's compensation on cross examination, then ordinary redirect would involve explaining that Professor Snyder's compensation involved preparing for three trials and testifying at two. Defendants would introduce evidence of Professor Snyder's work for all three trials and elicit testimony that trial preparation, as opposed to hearing preparation, is much more extensive and expensive. Absent such rebuttal, Defendants would be unable to put the misleading testimony in context. *Cf. United States v. Peco*, 784 F.2d 798, 805 (7th Cir. 1986) ("[W]hen a party opens up a subject . . . he cannot complain . . . if the opposing party introduces evidence on the same subject.") (quoting *United States v. Carter*, 720 F.2d 941, 948 (7th Cir. 1983)). However, Defendants are prohibited from eliciting this testimony by the Court's order barring reference to the prior trials. The result is unduly prejudicial; it would permit the government to attack Professor Snyder's credibility on grounds that his compensation gives rise to bias, knowing that the Defendants cannot correct the record under the Court's order. The

prejudice is especially severe because it was the government that created this problem when it decided to try this case three times. The government should not be able to leverage that decision now into an opportunity to unfairly prejudice Defendants through misleading cross-examination.

Defendants recognize that expert compensation is typically relevant under the Federal Rules of Evidence. As such, they do not oppose the government exploring Professor Snyder's compensation in a way that does not cause them unfair prejudice or mislead the jury, but Defendants cannot waive their rights to rebut that line of questioning fully in order to avoid any prejudice. To that end, Defendants propose that questions about Professor Snyder's compensation be limited to the same time period that was at issue in the second trial: i.e., from the beginning of his engagement until the date of his compensation testimony on March 21, 2022. Such a limitation would be reasonable, as it would place the parties in the same position as in the second trial. Defendants' proposed resolution is still more favorable to the government than to the Defendants, because the government's March 2022 cross-examination questions did not clarify that Professor Snyder's compensation related to preparation for two trials, not just one. But Defendants are willing to accept this trade-off, believing it is the most reasonable compromise available.

In the alternative, Defendants ask the Court to permit them to fully explain the nature of Professor Snyder's prior preparation and testimony on redirect. "When a party opens the door to a topic, the admission of rebuttal evidence on that topic becomes permissible." *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005) (citing *United States v. Burch*, 153 F.3d 1140, 1144 (10th Cir. 1998)). This well-established "doctrine of curative admissibility" is properly invoked "to the extent necessary to remove any unfair prejudice which might otherwise have ensued from the original evidence." *United States v. Morales-Quinones*, 812 F.2d 604, 610 (10th Cir. 1987)

4

(quotation omitted) (collecting cases). Defendants will need to explore the subjects of Professor Snyder's prior work and why it was so extensive, including the fact that he had to prepare for three trials. Being forced to characterize his prior work as being in connection with "prior hearings" would not cure the prejudice because it would not capture for the jury the significant difference between preparing for complex jury trials compared to mere hearings.

For the foregoing reasons, Defendants respectfully request that the Court limit the government's cross-examination of Professor Snyder's compensation to the time period at issue in the second trial, or in the alternative, permit Defendants to reference the prior trials on redirect examination.

Dated: June 26, 2022

Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

5

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated: June 26, 2022

*s/ Michael F. Tubach*

Michael F. Tubach